# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    Case No. 18-50378

ERP IRON ORE, LLC,                                        Chapter 11

        Debtor.

## NOTICE OF HEARING AND DEBTOR'S MOTION FOR EXPEDITED RELIEF AND ORDER APPROVING BIDDING PROCEDURES FOR THE SALE OF ASSETS AND GRANTING OTHER RELATED RELIEF

TO:     The parties-in-interest as defined in Local Rule 9013-3(a)(2).

1.       The above-captioned debtor (the "Debtor") files this motion (this "Motion") requesting relief described below and gives notice of hearing.

2.       The Court will hold a hearing on the Motion at 1:30p.m. on August 29, 2018 before the Honorable William J. Fisher, Courtroom 2B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3.       The deadline to file a response to the Motion is 1:30 p.m. on Tuesday, August 28, 2018, which is twenty four hours before the hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.       The Debtors submit this Motion for an order (the "Bidding Procedures Order"), pursuant to 11 U.S.C. § 363, and Fed. R. Bankr. P. 2002 and 6004 to establish the Bidding Procedures attached hereto as **Exhibit A** ("Bidding Procedures") for the sale of certain real and personal property free and clear of all liens, interests, claims, and encumbrances. The Debtors intend to file a separate motion for an order approving the sale of such property free and clear free and clear

{00412627 }

of all liens, interests, claims, and encumbrances to the highest bidder to be heard on or about October

16, 2018 but Debtor will serve supplemental notice of such motion and hearing (the "Sale Motion").

## I. BACKGROUND

5.        On May 25, 2018 (the "Petition Date"), an involuntary petition was filed against

Debtor under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of Minnesota (the "Court"), commencing this case. On July 16, 2018, Debtor filed a Consent

to Order for Relief and on July 17, 2018, the Order for Relief was entered and a Conversion of Case

was filed pursuant to sections 348 and 706(a) of the Bankruptcy Code and Local Rule 1019-1,

converting the case from a case under chapter 7 of the Bankruptcy Code to a case under chapter 11 of

the Bankruptcy Code.

6.        The Debtor's primary assets consist of (i) the Itasca Plants, located in Itasca County,

Minnesota and the Reynolds Plant located in Reynolds, Indiana, and (ii) the related equipment.

7.        Debtor remains in possession of its assets and continues to operate as debtor-in-

possession in accordance with 11 U.S.C. §§ 1107 and 1108.

8.        An Official Committee of Unsecured Creditors has not been appointed in this

Bankruptcy Case.

9.        This is a core proceeding pursuant to 28 U.S.C. § 157(2)(A), (M), (N), and (O). This

Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this Court

pursuant to 28 U.S.C. § 1408.

10.        The assets to be sold pursuant to this Motion and the Sale Motion are identified in the

Debtor's schedules and consist of all real property, associated personal property, and related

intangible property and other assets identified in the Debtor's schedules filed in this case [Docket

No. 99], comprising substantially all of the Debtor's assets ("Assets"). However, Debtor does not

propose to sell any causes of action, including avoidance actions under Chapter 5 of the Bankruptcy Code. The Debtor is not obligated to sell any asset unless it determines that the sale is in the best interest of the estate.

11.    Debtor's secured debt consists of the following: (i) a promissory note dated January 30, 2017 in favor of Progress Rail Leasing Corporation ("Progress Rail"), with principal amount payable up to $5 million as credit support for a rejected underlying railcar lease (the "Progress Rail Note"), (ii) Floating Rate Senior Secured Amortizing PIK Toggle Notes due December 31, 2019 issued pursuant to an indenture dated as of January 30, 2017 among Debtor, as Issuer, and Wilmington Fund Savings Society, FSB, as Trustee and Collateral Agent (the "Collateral Agent"), in the original issue amount of $22.5 million and with an outstanding amount payable of approximately $15.7 million as of March 31, 2018 (the "Toggle Notes") and (iii) a promissory note dated January 27, 2017, in favor of Lighthouse Management Group, Inc., as "Administrative Agent" under Settlement Agreement by and between Debtor and the Mag Debtor's contractors, issued in the original face amount of $32,017,807.74 (the "Mechanic's Lien Note", and together with the Progress Rail Note and the Toggle Notes, the "Debtor Secured Debt").

12.    The Debtor Secured Debt is secured by substantially all of Debtor's assets (however, certain assets are subject to liens of less than all three of the Debtor Secured Debt holders ("Secured Creditors")). Other than Plant 4 (as described in the Schedules), Progress Rail has a first priority lien in Debtor's assets, the Collateral Agent has a second priority lien in the Debtor's assets, and the Administrative Agent holds a third priority lien in the Debtor's assets. With respect to Plant 4, the Plant 4 M&M Claimants (as defined in the Debtor's proposed Plan [Docket No. 152]) claim a first priority lien and the Collateral Agent holds a mortgage. The principal obligations outstanding on the Debtor Secured Debt is in excess of $45 million.

13.     After filing the Bankruptcy Case, the Debtor has performed its duties under the Bankruptcy Code and made significant progress. Among other things to date:

a.     The Debtor filed the Motion for Order Under 11 U.S.C. §§ 105(a), 362, 363, 364 and 507 (I) Approving Post-Petition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Status, and (III) Granting Related Relief [Docket No. 47] on July 17, 2018 ("DIP Financing Motion"). Under the DIP Financing Motion, the Debtor sought Court approval for a secured postpetition revolving loan facility of up to $2,000,000 (the "Postpetition Facility") from Merida Natural Resources, LLC (the "Postpetition Lender"). The Court entered an Order granting the DIP Financing Motion (the "DIP Financing Order") pursuant to which up to $2,000,000 of financing is being provided by the Postpetition Lender to the Debtor [Docket No. 135]

b.     The Debtor has filed a proposed Plan of Reorganization [Docket No. 152] and corresponding Disclosure Statement [Docket No. 153].

c.     The Debtor has also filed an application to engage Jefferies, LLC ("Jefferies") to sell the Assets (the "Transaction"). As proposed in the Jefferies Application, Debtor proposes that any Transaction Fee[1] due to Jefferies as a result of the closing of any Transaction shall be paid and/or segregated and escrowed from the proceeds of such Transaction prior to any other use or distribution of such proceeds.  If any Transaction is the result of a successful credit bid without a cash component sufficient to pay any such Transaction Fee in full, then any resulting unpaid portion of the Transaction Fee due to Jefferies  shall be immediately paid to Jefferies and/or segregated and escrowed at the closing

---

1     Capitalized terms in this paragraph shall have the meanings ascribed to them in that certain engagement letter between the Debtor and Jefferies LLC which was filed in connection with the Debtor's application to retain Jefferies LLC [Dkt. No.150]. Any description of the Jefferies engagement herein is qualified by and subject to the terms of the

of such Transaction from the available cash of the Debtor; provided, however, that if that Debtor does not have sufficient cash to pay the unpaid portion of such Transaction Fee in full, or any portion thereof, then the successful credit bidder shall immediately pay the unpaid portion of such Transaction Fee to Jefferies and/or segregate and escrow such unpaid portion of the Transaction Fee at the closing of such Transaction.

14.    The Debtor proposes the following timeline for the Bidding Procedures (as defined below) and the Transaction:

| Milestone | Date |
|---|---|
| Bidding Procedures Approved | August 28, 2018 |
| Bid Deadline | October 3, 2018 |
| Auction and Selection of Successful Bids | October 5, 2018 |
| Deadline for Objection to Sale | October 11, 2018 |
| Sale Motion Hearing | October 16, 2018 |
| Sale Closing | October 26, 2018 |

## II. RELIEF REQUESTED

15.    The Debtor requests that this Court approve the Bidding Procedures as set forth in this Motion.

16.    After paying expenses of sale, including the Transaction Fee to Jefferies, Debtor proposes to escrow the sale proceeds upon closing of any sale transactions with any liens, claims, interests and encumbrances against the Assets to attach to such sale proceeds with the same extent, validity and priority as of the Petition Date.

17.    Good cause exists to expose the assets to sale and auction. Debtor and Jefferies believe that an auction conducted substantially in accordance with the Bidding Procedures will enable the Debtor to obtain the highest or best offers for the Assets under the circumstances, thereby

---

Jefferies application and any order entered approving such engagement.

maximizing the value of the Debtor's estate. The Debtor will consider offers for all or any portion of the Assets, including the Indiana Assets.

18.     As a requirement to bidding, an interested party ("Potential Bidder") must deliver to Jefferies the items required by the Bidding Procedures.

19.     A Potential Bidder that delivers the documents and Good Faith Deposit (defined in the Bidding Procedures), and that Jefferies and the Debtor determine in their business judgment is likely financially capable of consummating the transaction in a timely manner, will be permitted to further participate in the process.

20.     A Potential Bidder who desires to make a bid must deliver a written copy of its bid on or before the Bid Deadline (defined in the Bidding Procedures) to Jefferies in accordance with the Bidding Procedures. Jefferies and the Debtor may extend the Bid Deadline but will promptly notify all Potential Bidders of any such extension.

21.     If more than one Qualified Bid is submitted for some or all of the Assets in accordance with the Bidding Procedures, Jefferies will conduct an auction (the "Auction") on October 5, 2018, at 10:00 a.m., Central time, or at such later time as determined by Jefferies and the Debtor. Jefferies will notify all parties submitting Qualified Bids (each "Qualified Bidders"). The Auction will be held at the offices of Debtor's counsel or telephonically if permitted by the Debtor and Jefferies.

22.     Prior to the Auction, Jefferies and the Debtor will evaluate the Qualified Bids and select one or more Qualified Bid(s) that Jefferies determines in its business judgment to be the highest or best Qualified Bid(s) for the Assets or for a specific subset of Assets (the "Initial Selected Bid(s)") for all or any of the Assets.  Prior to the Auction, Jefferies and the Debtor shall seek to

6

determine the value attributed by the Plan to all of the Debtor's Assets so that at the auction a Successful Bid(s) resulting therefrom may be reasonably determined.

23.    Jefferies will give each of the Auction Participants notice of the Initial Selected Bid(s) and a copy of such bid(s) prior to the scheduled start of the Auction.

24.    All Qualified Bids for such Assets at the Auction will be based on and increased therefrom, and thereafter made in minimum increments higher than the previous Qualified Bid in an amount to be established by Jefferies and the Debtor.

25.    Jefferies and the Debtor will have the right to adopt such other rules for the Auction which it believes in its business judgment will promote the goals of the Auction to obtain the highest and best price for the Assets, after consultation with the Debtor.

26.    The Debtor will determine which Qualified Bid(s) are the highest or best ("Successful Bid").

27.    The Bidding Procedures provide an appropriate framework for obtaining offers for the purchase of the Assets and will enable Jefferies and the Debtor to review, analyze and compare all Qualified Bids received to determine which bid (or bids) is in the best interests of the Debtor's estate and its creditors.

28.    Section 363(k) of the Bankruptcy Code states:

> At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of the property.

29.    Progress Rail is proposed to be deemed a Qualified Bidder and to have the right to credit bid for all Assets other than Plant 4 should it elect to do so. Any lien holder junior to Progress Rail may only credit bid after depositing with the Debtor the full amount due to senior secured

claims as the cash consideration component of their bid and then credit bid their secured claim in addition thereto. If the junior lien creditor bidding fails to become the Successful Bidder or a Backup Bidder, the deposit will be returned.  By this Motion, Debtor is asking that the Bankruptcy Court deny any credit bid rights with regard to Plant 4 due to the unresolved priority or validity of the Plant 4 M&M Claimants and the Collateral Agent. In addition, the Debtor does not believe that the Plant 4 M&M Claimants have the legal right to credit bid under Minnesota law and therefore cause exists to preclude credit bidding under 11 U.S.C. §363(k).

30.      Any bids concerning the Indiana Assets or a Topping Proposal must also provide for the purchase from the Postpetition Lender by assignment and assumption of the DIP Facility in full and a commitment to funding the balance of the administration of the Debtor's bankruptcy case upon Court approval of such competing bid for such assets.  Absent such replacement financing the Debtor will not be able to fund this proceeding and will be unable to comply with the current DIP Financing requirements.  The Bidding Procedures should therefore contain such requirement.

### III. EXPEDITED RELIEF

31.      Cause exists to hear this motion on an expedited basis. Debtor contends that getting the Bidding Procedures to potential purchasers as soon as possible is necessary to ensure enough time for due diligence, bids and negotiations prior to the October 3, 2018 Bid Deadline.

32.      The Debtor gives notice that it may, if necessary, call Todd Roth, James Katchadurian, or Leon Szlezinger or Christoph Hinder of Jefferies to testify at the hearing on the Motion regarding the facts set forth herein.

WHEREFORE, the Debtor respectfully requests the Court enter an Order granting the expedited relief, and granting such other and further relief as is necessary and appropriate in the circumstances.

8

Dated:  August 16, 2018                       RAVICH MEYER KIRKMAN McGRATH
                                              NAUMAN & TANSEY,
                                              A PROFESSIONAL ASSOCIATION

                                              By /e/  *Will R. Tansey*
                                                    Will R. Tansey #323056
                                                    Michael F. McGrath #168610

                                              150 South Fifth Street, Suite 3450
                                              Minneapolis, MN 55402
                                              Telephone:      (612) 332-8511
                                              Facsimile:      (612) 332-8302

                                              ATTORNEYS FOR DEBTOR

## VERIFICATION

I, Todd Roth, Chief Executive Officer of ERP Iron Ore, LLC, declares under penalty of perjury that the facts set forth in the preceding Motion are true and correct according to the best of my knowledge, information, and belief.

Executed on: August _16_, 2018

_____
Todd Roth

Exhibit A


BIDDING PROCEDURES

## I.   The Bidding Process

A.      ERP Iron Ore, LLC (the "Debtor") presents the following bidding procedures (the "Bidding Procedures") to be utilized in connection with the sale of some or all assets of the Debtor (the "Assets") or a Topping Proposal[1] with respect to the Debtor's Plan of Reorganization [Docket No. 152] (the "Plan").[2] The Bidding Procedures are designed to facilitate a full and fair process to maximize the value of the Assets or the equity in the Reorganized Debtor under the Plan. These Bid Procedures have been approved by Court Order dated _____ [Docket No. _____] ("Bid Procedure Order").

B.      Subject to the conditions set forth herein, at any time on or before October 3, 2018, at 12:00 p.m. (prevailing Central Time) (the "Bid Deadline"), Jefferies, LLC, ("Jefferies") as the investment banker for the Debtor will (i) engage in discussions and negotiations regarding a sale transaction or transactions with any entity (a "Potential Bidder") that Jefferies believes may have interest in purchasing the Assets or some part thereof or making a Topping Proposal under the Plan or has made inquiry with the Debtor regarding such a purchase or a Topping Proposal, (ii) furnish to such Potential Bidders, public and non-public information relating to such Assets or Topping Proposal pursuant to a confidentiality agreement between the Debtor and such Potential Bidder (the "Confidentiality Agreement"), and (iii) afford to any such Potential Bidder reasonable access to any data site, properties, assets, books or records of the Debtor with respect to such Assets or Topping Proposal. Each Confidentiality Agreement entered into after the date of the entry of the Bid Procedures Order shall recognize that the Debtor is obligated to comply with the terms of these Bidding Procedures. Each confidentiality agreement previously entered into between the Debtor and a Potential Bidder in effect on the date of the entry of the Bid Procedures Order shall be deemed to be a Confidentiality Agreement subject to the Bid Procedures Order. Potential Bidders interested in conducting due diligence should contact Leon Szlezinger (lszlezinger@jefferies.com) or Christoph Hinder (chinder@jefferies.com) of Jefferies. Notwithstanding the foregoing, Jefferies is not required to provide confidential or proprietary information to any person if Jefferies determines, after consultation with Debtor that such disclosure could be detrimental to the interests of Debtor's estate.

## II.   Submission by Bid Deadline

A.      A Potential Bidder who desires to make a bid must deliver its bid to Jefferies on or before the Bid Deadline. Jefferies and the Debtor may extend the Bid Deadline, but shall promptly notify all Potential Bidders of any such extension.

---

[1] "Topping Proposal" means a proposal to step into the shoes of the Plan Sponsor under the Plan but proposing a higher overall value to the Debtor's estate.
[2] Capitalized terms not defined herein have the meanings ascribed in the Plan.

{00412630 }

### III. Requirements of "Qualified Bid" Status

A.     A bid received from a Potential Bidder by the Bid Deadline will constitute a "Qualified Bid" only if it includes all of the following (the compliance of which shall be determined by Jefferies and the Debtor) (collectively, the "Required Bid Documents"):

    i.     A signed purchase agreement ("Purchase Agreement") based upon the form attached hereto as Exhibit A, together with a redline thereof, which shows any modifications made to such form by the Potential Bidder;

    ii.    Evidence sufficient to the Debtor and Jefferies in their reasonable discretion that such bidder has the financial ability to consummate the Transaction (including, without limitation, the ability to pay or perform the liabilities to be assumed if any) in accordance with these Bidding Procedures, which evidence may include, without limitation, current audited or unaudited financial statements of the (1) Qualified Bidder or (2) if the Qualified Bidder is an entity formed for the purpose of acquiring the Assets, current audited or unaudited financial statements of the equity holders of the Qualified Bidder, sources of equity or debt financing for payment of the purchase price, copies of commitment letters, the identity of contact persons at the financial institutions issuing the commitment letters or such other form of financial disclosure and credit-quality support information or enhancement reasonably acceptable to the Debtors and Jefferies; and

    iii.   A cash deposit (the "Good Faith Deposit") in the form of a wire transfer to the Debtor (or other form acceptable to the Debtor) in the greater of an amount of at least 10% of the purchase price for the Assets proposed to be purchased or $200,000.

B.     Each Potential Bidder that makes a Qualified Bid  before the Bid Deadline shall be referred to as a "Qualified Bidder."

### IV. Auction

A.     Jefferies and the Debtor through its Independent Director, Chief Executive Officer and counsel shall evaluate the Qualified Bids and select one or more Qualified Bid(s) that they determine in their business judgment to be the best Qualified Bid(s) (the "Initial Successful Bid(s)"). In making this determination, Jefferies and the Debtor may consider, among other things, the amount of cash to be paid, delivered, or distributed, modifications made to the form of purchase agreement attached hereto as Exhibit A and the other terms and conditions of the Qualified Bids. If the Initial Successful Bid is the only Qualified Bid for the Assets or certain Assets, Jefferies and the Debtor may deem the Initial Successful Bid to be the Successful Bid (defined below).

B.     The Plan constitutes a Qualified Bid and the current Initial Successful Bid.  The Plan Sponsor is deemed a Qualified Bidder in all respects, and shall not be required to submit a

Good Faith Deposit, or any other deliverable or documentation to Jefferies, the Debtor, or their representatives or agents other than a Purchase Agreement and sale order in the event the Plan Sponsor also bids to acquire certain assets by sale.

C.      If more than one Qualified Bid has been submitted for the Assets or any portion of the Assets in accordance with these Bidding Procedures, Jefferies will conduct an auction (the "Auction") in order to determine, in the business judgment of the Debtor, the Successful Bid(s). Prior to the Auction, Jefferies shall give each of the Auction Participants notice of the Initial Successful Bid(s) for the Assets or each subset of Assets.

D.      The Auction, if required, will commence at 10:00 a.m. (prevailing Central Time) on October 5, 2018 at the offices of Ravich Meyer Kirkman McGrath Nauman & Tansey, P.A., 150 South Fifth Street, Suite 3450, Minneapolis, Minnesota 55402, or at such later time or other place as agreed by the Debtor. Jefferies will notify all Qualified Bidders of any change to the Auction time or location (collectively, the "Auction Participants").

E.      Only the Debtor, the DIP Lender, the Auction Participants, potential financing sources of the Auction Participants, the official creditor's committee members (if any) and their respective representatives will be entitled to attend, participate and be heard at the Auction.

F.      The Debtor shall have the right to adopt such other rules for the Auction which the Debtor believes in its business judgment will promote the goals of the Auction, including, without limitation, rules that allow Auction Participants to participate telephonically.

G.      The Debtor may select the best bid at the conclusion of the Auction, subject to approval of the Bankruptcy Court ("Successful Bid") as to the Minnesota Assets.  As to the Indiana Assets and remaining assets under the Plan (the "Plan Assets"), the Debtor may determine to proceed with the Plan as filed, a Topping Proposal, or a bid for such Plan Assets if determined to be better than the Plan.  Prior to the Bid Deadline, the Plan Sponsor and Debtor shall collectively determine the value attributed by the Plan to the Assets, as a whole and or to portions for which bids might reasonably be expected, so that a Successful Bid (or Successful Bids) may be readily determined.  Any Topping Proposal or bid other than the Plan which includes some or all of the Indiana Assets is required to repay the existing DIP financing in full and to provide for alternative DIP financing which is adequate to administer this bankruptcy estate through the proposed closing date of that transaction on the date of approval of such bid by the Bankruptcy Court.

H.      The Debtor shall file a notice of Successful Bids and Back-Up Bids (defined below), including contact and notice information for any applicable bidder and a calculation of consideration provided thereby, on or before October 6, 2018.

V.  Credit Bid Rights

A.      The right to credit bid under section 363(k) of the Bankruptcy Code is specifically preserved. Progress Rail (as defined in the motion to approve these procedures), shall be deemed a Qualified Bidder with respect to the Debtor's real and personal property (except relating to

Plant 4), and shall not be required to submit a Good Faith Deposit, or any other deliverable or documentation to Jefferies, the Debtor, or their representatives or agents other than a purchase agreement and may credit bid up to the amount of debt acknowledged by the Debtor or established by the Court but not more than $5 million, in its discretion, for some or all of the Debtor's property (other than Plant 4) on which it has a valid lien. Unless approved by separate court order, no party may credit bid on Plant 4.

B.      With respect to any Assets, any other party who wishes to be entitled to credit bid shall, no later than September 7, 2018, submit evidentiary proof of the validity, extent and priority of their liens ("Proof") to the Debtor and file same with the Court. Any party in interest may object to any Proof on or before September 14, 2018 and the party seeking to credit bid shall in that instance notice a hearing for a motion on the estimation of allowance and the disputed right to credit bid. In the event of such a dispute, and absent an order of the Court providing for a right to credit prior to the Auction, the credit bid shall not be permitted.  In the event there is no objection to a Proof on or before September 14, 2018, such credit bid shall be permitted in the Debtor's discretion.

C.      Any junior lien holders seeking to credit bid will only be entitled to credit bid if they deposit sufficient funds with the Debtor to pay all liens senior in priority to the junior lien in full, as determined by the Debtor.  Credit bidding by all junior lien holders will otherwise be prohibited, but all rights, claims and objections will be reserved and can be asserted against the sale(s) proceeds, if any.

## VI. Sale Hearing

A.      An evidentiary hearing to consider the sale of assets to the Successful Bidder(s) and Back-Up Bidders and approval of such bid(s) or a Topping Proposal that constitutes a Successful Bid (the "Sale Hearing"), will be held on October 16, 2018 at 1:30 p.m. prevailing Central time, in the courtroom of the Honorable William J. Fisher, United States Bankruptcy Judge, at the United States Bankruptcy Court, District of Minnesota, Courtroom 2B, U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. The Sale Hearing may be continued or adjourned by the Debtor; provided, however, the Debtor shall not continue or adjourn the Sale Hearing for more than seven days in the aggregate absent the prior consent of all Successful Bidder(s).

B.       Upon the closing of any Transaction,[3] any Transaction Fee due to Jefferies as a result of the closing of any Transaction shall be paid and/or segregated and escrowed from the proceeds of such Transaction prior to any other use or distribution of such proceeds.  If any Transaction is the result of a successful credit bid without a cash component sufficient to pay any such Transaction Fee in full, then any resulting unpaid portion of the Transaction Fee due to

---

[3]    Capitalized terms in this paragraph shall have the meanings ascribed to them in that certain engagement letter between the Debtor and Jefferies LLC which was filed in connection with the Debtor's application to retain Jefferies LLC [Dkt. No. 150].

Jefferies shall be immediately paid to Jefferies and/or segregated and escrowed at the closing of such Transaction from the available cash of the Debtor; provided, however, that if that Debtor does not have sufficient cash to pay the unpaid portion of such Transaction Fee in full, or any portion thereof, then the successful credit bidder shall immediately pay the unpaid portion of such Transaction Fee to Jefferies and/or segregate and escrow such unpaid portion of the Transaction Fee at the closing of such Transaction

VII.      Objections

A.      Objections, if any, to the sale of assets or confirmation of the Plan or any Topping Proposal shall be filed on the docket of the Bankruptcy Court and served such that each objection is actually received by the following parties on or before October 11, 2018 (the "Objection Deadline"): (a) counsel for the Debtor at Ravich Meyer Kirkman McGrath Nauman & Tansey, P.A., Attn: Will R. Tansey, 150 South Fifth Street, Suite 3460, Minneapolis, Minnesota 55402 wrtansey@ravichmeyer.com, (b) the United States Trustee's Office, attn. Michael R. Fadlovich, 300 South Fourth Street, Suite 1015, Minneapolis, MN 55402 Michael.Fadlovich@usdoj.gov., (c) counsel for the DIP Lender and Plan Sponsor at Dentons US LLP, Attn: Oscar N. Pinkas, 1221 Avenue of the Americas, New York, NY 10020 oscar.pinkas@dentons.com, and (d) counsel to the Official Committee of Unsecured Creditors, if any.

VIII.   Back-Up Bidder

B.      If any Auction Participant whose Qualified Bid is a Successful Bid (a "Successful Bidder") approved by the Bankruptcy Court fails to consummate the transaction because of a failure to perform on the part of such Successful Bidder, the Auction Participant (the "Back-Up Bid") that submitted the next highest or otherwise best Qualified Bid for the same Assets will be deemed to be the Successful Bidder therefor, and the Debtor will be authorized to consummate the transaction with such Back-Up Bidder without further order of the Bankruptcy Court, and such Back-Up Bid shall thereupon be deemed the Successful Bid. If any Back-up Bidder fails to consummate the transaction because of a breach or failure, the process described above may continue with other Auction Participants in decreasing order of the Qualified Bids as determined by the Debtor until an Auction Participant shall consummate the Transaction.

IX. Disposition of Good Faith Deposit

A.      The Good Faith Deposit submitted by a Qualified Bidder that is not the Successful Bidder will be returned to such Qualified Bidder within two (2) business days after consummation of the final transaction for the Assets related to such Good Faith Deposit ("Closing"); provided that any approved Successful Bidder or Back-Up Bidder that fails to Close due to its own breach of a Bankruptcy Court approved Purchase Agreement or these procedures forfeits its Good Faith Deposit as liquidated damages (actual damages being impossible to estimate) to the Debtor.  At Closing, the Successful Bidder will be entitled to a credit for the amount of its Good Faith Deposit.

X.      TERMS OF SALE

A.    The Transaction(s) shall be without representations or warranties of any kind, nature or description by the Debtor, its agents and estate.

B.    All of the Debtors' right, title and interest in and to the Assets or equity in the Reorganized Debtor under the Plan transferred at Closing(s) shall be transferred, free and clear of all liens, claims, interests or encumbrances, if any, with such liens, claims, interests and encumbrances to attach to the proceeds of the Transaction in the event of a sale of assets pursuant to Section 363 of the Bankruptcy Code or as provided in the Plan as confirmed subject to prior order of the Bankruptcy Court.

EXHIBIT A TO BID PROCEDURES

FORM OF PURCHASE AGREEMENT

## PURCHASE AGREEMENT

**THIS PURCHASE AGREEMENT** ("Agreement") is made and entered into by and between ERP Iron Ore, LLC, a Virginia limited liability company ("Debtor"), and _____, a _____ ("Buyer").

### W I T N E S S E T H:

**WHEREAS**, Debtor is operating as a debtor in possession in *In re: ERP IRON ORE, LLC, Debtor,* under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*., in the United States Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court"), Bankruptcy Case No. 18-50378;

**WHEREAS**, on _____, 2018, the Bankruptcy Court issued an Order approving Bidding Procedures for the sale of certain property owned by Debtor (the "Bidding Procedures");

**WHEREAS**, capitalized terms used in this Agreement without definition have the meanings given to those terms in the Bidding Procedures;

**WHEREAS**, under and in accordance with the Bidding Procedures, Buyer is submitting this Agreement to Debtor as a bid for the Assets (the "Property") described in **Exhibit A** attached hereto and hereby made a part hereof (the "Property Schedule"); and

**WHEREAS**, if Buyer is the Successful Bidder for the Property, Buyer will purchase the Property from Debtor, and Debtor will sell the Property to Buyer, in accordance with the terms and upon the conditions contained in this Agreement.

**NOW, THEREFORE**, pursuant to the foregoing recitals, which are an integral part hereof, and in consideration of the mutual covenants contained herein, the sufficiency of which is hereby acknowledged, Buyer and Debtor (the "Parties") hereby agree as follows:

1. **BID - PURCHASE AND SALE**.

    a.   This Agreement, as executed and submitted to Debtor by Buyer, is a bid for the Property under the Bidding Procedures.  If Buyer is the Successful Bidder for the Property, Debtor will sell the Property to Buyer, and Buyer will purchase the Property from Debtor, in accordance with the terms and upon the conditions contained in this Agreement.

    b.   This Agreement is binding upon Buyer upon execution and submission to Debtor (notwithstanding the fact that it is not then signed by Debtor) and is not

cancelable, terminable, or revocable by Buyer except as provided in **Section 8** below.

    c.    Without limiting any of the other provisions of the Bidding Procedures, Buyer acknowledges that this Agreement may become the Successful Bid, and Buyer the Successful Bidder, for the Property under **Article VIII** of the Bidding Procedures concerning Back-Up Bidders.

2. **PURCHASE PRICE**.

    a.    The purchase price of and for the Property hereunder is as set forth in the Property Schedule (the "Purchase Price").

    b.    Buyer is providing Debtor the Good Faith Deposit that is shown in the Purchase Schedule with Buyer's submission of this Agreement to Debtor.

    c.    Buyer will pay the Purchase Price to Debtor as follows:

        i.    by Debtor's retention of the Good Faith Deposit; and

        ii.    the remainder of the Purchase Price in cash or other immediately available funds at the Closing (as that term is defined below).

    d.    For any and all purposes, the Purchase Price will be allocated among the items comprising the Property in the manner shown in the Property Schedule.

3. **REAL PROPERTY**.

    a.    The provisions of this **Section 3** apply to that part of the Property, if any, that is real estate and improvements thereon (the "Real Property").

    b.    Real estate, related tangible personal property, and other taxes payable with respect to the Real Property in the year of the Closing will be prorated between Debtor and Buyer on the basis of the number of days in the year of the Closing, before (and excluding) the Closing Date (as that term is defined below) as to Debtor, and after (but including) the Closing Date as to Buyer.  All special assessments levied and/or pending against the Real Property as of the Closing will be assumed in full by Buyer effective as of the Closing.

    c.    All costs of utilities and operating expenses relating to the Real Property will be prorated between Debtor and Buyer on the basis of the number of days in the applicable billing or payment periods, before (and excluding) the Closing Date as to Debtor, and after (but including) the Closing Date as to Buyer.

    d.    If, prior to the Closing, the Real Property is damaged by fire or other casualty, Buyer will have the right to terminate this Agreement by email notice to Debtor

within five business days following Buyer's receipt of written notice of the occurrence of that damage. Pending Buyer's exercise or waiver of that right, the Closing will be continued. If Buyer does not exercise that right, Debtor will, at the Closing, pay over to Buyer, and/or assign to Buyer the right to receive, any and all insurance proceeds payable to Debtor in respect of that damage.

e.      If, prior to the Closing, all or any portion of the Real Property is affected by a condemnation or a taking by eminent domain, or is the subject of any condemnation proceeding, Buyer will have the right to terminate this Agreement by written notice to Debtor within five business days of Buyer's receipt of written notice of that condemnation, taking or proceeding. Pending Buyer's exercise or waiver of that right, the Closing will be continued. If Buyer does not exercise that right, Debtor will, at the Closing, pay over to Buyer, and/or assign to Buyer the right to receive, any and all awards made or to be made to Debtor or in respect of the Real Property in that condemnation, taking or proceeding.

4.  **DILIGENCE, AS-IS CONDITION, ETC**.

a.      BUYER ACKNOWLEDGES, AND REPRESENTS AND WARRANTS TO DEBTOR, THAT BUYER IS SOPHISTICATED IN TRANSACTIONS OF A TYPE SIMILAR TO THE PURCHASE OF THE PROPERTY UNDER THIS AGREEMENT AND  THAT IT HAS HAD THE OPPORTUNITY TO PERFORM, AND HAS PERFORMED, SUCH EXAMINATIONS, INVESTIGATIONS, ANALYSIS AND SO-CALLED "DUE DILIGENCE" ACTIVITIES WITH REGARD TO THE PROPERTY AS IT HAS DETERMINED, IN ITS SOLE AND ABSOLUTE DISCRETION, TO BE NECESSARY IN CONNECTION WITH ITS PURCHASE OF THE PROPERTY (THE "DILIGENCE").

b.      DEBTOR IS SELLING THE PROPERTY TO BUYER, AND BUYER IS PURCHASING THE PROPERTY FROM DEBTOR ON AN "AS-IS", "WHERE IS", "WITH ALL FAULTS" BASIS, AND DEBTOR IS NOT MAKING, AND HEREBY DISCLAIMS, ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER RELATING TO THE PROPERTY, WHETHER EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, ANY REPRESENTATION OR WARRANTY REGARDING THE CONDITION OF THE PROPERTY, THE FUNCTIONALITY OR USABILITY OF THE PROPERTY, THE FITNESS OF THE PROPERTY FOR ANY PURPOSE, TITLE TO THE PROPERTY, THE VALUE OF THE PROPERTY, OR THE COMPLETENESS OR ACCURACY OF ANY INFORMATION OR MATERIALS PROVIDED OR MADE AVAILABLE TO BUYER.

c.      BUYER ACKNOWLEDGES, AND REPRESENTS AND WARRANTS TO DEBTOR, THAT BUYER HAS NOT RELIED, AND IS NOT RELYING, ON ANY STATEMENTS, PROMISES, GUARANTEES, REPRESENTATIONS, OR WARRANTIES OF ANY KIND, WHETHER WRITTEN OR ORAL, BY DEBTOR, JEFFRIES, DEBTOR'S LEGAL COUNSEL, OR ANY OTHER

AGENT, REPRESENTATIVE, OR EMPLOYEE OF DEBTOR, OR ARISING UNDER APPLICABLE LAW, WITH REGARD TO BUYER'S DECISION TO PURCHASE THE PROPERTY, INCLUDING, WITHOUT LIMITATION, ANY STATEMENTS, PROMISES, GUARANTEES, REPRESENTATIONS, OR WARRANTIES REGARDING THE CONDITION OF THE PROPERTY, THE FUNCTIONALITY OR USABILITY OF THE PROPERTY, THE FITNESS OF THE PROPERTY FOR ANY PURPOSE, TITLE TO THE PROPERTY, THE VALUE OF THE PROPERTY, OR THE COMPLETENESS OR ACCURACY OF ANY INFORMATION OR MATERIALS PROVIDED OR MADE AVAILABLE TO BUYER.

d.    Buyer will indemnify and hold harmless Debtor, Jeffries, Debtor's legal counsel, and all other agents or representatives of Debtor from and against any and all losses, costs or damages, of whatever type, nature, or description, including reasonable attorneys' fees, incurred or suffered by Debtor in connection with or as a result of the Diligence.  The provisions of this **Section 4(d)** will survive the Closing or the termination of this Agreement, as the case may be, and Debtor's remedies with respect to any failure of Buyer to perform its obligations under this **Section 4(d)** will not be limited by **Section 8(d)** below.

5.  **CLOSING**.

a.    The closing (the "Closing") of the purchase and sale of the Property hereunder will occur on the first business day (the "Closing Date") that is 10 days following the entry of the Sale Order (as that term is defined below).  Except as Buyer and Debtor may otherwise agree in writing, the Closing will be performed via electronic image transmission and electronic funds transfer.

b.    If the Property is or includes tangible personal property, then, at the Closing, Debtor will deliver to Buyer:

i.    a Bill of Sale for the Property (or the part thereof that is tangible personal property), which Bill of Sale will be in the form of **Schedule 5(b)** attached hereto and hereby made a part hereof; and

ii.    any certificates of title for the Property (or the part thereof that is personal property) that exist and are in Debtor's possession.

c.    If the Property is or includes Real Property, then, at the Closing, Debtor will deliver to Buyer:

i.    a Quit Claim Deed conveying Debtor's interest in the Real Property to Buyer (the "Deed"); and

ii.    a "non-foreign affidavit" containing such information as is required by Section 1445(b)(2) of the Internal Revenue Code.

6. **TRANSACTION COSTS.** Each of the Parties will bear and pay those costs and expenses incurred by it or on its behalf in connection with the purchase and sale of the Property hereunder, including, without limitation, attorneys' and accountants' fees, without contribution from the other Party; provided, however, that if the Property is or includes Real Property:

    a.    Debtor will pay the cost to prepare the Deed;

    b.    Buyer will pay the cost to record the Deed and any deed tax (or other transfer or similar taxes) relating to the Deed; and

    c.    Buyer will pay the fees and costs charged by any title company or title insurer through which it elects to conduct the Closing.

7. **CONTINGENCIES.**

    a.    Debtor's obligation to sell the Property under this Agreement is contingent upon:

        i.    the Bankruptcy Court having issued a final Order authorizing the sale of the Property to Buyer pursuant to 11 U.S.C. § 363(f) (the "Sale Order"); and

        ii.    Buyer having performed all of the obligations that this Agreement requires Buyer to perform at or prior to the Closing.

If Debtor proceeds with the Closing, Debtor will be deemed to have waived any of the contingencies set forth in this **Section 7(a)** that are not then satisfied.

    b.    Buyer's obligation to purchase the Property under this Agreement is contingent upon:

        i.    the Bankruptcy Court having issued the Sale Order; and

        ii.    Debtor having performed all of the obligations that this Agreement requires Debtor to perform at or prior to the Closing.

If Buyer proceeds with the Closing, Buyer will be deemed to have waived any of the contingencies set forth in this **Section 7(b)** that are not then satisfied.

8. **TERMINATION - REMEDIES.**

    a.    This Agreement will automatically terminate upon a return of the Good Faith Deposit to Buyer under **Article IX** of the Bidding Procedures.

    b.    This Agreement may be terminated as follows:

    i.  by Buyer, by written notice to Debtor, if Debtor breaches or violates this Agreement and fails to cure that breach or violation within 10 days following receipt of written notice thereof from Buyer;

    ii.  by Debtor, by written notice to Buyer, if Buyer breaches or violates this Agreement and fails to cure that breach or violation within 10 days following receipt of written notice thereof from Debtor; or

    iii.  by Buyer or Debtor, by written notice to the other, if the Closing has not occurred by 5:00 p.m., local time in Minneapolis Minnesota, on the date that is 30 days following the entry of the Sale Order.

  c.  If Buyer terminates this Agreement under **Section 8(b)(i)** or **Section 8(b)(iii)** above, or if Debtor terminates this Agreement under **Section 8(b)(iii)** above, Debtor will return the Good Faith Deposit to Buyer within 10 days following the effective date of that termination.

  d.  Buyer's sole and exclusive remedies in the event of a breach or violation of this Agreement by Debtor, to the exclusion of all other remedies, whether at law or in equity, is the termination of this Agreement under **Section 8(b)(i)** above and the return of the Good Faith Deposit under **Section 8(c)** above.  Without limiting the generality of the foregoing, and for the avoidance of any doubt or confusion in that regard, Buyer will not be entitled to specific performance or to any actual, consequential, punitive or other damages or costs.

  e.  If Debtor terminates this Agreement under **Section 8(b)(ii)** above, Debtor will retain the Good Faith Deposit as liquidated damages for the subject breach or violation by Buyer; provided, however, that this **Section 8(e)** will not operate to limit any of Debtor's remedies with respect to a failure of Buyer to perform its obligations under **Section 4(d)** above.

  f.  **Sections 4(d)**, **8(c)**, and **8(e)** of this Agreement, together with any other provisions of this Agreement that contemplate performance following the termination of this Agreement, will survive and continue in effect following any termination of this Agreement.

7. **NOTICES**.  A notice from one of the Parties to the other under this Agreement will be in writing and will be considered to have been duly delivered or served if personally delivered, delivered by overnight courier, or sent by first class certified mail, return receipt requested, postage prepaid, to the proper Party at its address as set forth below or to such other address as such Party may hereafter designate by written notice to the other Party:

  If to Debtor, to:

  ERP Iron Ore, LLC

7908 US Highway 169, Suite B
Bovey, MN 55709
Attn: Todd Roth, CEO

With a copy to:

Ravich Meyer Kirkman McGrath Nauman & Tansey, P.A.
Attn: Will R. Tansey, Esq.
150 South Fifth Street, Suite 3450
Minneapolis, MN 55402

If to Buyer, to:

_____
_____
_____
Attn: _____

With a copy to:

_____
Attn: _____, Esq.
_____
_____

8. **NO THIRD PARTY BENEFICIARIES**.  This Agreement is a contract solely between Buyer and Debtor.  No third party beneficiaries (including, without limitation, employees and customers of Debtor) are intended hereunder and none will be inferred herein.

9. **BUSINESS DAYS**.  As used in this Agreement, the term "business day" means a day that is not a Saturday, a Sunday, or a day on which United States government offices are closed.  Whenever a time period specified in this Agreement ends on a day that is not a business day, that time period will be extended until the next subsequent business day.

10. **BENEFIT**.  This Agreement will inure to the benefit of and will be binding upon each of the Parties and their respective successors and assigns.

11. **HEADINGS**.   Section headings have been used in this Agreement for convenience purposes only.  In no manner will any section heading in this Agreement limit any term or provision of the section to which it relates.

12. **WAIVER**.  No waiver, modification or amendment of any term, condition or provision of this Agreement will be valid, binding or of any effect unless made in writing, signed by the Party(ies) to be bound thereby or its(their) duly authorized representative(s) and specifying with particularity the nature and extent of that waiver, modification or

amendment.  No waiver by any Party of any provision hereof will affect or impair any other provision hereof.

13. **BIDDING PROCEDURES - ENTIRE AGREEMENT**.  The Bidding Procedures are hereby incorporated into and made a part of this Agreement.  This Agreement (inclusive of the Bidding Procedures) contains the entire understanding of the Parties with respect to the subject matter addressed herein and supersedes all prior agreements, discussions, negotiations and understandings between the Parties with respect to that subject matter.

14. **INTERPRETATION AND SEVERANCE**.  The provisions of this Agreement will be applied and interpreted in a manner consistent with each other so as to carry out the purposes and intent of the Parties.  If, for any reason, any provision of this Agreement is determined to be unenforceable or invalid, that provision (or such part thereof as may be unenforceable or invalid) will be deemed severed from this Agreement, and the remaining provisions of this Agreement will be carried out with the same force and effect as if that provision (or such part thereof) had not been a part of this Agreement.

15. **COUNTERPARTS – ELECTRONIC IMAGES**.  This Agreement may be executed and delivered in counterparts and by electronic image transmission and any such execution and delivery will have the same force and effect as delivery of an original document with original signatures.

16. **GOVERNING LAW**.  This Agreement will be construed and enforced in accordance with the laws of the State of Minnesota (without regard to the laws of any jurisdiction that concern conflicts of laws).  Any proceeding relating to the interpretation or enforcement of this Agreement will be brought in state or federal courts located in the State of Minnesota and, in that connection, each of the Parties hereby consents and submits to the jurisdiction of such courts.

**THE REMAINDER OF THIS PAGE IS BLANK**

**SEPARATE SIGNATURE PAGES FOLLOW**

## SIGNATURE PAGE TO PURCHASE AGREEMENT

**IN WITNESS WHEREOF:**

Buyer has executed and submitted this Agreement to Debtor this __ day of _____, 2018.

**[NAME OF BUYER]**


By: _____
        Name: _____
        Title: _____


And Debtor has accepted and executed this Agreement this __ day of _____, 2018.

**ERP IRON ORE, LLC**


By: _____
        Name: _____
        Title: _____

# EXHIBIT A

## PROPERTY SCHEDULE

| Description of Assets[1] | Purchase Price |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
| **Total Purchase Price** |  |
| **Good Faith Deposit[2]** |  |

[1]Provide commercially reasonable descriptions of the Assets based on the information provided in the Plan or furnished by Jefferies.  Reference and attach schedules or exhibits if additional space is needed.

[2]Insert $0.00 if Buyer is exempt from providing a Good Faith Deposit under the Bidding Procedures.  Otherwise insert the greater of (a) $200,000, or (b) 10% of the total Purchase Price.

## <u>SCHEDULE 5(b)</u>

### QUIT CLAIM BILL OF SALE

**KNOW ALL BY THESE PRESENTS**, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, ERP Iron Ore, LLC, a Virginia limited liability company ("Debtor"), hereby quitclaims to _____, a _____ ("Buyer"), all of Debtor's interest and estate in and to the Property, as that term is defined in a certain Purchase Agreement between Buyer and Debtor, executed by Buyer on _____, 2018 and Debtor on _____, 2018 (the "Purchase Agreement").

Nothing contained in this Quit Claim Bill of Sale modifies, amends, limits, or expands any provision of the Purchase Agreement.

Dated: _____, 2018

                       **ERP IRON ORE, LLC**

                       By: _____

                            Its _____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    Case No. 18-50378

ERP Iron Ore, LLC,                                        Chapter 11

      Debtor.

## MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION FOR EXPEDITED RELIEF AND ORDER APPROVING BIDDING PROCEDURES FOR THE SALE OF ASSETS AND GRANTING OTHER RELATED RELIEF

ERP Iron Ore, LLC (the "Debtor"), submit this memorandum of law in support of the motion submitted herewith (the "Motion") in accordance with Local Rule 9013-2(a).

## BACKGROUND

1.      The supporting facts are set forth in the Motion, verified by Todd Roth, Chief Executive Officer of ERP Iron Ore, LLC. All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

## LEGAL ANALYSIS

### I.  The Relief Sought in the Bidding Procedures is in the Best Interests of the Debtor's Estate and Should be Approved

2.      Courts have found that a debtor's business judgment is entitled to substantial deference with respect to the procedures to be used in selling an estate's assets. *See, e.g., In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) ("Under Section 363, the debtor in possession can sell property of the estate ... if he has an 'articulated business justification'"); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (quoting Schipper); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) ("In evaluating whether a sound business purpose justifies the use, sale or lease of property under Section 363(b), courts consider a variety of factors, which

essentially represent a 'business judgment test.'"); *In re Channel One Commc'ns., Inc.*, 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990) (applying sound business purpose test under section 363); *see also In re Integrated Res., Inc.*, 147 B.R. 650, 656-57 (S.D.N.Y. 1992) (bidding procedures that have been negotiated by a trustee are to be reviewed according to the deferential "business judgment" standard, under which such procedures and arrangements are "presumptively valid").

3.      The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See In re Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Edwards*, 228 B.R. 552, 561 (Bankr. E.D. Pa. 1998) ("The purpose of procedural bidding orders is to facilitate an open and fair public sale designed to maximize value for the estate."); *Integrated Res.*, 147 B.R. at 659 ("[I]t is a well-established principle of bankruptcy law that the objective of the bankruptcy rules and the trustee's duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (internal citations omitted).

4.      To that end, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy transactions. See, e.g., Integrated Res., 147 B.R. at 659 (bidding procedures "are important tools to encourage bidding and to maximize the value of the debtor's assets"); *In re Fin. News Network, Inc.*, 126 B.R. 152, 156 (Bankr. S.D.N.Y. 1991) ("court-imposed rules for the disposition of assets ... [should] provide an adequate basis for comparison of offers, and [should] provide for a fair and efficient resolution of bankrupt estates").

5.      The Debtor believes that the proposed Bidding Procedures will promote active bidding from seriously interested parties and will elicit the highest or otherwise best offers

available for the Assets. The proposed Bidding Procedures will allow the Debtor to conduct the Sale in a controlled, fair, and open fashion that will encourage participation by financially capable bidders who will offer the best package for the Assets and who can demonstrate the ability to close a transaction. The Bidding Procedures contemplate an open auction process with minimum barriers to entry and provide potential bidding parties with sufficient time to perform due diligence and acquire the information necessary to submit a timely and well-informed bid.

6.       At the same time, the Bidding Procedures provide the Debtor with an opportunity to consider competing bids and select the highest or otherwise best offer for the completion of the sale. The Plan ensures that the Debtor obtains fair market value by effectively setting a minimum purchase price for the Assets that will be tested in the marketplace. As such, creditors of the Debtor's estates can be assured that the consideration obtained will be fair and reasonable and at or above market.

7.       The Debtor submits that the proposed Bidding Procedures will encourage competitive bidding, are appropriate under the relevant standards governing auction proceedings and bidding incentives in bankruptcy proceedings, and are consistent with procedures that have recently been approved by other courts in this district and elsewhere. *See, e.g., In re Quicksilver Res., Inc.*, No. 15-10585 (LSS) [DOCKET No. 681] (Bankr. D. Del. Oct. 6, 2015); *In re Source Home Entm't, LLC*, No. 14-11553 (KG) [DOCKET No. 160] (Bankr. D. Del. July 21, 2014); *In re Purified Renewable Energy, LLC*, No. 13-41446 (KAC) [DOCKET Nos. 112, 123 & 126] (Bankr. D. Minn. May 31, 2013).

## II.  The Bid Protections Have a Sound Business Purpose and Should be Approved

8.       The Debtor also seek authority to offer certain bid protection to the Postpetition Lender. The Debtor has agreed to make assuming the Postpetition Lender's obligations and debt a requirement to bidding on the Indiana Assets which is effectively a customary break up fee to

the Plan Sponsor. The use of a Plan in a public auction process for sales pursuant to section 363 is a customary practice in chapter 11 cases, as the use of a Plan bid is, in many circumstances, the best way to maximize value in an auction process by "establish[ing] a framework for competitive bidding and facilitat[ing] a realization of that value." *Official Comm. of Unsecured Creditors v. Interforum Holding LLC*, 2011 WL 2671254, No. 11-CV-219, *1 n.1 (E.D. Wis. July 7, 2011). As a result, plan sponsors normally require breakup fees and, in many cases, other forms of bidding protections as an inducement for "setting the floor at auction, exposing its bid to competing bidders, and providing other bidders with access to the due diligence necessary to enter into an asset purchase agreement." *Id*. The use of bidding protections has become an established practice in chapter 11 cases. This is particularly appropriate where the Plan Sponsor is funding the process through the Postpetition Financing.

9.      Indeed, breakup fees and other forms of bidding protections are a normal and, in many cases, necessary component of significant sales conducted under section 363 of the Bankruptcy Code: "Break-up fees are important tools to encourage bidding and to maximize the value of the debtor's assets .... In fact, because the ... corporation has a duty to encourage bidding, break-up fees can be necessary to discharge [such] duties to maximize value." *Integrated Res.*, 147 B.R. at 659–60 (emphasis added). Specifically, bid protections may be legitimately necessary to convince a white knight bidder to enter the bidding by providing some form of compensation for the risks it is undertaking. *See Integrated Res.*, 147 B.R. at 660–61 (bid protections can prompt bidders to commence negotiations and "ensure that a bidder does not retract its bid"); *In re Hupp Int'l Indus., Inc.*, 140 B.R. 191, 194 (Bankr. N.D. Ohio 1992) ("[W]ithout such fees, bidders would be reluctant to make an initial bid for fear that their first bid will be shopped around for a higher bid from another bidder who would capitalize on the initial bidder's ... due diligence.").

4

10.     As a result, courts can approve such bidding protections in connection with proposed bankruptcy sales where a proposed fee or reimbursement provides a benefit to the estate. *See In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 537 (3d Cir. 1999). The Debtor believes that the allowance of the protections proposed is in the best interests of the Debtor's estate, as the Plan will establish a floor for further bidding that may increase the consideration given in exchange for the Assets for the benefit of the Debtor's estate.

11.     Here, the proposed protection is, and remains, a critical component of the Plan Sponsor's commitment. The Plan Sponsor has expended and will continue to expend time and resources negotiating, drafting, and performing due diligence activities necessitated by the sale transactions, despite the fact that its bid will be subject not only to Court approval, but also to overbidding by third parties. The parties negotiated in good faith and at arm's length with significant give-and-take with respect to proposed bid protection. As a result, the Debtor ensured that its estate would have the benefit of the transactions with the Plan Sponsor without sacrificing the potential for interested parties to submit overbids at the Auction.

12.     If the Court does not approve the Bid Procedures with this protection, the Plan Sponsor may elect not to serve as the Plan Sponsor, to the detriment of the Debtor's estate. Further, replacement of the Postpetition Lender, will likely be because the Debtor has received higher or otherwise superior offers for the Assets. In sum, the proposed Bidding Procedures are fair and reasonable under the circumstances because the requirement to replace the Postpetition Lender constitutes a "fair and reasonable percentage of the proposed purchase price" and is "reasonably related to the risk, effort, and expenses of the prospective purchaser." *Integrated Res.*, 147 B.R. at 662. Thus, the Bid Procedures should be approved.

### A.     Credit bidding Should be Authorized Under Section 363(k)

13.     A secured creditor is allowed to "credit bid" the amount of its claim in a sale.

Section 363(k) of the Bankruptcy Code provides, in relevant part, that unless the court for cause

orders otherwise, the holder of a claim secured by property that is the subject of the sale "may

bid at such sale, and, if the holder of such claim purchases such property, such holder may offset

such claim against the purchase price of such property." 11 U.S.C. § 363(k). Even if a secured

creditor is undersecured as determined in accordance with section 506(a) of the Bankruptcy

Code, section 363(k) allows such secured creditor to bid the total face value of its claim and does

not limit the credit bid to the claim's economic value. *See In re Submicron Sys. Corp.*, 432 F.3d

448, 459-60 (3d Cir. 2006) ("It is well settled among district and bankruptcy courts that creditors

can bid the full face value of their secured claims under § 363(k)."). Under Minnesota Statute

514.15, credit bidding by multiple mechanic lien holders is not permissible. Due to state law

restrictions and the uncertainty of liens and mortgages in Plant 4, there is cause to impose the

restrictions on credit bidding set forth in the Motion.

### III. Relief Under Bankruptcy Rules 6004(h) and 6006(d) is Appropriate

14.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or

lease of property . . . is stayed until the expiration of fourteen days after the entry of the order,

unless the court orders otherwise." Additionally, Bankruptcy Rule 6006(d) provides that an

"order authorizing the trustee to assign an executory contract or unexpired lease . . . is stayed

until the expiration of fourteen days after the entry of the order, unless the court orders

otherwise." The Debtor request that order be effective immediately upon its entry by providing

that the fourteen-day stays under Bankruptcy Rules 6004(h) and 6006(d) are waived.

15.    The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient

time for an objecting party to appeal before an order can be implemented. See Advisory

Committee Notes to Fed. R. Bankr. P. 6004(h) and 6006(d). Although Bankruptcy Rules 6004(h)

and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order

6

otherwise" and eliminate or reduce the fourteen-day stay period, the leading treatise on bankruptcy suggests that the fourteen-day stay should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to procedure." 10 COLLIER ON BANKRUPTCY ¶ 6004.10 (15th rev. ed. 2006). Furthermore, if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id*.

16.     To maximize the value received for the Assets, the Debtor seeks to market as soon as possible. Thus, the Debtor hereby request that the Court waive the fourteen-day stay period under Bankruptcy Rules 6004(h) and 6006(d).

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court grant the relief requested in the Motion.

Dated:  August 16, 2018

RAVICH MEYER KIRKMAN McGRATH
NAUMAN & TANSEY,
A PROFESSIONAL ASSOCIATION

By /e/  *Will R. Tansey*
            Will R. Tansey #323056
            Michael F. McGrath #168610

150 South Fifth Street, Suite 3450
Minneapolis, MN 55402
Telephone:     (612) 332-8511
Facsimile:     (612) 332-8302

ATTORNEYS FOR DEBTOR

7

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                    Case No. 18-50378

ERP Iron Ore, LLC,                                        Chapter 11

      Debtor.

---

## UNSWORN CERTIFICATE OF SERVICE

---

     I, Will R. Tansey, declare under penalty of perjury that on August 16, 2018, copies of Debtor's:

1. Notice of Hearing and Debtor's Motion for Expedited Relief and Order Approving Bidding Procedures for the Sale of Assets and Granting Other Related Relief;
2. Memorandum of Law in Support of Debtor's Motion for Expedited Relief and Order Approving Bidding Procedures for the Sale of Assets and Granting Other Related Relief;
3. Order Granting and Approving the Debtor's Motion for Expedited Relief and order Approving Bidding Procedures for the Sale of Assets and Granting Other Related Relief;

were served by sending to each party a copy thereof as noted on the attached Service List.


Dated: August 16, 2018                    By: /e/   Will R. Tansey (323056)

                                       RAVICH MEYER KIRKMAN MCGRATH
                                       NAUMAN & TANSEY, P.A.
                                       150 South Fifth Street, Suite 3450
                                       Minneapolis, MN 55402
                                       (612) 332-8511

                                       ATTORNEYS FOR DEBTOR

{00412646 }

electronic
ERP IRON ORE LLC
ATTN TODD ROTH
15 APPLEDORE LANE
NATURAL BRIDGE VA 24578

US ATTORNEY
600 U S COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

WEIR MINERALS NETHERLANDS
C/O BERENS & MILLER
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
80 S EIGHTH STREET  STE 3720
MINNEAPOLIS MN 55402

NIPSCO
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 13007
MERRILLVILLE IN 46411

NORTHEAST TECHNICAL SERVICES INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
526 CHESTNUT STREET
VIRGINIA MN 55792

MODSPACE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
12603 COLLECTIONS CENTER DRIVE
CHICAGO IL 60693

ADVANTAGE TECHNOLOGY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
950 KANAWHA BLVD E
CHARLESTON WV 25301

electronic
WILMINGTON SAVINGS FUND SOCIETY
C/O CONRAD K CHIU
PRYOR CASHMAN LLP
7 TIMES SQUARE
NEW YORK NY 10036-6569

electronic
WILMINGTON SAVINGS FUND SOCIETY
C/O WILLIAM P WASSWEILER
BALLARD SPAHR LLP
80 S EIGHTH STREET  STE 2000
MINNEAPOLIS MN 55402

electronic
MICHAEL FADLOVICH
UNITES STATES TRUSTEE
1015 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

MINN DEPT OF REVENUE
COLLECTION ENFORCEMENT
551 BANKRUPTCY SECTION
P O BOX 64447
ST PAUL MN 55164

CATERPILLAR FINANCIAL SRVCS CORP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 30669
DALLAS TX 75373-0669

BLUECROSS BLUESHIELD
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 860448
MINNEAPOLIS MN 55486-0048

SWEARINGEN CONSULTING LLC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
64624 WOODLAND COURT
AURORA MN 55705

AFCO
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 371889
PITTSBURGH PA 15250

GENERAL SECURITY SERVICES CORP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 823424
PHILADELPHIA PA 19182-3424

electronic
WILMINGTON SAVINGS FUND SOCIETY
C/O MATTHEW W SILVERMAN
PRYOR CASHMAN LLP
7 TIMES SQUARE
NEW YORK NY 10036-6569

electronic
WILMINGTON SAVINGS FUND SOCIETY
C/O CHARLES E NELSON
BALLARD SPAHR LLP
80 S EIGHTH STREET  STE 2000
MINNEAPOLIS MN 55402

electronic
LIGHTHOUSE MANAGEMENT GROUP
C/O JAMES L BAILLIE
FREDRIKSON & BYRON PA
200 S SIXTH STREET  STE 4000
MINNEAPOLIS MN 55402-1425

electronic
COLIN KREUZIGER
UNITES STATES TRUSTEE
1015 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
P O BOX 7346
PHILADELPHIA PA 19101-7346

FIRST AMERICAN TITLE INSURANCE CO
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1201 WALNUT STREET  STE 700
KANSAS CITY MO 64106

SUTTLE & STALNAKER
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1411 VIRGINIA STREET E  STE 100
CHARLESTON WV 25301

TENOVA CORE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
75 REMITTANCE DRIVE  DEPT 3168
CHICAGO IL 60675

WILLIAMS SCOTSMAN INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 91975
CHICAGO IL 60693

WHITE COUNTY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 388
MONTICELLO IN 47960

electronic
WILMINGTON SAVINGS FUND SOCIETY
C/O SETH H LIEBERMAN
PRYOR CASHMAN LLP
7 TIMES SQUARE
NEW YORK NY 10036-6569

electronic
MINN DEPT OF NATURAL RESOURCES
C/O WENDY S TIEN
OFFICE OF THE ATTORNEY GENERAL
445 MINNESOTA STREET  STE 900
ST PAUL MN 55101-2127

electronic
LIGHTHOUSE MANAGEMENT GROUP
C/O SARAH M OLSON
FREDRIKSON & BYRON PA
200 S SIXTH STREET  STE 4000
MINNEAPOLIS MN 55402-1425

{00407453 }

electronic
GLACIER PARK IRON ORE PROPERTIES
C/O DENNIS M RYAN
FAEGRE BAKER DANIELS LLP
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
GLACIER PARK IRON ORE PROPERTIES
C/O CHRISTOPHER J HARAYDA
FAEGRE BAKER DANIELS LLP
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
CHESTER COMPANY LIMITED
C/O DENNIS M RYAN
FAEGRE BAKER DANIELS LLP
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
CHESTER COMPANY LIMITED
C/O CHRISTOPHER J HARAYDA
FAEGRE BAKER DANIELS LLP
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
HT SURFACE AND MINERAL LLC
C/O DENNIS M RYAN
FAEGRE BAKER DANIELS LLP
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
HT SURFACE AND MINERAL LLC
C/O CHRISTOPHER J HARAYDA
FAEGRE BAKER DANIELS LLP
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
ALLETE INC DBA MINNESOTA POWER
C/O CHRISTOPHER D ANDERSON
30 WEST SUPERIOR STREET
DULUTH MN 55802

electronic
ALLETE INC DBA MINNESOTA POWER
C/O RICHARD D ANDERSON
BRIGGS AND MORGAN
80 S EIGHTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
ALLETE INC DBA MINNESOTA POWER
C/O BENJAMIN GURSTELLE
BRIGGS AND MORGAN
80 S EIGHTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
BNSF RAILWAY COMPANY
C/O CHRISTOPHER J KNAPP
BARNES & THORNBURG LLP
225 S SIXTH STREET  STE 2800
MINNEAPOLIS MN 55402-4662

electronic
BNSF RAILWAY COMPANY
C/O CONNIE A LAHN
BARNES & THORNBURG LLP
225 S SIXTH STREET  STE 2800
MINNEAPOLIS MN 55402-4662

electronic
LIQUIDITY SOLUTIONS INC
C/O DAVID E RUNCK
FAFINSKI MARK & JOHNSON
775 PRAIRIE CENTER DRIVE  STE 400
EDEN PRAIRIE MN 55344

electronic
PROGRESS RAIL LEASING CORPORATION
C/O MONICA L CLARK
DORSEY & WHITNEY LLP
50 S SIXTH STREET  STE 1500
MINNEAPOLIS MN 55402-1498

electronic
PROGRESS RAIL LEASING CORPORATION
C/O NATASHA WELLS
DORSEY & WHITNEY LLP
50 S SIXTH STREET  STE 1500
MINNEAPOLIS MN 55402-1498

electronic
RANGE ELECTRIC INC
C/O PAUL L RATELLE
FABYANSKE WESTRA HART & THOMSON
333 S SEVENTH STREET  STE 2600
MINNEAPOLIS MN 55402

electronic
CHAMPION STEEL MINNESOTA INC
C/O PAUL L RATELLE
FABYANSKE WESTRA HART & THOMSON
333 S SEVENTH STREET  STE 2600
MINNEAPOLIS MN 55402

electronic
A.W. KUETTE & SONS INC
C/O PAUL L RATELLE
FABYANSKE WESTRA HART & THOMSON
333 S SEVENTH STREET  STE 2600
MINNEAPOLIS MN 55402

electronic
NORTHERN INDUSTRIAL ERECTORS INC
C/O PAUL L RATELLE
FABYANSKE WESTRA HART & THOMSON
333 S SEVENTH STREET  STE 2600
MINNEAPOLIS MN 55402

electronic
HAMMERLUND CONSTRUCTION INC
C/O PAUL L RATELLE
FABYANSKE WESTRA HART & THOMSON
333 S SEVENTH STREET  STE 2600
MINNEAPOLIS MN 55402

electronic
ITASCA COUNTY
C/O JAMES K SANDER
LARKIN HOFFMAN DALY & LINDGREN
8300 NORMAN CENTER DRIVE  STE 1000
MINNEAPOLIS MN 55437-1060

electronic
ITASCA COUNTY
C/O THOMAS J. FLYNN
LARKIN HOFFMAN DALY & LINDGREN
8300 NORMAN CENTER DRIVE  STE 1000
MINNEAPOLIS MN 55437

electronic
ITASCA COUNTY
ATTN JOHN J. MUHAR
ITASCA COUNTY ATTORNEY
123 4TH STREET NE
GRAND RAPIDS MN 55744

electronic
KOMATSU FINANCIAL LP
C/O KESHA L. TANABE
4304 34TH AVENUE S
MINNEAPOLIS MN 55406

electronic
LEJEUNE STEEL COMPANY
C/O AARON A DEAN
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
THE JAMAR COMPANY
C/O AARON A DEAN
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
PARSONS ELECTRIC LLC
C/O AARON A DEAN
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
HUNT ELECTRIC CORPORATION
C/O AARON A DEAN
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
UNITED RENTALS (NORTH AMERICA)
C/O AARON A DEAN
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
LEJEUNE STEEL COMPANY
C/O KEVIN M BUSCH
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
THE JAMAR COMPANY
C/O KEVIN M BUSCH
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
PARSONS ELECTRIC LLC
C/O KEVIN M BUSCH
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
HUNT ELECTRIC CORPORATION
C/O KEVIN M. BUSCH
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
UNITED RENTALS (NORTH AMERICA)
C/O KEVIN M BUSCH
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
MERIDA NATURAL RESOURCES
C/O MICHAEL A ROSOW
WINTHROP & WEINSTINE PA
225 S SIXTH STREET  STE 3500
MINNEAPOLIS MN 55402-4629

electronic
MERIDA NATURAL RESOURCES
C/O THOMAS J HAINJE
WINTHROP & WEINSTINE PA
225 S SIXTH STREET  STE 3500
MINNEAPOLIS MN 55402-4629

electronic
MERIDA NATURAL RESOURCES
C/O LAUREN MACKSOUD
DENTONS US LLP
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020

electronic
MERIDA NATURAL RESOURCES
C/O OSCAR PINKAS
DENTONS US LLP
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020

electronic
MERIDA NATURAL RESOURCES
C/O ROBERT E RICHARDS
DENTONS US LLP
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020

electronic
TOLTZ KING DUVALL ANDERSON & ASSOC
C/O BRIAN W VARLAND
HELEY DUNCAN & MELANDER
8500 NORMANDALE LAKE BLVD  STE 2110
MINNEAPOLIS MN 55437

electronic
MAGNETATION INC
C/O AMY SWEDBERG
MASLON LLP
90 S SEVENTH STREET  STE 3300
MINNEAPOLIS MN 55402

ACCU-DIG INC
ATTN  KYLE ROGERS OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
4844 EAST 150 S
MONTICELLO IN 47960

ALLETE INC DBA MINNESOTA POWER
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
30 WEST SUPERIOR STREET
DULUTH MN 55806

ANA M CLARKE
15 APPLEDORE LANE
P O BOX 87
NATURAL BRIDGE VA 24578

APPLIED INDUSTRIAL TECHNOLOGY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1 APPLIED PLAZA
CLEVELAND OH 44115

AUTOMATED DATA PROCESSING
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
11411 RED RUN BLVD
OWINGS MILLS MD 21117

AW KUETTEL & SONS INC
ATTN THOMAS KUETTEL OR OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
3930 AIRPARK BOULEVARD
DULUTH MN 55811

B RILEY & COMPANY LLC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
11100 SANTA MONICA BLVD  STE 800
LOS ANGELES CA 90025

BAKER FIRE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 766
BUHL MN 55713

BARBARA CUNDIFF COLVILLE
507 MORNING STAR LANE
NEWPORT BEACH CA 92660

BNSF RAILWAY COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 676160
DALLAS TX 75267-6160

BNSF RAILWAY COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2650 LOU MENK DRIVE
MARKETING OFFICE BUILDING
FORT WORTH TX 76131

{00412511 }

BNSF RAILWAY COMPANY
JONES LANG LASALLE GLOBAL SVCS
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
3017 LOU MENK DRIVE  STE 100
FORT WORTH TX 76131-2800

BNSF RAILWAY COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 961069
FORT WORTH TX 76161-0069

BNSF RAILWAY COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
GROUP VICE INDUSTRIAL PRODUCTS
2650 LOU MENK DRIVE
FORT WORTH TX 76131-2800

BNSF RAILWAY COMPANY
JONES LANG LASALLE BROKERAGE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
4300 AMON CARTER BLVD  STE 100
FORT WORTH TX 76155

BOUNDARY HUNTING CAMP
ATTN MICHAEL ANTONOVICH OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 224
COLERAINE MN 55722

BROCK WHITE COMPANY LLC
ATTN JONATHAN LLOYD OR OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2575 KASOTA AVENUE
ST PAUL MN 55108

CAROLINE C HERRICK
411 MULBERRY POINT ROAD
GUILFORD CT 06437

CATERPILLAR FINANCIAL SERVICES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 730669
DALLAS TX 75373-0669

CATERPILLAR FINANCIAL SERVICES
ATTN SPEC ACCTS MANAGER OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2120 WEST END AVENUE
NASHVILLE TN 27203

CATERPILLAR FINANCIAL SERVICES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2120 WEST END AVENUE
NASHVILLE TN 37203

CENTRAL RENT-A-CRANE INC
ATTN DEREK BAUMGARTNER OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
4700 ACORN DRIVE
INDEPENDENCE OH 44131

CENTURY LINK
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 2961
PHOENIX AZ 85062-2961

CFSC
ATTN SPECIAL ACCTS MGR – NABC OR OFFICER
MANAGING OR GENERAL AGENT OR OTHER PERSON
AUTHORIZED TO ACCEPT SERVICE
2120 WEST END AVENUE
NASHVILLE TN 37203

{00412511 }

CHESTER COMPANY LIMITED
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1035 7TH AVENUE E
HIBBING MN 55746

CORPORATION SERVICE COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
251 LITTLE FALLS DRIVE
WILMINGTON DE 19808-1674

CSX TRANSPORTATION INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 WATER STREET
JACKSONVILLE FL 32202

CSX TRANSPORTATION INC
ATTN RUSS EPTING OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 WATER STREET  J842
JACKSONVILLE FL 32202

CT LIEN SOLUTIONS
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 301133
DALLAS TX 75303

DAN ANDREWS
P O BOX 12
MARBLE MN 55764

DAVID L LEWIS
309 WEST 43RD STREET  STE 105
SIOUX FALLS SD 57105

DENTONS US LLP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020-1089

DR MICHAEL L TUCK
5416 LAMONA AVENUE
SHERMAN OAKS CA 91411

DSA INVESTMENTS INC
ATTN N. DHARAMVEER OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
LEVEL 28G SILVER TOWER
CLUSTER I JUMEIRAH LAKE TOWERS
P O BOX 393324
DUBAI, UNITED ARAB EMIRATES

DSA INVESTMENTS INC
ATTN JOHN ORAM OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
LEVEL 28G SILVER TOWER
CLUSTER I JUMEIRAH LAKE TOWERS
P O BOX 393324
DUBAI, UNITED ARAB EMIRATES

ENCECO MEMBER
ATTN CHARLES A EBETINO JR OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
3694 SEAFORD DRIVE
COLUMBUS OH 43220

ENCORE ENERGY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
12120 PORT GRACE BLVD  STE 200
OMAHA NE 68128

ENERVANTAGE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
12120 PORT GRACE BLVD  STE 200
LA VISTA NE 68128

{00412511 }

ERP COMPLAINT COKE LLC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
15 APPLEDORE LANE
P O BOX 87
NATURAL BRIDGE VA 24578

FAEGRE BAKER DANIELS LLP
ATTN DENNIS RYAN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402-3901

FASTENAL COMPANY
ATTN JOHN MILEK OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2001 THEURER BLVD
WINONA MN 55987

FERGUSON ENTERPRISES INC
ATTN HOLLY WELCH OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2350 W COUNTY ROAD C  STE 150
ROSEVILLE MN 55113

GENERAL WASTE DISPOSAL AND
RECOVERY SERVICES INC
ATTN SCOTT ALLISON OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 312
CHISHOLM MN 55719

GLACIER PARK COMPANY
C/O CONOCO PHILLIPS COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
600 NORTH DAIRY ASHFORD
HOUSTON TX 77079

GLACIER PARK IRON ORE PROPERTIES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
755 E MULBERRY AVENUE  STE 600
SAN ANTONIO TX 78212

GREAT NORTHERN IRON ORE PROPERPTIES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
801 EAST HOWARD STREET
P O BOX 429
HIBBING MN 55746

HAMMERLUND CONSTRUCTION
ATTN JOHN A STENE OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
40 COUNTY ROAD 63
GRAND RAPIDS MN 55744

HAMMERLUNDS CHAMPION STEEL INC
DBA CHAMPION STEEL
ATTN JOHN A STENE OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
40 COUNTY ROAD 63
GRAND RAPIDS MN 55744

HAWKINSON CONSTRUCTION CO INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
501 WEST COUNTY ROAD 63
GRAND RAPIDS MN 55744

HT SURFACE AND MINERALS LLC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
740 E SUPERIOR STREET
DULUTH MN 55805

HUNT ELECTRIC CORPORATION
ATTN BRAD BOOS OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
4330 W FIRST STREET  STE B
DULUTH MN 55807

ALLAN B HAMMEREL
5708 N VIA LOZANA
TUCSON AZ 85750-1136

INDIANA DEPT OF REVENUE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 7224
INDIANAPOLIS IN 46207-7224

IRONMAN CONCRETE PUMPING INC
ATTN NORM VOIGT OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
37334 STATE HIGHWAY 65
NASHWAUK MN 55769

ITASCA COUNTY ATTORNEY
ATTN JACK MUHAR OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
123 4TH STREET NE
GRAND RAPIDS MN 55744

ITASCA COUNTY AUDITOR
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
123 NE 4TH STREET
GRAND RAPIDS MN 55744

ITASCA COUNTY LAND DEPARTMENT
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1177 LAPRAIRIE AVENUE
GRAND RAPIDS MN 55744

ITASCA COUNTY LAND DEPARTMENT
STATE OF MINNESOTA
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1177 LAPRAIRIE AVENUE
GRAND RAPIDS MN 55744

ITASCA COUNTY REGIONAL
RAILROAD AUTHORITY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
123 NE FOURTH STREET
GRAND RAPIDS MN 55744

ITASCA COUNTY TRANSPORTATION
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
123 4TH STREET NE
GRAND RAPIDS MN 55744

JAMAR COMPANY/THE
ATTN CRAIG FELLMAN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
4701 MIKE COLALILLO DRIVE
DULUTH MN 55807

JAMES T LEWIS
309 WEST 43RD STREET  STE 105
SIOUX FALLS SD 57105

JK MECHANICAL CONTRACTORS INC
ATTN JOE KLAMM OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
240 5TH STREET
NASHWAUK MN 55768

JOHN C HAMMEREL JR
10200 E CELTIC DRIVE
SCOTTSDALE AZ 85620

{00412511 }

JOHN G DEVANEY
10 POND VIEW DRIVE
NANTUCKET MA 02554

JOHN J MORGAN COMPANY
ATTN THOMAS G MORGAN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1413 THOMPSON AVENUE  STE 1
SOUTH ST PAUL MN 55075

JOHN PARKER TRAUERNICHT
60 BAYVILLE ROAD
LOCUST VALLEY NY 11560

K BUILDING COMPONENTS INC
ATTN RIAN BURKES OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1955 HIGHWAY 37
HIBBING MN 55746

KATHERINE GAY BENOUN
8, RUE DE LEVIS
75017 PARIS FRANCE

KELLY CONSTRUCTION OF INDIANA
ATTN DAVID DAUGHERTY OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
3310 CONCORD ROAD
LAFAYETTE IN 47905

KERAMIDA
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
401 N COLLEGE AVENUE
INDIANAPOLIS IN 46202

KIMBALL H KNUTSON
2417 33RD AVENUE
MINNEAPOLIS MN 55406-1463

KOMATSU FINANCIAL LIMITED PARTNERSHIP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1701 W GOLF ROAD  STE 1-300
ROLLING MEADOWS IL 60008-4208

LAFAYETTE BANK & TRUST
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 1130
LAFAYETTE IN 47902-1130

LEJEUNE STEEL COMPANY
ATTN JIM TORBORG OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
118 W 60TH STREET
MINNEAPOLIS MN 55419

LIGHTHOUSE MANAGEMENT GROUP
ATTN JAMES BARTHOLOMEW OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
900 LONG LAKE ROAD  STE 180
NEW BRIGHTON MN 55112

LIQUIDITY SOLUTIONS INC
ATTN JEFF CARESS OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
ONE UNIVERSITY PLAZA  STE 312
HACKENSACK NJ 07601

MAG GLOBAL
ATTN MICHAEL J TALARICO OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
102 NE 3RD STREET  STE 120
GRAND RAPIDS MN 55477

{00412511 }

MAG INC
ATTN MICHAEL J TALARICO OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
102 NE 3RD STREET  STE 120
GRAND RAPIDS MN 55744

MAGNETATION INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
102 THIRD STREET NE  STE 120
GRAND RAPIDS MN 55744

MAGNETATION LLC
ATTN MICHAEL J TALARICO OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
102 NE 3RD STREET  STE 120
GRAND RAPIDS MN 55744

MARK P ROGERS
TRUSTEE MARK P ROGERS REV TRUST
2410 MERRIMAC LANE
PLYMOUTH MN 55447

MECHANICS MINERS LIEN CLAIMS
LIGHTHOUSE MANAGEMENT GROUP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
900 LONG LAKE ROAD  STE 180
NEW BRIGHTON MN 55112

MEDIACOM BUSINESS
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
ONE MEDIACOM WAY
MEDIACOM NY 10918

MERIDA NATURAL RESOURCES LLC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
192 SUMMERFIELD COURT  STE 203
ROANOKE VA 24019

METLIFE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 804466
KANSAS CITY MO 64180-4466

METRO SALES INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1620 EAST 78TH STREET
MINNEAPOLIS MN 55432

MIDWEST CONSTRUCTORS LLC
ATTN LYNN L WALL OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
600 KENTUCKY AVENUE  STE 100
INDIANAPOLIS IN 46225

MINNEAPOLIS OXYGEN CO
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
3842 WASHINGTON AVENUE N
MINNEAPOLIS MN 55412

MINNESOTA DEPT NATURAL RESOURCES
ATTN JESS RICHARDS OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 LAFAYETTE ROAD
ST PAUL MN 55155

MINNESOTA DEPT NATURAL RESOURCES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1201 EAST HIGHWAY 2
GRAND RAPIDS MN 55744

MINNESOTA DEPT OF HEALTH
RADIOACTIVE MATERIALS UNIT
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 64497
ST PAUL MN 55164-0497

MINNESOTA DEPT OF LABOR & INDUSTRY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
443 LAFAYETTE ROAD
ST PAUL MN 55155

MINNESOTA DEPT OF NATURAL RESOURCES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 LAFAYETTE ROAD
BOX 10
ST PAUL MN 55155

MINNESOTA DEPT OF REVENUE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
600 NORTH ROBERT STREET
ST PAUL MN 55101

MINNESOTA INDUSTRIES INC
ATTN PAUL JANSSEN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
610 INDUSTRIAL AVENUE
CHISHOLM MN 55719

MINNESOTA POLLUTION CONTROL AGENCY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
520 LAFAYETTE ROAD
ST PAUL MN 55155

MINNESOTA POWER
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 1001
DULUTH MN 55806-1001

MOOSE'S HUNTING CAMP
ATTN DAVID VIDMAR OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
36477 FREESTONE ROAD
GRAND RAPIDS MN 55744

NORAMCO ENGINEERING CORPORATION
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 1091
DULUTH MN 55810

NORTHERN INDIANA PUBLIC SERVICE COMPANY
ATTN D COTA OR OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
801 E 86TH AVENUE
MERRILLVILLE IN 46410

NORTHERN INDUSTRIAL ERECTORS
ATTN DEREK BOSTYANCIC OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 308
GRAND RAPIDS MN 55744

NORTHERN PLAINS RAIL SERVICE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
100 RAILROAD AVENUE
P O BOX 38
FORDVILLE ND 58231

NTS
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
526 CHESTNUT STREET
VIRGINIA MN 55792

{00412511 }

NUBAI GLOBAL INVESTMENT LTD
ATTN JOHN ORAM OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
MARCY BUILDING 2ND FL
PURCELL ESTATE
P O BOX 2416 ROAD TOWN
TORTOLA VI 11100

OLD NATIONAL TRUST COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1 MAIN STREET – 3RD FL
EVANSVILLE IN 47708

OHIO DEPT OF REVENUE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
4485 NORTHLAND RIDGE BLVD
COLUMBUS OH 43229

ONE SOURCE EQUIPMENT RENTALS
ATTN JACK BAXTER OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2835 CONCORD ROAD
LAFAYETTE IN 47909

PARSON ELECTRIC LLC
ATTN MICHAEL NORTHQUEST OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
5960 MAIN STREET NE
MINNEAPOLIS MN 55432

POCAHONTAS MEMBER
ATTN THOMAS M CLARKE OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
192 SUMMERFIELD COURT  STE 203
ROANOKE VA 24019

PRECISION TESTING INC
ATTN CONNIE PEARSON OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
5559 ENTERPRISE DRIVE NE
VIRGINIA MN 55792

PROGRESS RAIL
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
25083 NETWORK PLACE
CHICAGO IL 60673-1250

PROGRESS RAIL
ATTN JONATHAN NEWMAN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1600 PROGRESS DRIVE
ALBERTVILLE AL 35950

PRYOR CASHMAN LLP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
7 TIMES SQUARE
NEW YORK NY 10036

RANDALL LEE VANNET TRUST
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
28938 ARBO ROAD
GRAND RAPIDS MN 55744

RANGE ELECTRIC INC
ATTN ANNA MAHAN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1102 NORTH THIRD STREET
SUPERIOR WI 54880

RAPIDS PROCESS EQUIPMENT INC
ATTN BRENT ROERING OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
26489 INDUSTRIAL BLVD
COHASSET MN 55721

RAW MATERIALS & IRONMAKING
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1992 EASTHILL DRIVE
BETHLEHEM PA 18017

{00412511 }

RGGS LAND & MINERALS LTD LP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 4667
HOUSTON TX 77210

RGGS LAND & MINERALS LTD LP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 1266
209 E 8TH STREET S
VIRGINIA MN 55792

RON'S KORNER PROPERTIES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
7896 US HIGHWAY 169
BOVEY MN 55709

RUDD EQUIPMENT COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
DEPT 77432
P O BOX 77000
DETROIT MI 48277

SCHECK INDUSTRIAL CORPORATION
ATTN KAREN P LAYNG OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
800 E PLAINFIELD ROAD
COUNTRYSIDE IL 60525

SCHWARTZ REDI-MIX INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
34882 SCENIC HWY
BOVEY MN 55709

SHAMBAUGH & SON LP
ATTN BILL MEYER OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
7614 OPPORTUNITY DRIVE
FORT WAYNE IN 46825

SOLID PLATFORMS INC
ATTN JASON R LAMMERTIN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
6610 MELTON ROAD
PORTAGE IN 46368

ST LOUIS COUNTY AUDITOR -TREAS
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
100 N 5TH AVENUE W
DULUTH MN 55802

STATE OF MINNESOTA
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 LAFAYETTE ROAD
BOX 10
ST PAUL MN 55155

STEPHEN E LEWIS
305 LOCKHART CT
FRANKLIN TN 37069-6568

STEVE ELLISON
19853 COUNTY ROAD 10
WARBA MN 55793

{00412511 }

SYSTEMS ASSOCIATES INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1932 INDUSTRIAL DRIVE
LIBERTYVILLE IL 60048


THOMAS M CLARKE
15 APPLEDORE LANE
P O BOX 87
NATURAL BRIDGE VA 24578

TOLTZ KING DUVALL ANDERSON &ASSOC INC
DBA TKDA
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
444 CEDAR STREET  STE 1500
ST PAUL MN 55101


TRANE US INC
ATTN ROBERT ROERS OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
3600 PAMMEL CREEK ROAD
LA CROSSE WI 54601

TROUMBLY BROTHERS PARTNERSHIP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 405
TACONITE MN 55786


TWIN CITY FAN COMPANIES LTD
ATTN CHRISTINE ARRELL OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
5959 TRENTON LANE N
PLYMOUTH MN 55442

U S BANK NATIONAL ASSOCIATION
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 5229
CINCINNATI OH 45201-5229


ULLAND BROTHERS INC
ATTN LANCE STRANDBERG OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1634 HWY 210
CARLTON MN 55718

UNITED RENTALS (NORTH AMERICA)
ATTN TARA MILLER OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
6125 LAKEVIEW ROAD  STE 300
CHARLOTTE NC 28269


UNITED STATES STEEL CORPORATION
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
OLD HIGHWAY 169
P O BOX 417
MT IRON MN 55768

VIKING ELECTRIC SUPPLY INC
ATTN MIKE WIERZCHOWSKI OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
451 INDUSTRIAL BOULEVARD NE
MINNEAPOLIS MN 55413


WARD B LEWIS JR REV TRUST
C/O ERICA LEWIS
490 S MILLEDGE AVENUE
ATHENS GA 30601

WASTE MANAGEMENT OF INDIANA
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 4648
CAROL STREAM IL 60197-4648

{00412511 }

WASTE MANAGEMENT OF WI-MN
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 4648
CAROL STREAM IL 60197-4648

WELDSTAR
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 1150
AURORA IL 60507

WESCO DISTRIBUTION INC
ATTN STEVEN KATZ OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
5554 ENTERPRISE DRIVE NE
VIRGINIA MN 55792

WHITE COUNTY INDIANA
ATTN AUDITOR OR OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2013 WEST 25 SOUTH
MONTICELLO IN 47960

WILLIAM CLAYTON TRAUERNICHT
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
60 BAYVILLE ROAD
LOCUST VALLEY NY 11560

WILMINGTON SAVINGS FUND SOCIETY FSB
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 DELAWARE AVENUE
WILMINGTON DE 19801

WILMINGTON SAVINGS FUND SOCIETY FSB
ATTN GEOFFREY J LEWIS OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 DELAWARE AVENUE
WILMINGTON DE 19801

WINTHROP & WEINSTINE PA
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
225 S SIXTH STREET  STE 3500
MINNEAPOLIS MN 55402-4629

XTREME CONTRACTORS CO LLC
ATTN TARA WILSON OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
348 E US HIGHWAY 24
REYNOLDS IN 47980

ZEIGLER INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
SDS 12-0436
P O BOX 86
MINNEAPOLIS MN 55486-0436

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    Case No. 18-50378

ERP Iron Ore, LLC,                                        Chapter 11

     Debtor.

## ORDER GRANTING AND APPROVING THE DEBTOR'S MOTION FOR EXPEDITED RELIEF AND ORDER APPROVING BIDDING PROCEDURES FOR THE SALE OF ASSETS AND GRANTING OTHER RELATED RELIEF

At a hearing on August 29, 2018 (the "Bidding Procedures Hearing"), this Court considered the Motion for Expedited Relief and Order Approving Bidding Procedures for the Sale of Assets and Granting Other Related Relief (the "Motion") filed by the above captioned debtor (the "Debtor"). Based on the arguments and evidence presented at the Bidding Procedures Hearing, the Court hereby finds and determines that:

1.    The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The notice of the Motion and notice of the Bidding Procedures Hearing appear to have been served on the parties in interest in this case at the addresses set forth therein (the "Notice").

3.    The Notice is reasonable and sufficient under the circumstances and no other or further notice is necessary.

4.    Good and sufficient cause were set forth in the Motion and on the record at the Bidding Procedures Hearing to support the findings of fact and conclusions of law set forth

{00412629 }

herein.

5.      The Bidding Procedures attached as Exhibit A to the Motion ("Bidding Procedures")[1] are fair, reasonable, and appropriate and are designed to maximize the value of the Debtor's estate and are approved.

6.      The service of the Bidding Procedures, as required under the Bidding Procedures, is adequate and reasonably calculated to provide due, proper, and timely notice to all interested parties of, among other things, the entry of this Bidding Procedures Order, the Bidding Procedures, the Auction (if required under the Bidding Procedures), the Motion and Jefferies Transaction Fee (defined in the Motion). No other or further notice is necessary.

7.      The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law or conclusions of law are findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

The Motion is **GRANTED** as set forth herein.

1.      The Debtor's request for expedited relief is granted.

2.      All objections to the Bidding Procedures portion of this Motion that have not been withdrawn, waived or settled as announced in Court at the Bidding Procedures Hearing are denied and overruled.

3.      The Debtor may proceed with a sale and auction process in accordance with the Bidding Procedures, which Bidding Procedures are hereby approved in their entirety.

4.      The approval of the sale of the Debtor's Assets remains subject to the entry of a further order approving such sale.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Bidding Procedures.

5.       Potential bidders must comply with all terms of the Bidding Procedures in order to participate in the bidding process.

6.       Except as otherwise provided herein, the Debtor and Jefferies are authorized and directed to take any and all actions necessary or appropriate to implement the Bidding Procedures. The process for submitting Qualified Bids is fair, reasonable, and appropriate and is designed to maximize recoveries for the benefit of the Debtor's estate, its creditors and other parties in interest.

7.       Nothing in this Order requires the Debtor to sell any of the Assets.

8.       Any Transaction Fee[2] due to Jefferies LLC as a result of the closing of any Transaction resulting from the Bidding Procedures shall be paid and/or segregated and escrowed from the proceeds of such Transaction prior to any other use or distribution of such proceeds.  If any Transaction is the result of a successful credit bid without a cash component sufficient to pay any such Transaction Fee in full, then any resulting unpaid portion of the Transaction Fee due to Jefferies LLC shall be immediately paid to Jefferies LLC and/or segregated and escrowed at the closing of such Transaction from the available cash of the Debtor; provided, however, that if that Debtor does not have sufficient cash to pay the unpaid portion of such Transaction Fee in full, or any portion thereof, then the successful credit bidder shall immediately pay the unpaid portion of such Transaction Fee to Jefferies LLC and/or segregate and escrow such unpaid portion of the Transaction Fee at the closing of such Transaction.

9.       Unless otherwise ordered, only Progress Rail (as defined in the Motion) is authorized to credit bid on the Assets (other than Plant 4); provided that any junior lien holder seeking to credit bid may deposit the full amount of Progress Rail secured claims and any other

---

[2] Capitalized terms in this paragraph shall have the meanings ascribed to them in that certain engagement letter between the Debtor and Jefferies LLC which was filed in connection with the Debtor's application to retain Jefferies LLC [Dkt. No. 150].

senior secured claims with the Debtor as the cash consideration component of their bid and then credit bid their secured claim in addition thereto. In such instance, if such junior lien creditor is the Successful Bidder (as defined in the Bidding Procedures), the deposit will be paid to the senior secured claims (when allowed).  For purposes of the Motion only, Progress Rail's secured claim is estimated to be $5,000,000. In such instance, if such junior lien creditor is not the Successful Bidder or Backup Bidder, the Debtor will return the deposit to the junior lien creditor that made the deposit.  For cause shown, no credit bidding is permitted with respect to Plant 4 (defined in the Motion).

10.    Any bid other than the Plan which includes some or all of the Indiana Assets is required to repay, within three business days of the date of this order, the existing DIP financing in full to the Postpetition Lender and to assume the obligations of the Postpetition Lender to ensure there are funds sufficient to administer this bankruptcy estate through the proposed closing date of that transactions.

11.    Notwithstanding Bankruptcy Rules 6004 or any other rules, this Bidding Procedures Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

Dated:

_____
William J. Fisher
United States Bankruptcy Judge