# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    Case No. 18-50378

ERP IRON ORE, LLC,                                        Chapter 11

      Debtor.

---

**NOTICE OF HEARING AND MOTION TO APPROVE (1) THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S REAL ESTATE AND FIXTURES AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS AND (2) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES**

---

TO:    The parties-in-interest as defined in Local Rule 9013-3(a)(2).

1.    The above-captioned debtor (the "Debtor") files this motion (this "Motion") requesting relief described below and gives notice of hearing.

2.    The Court will hold a hearing on the Motion at 1:30 p.m. on October 16, 2018 before the Honorable William J. Fisher, Courtroom 2B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3.    As provided by the Bid Procedures (Docket No. 197), the deadline to file an objection to the sale proposed by this Motion is October 11, 2018, which is five days before the hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.    This Motion also seeks to establish cure amounts related to the potential assumption and assignment of contracts in connection with the sale of Debtor's assets. Attached hereto as **Exhibit A** is a complete list of executory contracts of the Debtor contained on the Debtor's schedules. Exhibit A also identifies Debtor's proposed cure amounts associated with the assumption

of each contract. **EACH PARTY RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES IN EXHIBIT. THE DEADLINE TO OBJECT TO A PROPOSED CURE AMOUNT IS <u>OCTOBER 9</u>, 2018.**

5.      This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This matter is a core proceeding within the meaning of 28 U.S.C.  §157(b)(2).  Venue of this proceeding and this Motion is properly in this district pursuant to 28 U.S.C. §§1408 and 1409.

6.      This motion arises under 11 U.S.C. §§ 363(f) and 365 of the Bankruptcy Code, and Fed.R. Bankr.P. 6004, 6006 and 9014.

## I.  BACKGROUND

7.      On May 25, 2018 (the "Petition Date"), an involuntary petition was filed against Debtor under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota (the "Court"), commencing this case. On July 16, 2018, Debtor filed a Consent to Order for Relief and on July 17, 2018, a Conversion of Case pursuant to sections 348 and 706(a) of the Bankruptcy Code and Local Rule 1019-1, converting the case from a case under chapter 7 of the Bankruptcy Code to a case under chapter 11 of the Bankruptcy Code.

8.      The Debtor's primary assets consist of (i) the Itasca Plants, located in Itasca County, Minnesota and the Reynolds Plant located in Reynolds, Indiana, and (ii) the related equipment.  The Debtor is also party to a significant number of executory contracts (See Schedule G to the Debtor's schedules filed in this case [Docket No. 99]).

9.      Debtor remains in possession of its assets and continues to operate as debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

10.     An Official Committee of Unsecured Creditors has been appointed in this Bankruptcy

Case but was subsequently disbanded.

11.     This is a core proceeding pursuant to 28 U.S.C. § 157(2)(A), (M), (N), and (O). This

Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this Court

pursuant to 28 U.S.C. § 1408.

12.     The assets to be sold pursuant to this Motion and the Sale Motion are identified in the

Debtor's schedules and consist of all real property, associated personal property, and related

intangible property and other assets identified in the Debtor's schedules filed in this case [Docket

No. 99], comprising substantially all of the Debtor's assets ("Assets").

13.     Debtor's secured debt consists of the following: (i) a promissory note dated January

30, 2017 in favor of Progress Rail Leasing Corporation ("Progress Rail"), with principal amount

payable up to $5 million as credit support for a rejected underlying railcar lease (the "Progress Rail

Note"), (ii) Floating Rate Senior Secured Amortizing PIK Toggle Notes due December 31, 2019

issued pursuant to an indenture dated as of January 30, 2017 among Debtor, as Issuer, and

Wilmington Fund Savings Society, FSB, as Trustee and Collateral Agent (the "Collateral Agent"), in

the original issue amount of $22.5 million and with an outstanding amount payable of approximately

$14.8 million as of March 31, 2018 (the "Toggle Notes") and (iii) a promissory note dated January

27, 2017, in favor of Lighthouse Management Group, Inc., as Administrative Agent under Settlement

Agreement by and between Debtor and the Mag Debtor's contractors, issued in the original face

amount of $32,017,807.74 (the "Mechanic's Lien Note", and together with the Progress Rail Note

and the  Toggle Notes, the "Debtor Secured Debt").

14.     The Debtor Secured Debt is secured by substantially all of Debtor's assets (however,

certain assets are subject to liens of less than all three of the Debtor Secured Debt holders ("Secured

Creditors")) and there is a potential avoidance claim that may result in a significant portion of the Debtor's Minnesota assets being owned free and clear.

15.     Upon the Debtor's acquisition of its assets in January 2017, it was intended that, other than Plant 4 (as described in the Schedules), Progress Rail have a first priority lien in Debtor's real estate and personal property, the Collateral Agent have a second priority lien in the Debtor's real estate and personal property, and the Mechanic's Lien Note holders ("MLCs") would hold a third priority lien in the Debtor's real estate and personal property. With respect to Plant 4, a subset of the MLCs ("Plant 4 M&M Claimants") claim a first priority lien1. The principal obligations outstanding on the Debtor Secured Debt is in excess of $45 million.

16.     After filing the Bankruptcy Case, the Debtor has performed its duties under the Bankruptcy Code attentively and in good faith. Among other things to date:

    a.     The Debtor filed the Motion for Order Under 11 U.S.C. §§ 105(a), 362, 363, 364 and 507 (I) Approving Post-Petition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Status, and (III) Granting Related Relief [Docket No. 47] on July 17, 2018 ("DIP Financing Motion"). Under the DIP Financing Motion, the Debtor sought Court approval for a secured postpetition revolving loan facility of up to $2,000,000 (the "Postpetition Facility") from Merida Natural Resources, LLC (the "Postpetition Lender"). The Court entered an Order granting the DIP Financing Motion (the "DIP Financing Order") pursuant to which up to $2,000,000 of financing is being provided by the Postpetition Lender to the Debtor [Docket No. 135]

---

1 Debtor reserves all rights regarding the validity and priority of security interests and liens .The description of liens and interests are being investigated by the Debtor. Debtor anticipates a priority dispute between one or more of the Secured Creditors discussed below.

b.    The Debtor has filed a proposed Plan of Reorganization [Docket No. 152] and corresponding Disclosure Statement [Docket No. 153].

c.    The Disclosure Statement was approved by Order of the Court dated September 24, 2018 [Docket No. 229].

d.    The Debtor engaged Jefferies, LLC ("Jefferies") to sell the Assets (the "Transaction").

e.    The Debtor sought and approved certain Bid Procedures [Docket No. 202] which permitted Jefferies to market the assets and, if appropriate, to run an auction on October 5, 2018. There has been significant interest by potential bidders in the Assets.

17.    In connection with the Bid Procedures motion, the Debtor proposed the following timeline for the Bid Procedures (as defined below) and the Transaction:

| Milestone | Date |
|---|---|
| Bid Procedures Approved | August 28, 2018 |
| Bid Deadline | October 3, 2018 |
| Auction and Selection of Successful Bids | October 5, 2018 |
| Deadline for Objection to Sale | October 11, 2018 |
| Sale Motion Hearing | October 16, 2018 |
| Sale Closing | October 26, 2018 |

18.    The Bid Procedures contemplated that a separate sale motion by be filed in connection with the Bid Procedures. The Bid Procedures contemplate the holding of an Auction and approval of the Successful Bidder (all as defined in the Bid Procedures) the hearing contemplated by this Motion.

19.    In accordance with the Bid Procedures, Debtor brings this motion for an order to approve the sale(s) of Assets (or such portion thereof as determined appropriate by the Debtor after

5

the Auction) free and clear of all liens, interests, claims, and encumbrances to the highest bidder at

the Auction pursuant to the Bid Procedures.

## II.  RELIEF REQUESTED

### SALE APPROVAL

20.      Upon the conclusion of the Auction, the Debtor will (i) review each Qualified Bid on

the basis of financial and contractual terms and the factors relevant to the sale process, including

those factors affecting the speed and certainty of consummating the sale, (ii) may determine which

Qualified Bid is the highest and best, and (iii) notify the highest and otherwise best offer for the

Assets (the "Successful Bid"). The Debtor is required by the Bid Procedures to file notice of the

Successful Bids and Back-Up Bids on or before October 6, 2018 ("Sale Notice").

21.      The Debtor asserts that the giving of the Sale Notice 10 days prior to the Hearing on

this Motion is appropriate in light of the fact that the Bid Procedures were approved on August 31st

and had been subject to a motion filed and served on October 16, 2018. The Bid Procedures were

negotiated and approved and provide for the timeline proposed herein. There is sufficient notice to

approve the ultimate Successful Bid(s) under this process.

22.      Debtor will escrow the proceeds of Sale pending further order of the Court and the

escrow and proceeds will be subject to all liens and claims to the same extent and in the same

priority as in the Assets.

### APPROVAL OF ASSUMPTION AND ASSIGNMENT OF CONTRACTS

23.      The Debtor is also seeking approval of procedures to facilitate the fair and orderly

assumption and assignment of any executory contracts or leases included in Assets subject to a

Successful Bid(s).

24.     Attached hereto as **Exhibit A** is a complete list of executory contracts of the Debtor contained on the Debtor's schedules. Exhibit A also identifies Debtor's proposed cure amounts associated with the assumption of each contract. **EACH PARTY RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES IN EXHIBIT A**.

25.     The Debtor's propose that the following procedures be implemented:

a.  Any party that objects to the stated cure amount on Exhibit A, must file and serve a written objection to the cure amount on or before October 9, 2018.

b.  The Debtor will work in good faith to seek to resolve all cure objections on or before the sale hearing set for October 16, 2018. If the parties are not able to resolve a cure objection, the Debtor is entitled to continue such objection to this Motion at its discretion to a later date available from the Court.

c.  As soon as practicable but no later than October 9, 2018, the Debtor will serve on all non-Debtor counterparties to any executory contract that may be assumed by Debtor and assigned to a Successful Bidder identifying (1) the identity of the proposed assignee of the contract (ie. the Successful Bidder), and (2) adequate assurance of future performance ("Contract Assignment Notice"); provided that identification of a contract on the Contract Assignment Notice does not require that the Debtor assume the identified contract and the Debtor or Successful Bidder may withdraw any contract prior to an order approving such assumption.

d.  Each counterparty receiving a Contract Assignment Notice who wishes to object to the adequate assurance of future performance presented by the Debtor, must object no later than October 12, 2018.

7

e.  The Debtor will seek to resolve any objections prior to the Sale Hearing.

f.  Any unresolved objection to Debtor's proof of adequate assurance of future performance will be heard at the Sale Hearing, and if an evidentiary hearing is required, it will be scheduled as soon as possible in light of the Court's schedule. However, the Debtor reserves the right to continue such hearing.

26.     The Debtor gives notice that it may, if necessary, call Todd Roth, James Katchadurian, or Leon Szlezinger or Christoph Hinder of Jefferies to testify at the hearing on the Motion regarding the facts set forth herein.

WHEREFORE, the Debtor respectfully requests the Court enter an Order granting the expedited relief, and granting such other and further relief as is necessary and appropriate in the circumstances.

Dated: September 25, 2018

RAVICH MEYER KIRKMAN McGRATH
NAUMAN & TANSEY,
A PROFESSIONAL ASSOCIATION

By /e/  *Will R. Tansey*
     Will R. Tansey #323056
     Michael F. McGrath #168610

150 South Fifth Street, Suite 3450
Minneapolis, MN 55402
Telephone:     (612) 332-8511
Facsimile:     (612) 332-8302

ATTORNEYS FOR DEBTOR

## VERIFICATION

I, Todd Roth, Chief Executive Officer of ERP Iron Ore, LLC, declares under penalty of perjury that the facts set forth in the preceding Motion are true and correct according to the best of my knowledge, information, and belief.

Executed on:  September 25, 2018

Todd Roth

**<u>EXHIBIT A</u>**

**<u>CONTRACT LIST WITH CURE AMOUNTS</u>**

**EXHIBIT A**

<u>CONTRACT LIST WITH CURE COSTS</u>

| ID NUMBER | CREDITOR | MAILING ADDRESS | CONTRACT DESCRIPTION | DATE | CURE COSTS |
|---|---|---|---|---|---|
| 1 | Allan B. Hammerel | 5708 N. Via Lozana Tucson, AZ 85750-1136 | Arcturus Basin Lease | July 1, 2010 | $0 |
| 2 | Applied Industrial Technologies | 1  Applied Plaza Cleveland, OH 44115 | MRO Procurement Agreement | July 1, 2014 | $0 |
| 3 | Automated Data Processing | 11411 Red Run Boulevard Owings Mills, MD 21117 | Major Accounts Agreement | April 1, 2017 | $0 |
| 4 | Barbara Cundiff Colville | 507 Morning Star Lane Newport Beach, CA 92660 | Arcturus Basin Lease | July 1, 2010 | $0 |
| 5 | BNSF Railway Company | Attn: Contract Administrator P.O. Box 961069 Ft. Worth, TX 76161-0 069 | Memorandum of Understanding | January 1, 2013 | $0 |
| 6 | BNSF Railway Company | Jones Lang Lasalle Global Services-RR, Inc 3017 Lou Menk Drive Suite 100 Ft. Worth, TX 76131-2800 | Demurrage Contract | February 1, 2015 | $0 |
| 7 | BNSF Railway Company | Jones Lang Lasalle Global Services-RR, Inc 3017 Lou Menk Drive Suite 100 Ft. Worth, TX 76131-2800 | Locomotive and Telemetry Device Use and Liability Agreement | August 15, 2011 | $0 |
| 8 | BNSF Railway Company | Jones Lang Lasalle Global Services-RR, Inc 3017 Lou Menk Drive Suite 100 Ft. Worth, TX 76131-2800 | Lease For Land and Track | July 25, 2011 | $93,317.79 |
| 9 | BNSF Railway Company | Jones Lang Lasalle Brokerage, Inc. 4300 Amon Carter Blvd., Suite 100 Ft. Worth, TX 76155 | Private Crossing Agreement | September 27, 2012 | $0 |

| ID NUMBER | CREDITOR | MAILING ADDRESS | CONTRACT DESCRIPTION | DATE | CURE COSTS |
|---|---|---|---|---|---|
| 10 | BNSF Railway Company | Jones Lang Lasalle Brokerage, Inc. 4300 Amon Carter Blvd., Suite 100 Ft. Worth, TX 76155 | Industry Track Agreement | July 25, 2011 | $0 |
| 11 | BNSF Railway Company | PO Box 676160 Dallas, TX 75267-6160 | First Amendment to Locomotive and Telemetry Device Use and Liability Agreement | April 7, 2014 | $0 |
| 12 | BNSF Railway Company and CSX Transportation | Group Vice Industrial Products 2650 Lou Menk Drive Ft. Worth, TX 76131-2800 | Master Transportation Contract | December 26, 2013 | $12,302,800.70 |
| 13 | Caroline C. Herrick | 411 Mulberry Point Rd. Guilford, CT 06437 | Arcturus Basin Lease | July 1, 2010 | $0 |
| 14 | Caterpillar Financial Services Corporation | 2120 West End Avenue Nashville, TN 37203 | Tax Lease | February 7, 2017 | $619,989.50 |
| 15 | CSX TRANSPORTATION, INC. | 500 Water Street Jacksonville, FL 32202 | Facility Encroachment Agreement | October 2, 2013 | $0 |
| 16 | CSX TRANSPORTATION, INC. | 500 Water Street Jacksonville, FL 32202 | Private Sidetrack Agreement | April 8, 2014 | $0 |
| 17 | CSX TRANSPORTATION, INC. | 500 Water Street Jacksonville, FL 32202 | Master Transportation Contract | December 26, 2013 | $0 |
| 18 | CSX Transportation, Inc | Russ Epting CSX Transportation, Inc. 500 Water Street Jacksonville, FL 32202 | Locomotive Trip Lease (Unit Iron Ore Train Loading & Unloading) | February 12, 2015 | $0 |
| 19 | David L. Lewis | 309 West 43rd Street, Ste 105 Sioux Falls, SD 57105 | Arcturus Basin Lease | July 1, 2010 | $0 |
| 20 | Dr. Michael L. Tuck | 5416 Lamona Avenue Sherman Oaks, CA 91411 | Arcturus Basin Lease | July 1, 2010 | $0 |

108611746\V-3

| ID NUMBER | CREDITOR | MAILING ADDRESS | CONTRACT DESCRIPTION | DATE | CURE COSTS |
|---|---|---|---|---|---|
| 21 | Encore Energy | 12120 Port Grace Blvd. #200 Omaha, NE 68128 | Service Agreement for Third Party Energy Supplier | May 1, 2017 | $0 |
| 22 | Enervantage | 12120 Port Grace Blvd. #200 La Vista, NE 68128 | Service Agreement Energy Assistance | April 12, 2017 | $0 |
| 23 | General Waste Disposal and Recovery Services | P.O. Box 312 Chisholm, MN 55719 | Scram Mining Surface Access Lease | November 24, 2015 | $0 |
| 24 | Hawkinson Construction Company, Inc | 501 West County Road 63 Grand Rapids, MN 55744 | Non-Exclusive Non-Metallic Minerals Lease Agreement For Construction Sand And Gravel | November 1, 2012 | $0 |
| 25 | Itasca County Land Department | C/o Land Commissioner 1177 Laprairie Avenue Grand Rapids, MN 55744 | Itasca County Pump Water Site Lease Agreement - Part Of S1/2 Nw, Section 22, T56n, R24w | February 28, 2012 | $100.00 |
| 26 | Itasca County Land Department (State of MN) | C/o Land Commissioner 1177 Laprairie Avenue Grand Rapids, MN 55744 | P4 Long Term Surface Lease #1 Agreement - Sec 19 And 30 | February 14, 2013 | $20,690.40 |
| 27 | Itasca County Land Department (State of MN) | C/o Land Commissioner 1177 Laprairie Avenue Grand Rapids, MN 55744 | P4 Long Term Surface Lease #2 Agreement - Sec 24 And 25 | February 14, 2013 | $24,662.01 |
| 28 | Itasca County Land Department (State of MN) | C/o Land Commissioner 1177 Laprairie Avenue Grand Rapids, MN 55744 | P4 Long Term Surface Lease Agreement #3 - Sec 35 | February 14, 2013 | $10,828.89 |
| 29 | Itasca County Land Department (State of MN) | C/o Land Commissioner 1177 Laprairie Avenue Grand Rapids, MN 55744 | Lease Agreement Holman Surface (Surface Lease) | July 23, 2010 | $10,872.79 |
| 30 | Itasca County Regional Railroad Authority | Attn:  Karin Grandia, Itasca County Engineer 123 4th Street Ne Grand Rapids, MN 55744 | Temporary Rail Line Access & Use Agreement (Rail Access & Use Agreement) | September 23, 2014 | $328,933.33 |

108611746\V-3

| ID NUMBER | CREDITOR | MAILING ADDRESS | CONTRACT DESCRIPTION | DATE | CURE COSTS |
|---|---|---|---|---|---|
| 31 | James T. Lewis | 309 West 43rd Street Ste 105 Sioux Falls, SD 57105 | Arcturus Basin Lease | July 1, 2010 | $0 |
| 32 | John C. Hammerel, Jr | 10200 E. Celtic Drive Scottsdale, AZ 85620 | Arcturus Basin Lease | July 1, 2010 | $0 |
| 33 | John G. Devaney | 10 Pond View Drive Nantucket, MA 02554-4403 | Arcturus Basin Lease | July 1, 2010 | $0 |
| 34 | John Parker Trauernicht | 60 Bayville Rd. Locust Valley, NY 11560 | Arcturus Basin Lease | July 1, 2010 | $0 |
| 35 | Katherine Gay Benoun | 8, Rue De Levis 75017 Paris France | Arcturus Basin Lease | July 1, 2010 | $0 |
| 36 | Keramida | 401 North College Avenue Indianapolis, IN 46202 | Service agreement for environmental compliance assistance | | $0 |
| 37 | Kimball H. Knutson | 2417 33rd Avenue South Minneapolis, MN 55406-1463 | Arcturus Basin Lease | July 1, 2010 | $0 |
| 38 | Magnetation, Inc. | Attn:  Mathew Lehtinen, President 102 Ne 3rd Street Suite 120 Grand Rapids, MN 55744 | Restated and Amended Technology License Agreement | December 6, 2016 | $0 |
| 39 | Mark P. Rogers | Trustee Of The Mark P. Rogers Revocable Trust Uta Dated August 16, 2006 2410 Merrimac Lane Plymouth, MN 55447 | Arcturus Basin Lease | July 1, 2010 | $0 |
| 40 | Metro Sales, Inc. | 1620 East 78th St Minneapolis, MN 55432 | Copier Service Agreement | May 24, 2017 | $25.44 |
| 41 | Minnesota Department Of Natural Resources | Northeast Region 1201 East Highway 2 Grand Rapids, MN 55744 | Agreement for Maintenance and Use of DNR Water Level Observation Well | June 19, 2013 | $0 |
| 42 | Minnesota Department Of | Northeast Region 1201 East Highway 2 Grand Rapids, MN 55744 | Lease Amendment To Lease #Lmis000786 | September 9, 2015 | $694.00 |

| ID NUMBER | CREDITOR | MAILING ADDRESS | CONTRACT DESCRIPTION | DATE | CURE COSTS |
|---|---|---|---|---|---|
| | Natural Resources | | | | |
| 43 | Minnesota Department Of Natural Resources | Northeast Region 1201 East Highway 2 Grand Rapids, MN 55744 | Miscellaneous Lease #Lmis000786, Land Description: Gl12, S36, T56n, R24w, Nwnw, S36, T56n, R24w, Itasca County (Access Lease) | July 1, 2014 | Included in cure amount for contract 42 |
| 44 | Minnesota Department Of Natural Resources | Northeast Region 1201 East Highway 2 Grand Rapids, MN 55744 | Miscellaneous Lease, Lease #Lmis000790, Land Description: S35 T 57n R22w, Itasca County (Access Lease) | October 1, 2012 | $1,745.00 |
| 45 | Minnesota Power | Attn:  Vp Marketing & Corp. Communications 30 West Superior Street Duluth, MN 55802 | Amended and Restated Electric Service Agreement | May 4, 2015 | $1,451,682.06 |
| 46 | Minnesota Power | Attn:  Vp Marketing & Corp. Communications 30 West Superior Street Duluth, MN 55802 | Amended and Restated Electric Service Agreement | May 4, 2015 | Included in cure amount for contract 45 |
| 47 | Minnesota Power | Attn:  Vice President-marketing And Corporate Communications 30 West Superior Street Duluth, MN 55802 | Electric Service Agreement | January 27, 2014 | Included in cure amount for contract 45 |
| 48 | Minnesota Power | Patrick Mullen, Vp Marketing & Public Affairs 30 West Superior Street Duluth, MN 55802 | Electric Service Agreement | May 2, 2011 | Included in cure amount for contract 45 |
| 49 | Minnesota Power | Attn:  Kristin Renskers- Mn Representative 30 West Superior Street Duluth, MN 55802 | Outdoor And Area Light Agreement | December 23, 2014 | Included in cure amount for contract 45 |
| 50 | Progress Rail Leasing Corporation | 1600 Progress Drive Albertville, Alabama 35950 Attn: John Newman | Master Railcar Lease Agreement | January 30, 2017 | $5,000,000.00 |

108611746\V-3

| ID NUMBER | CREDITOR | MAILING ADDRESS | CONTRACT DESCRIPTION | DATE | CURE COSTS |
|---|---|---|---|---|---|
| 51 | Randall Lee Vannet Trust | Randall Lee Vannet, Trustee 28938 Arbo Road Grand Rapids, MN 55744 | License Agreement | May 13, 2014 | $0 |
| 52 | Ron's Korner Market Properties | 7896 US Highway 169 Bovey, MN 55709 | Commercial Lease Agreement | April 17, 2018 | $0 |
| 53 | Schwartz Redi-Mix, Inc. | 34882 Scenic Hwy Bovey, MN 55709 | Non-Exclusive Non-Metallic Minerals Lease Agreement For Construction Sand And Gravel; Mag Lands LLC Is Lessor (Sand & Gravel Lease) | November 12, 2012 | $0 |
| 54 | Stephen E. Lewis | 2660 Maple Avenue Northbrook, IL 60062 | Arcturus Basin Lease | July 1, 2010 | $0 |
| 55 | The State of Minnesota | Resources Div Of Lands & Minerals Director, Division Of Lands And Minerals 500 Lafayette Road St. Paul, MN 55155-4045 | Lease For Iron-Bearing Materials Buckeye Tailings Basin #2, Lease No. R-108 (Mining Lease) | May 31, 2012 | $0 |
| 56 | The State of Minnesota | Resources Div Of Lands & Minerals Director, Division Of Lands And Minerals 500 Lafayette Road St. Paul, MN 55155-4045 | Lease for Iron-Bearing Materials Canisteo #1, Lease no. R-125 | January 7, 2015 | $0 |
| 57 | The State of Minnesota | Resources Div Of Lands & Minerals Director, Division Of Lands And Minerals 500 Lafayette Road St. Paul, MN 55155-4045 | Lease for Iron-Bearing Materials Canisteo #2, Lease no. R103 | October 3, 2011 | $0 |
| 58 | The State Of Minnesota | Department Of Natural Resources Division Of Lands And Minerals 500 Lafayette Road St. Paul, MN 55155-4045 | State Iron Ore Mining Lease - Lease No.2105-N | March 7, 2013 | $7,200.00 |
| 59 | The State Of Minnesota | Department Of Natural Resources Division Of Lands And | State Iron Ore Mining Lease - Lease No.2106-N | March 7, 2013 | $7,200.00 |

| ID NUMBER | CREDITOR | MAILING ADDRESS | CONTRACT DESCRIPTION | DATE | CURE COSTS |
|---|---|---|---|---|---|
| | | Minerals<br>500 Lafayette Road<br>St. Paul, MN 55155-4045 | | | |
| 60 | The State Of Minnesota | Department Of Natural Resources Division Of Lands And Minerals<br>500 Lafayette Road<br>St. Paul, MN 55155-4045 | State Iron Ore Mining Lease - Lease No.2107-N | March 7, 2013 | $7,200.00 |
| 61 | The State Of Minnesota | Department Of Natural Resources Division Of Lands And Minerals<br>500 Lafayette Road<br>St. Paul, MN 55155-4045 | State Iron Ore Mining Lease - Lease No. I-5105-N | March 7, 2013 | $7,200.00 |
| 62 | The State Of Minnesota | Department Of Natural Resources Division Of Lands And Minerals<br>500 Lafayette Road<br>St. Paul, MN 55155-4045 | State Iron Ore Mining Lease - Lease No. 2108-N<br>North Half Of Southeast (N1/2-Se1/4), Southwest Quarter Of Southwest (Sw1/4 -Se1/4), All In Thirty-Six (36), Township Fifty-Six (56) North, Range Twenty-Five (25) West Of The Fourth Principal Meridian | March 7, 2013 | $5,400.00 |
| 63 | Troumbly Brothers Partnership | PO Box 405<br>Taconite, MN 55786 | Easement Agreement | March 27, 2012 | $0 |
| 64 | United States Steel Corporation | Minnesota Ore Operation<br>C/o Regional Manager<br>North Old Highway<br>169 Po Box 417<br>Mt. Iron, MN 55768 | Mining Lease - Mc1 Within Section 35, Township 57 North, Range 22 West Of The Fourth Principal Meridian, Itasca County | November 21, 2012 | $0 |
| 65 | Ward B. Lewis Jr. Revocable Trust | Uta Dated September 15, 1977<br>C/o Erica Lewis<br>490 South Milledge Avenue<br>Athens, GA 30601 | Arcturus Basin Lease | July 1, 2010 | $0 |
| 66 | Waste Management of Indiana, LLC | PO Box 4648<br>Carol Stream, IL 60197-4648 | Service Agreement for Waste Disposal | March 2, 2017 | $0 |

108611746\V-3

| ID NUMBER | CREDITOR | MAILING ADDRESS | CONTRACT DESCRIPTION | DATE | CURE COSTS |
|---|---|---|---|---|---|
| 67 | Weir Industrial | Egtenrayseweg<br>9 PH 5928<br>The Netherlands<br><br>and<br><br>Berens and Miller, PA<br>80 S 8th  #3720<br>Minneapolis, MN 55402<br>Attn: Barbara Podlucky Berens | Purchase Order and Contract for the procurement of a High Pressure Grinding Roll High Pressure Grinding Roll | January 5, 2017 | $2,669,600.00 |
| 68 | William Clayton Trauernicht | 60 Bayville Rd.<br>Locust Valley, NY 11560 | Arcturus Basin Lease | July 1, 2010 | $0 |

108611746\V-3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

ERP IRON ORE, LLC,                                        Case No. 18-50378

                              Debtor.                     Chapter 11

## MEMORANDUM OF LAW

The Debtor submits this Memorandum in support of its motion to approve (1) the sale of all

or substantially all of the Debtor's real estate and fixtures and certain personal property free and clear

of liens and interest and (2) authorizing assumption and assignment of certain executory contracts

and leases.  The facts pertaining to this Memorandum are set forth in Debtor's verified Motion.

## LEGAL ARGUMENT

### 1.     Sales Outside the Ordinary Course of Business

Section 363 of the Bankruptcy Code provides that the Debtor "after notice and a hearing, may

use, sell or lease, other than in the ordinary course of business, property of the estate." *See* 11 U.S.C.

§363(b).  To approve the use, sale or lease of property outside the ordinary course of business, this

court need only determine that the Debtor's decision is supported by "some articulated business

justification." *See, e.g., Fulton State Bank v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991);

*Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir.

1983); *see also, Stephens Ind., Inc. v. McClung*, 789 F.2d 386, 389-90 (6th Cir. 1986); *In re Abbott*

*Dairies of Pa., Inc.*, 788 F.2d 143, 145-47 (3d Cir. 1986); *In re Telesphere Communications, Inc.,*

179 B.R. 544, 552 (Bankr. N.D. Ill. 1999); *In re Delaware & Hudson Ry. Co.,* 124 B.R. 169, 175-76

(D. Del. 1991).

{00420169   }

Once the Debtor articulates a valid business justification "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re S.N.A. Nut Company*, 186 B.R. 98 (Bankr. N.D. Ill. 1995); *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Johnson-Manville Corp.,* 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attached to a Debtor's management decisions.").

Indeed, when applying the "business judgment" rule, courts show great deference to the debtor's decision-making. *See Summit Land Co. v. Allen (in re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981). Accordingly, this Court should grant the relief requested in this Motion if the Debtor demonstrates a sound business justification therefor. *See Schipper*, 933 F.2d at 515; *In re Lionel Corp.*, 722 F.2d at 1071; *In re Delaware Hudson Ry. Co.*, 124 B.R. 169 at 179.

As explained in the Motion and the Bid Procedure Motion, Debtor has a sound business justification for selling the Assets at this time. The only option for maximizing the value of its estate is through the sale of Debtor's real property as described in the Motion and the Bid Procedure Order and confirming Debtor's proposed Plan (subject to higher or better offers at the Auction). Debtor's request for approval to sell should be allowed.

**2. <u>Sales Free and Clear of Liens, Claims and Interests</u>**

Under § 363(f) of the Bankruptcy Code, a debtor in possession may sell property free and clear of any lien, claim, or interest in such property if, among other things:

(1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)    Such entity consents;

-2-

(3)     such interests is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;

(4)     such interests is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

Because section 363(f) is drafted in the disjunctive, the Debtor's satisfaction of any one of its five requirements will be sufficient to permit the sale of the Assets free and clear of liens, claims and other interests, except the lien of real estate taxes, which are to be paid in full at closing, and the other interests identified in the Motion.  Upon information and belief, all secured creditors support the sale process, and the Debtor is reasonably confident that it will obtain any necessary consent on or before the Sale Hearing and will thereby satisfy the requirements of §363(f)(2).  If consent is not obtained, the Debtor may sell free and clear pursuant to §§363(f)(3), (4) and/or (5)

## SECTION 363(f)(3) PERMITS THE SALE FREE AND CLEAR OF SECURED CREDITORS' LIEN

Section 363(f)(3) permits a trustee to sell property free and clear of any lien if the price at which "such property is to be sold is greater than the aggregate value of all liens on such property." 11 U.S.C. § 363(f)(3).

Two distinct lines of case law have developed as to the interpretation of the phrase "greater than the aggregate *value* of all liens on such property." Id. § 363(f)(3) (emphasis added). Some courts have found that § 363(f)(3) requires a sale price greater than the aggregate "face value" of the liens. *See, e.g., Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)* 391 B.R. 25 (B.A.P. 9th Cir. 2008); *Criimi Mae Servs. Ltd. P'ship v. WDH Howell, LLC (In re WDH Howell, LLC)*, 298 B.R. 527

-3-

(D.N.J. 2003); *In re Canonigo* 276 B.R. 257 (Bankr. N.D. Cal. 2002); *In re Feinstein Family P'ship*,

247 B.R. 502 (Bankr. M.D. Fla 2000); *In re Perroncello*, 170 B.R. 189 (Bankr. D. Mass. 1994);

*Richardson v. Pitt County (In re Stroud Wholesale, Inc.)*, 47 B.R. 999 (E.D.N.C. 1985), *aff'd mem.*,

983 F.2d 1057 (4th Cir. 1986); *Scherer v. Fed. Nat'l Mortgage Ass'n (In re Terrace Chalet*

*Apartments, Ltd.)*, 159 B.R. 821 (N.D. Ill. 1993).

On the other hand, some courts have found that § 363(f)(3) refers to the "economic value" of

the liens, i.e., the present value of the property ("Broad Reading"). *See, e.g., In re Bos. Generating,*

*LLC*, 440 B.R. 302 (S.D.N.Y 2010); *In re Collins*, 180 B.R. 447, 450-01 (Bankr. E.D. Va. 1995);

*Milford Group, Inc. v. Concrete Step Units, Inc. (In re Milford Group, Inc.)*, 150 B.R. 904, 906

(Bankr. M.D. Pa. 1992); *In re WPRV-TV, Inc.*, 143 B.R. 315, 320 (D.P.R. 1991); *In re Oneida Lake*

*Dev., Inc.*, 114 B.R. 352 (Bankr. N.D.N.Y. 1990); *In re Terrace Gardens Park P'ship*, 96 B.R. 707

(Bankr. W.D. Tex. 1989); *In re Beker Indus. Corp.*, 63 B.R. 474, 476-77 (Bankr. S.D.N.Y. 1986).

The reading which limits Section 363(f) sales to instances where the face value of all liens is

paid ("Narrow Reading") is based on three primary concerns, none of which are compelling. First,

that 363(f)(3) requires a sale "greater than" the value of the liens. Courts embracing the Narrow

Reading argue that there would never be a sale "greater than" the lien economic value because

Section 506 results in liens having an economic value equal to the market value of the property.

However, when considered in light of the surcharge permitted by Section 506(c), the gross sale

amount will be "greater" than the lien's economic value.  Second, the Narrow Reading is based on

the allegation that an earlier draft of the statute used "amount of the liens" rather than "value of the

liens".  The argument is that Congress was thinking in terms of "face amount" when drafting this

section.  However, this argument actually supports the Broad Reading because Congress corrected

the draft to expressly use the term "value" of liens rather than "amount" which would have supported

-4-

the face "amount" reading.  Finally, it's argued that the Broad Reading would effectively negate Section 363(f)(5) because 363(f)(3) would permit any sale covered by 363(f)(5).  However, this justification ignores the fact that 363(f)(5) permits sales of all "interests" not just liens and permits a sale for less than the value of the liens if appropriate justification existed.

The Broad Reading of 363(f)(3) is the better interpretation.  The Broad Reading is consistent with Sections 506(a) (as to secured claims) and 506(d) (as to voiding liens in excess of value) of the Bankruptcy Code and is more consistent with the Code's treatment of and focus on adequate protection under Sections 361 (requiring adequate protection only where the economic value of the lien is decreasing) and 1129(b) (permitting cramdown of secured liens for the economic value of the lien rather than face amount).

As noted by the court *in In re Boston Generating, LLC*, the better interpretation is to read 363(f)(3) as requiring only that the sale pay the value of the liens as determined by Sections 506(a) and 506(d) of the Bankruptcy Code rather than interpreting 363(f)(3) to require payment of the face value of all liens in the property.  If the Code required payment of the face value of all liens, it is unlikely that the section would ever permit Debtor's to sell fully encumbered assets except consensually. In effect, the narrow reading of 363(f)(3) becomes just another section that requires consent.

Given the entire purpose and structure of the Code and specifically the context of this case, the Broad Reading of §363(f)(3) should apply.  Secured Creditors' claims are secured by real property and personal property that in the aggregate may greatly exceed the claims. If the Debtor is not permitted to sell free and clear, the Debtor and unsecured creditors may lose any equity in the collateral to the Secured Creditors, who will receive a windfall through state court foreclosure of avoidable liens.  The Debtor believes that Buyers may not pay as high a price if the plants are

shuttered and more expensive to restart in the future.  Postponing this sale until after a plan is
confirmed will jeopardize the sale, delay the effective date of the Plant and is not in the best interests
of the estate.  The Debtor should be permitted to sell free and clear pursuant to Section 363(f)(3).

## SECTION 363(f)(4) PERMITS THE SALE WHEN THE INTERESTS ARE IN BONA FIDE DISPUTE

Section 363(f)(4) permits a sale free and clear of Secured Creditors' lien if "such interest is
in bona fide dispute". A number of the Secured Creditors' liens in certain of the Assets are subject to
bona fide dispute. To the extent any Secured Creditor objects to the sale, §363(f)(4) permits a sale
over such objection if the lien of such objecting party is subject to dispute.

The term "bona fide dispute" is not defined in 11 U.S.C. § 363(f)(4). Courts have stated it
means "whether there is an objective basis for either a factual or legal dispute as to the validity of the
debt." *See, In re Gaylord, LLC*, 306 B.R. 624 (8th Cir. BAP 2004) (citing *In re Busick*, 831 F.2d 745,
750 (7th Cir.1987); *In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr.N.D.Ill.1991)). The standard
does not require the court to resolve the underlying dispute, just to determine its existence. *Id.* Courts
utilizing this definition have held the parties to an evidentiary standard and evidence must be
provided to show factual grounds that there is an "objective basis" for the dispute. *Id.* The propriety
of the lien does not have to be the subject of an immediate or concurrent adversary proceeding. *Id.*
Even if no adversary proceeding has commenced to determine the validity of the lien, a debtor may
sell free and clear of the disputed lien if it can show, pursuant to 11 U.S.C. § 544, an objective basis
for avoiding the liens.

The liens in the Minnesota abstract real property appear to be unperfected or perfected by a
lien avoidable under §547 and are subject to dispute. If any creditors object to the sale free and clear

-6-

of their liens in such assets, §363(f)(4) permits a sale over such objection and free of such disputed liens.

## SECTION 363(f)(5) PERMITS THE SALE FREE AND CLEAR OF SECURED CREDITORS' LIEN

Section 363(f)(5) permits a sale free and clear of Secured Creditors' lien if "such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." In a cramdown pursuant to 1129(b), Secured Creditors could be compelled to accept a money satisfaction of its interest at less than the face amount of the mortgage. Again, there is a split of authority with many courts recognizing that the possibility of a cramdown justifies sale free and clear pursuant to Section 363(f)(5). See *In re Gulf States Steel, Inc. of Alabama*, 285 B.R. 479, 508 (Bankr. N.D. Ala. 2002) (and cases cited therein).

Debtor asserts that the better reading is to permit sales free and clear pursuant to the *Gulf States* rational. "By its express terms, Section 363(f)(5) permits a sale free and clear 'if the trustee can demonstrate the existence of another legal mechanism by which a lien could be extinguished without full satisfaction of the secured debt." *Id, citing, In re Terrace Ghalet Apartments, Ltd.,* 159 B.R. 821, 829 (Bankr. N.D. Ill. 1993) (finding that Section 1129(b)(2) cramdown is such a provision in the code). If debtors are only permitted to sell free and clear of liens using the plan process, many valuable sales which would benefit the estate would be lost due to the complicated and time consuming nature of the plan process. Section 363(f)(5) was intended to permit the debtors to sell free and clear, thereby benefiting the estate, while a plan is still being developed and confirmed.

As recognized in a post-*Clear Channel* decision from a Bankruptcy Court in the Ninth Circuit, the existence of judicial and nonjudicial foreclosure and enforcement actions under state law can satisfy section 363(f)(5). *See In re Jolan, Inc*., 403 B.R. 866, 870 (Bankr. W.D. Wash. 2009).

-7-

*Jolan* relied on state law receivership law that permitted sale free and clear. As with the state law in

*Jolan*, Minnesota law permits receivers to sell property free and clear. See Minn. Stat. §576.46.

Minnesota law permits receivers to sell property free and clear and compel a lien holder to

accept a money satisfaction.  Minn. Stat. §576.46 provides1:

Subdivision 1.**Sales free and clear of liens.**

(a) The court may order that a general receiver's sale of receivership property is free and clear of all liens, except any lien for unpaid real estate taxes or assessments and liens arising under federal law, and may be free of the rights of redemption of the respondent if the rights of redemption are receivership property and the rights of redemption of the holders of any liens, regardless of whether the sale will generate proceeds sufficient to fully satisfy all liens on the property, unless either:

(1) the property is (i) real property classified as agricultural land under section 273.13, subdivision 23, or the property is a homestead under section 510.01; and (ii) each of the owners of the property has not consented to the sale following the time of appointment; or

(2) any owner of the property or holder of a lien on the property serves and files a timely objection, and the court determines that the amount likely to be realized from the sale by the objecting person is less than the objecting person would realize within a reasonable time in the absence of this sale.

(b) The receiver shall have the burden of proof to establish that the amount likely to be realized by the objecting person from the sale is equal to or more than the objecting person would realize within a reasonable time in the absence of the sale.

(c) Upon any sale free and clear of liens authorized by this section, all liens encumbering the property conveyed shall transfer and attach to the proceeds of the sale, net of reasonable expenses approved by the court incurred in the disposition of the property, in the same order, priority, and validity as the liens had with respect to the property immediately before the sale. The court may authorize the receiver to satisfy, in whole or in part, any ownership interest or lien out of the proceeds of the sale if the ownership interest or lien of any party in interest would not thereby be impaired.

Minnesota Statute §576.46 expressly permits sales free and clear of liens in a manner

equivalent to the Broad Reading under §363(f)(3). In other words, Minnesota law permits a sale free

and clear if the lien holder will receive at least as much as it would in a foreclosure or other

---

1   See also, Indiana Code 32-30-5-7.

disposition.  This structure allows sales based on the value of the lien rather than its face amount.

Minnesota law provides for a legal or equitable proceeding which could compel Secured Creditors to

accept a money satisfaction.  The proposed sale is a market transaction and Secured Creditors will be

adequately protected with a lien in the proceeds.  Because the Secured Creditors could be compelled

to accept a money satisfaction under Minnesota law, section 363(f)(5) permits the Debtor to sell free

and clear.

Section 363(f)(2), (3), (4)or (5) permit the sale of the Assets free and clear with the lien of

Secured Creditors to attach to the net proceeds of the sale.

WHEREFORE, Debtor requests that the Court enter the relief requested in the Motion.

Dated:  September 25, 2018                    RAVICH MEYER KIRKMAN McGRATH
                                              NAUMAN & TANSEY,
                                              A PROFESSIONAL ASSOCIATION

                                              By /e/  *Will R. Tansey*
                                                     Will R. Tansey #323056
                                                     Michael F. McGrath #168610

                                              150 South Fifth Street, Suite 3450
                                              Minneapolis, MN 55402
                                              Telephone:    (612) 332-8511
                                              Facsimile:    (612) 332-8302

                                              ATTORNEYS FOR DEBTOR

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                    Case No. 18-50378

ERP Iron Ore, LLC,                                        Chapter 11

      Debtor.

---

## UNSWORN CERTIFICATE OF SERVICE

---

      I, Will R. Tansey, declare under penalty of perjury that on September 25, 2018, copies of Debtor's:

1.  Notice of Hearing and Motion to Approve (1) the Sale of All or Substantially All of the Debtor's Real Estate and Fixtures and Personal Property Free and Clear of Liens and Interests and (2) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases;
2.  Memorandum of Law; and
3.  Order (1) Approving the Sale of All or Substantially All of the Debtor's Real Estate and Fixtures and Personal Property Free and Clear of Liens and Interests, and (2) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases;

were served by sending to each party a copy thereof as noted on the attached Service List.

Dated:  September 25, 2018              By: /e/    Will R. Tansey (323056)

                                    RAVICH MEYER KIRKMAN MCGRATH
                                    NAUMAN & TANSEY, P.A.
                                    150 South Fifth Street, Suite 3450
                                    Minneapolis, MN 55402
                                    (612) 332-8511

                                    ATTORNEYS FOR DEBTOR

{00418587 }

electronic
ERP IRON ORE LLC
ATTN TODD ROTH
15 APPLEDORE LANE
NATURAL BRIDGE VA 24578

electronic
MICHAEL FADLOVICH
UNITES STATES TRUSTEE
1015 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

electronic
COLIN KREUZIGER
UNITES STATES TRUSTEE
1015 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

US ATTORNEY
600 U S COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

MINN DEPT OF REVENUE
COLLECTION ENFORCEMENT
551 BANKRUPTCY SECTION
P O BOX 64447
ST PAUL MN 55164

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
P O BOX 7346
PHILADELPHIA PA 19101-7346

WEIR MINERALS NETHERLANDS
C/O BERENS & MILLER
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
80 S EIGHTH STREET  STE 3720
MINNEAPOLIS MN 55402

CATERPILLAR FINANCIAL SRVCS CORP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 730669
DALLAS TX 75373-0669

FIRST AMERICAN TITLE INSURANCE CO
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1201 WALNUT STREET  STE 700
KANSAS CITY MO 64106

NIPSCO
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 13007
MERRILLVILLE IN 46411

BLUECROSS BLUESHIELD
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 860448
MINNEAPOLIS MN 55486-0048

SUTTLE & STALNAKER
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1411 VIRGINIA STREET E  STE 100
CHARLESTON WV 25301

NORTHEAST TECHNICAL SERVICES INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
526 CHESTNUT STREET
VIRGINIA MN 55792

SWEARINGEN CONSULTING LLC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
6424 WOODLAND COURT
AURORA MN 55705

TENOVA CORE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
75 REMITTANCE DRIVE  DEPT 3168
CHICAGO IL 60675

MODSPACE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
12603 COLLECTIONS CENTER DRIVE
CHICAGO IL 60693

AFCO
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 371889
PITTSBURGH PA 15250

WILLIAMS SCOTSMAN INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 91975
CHICAGO IL 60693

ADVANTAGE TECHNOLOGY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
950 KANAWHA BLVD E
CHARLESTON WV 25301

GENERAL SECURITY SERVICES CORP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 823424
PHILADELPHIA PA 19182-3424

WHITE COUNTY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 388
MONTICELLO IN 47960

electronic
WILMINGTON SAVINGS FUND SOCIETY
C/O CONRAD K CHIU
PRYOR CASHMAN LLP
7 TIMES SQUARE
NEW YORK NY 10036-6569

electronic
WILMINGTON SAVINGS FUND SOCIETY
C/O MATTHEW W SILVERMAN
PRYOR CASHMAN LLP
7 TIMES SQUARE
NEW YORK NY 10036-6569

electronic
WILMINGTON SAVINGS FUND SOCIETY
C/O SETH H LIEBERMAN
PRYOR CASHMAN LLP
7 TIMES SQUARE
NEW YORK NY 10036-6569

electronic
WILMINGTON SAVINGS FUND SOCIETY
C/O WILLIAM P WASSWEILER
BALLARD SPAHR LLP
80 S EIGHTH STREET  STE 2000
MINNEAPOLIS MN 55402

electronic
WILMINGTON SAVINGS FUND SOCIETY
C/O CHARLES E NELSON
BALLARD SPAHR LLP
80 S EIGHTH STREET  STE 2000
MINNEAPOLIS MN 55402

electronic
MINN DEPT OF NATURAL RESOURCES
C/O WENDY S TIEN
OFFICE OF THE ATTORNEY GENERAL
445 MINNESOTA STREET  STE 900
ST PAUL MN 55101-2127

electronic
LIGHTHOUSE MANAGEMENT GROUP
C/O JAMES L BAILLIE
FREDRIKSON & BYRON PA
200 S SIXTH STREET  STE 4000
MINNEAPOLIS MN 55402-1425

electronic
LIGHTHOUSE MANAGEMENT GROUP
C/O STEVEN R KINSELLA
FREDRIKSON & BYRON PA
200 S SIXTH STREET  STE 4000
MINNEAPOLIS MN 55402-1425

electronic
GLACIER PARK IRON ORE PROPERTIES
C/O DENNIS M RYAN
FAEGRE BAKER DANIELS LLP
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
GLACIER PARK IRON ORE PROPERTIES
C/O CHRISTOPHER J HARAYDA
FAEGRE BAKER DANIELS LLP
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
CHESTER COMPANY LIMITED
C/O DENNIS M RYAN
FAEGRE BAKER DANIELS LLP
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
CHESTER COMPANY LIMITED
C/O CHRISTOPHER J HARAYDA
FAEGRE BAKER DANIELS LLP
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
HT SURFACE AND MINERAL LLC
C/O DENNIS M RYAN
FAEGRE BAKER DANIELS LLP
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
HT SURFACE AND MINERAL LLC
C/O CHRISTOPHER J HARAYDA
FAEGRE BAKER DANIELS LLP
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
ALLETE INC DBA MINNESOTA POWER
C/O CHRISTOPHER D ANDERSON
30 WEST SUPERIOR STREET
DULUTH MN 55802

electronic
ALLETE INC DBA MINNESOTA POWER
C/O RICHARD D ANDERSON
BRIGGS AND MORGAN
80 S EIGHTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
ALLETE INC DBA MINNESOTA POWER
C/O BENJAMIN GURSTELLE
BRIGGS AND MORGAN
80 S EIGHTH STREET  STE 2200
MINNEAPOLIS MN 55402

electronic
BNSF RAILWAY COMPANY
C/O CHRISTOPHER J KNAPP
BARNES & THORNBURG LLP
225 S SIXTH STREET  STE 2800
MINNEAPOLIS MN 55402-4662

electronic
BNSF RAILWAY COMPANY
C/O CONNIE A LAHN
BARNES & THORNBURG LLP
225 S SIXTH STREET  STE 2800
MINNEAPOLIS MN 55402-4662

electronic
LIQUIDITY SOLUTIONS INC
C/O DAVID E RUNCK
FAFINSKI MARK & JOHNSON
775 PRAIRIE CENTER DRIVE  STE 400
EDEN PRAIRIE MN 55344

electronic
PROGRESS RAIL LEASING CORPORATION
C/O MONICA L CLARK
DORSEY & WHITNEY LLP
50 S SIXTH STREET  STE 1500
MINNEAPOLIS MN 55402-1498

electronic
PROGRESS RAIL LEASING CORPORATION
C/O NATASHA WELLS
DORSEY & WHITNEY LLP
50 S SIXTH STREET  STE 1500
MINNEAPOLIS MN 55402-1498

electronic
RANGE ELECTRIC INC
C/O PAUL L RATELLE
FABYANSKE WESTRA HART & THOMSON
333 S SEVENTH STREET  STE 2600
MINNEAPOLIS MN 55402

electronic
CHAMPION STEEL MINNESOTA INC
C/O PAUL L RATELLE
FABYANSKE WESTRA HART & THOMSON
333 S SEVENTH STREET  STE 2600
MINNEAPOLIS MN 55402

electronic
A.W. KUETTE & SONS INC
C/O PAUL L RATELLE
FABYANSKE WESTRA HART & THOMSON
333 S SEVENTH STREET  STE 2600
MINNEAPOLIS MN 55402

electronic
NORTHERN INDUSTRIAL ERECTORS INC
C/O PAUL L RATELLE
FABYANSKE WESTRA HART & THOMSON
333 S SEVENTH STREET  STE 2600
MINNEAPOLIS MN 55402

electronic
HAMMERLUND CONSTRUCTION INC
C/O PAUL L RATELLE
FABYANSKE WESTRA HART & THOMSON
333 S SEVENTH STREET  STE 2600
MINNEAPOLIS MN 55402

electronic
ITASCA COUNTY
C/O JAMES K SANDER
LARKIN HOFFMAN DALY & LINDGREN
8300 NORMAN CENTER DRIVE  STE 1000
MINNEAPOLIS MN 55437-1060

electronic
ITASCA COUNTY
C/O THOMAS J. FLYNN
LARKIN HOFFMAN DALY & LINDGREN
8300 NORMAN CENTER DRIVE  STE 1000
MINNEAPOLIS MN 55437

electronic
ITASCA COUNTY
ATTN JOHN J. MUHAR
ITASCA COUNTY ATTORNEY
123 4TH STREET NE
GRAND RAPIDS MN 55744

electronic
KOMATSU FINANCIAL LP
C/O KESHA L. TANABE
4304 34TH AVENUE S
MINNEAPOLIS MN 55406

electronic
LEJEUNE STEEL COMPANY
C/O AARON A DEAN
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
THE JAMAR COMPANY
C/O AARON A DEAN
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
PARSONS ELECTRIC LLC
C/O AARON A DEAN
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
HUNT ELECTRIC CORPORATION
C/O AARON A DEAN
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
UNITED RENTALS (NORTH AMERICA)
C/O AARON A DEAN
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
LEJEUNE STEEL COMPANY
C/O KEVIN M BUSCH
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
THE JAMAR COMPANY
C/O KEVIN M BUSCH
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
PARSONS ELECTRIC LLC
C/O KEVIN M BUSCH
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
HUNT ELECTRIC CORPORATION
C/O KEVIN M. BUSCH
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
UNITED RENTALS (NORTH AMERICA)
C/O KEVIN M BUSCH
MOSS & BARNETT
150 S FIFTH STREET  STE 1200
MINNEAPOLIS MN 55402

electronic
MERIDA NATURAL RESOURCES
C/O MICHAEL A ROSOW
WINTHROP & WEINSTINE PA
225 S SIXTH STREET  STE 3500
MINNEAPOLIS MN 55402-4629

electronic
MERIDA NATURAL RESOURCES
C/O THOMAS J HAINJE
WINTHROP & WEINSTINE PA
225 S SIXTH STREET  STE 3500
MINNEAPOLIS MN 55402-4629

electronic
MERIDA NATURAL RESOURCES
C/O LAUREN MACKSOUD
DENTONS US LLP
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020

electronic
MERIDA NATURAL RESOURCES
C/O OSCAR PINKAS
DENTONS US LLP
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020

electronic
MERIDA NATURAL RESOURCES
C/O ROBERT E RICHARDS
DENTONS US LLP
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020

electronic
TOLTZ KING DUVALL ANDERSON & ASSOC
C/O BRIAN W VARLAND
HELEY DUNCAN & MELANDER
8500 NORMANDALE LAKE BLVD  STE 2110
MINNEAPOLIS MN 55437

electronic
MAGNETATION INC
C/O AMY SWEDBERG
MASLON LLP
90 S SEVENTH STREET  STE 3300
MINNEAPOLIS MN 55402

electronic
SOMPO INTERNATIONAL INSURANCE
C/O THOMAS J LALLIER
FOLEY & MANSFIELD PLLP
250 MARQUETTE AVENUE  STE 1200
MINNEAPOLIS MN 55401

electronic
SOMPO INTERNATIONAL INSURANCE
C/O WENDY KINSELLA
HARRIS BEACH PLLC
333 WEST WASHINGTON STREET  STE 200
SYRACUSE NY 13202

electronic
SOMPO INTERNATIONAL INSURANCE
C/O LEE WOODARD
HARRIS BEACH PLLC
333 WEST WASHINGTON STREET  STE 200
SYRACUSE NY 13202

electronic
NORAMCO ENGINEERING CORPORATION
C/O BENJAMIN J COURT
STINSON LEONARD STREET LLP
150 S FIFTH STREET  STE 2300
MINNEAPOLIS MN 55402

ACCU-DIG INC
ATTN  KYLE ROGERS OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
4844 EAST 150 S
MONTICELLO IN 47960

ALLETE INC DBA MINNESOTA POWER
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
30 WEST SUPERIOR STREET
DULUTH MN 55802

ANA M CLARKE
15 APPLEDORE LANE
P O BOX 87
NATURAL BRIDGE VA 24578

APPLIED INDUSTRIAL TECHNOLOGY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1 APPLIED PLAZA
CLEVELAND OH 44115

AUTOMATED DATA PROCESSING
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
11411 RED RUN BLVD
OWINGS MILLS MD 21117

AW KUETTEL & SONS INC
ATTN THOMAS KUETTEL OR OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
3930 AIRPARK BOULEVARD
DULUTH MN 55811

B RILEY & COMPANY LLC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
11100 SANTA MONICA BLVD  STE 800
LOS ANGELES CA 90025

BAKER FIRE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 766
BUHL MN 55713

BARBARA CUNDIFF COLVILLE
507 MORNING STAR LANE
NEWPORT BEACH CA 92660

BNSF RAILWAY COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 676160
DALLAS TX 75267-6160

BNSF RAILWAY COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2650 LOU MENK DRIVE
MARKETING OFFICE BUILDING
FORT WORTH TX 76131

{00420167 }

BNSF RAILWAY COMPANY
JONES LANG LASALLE GLOBAL SVCS
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
3017 LOU MENK DRIVE  STE 100
FORT WORTH TX 76131-2800

BNSF RAILWAY COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 961069
FORT WORTH TX 76161-0069

BNSF RAILWAY COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
GROUP VICE INDUSTRIAL PRODUCTS
2650 LOU MENK DRIVE
FORT WORTH TX 76131-2800

BNSF RAILWAY COMPANY
JONES LANG LASALLE BROKERAGE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
4300 AMON CARTER BLVD  STE 100
FORT WORTH TX 76155

BOUNDARY HUNTING CAMP
ATTN MICHAEL ANTONOVICH OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 224
COLERAINE MN 55722

BROCK WHITE COMPANY LLC
ATTN JONATHAN LLOYD OR OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2575 KASOTA AVENUE
ST PAUL MN 55108

CAROLINE C HERRICK
411 MULBERRY POINT ROAD
GUILFORD CT 06437

CATERPILLAR FINANCIAL SERVICES
ATTN SPEC ACCTS MANAGER OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2120 WEST END AVENUE
NASHVILLE TN 27203

CATERPILLAR FINANCIAL SERVICES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2120 WEST END AVENUE
NASHVILLE TN 37203

CENTRAL RENT-A-CRANE INC
ATTN DEREK BAUMGARTNER OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
4700 ACORN DRIVE
INDEPENDENCE OH 44131

CENTURY LINK
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 2961
PHOENIX AZ 85062-2961

CENTURY LINK COMMUNICATIONS LLC-BKY
ATTN LEGAL-BKY OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1025 ELDORADO BLVD
BROOMFIELD CO 80021

CFSC
ATTN SPECIAL ACCTS MGR – NABC OR OFFICER
MANAGING OR GENERAL AGENT OR OTHER PERSON
AUTHORIZED TO ACCEPT SERVICE
2120 WEST END AVENUE
NASHVILLE TN 37203

{00420167 }

CHESTER COMPANY LIMITED
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1035 7TH AVENUE E
HIBBING MN 55746

CORPORATION SERVICE COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
251 LITTLE FALLS DRIVE
WILMINGTON DE 19808-1674

CSX TRANSPORTATION INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 WATER STREET
JACKSONVILLE FL 32202

CSX TRANSPORTATION INC
ATTN RUSS EPTING OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 WATER STREET J842
JACKSONVILLE FL 32202

CT LIEN SOLUTIONS
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 301133
DALLAS TX 75303

DAN ANDREWS
P O BOX 12
MARBLE MN 55764

DAVID L LEWIS
309 WEST 43RD STREET STE 105
SIOUX FALLS SD 57105

DENTONS US LLP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020-1089

DR MICHAEL L TUCK
5416 LAMONA AVENUE
SHERMAN OAKS CA 91411

DSA INVESTMENTS INC
ATTN N. DHARAMVEER OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
LEVEL 28G SILVER TOWER
CLUSTER I JUMEIRAH LAKE TOWERS
P O BOX 393324
DUBAI, UNITED ARAB EMIRATES

DSA INVESTMENTS INC
ATTN JOHN ORAM OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
LEVEL 28G SILVER TOWER
CLUSTER I JUMEIRAH LAKE TOWERS
P O BOX 393324
DUBAI, UNITED ARAB EMIRATES

ENCECO INC
ATTN CHARLES A EBETINO JR OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
3694 SEAFORD DRIVE
COLUMBUS OH 43220

ENCORE ENERGY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
12120 PORT GRACE BLVD STE 200
OMAHA NE 68128

ENERVANTAGE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
12120 PORT GRACE BLVD STE 200
LA VISTA NE 68128

{00420167 }

ERP COMPLAINT COKE LLC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
15 APPLEDORE LANE
P O BOX 87
NATURAL BRIDGE VA 24578

FAEGRE BAKER DANIELS LLP
ATTN DENNIS RYAN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
90 S SEVENTH STREET  STE 2200
MINNEAPOLIS MN 55402-3901

FASTENAL COMPANY
ATTN JOHN MILEK OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2001 THEURER BLVD
WINONA MN 55987

FERGUSON ENTERPRISES INC
ATTN HOLLY WELCH OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2350 W COUNTY ROAD C  STE 150
ROSEVILLE MN 55113

GENERAL SECURITY SERVICES CORP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
9110 MEADOWVIEW ROAD
BLOOMINGTON MN 55425

GENERAL WASTE DISPOSAL AND
RECOVERY SERVICES INC
ATTN SCOTT ALLISON OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 312
CHISHOLM MN 55719

GLACIER PARK COMPANY
C/O CONOCO PHILLIPS COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
600 NORTH DAIRY ASHFORD
HOUSTON TX 77079

GLACIER PARK IRON ORE PROPERTIES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
755 E MULBERRY AVENUE  STE 600
SAN ANTONIO TX 78212

GREAT NORTHERN IRON ORE PROPERPTIES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
801 EAST HOWARD STREET
P O BOX 429
HIBBING MN 55746

HAMMERLUND CONSTRUCTION
ATTN JOHN A STENE OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
40 COUNTY ROAD 63
GRAND RAPIDS MN 55744

HAMMERLUNDS CHAMPION STEEL INC
DBA CHAMPION STEEL
ATTN JOHN A STENE OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
40 COUNTY ROAD 63
GRAND RAPIDS MN 55744

HAWKINSON CONSTRUCTION CO INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
501 WEST COUNTY ROAD 63
GRAND RAPIDS MN 55744

{00420167 }

HT SURFACE AND MINERALS LLC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
740 E SUPERIOR STREET
DULUTH MN 55805

HUNT ELECTRIC CORPORATION
ATTN BRAD BOOS OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
4330 W FIRST STREET  STE B
DULUTH MN 55807

ALLAN B HAMMEREL
5708 N VIA LOZANA
TUCSON AZ 85750-1136

INDIANA DEPT OF REVENUE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 7224
INDIANAPOLIS IN 46207-7224

IRONMAN CONCRETE PUMPING INC
ATTN NORM VOIGT OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
37334 STATE HIGHWAY 65
NASHWAUK MN 55769

ITASCA COUNTY ATTORNEY
ATTN JACK MUHAR OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
123 4TH STREET NE
GRAND RAPIDS MN 55744

ITASCA COUNTY AUDITOR
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
123 NE 4TH STREET
GRAND RAPIDS MN 55744

ITASCA COUNTY LAND DEPARTMENT
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1177 LAPRAIRIE AVENUE
GRAND RAPIDS MN 55744

ITASCA COUNTY LAND DEPARTMENT
STATE OF MINNESOTA
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1177 LAPRAIRIE AVENUE
GRAND RAPIDS MN 55744

ITASCA COUNTY REGIONAL
RAILROAD AUTHORITY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
123 NE FOURTH STREET
GRAND RAPIDS MN 55744

ITASCA COUNTY TRANSPORTATION
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
123 4TH STREET NE
GRAND RAPIDS MN 55744

THE JAMAR COMPANY
ATTN CRAIG FELLMAN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
4701 MIKE COLALILLO DRIVE
DULUTH MN 55807

JAMES T LEWIS
309 WEST 43RD STREET  STE 105
SIOUX FALLS SD 57105

JK MECHANICAL CONTRACTORS INC
ATTN JOE KLAMM OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
240 5TH STREET
NASHWAUK MN 55768

{00420167 }

JOHN C HAMMEREL JR
10200 E CELTIC DRIVE
SCOTTSDALE AZ 85620

JOHN G DEVANEY
10 POND VIEW DRIVE
NANTUCKET MA 02554

JOHN J MORGAN COMPANY
ATTN THOMAS G MORGAN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1413 THOMPSON AVENUE  STE 1
SOUTH ST PAUL MN 55075

JOHN PARKER TRAUERNICHT
60 BAYVILLE ROAD
LOCUST VALLEY NY 11560

K BUILDING COMPONENTS INC
ATTN RIAN BURKES OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1955 HIGHWAY 37
HIBBING MN 55746

KATHERINE GAY BENOUN
8, RUE DE LEVIS
75017 PARIS FRANCE

KELLY CONSTRUCTION OF INDIANA
ATTN DAVID DAUGHERTY OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
3310 CONCORD ROAD
LAFAYETTE IN 47909

KERAMIDA
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
401 N COLLEGE AVENUE
INDIANAPOLIS IN 46202

KIMBALL H KNUTSON
2417 33RD AVENUE
MINNEAPOLIS MN 55406-1463

KOMATSU FINANCIAL LIMITED PARTNERSHIP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1701 W GOLF ROAD  STE 1-300
ROLLING MEADOWS IL 60008-4208

LAFAYETTE BANK & TRUST
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 1130
LAFAYETTE IN 47902-1130

LEJEUNE STEEL COMPANY
ATTN JIM TORBORG OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
118 W 60TH STREET
MINNEAPOLIS MN 55419

LIGHTHOUSE MANAGEMENT GROUP
ATTN JAMES BARTHOLOMEW OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
900 LONG LAKE ROAD  STE 180
NEW BRIGHTON MN 55112

LIQUIDITY SOLUTIONS INC
ATTN JEFF CARESS OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
ONE UNIVERSITY PLAZA  STE 312
HACKENSACK NJ 07601

{00420167 }

MAG GLOBAL
ATTN MICHAEL J TALARICO OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
102 NE 3RD STREET  STE 120
GRAND RAPIDS MN 55477

MAG INC
ATTN MICHAEL J TALARICO OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
102 NE 3RD STREET  STE 120
GRAND RAPIDS MN 55744

MAGNETATION INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
102 THIRD STREET NE  STE 120
GRAND RAPIDS MN 55744

MAGNETATION LLC
ATTN MICHAEL J TALARICO OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
102 NE 3RD STREET  STE 120
GRAND RAPIDS MN 55744

MARK P ROGERS
TRUSTEE MARK P ROGERS REV TRUST
2410 MERRIMAC LANE
PLYMOUTH MN 55447

MECHANICS MINERS LIEN CLAIMS
LIGHTHOUSE MANAGEMENT GROUP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
900 LONG LAKE ROAD  STE 180
NEW BRIGHTON MN 55112

MEDIACOM BUSINESS
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
ONE MEDIACOM WAY
MEDIACOM NY 10918

MERIDA NATURAL RESOURCES LLC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
192 SUMMERFIELD COURT  STE 203
ROANOKE VA 24019

METLIFE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 804466
KANSAS CITY MO 64180-4466

METRO SALES INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1620 EAST 78TH STREET
MINNEAPOLIS MN 55432

MIDWEST CONSTRUCTORS LLC
ATTN LYNN L WALL OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
600 KENTUCKY AVENUE  STE 100
INDIANAPOLIS IN 46225

MINNEAPOLIS OXYGEN CO
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
3842 WASHINGTON AVENUE N
MINNEAPOLIS MN 55412

MINNESOTA DEPT NATURAL RESOURCES
ATTN JESS RICHARDS OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 LAFAYETTE ROAD
ST PAUL MN 55155

MINNESOTA DEPT NATURAL RESOURCES
ATTN SUSAN DAMON OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 LAFAYETTE ROAD
BOX 45
ST PAUL MN 55155

{00420167 }

MINNESOTA DEPT NATURAL RESOURCES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1201 EAST HIGHWAY 2
GRAND RAPIDS MN 55744

MINNESOTA DEPT OF HEALTH
RADIOACTIVE MATERIALS UNIT
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 64497
ST PAUL MN 55164-0497

MINNESOTA DEPT OF LABOR & INDUSTRY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
443 LAFAYETTE ROAD
ST PAUL MN 55155

MINNESOTA DEPT OF NATURAL RESOURCES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 LAFAYETTE ROAD
BOX 10
ST PAUL MN 55155

MINNESOTA DEPT OF REVENUE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
600 NORTH ROBERT STREET
ST PAUL MN 55101

MINNESOTA INDUSTRIES INC
ATTN PAUL JANSSEN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
610 INDUSTRIAL AVENUE
CHISHOLM MN 55719

MINNESOTA POLLUTION CONTROL AGENCY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
520 LAFAYETTE ROAD
ST PAUL MN 55155

MINNESOTA POWER
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 1001
DULUTH MN 55806-1001

MOOSE'S HUNTING CAMP
ATTN DAVID VIDMAR OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
36477 FREESTONE ROAD
GRAND RAPIDS MN 55744

NORAMCO ENGINEERING CORPORATION
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 1091
DULUTH MN 55810

NORTHERN INDIANA PUBLIC SERVICE COMPANY
ATTN D COTA OR OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
801 E 86TH AVENUE
MERRILLVILLE IN 46410

NORTHERN INDUSTRIAL ERECTORS
ATTN DEREK BOSTYANCIC OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 308
GRAND RAPIDS MN 55744

NORTHERN PLAINS RAIL SERVICE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
100 RAILROAD AVENUE
P O BOX 38
FORDVILLE ND 58231

{00420167 }

NUBAI GLOBAL INVESTMENT LTD
ATTN JOHN ORAM OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
MARCY BUILDING 2ND FL
PURCELL ESTATE
P O BOX 2416 ROAD TOWN
TORTOLA VI 11100

OLD NATIONAL TRUST COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1 MAIN STREET – 3RD FL
EVANSVILLE IN 47708

OHIO DEPT OF REVENUE
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
4485 NORTHLAND RIDGE BLVD
COLUMBUS OH 43229

ONE SOURCE EQUIPMENT RENTALS
ATTN JACK BAXTER OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2835 CONCORD ROAD
LAFAYETTE IN 47909

PARSON ELECTRIC LLC
ATTN MICHAEL NORTHQUEST OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
5960 MAIN STREET NE
MINNEAPOLIS MN 55432

POCAHONTAS MEMBER
ATTN THOMAS M CLARKE OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
192 SUMMERFIELD COURT STE 203
ROANOKE VA 24019

PRECISION TESTING INC
ATTN CONNIE PEARSON OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
5559 ENTERPRISE DRIVE NE
VIRGINIA MN 55792

PROGRESS RAIL
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
25083 NETWORK PLACE
CHICAGO IL 60673-1250

PROGRESS RAIL
ATTN JONATHAN NEWMAN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1600 PROGRESS DRIVE
ALBERTVILLE AL 35950

PRYOR CASHMAN LLP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
7 TIMES SQUARE
NEW YORK NY 10036

RANDALL LEE VANNET TRUST
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
28938 ARBO ROAD
GRAND RAPIDS MN 55744

RANGE ELECTRIC INC
ATTN ANNA MAHAN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1102 NORTH THIRD STREET
SUPERIOR WI 54880

RAPIDS PROCESS EQUIPMENT INC
ATTN BRENT ROERING OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
26489 INDUSTRIAL BLVD
COHASSET MN 55721

RAW MATERIALS & IRONMAKING
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1992 EASTHILL DRIVE
BETHLEHEM PA 18017

RGGS LAND & MINERALS LTD LP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 4667
HOUSTON TX 77210

RGGS LAND & MINERALS LTD LP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 1266
209 E 8TH STREET S
VIRGINIA MN 55792

RON'S KORNER PROPERTIES
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
7896 US HIGHWAY 169
BOVEY MN 55709

RUDD EQUIPMENT COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
DEPT 77432
P O BOX 77000
DETROIT MI 48277

SCHECK INDUSTRIAL CORPORATION
ATTN KAREN P LAYNG OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
800 E PLAINFIELD ROAD
COUNTRYSIDE IL 60525

SCHWARTZ REDI-MIX INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
34882 SCENIC HWY
BOVEY MN 55709

SHAMBAUGH & SON LP
ATTN BILL MEYER OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
7614 OPPORTUNITY DRIVE
FORT WAYNE IN 46825

SOLID PLATFORMS INC
ATTN JASON R LAMMERTIN OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
6610 MELTON ROAD
PORTAGE IN 46368

ST LOUIS COUNTY AUDITOR -TREAS
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
100 N 5TH AVENUE W
DULUTH MN 55802

STATE OF MINNESOTA
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 LAFAYETTE ROAD
BOX 10
ST PAUL MN 55155

STEPHEN E LEWIS
305 LOCKHART CT
FRANKLIN TN 37069-6568

STEVE ELLISON
19853 COUNTY ROAD 10
WARBA MN 55793

{00420167 }

SYSTEMS ASSOCIATES INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1932 INDUSTRIAL DRIVE
LIBERTYVILLE IL 60048

THOMAS M CLARKE
15 APPLEDORE LANE
P O BOX 87
NATURAL BRIDGE VA 24578

TOLTZ KING DUVALL ANDERSON &
ASSOC INC DBA TKDA
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
444 CEDAR STREET  STE 1500
ST PAUL MN 55101

TRANE US INC
ATTN ROBERT ROERS OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
3600 PAMMEL CREEK ROAD
LA CROSSE WI 54601

TROUMBLY BROTHERS PARTNERSHIP
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 405
TACONITE MN 55786

TWIN CITY FAN COMPANIES LTD
ATTN CHRISTINE ARRELL OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
5959 TRENTON LANE N
PLYMOUTH MN 55442

U S BANK NATIONAL ASSOCIATION
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 5229
CINCINNATI OH 45201-5229

ULLAND BROTHERS INC
ATTN LANCE STRANDBERG OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1634 HWY 210
CARLTON MN 55718

UNITED RENTALS (NORTH AMERICA)
ATTN TARA MILLER OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
6125 LAKEVIEW ROAD  STE 300
CHARLOTTE NC 28269

UNITED STATES STEEL CORPORATION
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
OLD HIGHWAY 169
P O BOX 417
MT IRON MN 55768

VIKING ELECTRIC SUPPLY INC
ATTN MIKE WIERZCHOWSKI OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
451 INDUSTRIAL BOULEVARD NE
MINNEAPOLIS MN 55413

{00420167 }

WAGNER FALCONER & JUDD LTD
ATTN NATHAN B SERR OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
100 S FIFTH STREET  STE 800
MINNEAPOLIS MN 55402

WARD B LEWIS JR REV TRUST
C/O ERICA LEWIS
490 S MILLEDGE AVENUE
ATHENS GA 30601

WASTE MANAGEMENT OF INDIANA
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 4648
CAROL STREAM IL 60197-4648

WASTE MANAGEMENT OF WI-MN
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 4648
CAROL STREAM IL 60197-4648

WELDSTAR
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 1150
AURORA IL 60507

WESCO DISTRIBUTION INC
ATTN STEVEN KATZ OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
5554 ENTERPRISE DRIVE NE
VIRGINIA MN 55792

WHITE COUNTY INDIANA
ATTN AUDITOR OR OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2013 WEST 25 SOUTH
MONTICELLO IN 47960

WILLIAM CLAYTON TRAUERNICHT
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
60 BAYVILLE ROAD
LOCUST VALLEY NY 11560

WILMINGTON SAVINGS FUND SOCIETY FSB
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
500 DELAWARE AVENUE
WILMINGTON DE 19801

WILMINGTON SAVINGS FUND SOCIETY FSB
ATTN GEOFFREY J LEWIS OR OFFICER MANAGING OR
GENERAL AGENT OR OTHER PERSON AUTHORIZED TO
ACCEPT SERVICE
500 DELAWARE AVENUE
WILMINGTON DE 19801

WINTHROP & WEINSTINE PA
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
225 S SIXTH STREET  STE 3500
MINNEAPOLIS MN 55402-4629

XTREME CONTRACTORS CO LLC
ATTN TARA WILSON OR OFFICER MANAGING OR GENERAL
AGENT OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
348 E US HIGHWAY 24
REYNOLDS IN 47980

ZEIGLER INC
ATTN OFFICER MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
SDS 12-0436
P O BOX 86
MINNEAPOLIS MN 55486-0436

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

---

In re:                                                     Case No. 18-50378

ERP IRON ORE, LLC,                                         Chapter 11

     Debtor.

---

## ORDER (1) APPROVING THE SALE OF A L L  O R  SUBSTANTIALLY ALL OF THE DEBTOR'S REAL ESTATE AND FIXTURES AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS, AND (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES

---

THIS MATTER having come before the Court upon the motion, dated September 25, 2018 (the "**Sale Motion**")[1] of ERP Iron Ore, LLC, the above-captioned debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Case**"), for the entry of an order (the "**Sale Order**"):

    i.    approving that certain purchase agreement, a copy of which is attached hereto as **Exhibit 1**, dated as of _____, 2018 and amended _____, 2018, by and between the Debtor and _____ (the "**Purchaser**") (as amended from time to time, the "**Agreement**") for the Assets identified in that Agreement;

    ii.    authorizing and approving the sale (the "**Sale**") of the Assets identified in that Agreement free and clear of all liens, liabilities, claims, interests, and other encumbrances as set forth in the Agreement;

    iii.    authorizing the Debtor to assume and assign the contracts set forth on **Exhibit 2** attached hereto (the "**Assumed Contracts**") to the Purchaser as set forth in the Agreement; and

    iv.    granting certain related relief.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Sale Motion, or the Agreement (as defined herein), as applicable.

The Court having entered an order on August 30, 2018 at Docket No. 197 (the "**Bid Procedures Order**") approving, among other things, the proposed Bidding Procedures filed at Docket No. 202; and the Debtor having determined, after an extensive marketing process, that the Purchaser has submitted the highest and best bid for the Assets; and upon adequate and sufficient notice of the Sale Motion, the Bidding Procedures, the Auction, the Agreement, and all other related transactions contemplated thereunder and in this Sale Order appearing to have been given in the manner directed by law; and all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; and the Court having reviewed and considered (i) the Sale Motion and all relief related thereto, (ii) the objections thereto and (iii) the Court having heard statements of counsel and the evidence presented in support of the relief requested by the Debtor in the Sale Motion at a hearing before the Court on October 16, 2018 (the "**Sale Hearing**"); and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estates, its creditors, and all other parties in interest; and upon the record of the Sale Hearing and all other pleadings and proceedings in this Case, including the Sale Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT**:

A.    **Findings of Fact and Conclusions of Law**.   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    **Jurisdiction and Venue**.  The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. § 1334.  Consideration of the Sale Motion constitute a core proceeding under 28 U.S.C. § 157(b)(2).  Venue for the Case and the proceedings on the Sale Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    **Bases for Relief**.  The bases for the relief requested in the Sale Motion are: (i) sections 105, 363 and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"); (ii) Rules 2002(a)(2), 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and (iii) Rule 6004-1(e) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Minnesota (the "**Local Rules**").

D.    **Final Order**.  This Sale Order constitutes a final order within the meaning of  28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, waives any stay and expressly directs entry of judgment as set forth herein.

**Notice of Sale, Auction, and Cure Amounts**

E.    It appears that actual written notice of the Sale Motion, and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, has been afforded to all known interested entities and parties, including, but not limited to the following entities and parties (the "**Notice Parties**"):  (i) the United States Trustee for the District of Minnesota (the "**U.S. Trustee**"); (ii) counterparties to the Contracts (the "**Contract Counterparties**"); (iii) all parties who have expressed a written interest in some or all of the

Assets; (iv) all known holders of liens, encumbrances, and other claims secured by the Assets;
(v) the District Counsel and the District Director of the Internal Revenue Service; (vi) the
Collection Division of the Minnesota Department of Revenue; (vii) all applicable state and local
taxing authorities; (viii) all of the creditors listed on the Debtor's matrix filed under Local Rule
1007-2(a); (ix) the United States Attorney for the District of Minnesota; (x) the United States
Bureau of Land Management; (xi) each governmental agency that is an interested party with
respect to the Sale and transactions proposed thereunder; and (xii) all parties that have
requested or that are required to receive notice pursuant to Bankruptcy Rule 2002 and Local
Rules 6004-1(e), 2002-1(b) and 2002-4(a).

F.     Actual written notice of the auction for the Sale of the Assets that was scheduled
for October 5, 2018 (the "**Auction**"), the Sale Hearing, the Sale of the Assets, and a reasonable
opportunity to object or be heard with respect thereto, has been afforded to all known interested
entities and parties, including, but not limited to the Notice Parties. The Debtor in its discretion
may continue the Auction date in whole in or as to certain assets.

G.     Notice of the Auction, Sale Hearing, and Sale was timely, appears proper and
reasonably calculated to provide the Notice Parties and all other interested entities and parties
with timely and proper notice of the Auction, the Sale, and the Sale Hearing.

H.     By the Motion, the Debtor has served notice upon the Contract Counterparties:
(i) that the Debtor seeks to assume and assign to the Purchaser the Assumed Contracts on the
Closing Date (as defined in the Agreement) and (ii) of the relevant Cure Amounts (defined
below).   The service of such notice appears good, sufficient, and appropriate under the
circumstances, and no further notice need be given in respect of establishing a Cure Amount
for the Contracts. Each of the Contract Counterparties has had or will have had an opportunity

to object to the Cure Amounts set forth in the notice and to the assumption and assignment to the Purchaser of the applicable Assumed Contract.

I.        As evidenced by the affidavits of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion, the Auction, the Sale Hearing, the Sale, and the transactions contemplated thereby, including without limitation, the assumption and assignment of the Assumed Contracts to the Purchaser, has been provided in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9008.

J.        The disclosures made by the Debtor concerning the Sale Motion, the Agreement, the Auction, the Sale Hearing, the Sale, and the assumption and assignment of the Assumed Contracts to the Purchaser appear good, complete, and adequate.

K.        A reasonable opportunity to object and be heard with respect to the Sale and the Sale Motion and the relief requested therein (including the assumption and assignment of Assumed Contracts to the Purchaser and any Cure Costs related thereto), has been afforded to all interested persons and entities, including the Notice Parties.

## Good Faith of Purchaser

L.        The Agreement was negotiated, proposed, and entered into by the Debtor and the Purchaser without collusion, in good faith, and from arms'-length bargaining positions.

M.        Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the Agreement to be avoided under section 363(n) of the Bankruptcy Code.  The Purchaser has not acted in a collusive manner with any person and the Purchase Price was not controlled by any agreement among the bidders.

N.        The Purchaser is purchasing the Assets in good faith and is a good faith buyer

within the meaning of section 363(m) of the Bankruptcy Code.  The Purchaser has proceeded in

good faith in all respects in connection with the Sale including, but not limited to:   (i)

participating in the competitive bidding process contemplated in the Bidding Procedures Order in

good faith, (ii) complying with the provisions in the Bidding Procedures Order, (iii) neither

inducing nor causing the chapter 11 filings by the Debtor; and (iv) disclosing all payments to be

made by the Purchaser in connection with the Sale.  The Purchaser is therefore entitled to all of

the protections afforded under section 363(m) of the Bankruptcy Code.

### Highest and Best Offer

O.     The Debtor conducted a sale process in accordance with, and have otherwise

complied in all respects with, the Bidding Procedures Order.  The sale process set forth in the

Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any person or

entity to make a higher or otherwise better offer to purchase the Assets.  The Auction was duly

noticed in a non-collusive, fair, and good faith manner, and a reasonable opportunity has been

given to any interested party to make a higher and better offer for the Assets.

P.     The Agreement constitutes the highest and best offer for the Assets, and will

provide a greater recovery for the Debtor's estates than would be provided by any other available

alternative.  The Debtor's determination that the Agreement constitutes the highest and best offer

for the Assets constitutes a valid and sound exercise of the Debtor's business judgment.

Q.     The Agreement represents a fair and reasonable offer to purchase the Assets under

the circumstances of this Case.  No other entity or group of entities has offered to purchase the

Assets for greater overall value to the Debtor's estates than the Purchaser.

R.     Approval of the Sale Motion and the Agreement and the consummation of the

transactions contemplated thereby are in the best interests of the Debtor's chapter 11 estate, its

creditors, and other parties in interest.

## No Fraudulent Transfer or Merger

S.        The consideration provided by the Purchaser pursuant to the Agreement (i) is fair

and reasonable, (ii) is the highest or best offer for the Assets, and (iii) constitutes reasonably

equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act,

Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code) and fair

consideration under the Bankruptcy Code and under the laws of the United States, any state,

territory, possession, or the District of Columbia.  No other person or entity or group of entities

has offered to purchase the Assets for greater overall value to the Debtor's estate than the

Purchaser.   Approval of the Sale Motion and the Agreement and the consummation of the

transactions contemplated thereby are in the best interests of the Debtor, its estate, creditors, and

other parties in interest.

T.        The Purchaser is not a mere continuation of the Debtor or its estate and there is no

continuity of enterprise between the Purchaser and the Debtor.  The Purchaser is not holding

itself out to the public as a continuation of the Debtor.  The Purchaser is not a successor to the

Debtor or its estate and the Sale does not amount to a consolidation, merger, or *de facto* merger

of Purchaser and the Debtor.

## Validity of Transfer

U.        The Debtor has, to the extent necessary or applicable, (i) full corporate power and

authority to execute and deliver the Agreement and all other documents contemplated thereby,

(ii) all corporate authority necessary to consummate the transactions contemplated by the

Agreement, and (iii) taken all corporate action necessary to authorize and approve the Agreement

and the consummation of the transactions contemplated thereby.  The Sale has been duly and

validly authorized by all necessary corporate action.  No consents or approvals, other than those expressly provided for in the Agreement, are required for the Debtor to consummate the Sale, the Agreement, or the transactions contemplated thereby.

V.     The Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia.   Neither the Debtor nor the Purchaser is entering into the transactions contemplated by the Agreement fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

W.     The Debtor is the sole and lawful owners of the Assets.  Subject to section 363(f) of the Bankruptcy Code, the transfer of each of the Assets to the Purchaser will be, as of the Closing Date, a legal, valid, and effective transfer of the Assets, which transfer vests or will vest the Purchaser with all right, title, and interest of the Debtor to the Assets free and clear of (i) all liens and encumbrances relating to, accruing, or arising any time prior to the Closing Date (collectively, the "**Liens**") and (ii) all debts arising under, relating to, or in connection with any act of the Debtor or claims (as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guaranties, options in favor of third parties, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, rights with respect to Claims (as defined below) and Liens (a) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Debtor's or the Purchaser's interests in the Assets, or any similar rights, or (b) in respect of taxes,

restrictions, rights of first refusal, charges of interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, as defined in this clause (ii), "**Claims**"), relating to, accruing or arising any time prior to the Closing Date, with the exception of the Assumed Liabilities and any liens securing the Assumed Liabilities ("**Permitted Encumbrances**") that are expressly assumed by Purchaser under the Agreement, including, for the avoidance of doubt, Cure Costs or any obligations arising at or after Closing arising under the Assumed Contracts.

## Section 363(f) Is Satisfied

X.      The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtor may sell the Assets free and clear of any interest in the property other than the Permitted Encumbrances and Assumed Liabilities.

Y.      The Purchaser would not have entered into the Agreement and would not consummate the transactions contemplated thereby if the sale of the Assets to the Purchaser and the assumption of any Assumed Liabilities by the Purchaser were not free and clear of all Liens and Claims, other than Permitted Encumbrances and the Assumed Liabilities, or if the Purchaser would, or in the future could, be liable for any of such Liens and Claims (other than Permitted Encumbrances and the Assumed Liabilities).  Unless otherwise expressly included in Permitted Encumbrances or Assumed Liabilities, the Purchaser shall not be responsible for any Liens or Claims, including in respect of the following:  (i) any labor or employment agreements, (ii) all mortgages, deeds of trust and security interests, (iii) intercompany loans and receivables among the Debtor, (iv) any pension, welfare, compensation, or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plan of any Debtor, (v) any other employee, workers' compensation, occupational disease, or unemployment

or temporary disability related claim, (vi) Claims or Liens arising under any Environmental Law, (vii) any bulk sales or similar law, (viii) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, and (ix) any theories of successor liability.

Z.      The Debtor may sell the Assets free and clear of all Liens and Claims against the Debtor, its estate or any of the Assets (except the Permitted Encumbrances and Assumed Liabilities) because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied.  Those holders of Liens or Claims against the Debtor, their estates, or any of the Assets who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  All other holders of Liens or Claims (except to the extent that such Liens or Claims are Assumed Liabilities or Permitted Encumbrances) are adequately protected by having their Liens or Claims, if any, in each instance against the Debtor, its estate, or any of the Assets, attach to the cash proceeds of the Sale ultimately attributable to the Assets in which such creditor alleges a Lien or Claims, in the same order of priority, with the same validity, force, and effect that such Liens or Claims had prior to the Sale, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

AA.     The Bid Procedures permitted all parties an opportunity to establish any right to credit bid on Assets in which there was a lien claim. Only a subset of mechanic lien creditors on Plant 4 sought and obtained authority to credit bid. No other parties established a right to credit bid and were therefore prohibited from credit bidding.

## Cure / Adequate Protection

BB.     The assumption and assignment of the Assumed Contracts pursuant to the terms

of this Sale Order is integral to the Agreement and is in the best interests of the Debtor and its

estate, its creditors, and all other parties in interest, and represents the reasonable exercise of

sound and prudent business judgment by the Debtor.  Subject to the Agreement, the Purchaser

shall:  (i) to the extent necessary, cure or provide adequate assurance of cure, of any default

existing prior to the date hereof with respect to the Contracts, within the meaning of 11 U.S.C.

§§ 365(b)(1)(A) and 365(f)(2)(A), and (ii) to the extent necessary, provide compensation or

adequate assurance of compensation to any party for any actual pecuniary loss to such party

resulting from a default prior to the date hereof with respect to the Assumed Contracts, within

the meaning of 11 U.S.C. §§ 365(b)(1)(B) and 365(f)(2)(A).  The Purchaser's promise to pay the

Cure Amounts and to perform the obligations under the Assumed Contracts after the Closing

Date shall constitute adequate assurance of future performance within the meaning of 11 U.S.C.

§§ 365(b)(1)(C) and 365(f)(2)(B).

CC.    Except as otherwise provided in this Sale Order, any objections to the assumption

and assignment of any of the Assumed Contracts to the Purchaser and any objections to the Cure

Amounts are hereby overruled or withdrawn.  To the extent that any counterparty failed to timely

object to its Cure Amount or the assumption and assignment of its Contract to the Purchaser,

such counterparty is deemed to have consented to such Cure Amount and the assignments of its

respective Contracts to the Purchaser.

## Compelling Circumstances for an Immediate Sale

DD.    Good and sufficient reasons for approval of the Agreement and the Sale have

been articulated.  The relief requested in the Sale Motion is in the best interests of the Debtor,

their estates, their creditors and other parties in interest.  The Debtor has demonstrated both

(i) good, sufficient, and sound business purposes and justifications for approving the Agreement

and (ii) compelling circumstances for the Sale outside the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a plan of reorganization, in that, among other things, the immediate consummation of the Sale to the Purchaser is necessary and appropriate to maximize the value of the Debtor's estate and the Sale will provide the means for the Debtor to maximize distributions to creditors.

EE.    To maximize the value of the Assets and preserve the viability of the business to which the Assets relate, it is essential that the Sale of the Assets occur within the time constraints set forth in the Agreement.  Time is of the essence in consummating the Sale.

FF.    Given all of the circumstances of this Case and the adequacy and fair value of the Purchase Price under the Agreement, the proposed Sale of the Assets to Purchaser constitutes a reasonable and sound exercise of the Debtor's business judgment and should be approved.

GG.    The Sale does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford.  The Sale neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates a liquidating chapter 11 plan for the Debtor.

HH.    The consummation of the Sale and the assumption and assignment of the Contracts is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), and 365, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

**NOW**, **THEREFORE**, on the Sale Motion of the Debtor and the record before this Court with respect to the Sale Motion, including the record made during the Hearing, and good and sufficient cause appearing therefor,

**IT IS SO ORDERED** that:

<u>General Provisions</u>

1.      The Sale Motion is **GRANTED**.

2.      The relief requested in the Sale Motion and the transactions contemplated thereby and by the Agreement are approved as set forth in this Sale Order and on the record of the Sale Hearing, which is incorporated herein as if set forth fully in this Sale Order, and the Sale contemplated thereby is approved.

3.      All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled by announcement to the Court during the Sale Hearing or by stipulation filed with the Court, including any and all reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits with prejudice. Those parties who did not object or withdrew their objections to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

4.      This Court's findings of fact and conclusions of law set forth in the Bidding Procedures Order are incorporated herein by reference.

<u>Approval of the Agreement</u>

5.      The Agreement and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.

6.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized and empowered to use its reasonable best efforts to take any and all actions necessary or appropriate to (a) consummate the Sale pursuant to and in accordance with the terms and conditions of the Agreement, (b) close the Sale as contemplated in the Agreement and this Sale Order, and (c) execute and deliver, perform under, consummate, implement, and fully close the

Agreement, including the assumption and assignment to the Purchaser of the Assigned Contracts and Assigned Leases and Interests (in each case as such terms are defined in the Agreement), together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the Sale. The Purchaser shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Agreement or any other Sale related document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order.

7.      This Sale Order shall be binding in all respects upon the Debtor, its estate, all creditors of, and holders of equity interests in, the Debtor, any holders of Liens, Claims, or other interests (whether known or unknown) in, against or on all or any portion of the Assets, all Contract Counterparties, the Purchaser and all successors and assigns of the Purchaser, the Assets, and any trustees, if any, subsequently appointed in any of the Case or upon a conversion to chapter 7 under the Bankruptcy Code of any of the Case. This Sale Order and the Agreement shall inure to the benefit of the Debtor, its estate and creditors, the Purchaser, and the respective successors and assigns of each of the foregoing.

**Transfer of the Assets**

8.      Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtor is authorized to use reasonable best efforts to transfer the Assets to the Purchaser on the Closing Date and such transfer shall constitute a legal, valid, binding, and effective transfer of such Assets and shall vest Purchaser with title to the Assets and, upon the Debtor's receipt of the Purchase Price, other than Permitted Encumbrances and Assumed Liabilities, shall be free and clear of all Liens, Claims, and other interests of any kind or nature whatsoever, including but not

limited to, (a) successor or successor-in-interest liability and (b) Claims in respect of the Excluded Liabilities, with all such Liens, Claims, or other interests to attach to the cash proceeds ultimately attributable to the property against or in which such Liens, Claims, or other interests are asserted, subject to the terms thereof, with the same validity, force, and effect, and in the same order of priority, which such Liens, Claims, or other interests now have against the Assets, subject to any rights, claims, and defenses the Debtor or its estate, as applicable, may possess with respect thereto.  Upon the Closing, the Purchaser shall take title to and possession of the Assets subject only to the Permitted Encumbrances and Assumed Liabilities.

9.      All persons and entities that are in possession of some or all of the Assets on the Closing Date are directed to surrender possession of such Assets to the Purchaser or its assignee at the Closing.  On the Closing Date, each of the Debtor's creditors are authorized to execute such documents and take all other actions as may be reasonably necessary to release its Liens, Claims, or other interests in the Assets, if any, as such Liens, Claims or interests may have been recorded or may otherwise exist.

10.      The Debtor is hereby authorized to use reasonable best efforts to take any and all actions necessary to consummate the Agreement, including any actions that otherwise would require further approval by shareholders, members, or its board of directors, as the case may be, without the need of obtaining such approvals.

11.      The transfer of the Assets to the Purchaser pursuant to the Agreement does not require any consents other than as specifically provided for in the Agreement.  On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Sellers' interests in the Assets. Each and every federal, state, and local governmental agency or department is hereby directed to

accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

12.      A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder of any state, county, or local authority to act to cancel any of the Liens, Claims, and other encumbrances of record except those assumed as Assumed Liabilities or Permitted Encumbrances.

13.      If any person or entity which has filed statements or other documents or agreements evidencing Claims or Liens on, or interests in, all or any portion of the Assets (other than statements or documents with respect to Permitted Encumbrances) shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Claims, Liens, or interests which the person or entity has or may assert with respect to all or any portion of the Assets, the Debtor is hereby authorized, and the Purchaser is hereby authorized, on behalf of the Debtor and the Debtor's creditors, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Assets; provided that the provisions of this Sale Order authorizing the transfer of the Assets free and clear of all Liens, Claims, and Interests (except only Permitted Encumbrances and Assumed Liabilities) shall be self-executing, and the Debtor, the Purchaser, and creditors shall not be required to execute or file releases, termination statements, assignments, consents, or other instruments in order for the provisions of this Sale Order to be effectuated, consummated and/or implemented.

14.      On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the

Debtor's interests in the Assets and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Assets to the Purchaser. This Sale Order is and shall be effective as a determination that, on the Closing Date, all Liens, Claims, Interests, or other interest of any kind or nature whatsoever existing as to the Assets prior to the Closing Date, other than Permitted Encumbrances and Assumed Liabilities, or as otherwise provided in this Order, shall have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected.

15.     This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

16.     To the greatest extent available under applicable law, the Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Debtor with respect to the Assets, and all licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been, and hereby are, deemed to be transferred to the Purchaser as of the Closing Date.

17.     To the extent permitted by section 525 of the Bankruptcy Code, no governmental

unit may revoke or suspend any permit or license relating to the operation of the Assets sold,

transferred, or conveyed to the Purchaser on account of the filing or pendency of the Case or the

consummation of the transactions contemplated by the Agreement.

<u>**Assumption and Assignment of Contracts**</u>

18.     The Debtor is hereby authorized in accordance with sections 105(a) and 365 of

the Bankruptcy Code to (a) assume and assign to Purchaser, effective upon the Closing of the

Sale, the Assumed Contracts free and clear of all Liens, Claims, and other interests of any kind

or nature whatsoever (other than the Permitted Encumbrances and Assumed Liabilities), and (b)

execute and deliver to Purchaser such documents or other instruments as Purchaser reasonably

deems may be necessary to assign and transfer the Assumed Contracts, Permitted Encumbrances,

and Assumed Liabilities to Purchaser.

19.     With respect to the Assumed Contracts:  (a) the Debtor may assume each of the

Assumed Contracts in accordance with section 365 of the Bankruptcy Code, (b) the Debtor may

assign each Assumed Contract in accordance with sections 363 and 365 of the Bankruptcy Code,

and any provisions in any Assumed Contract that prohibit or condition the assignment of such

Assumed Contract or allow the party to such Assumed Contract to terminate, recapture, impose

any penalty, condition renewal or extension, or modify any term or condition upon the

assignment of such Assumed Contract, constitute unenforceable anti-assignment provisions

which are void and of no force and effect, (c) all other requirements and conditions under

sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment

to Purchaser of each Assumed Contract have been satisfied, (d) the Assumed Contracts shall be

transferred and assigned to, and following the closing of the Sale remain in full force and effect

for the benefit of, Purchaser, notwithstanding any provision in any such Assumed Contract
(including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that
prohibits, restricts, or conditions such assignment or transfer and, pursuant to section 365(k) of
the Bankruptcy Code, the Debtor shall be relieved from any further liability with respect to the
Assumed Contracts after such assignment to and assumption by Purchaser, and (e) upon Closing,
in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully
and irrevocably vested in all right, title and interest of each Assumed Contract.

20.     Unless otherwise agreed and stated on the record at the Sale Hearing, the
respective amounts set forth under the "**Cure Amount**" column on **Exhibit 2** attached hereto
reflects the sole amounts necessary under section 365(b) of the Bankruptcy Code to cure all
monetary defaults and pay all pecuniary losses under the Assumed Contracts (collectively, the
"**Cure Amounts**"), and no other amounts are or shall be due in connection with the assumption
by the Debtor and the assignment to the Purchaser of the Contracts.

21.     All defaults or other obligations of the Debtor under the Assumed Contracts
arising or accruing prior to the Closing (without giving effect to any acceleration clauses or any
default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be
cured by the Purchaser at the Closing or as soon thereafter as practicable by payment of the Cure
Amounts.

22.     Upon the Debtor's assignment of the Assumed Contracts to the Purchaser under
the provisions of this Sale Order and any additional orders of this Court and Purchaser's payment
of any Cure Amounts pursuant to the terms hereof, no default shall exist under any Contract, and
no counterparty to any Contract shall be permitted (a) to declare a default by the Purchaser under
such Contract or (b) otherwise take action against the Purchaser as a result of the Debtor's

financial condition, bankruptcy, or failure to perform any of its obligations under the relevant Assumed Contract. Each non-Debtor party to a Contract hereby is also forever barred, estopped, and permanently enjoined from (i) asserting against the Debtor or Purchaser, or the property of any of them, any default or Claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Closing, or, against Purchaser, any counterclaim, defense, setoff, or any other Claim asserted or that could have been asserted against the Debtor and (ii) imposing or charging against Purchaser or its affiliates any rent accelerations, assignment fees, increases, or any other fees as a result of the Debtor's assumption and assignments to Purchaser of the Assumed Contracts. The validity of such assumption and assignments of the Assumed Contracts shall not be affected by any dispute between the Debtor and any non-Debtor party to an Assumed Contract relating to such Assumed Contract's respective Cure Amount.

23.     Except as provided in the Agreement or this Sale Order, after the Closing, the Debtor and its estate shall have no further liabilities or obligations with respect to any Assumed Liabilities and all holders of such Claims are forever barred and estopped from asserting such Claims against the Debtor, its successors or assigns, its property or its assets or estate.

24.     The failure of the Debtor or Purchaser to enforce at any time one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions, or of the Debtor's and Purchaser's rights to enforce every term and condition of the Contracts.

**Prohibition of Actions Against the Purchaser**

25.     Except for the Permitted Encumbrances and Assumed Liabilities, or as otherwise expressly provided for in this Sale Order or the Agreement, the Purchaser shall not have any liability or other obligation of the Debtor arising under or related to any of the Assets. Without

limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Agreement, the Purchaser shall not be liable for any Claims against the Debtor or any of their predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental, successor, or transferee liability, labor law, de facto merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, intercompany loans, and receivables among the Debtor, Environmental Liabilities, and any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Assets prior to the Closing.

26.     The Purchaser has given substantial consideration under the Agreement for the benefit of the Debtor, its estate, and its creditors.  The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential Claims and Liens pursuant to this Sale Order, which releases shall be deemed to have been given in favor of the Purchaser by all holders of Liens against or interests in, or Claims against any of the Debtor or any of the Assets, other than holders of Liens or Claims relating to the Permitted Encumbrances or Assumed Liabilities.  The consideration provided by the Purchaser for the Assets under the Agreement is fair and reasonable and, accordingly, the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

**Other Provisions**

27.     For the avoidance of doubt, only those Liens, Claims, interests, and other encumbrances in or on the Assets being transferred to the Purchaser pursuant to the Agreement

and any ancillary agreements contemplated thereby are being transferred free and clear pursuant to the terms of this Order, and any and all other assets of the Debtor that the Purchaser is not acquiring shall remain subject to all valid pre-existing Liens, Claims, interests and other encumbrances. Any releases, terminations, termination statements, assignments, consents, or other instruments relating to Liens or other encumbrances in or on the Assets shall properly be limited to the Assets being transferred to, and Assumed Liabilities being assumed by, Purchaser.

28.    The consideration provided by the Purchaser to the Debtor pursuant to the Agreement for the Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and under the laws of the United States, any state, territory, possession or the District of Columbia.

29.    The transactions contemplated by the Agreement are undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and such Sale are duly stayed pending such appeal.  The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

30.    Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) this chapter 11 case, (b) any subsequent chapter 7 case into which any such chapter 11 case may be converted, or (c) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the provisions of the Agreement or the terms of this Sale Order.

31.     For cause shown, pursuant to Bankruptcy Rules 6004(h) and 7062(g), this Sale Order shall not be stayed, shall be effective immediately upon entry, and the Debtor and Purchaser are authorized to close the Sale immediately upon entry of this Sale Order.

32.     No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

33.     The failure to specifically include any particular provision of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety; provided that this Sale Order shall govern if there is any inconsistency between the Agreement (including all ancillary documents executed in connection therewith) and this Sale Order.  Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.

34.     The Agreement and any related agreements, documents or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate or lower the amount of cash proceeds paid.

35.     The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Assets to the Purchaser, (b) interpret, implement, and enforce the provisions of this Sale Order;

(c) protect Purchaser against any Liens, Claims, or other interest in or against the Sellers or the Assets of any kind or nature whatsoever, attaching to the proceeds of the Sale, and (d) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to the Assumed Contracts.

36.     The Debtor is not authorized to distribute proceeds from the Sale until further order of the Court. Debtor will escrow sale proceeds until subsequent order.

37.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

38.     Nothing in this Sale Order or the Agreement (a) releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Sale Order and (b) authorizes the transfer or assignment to Purchaser of any license, permit, registration, authorization, or approval of or with respect to a governmental unit without Purchaser's complying with all applicable legal requirements under non-bankruptcy law governing such transfers or assignments.

39.     To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this Case, the terms of this Sale Order shall govern.

40.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated:                                    _____

                                          William J. Fisher
                                          United States Bankruptcy Judge


{00420170  }                    - 24 -

## **EXHIBIT 1**

PURCHASE AGREEMENT


[TO BE SUBMITTED.]

## **EXHIBIT 2**

ASSUMED CONTRACTS AND LEASES AND CURE AMOUNTS

[TO BE SUBMITTED.]