UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY 18-50378 (WJF) |
| ERP Iron Ore, LLC, | Chapter 7 |
| Debtor. | |

**NOTICE OF EXPEDITED HEARING AND MOTION TO APPROVE STIPULATION
FOR THE USE OF CASH COLLATERAL**

TO:    The debtor and other entities specified in Local Rule 9013-3(a)(1):

1.    Nauni J. Manty, the chapter 7 trustee of the bankruptcy estate of the debtor, moves the court for the relief requested below and gives notice of expedited hearing.

2.    The court will hold an expedited hearing on this motion on **Thursday, December 6, 2018, at 11:00 a.m.**, before the Honorable William J. Fisher, in Courtroom 2B, at U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3.    The trustee will not object to any response to the motion which is filed and served not later than two hours prior to the hearing. Given the expedited nature of this motion, the trustee will also accept service at the hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1134, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. This case was commenced on May 25, 2018, by the filing of an involuntary petition against the debtor. On July 16, 2018, the debtor filed a Consent to Order for Relief and a Conversion of Case pursuant to sections 348 and 706(a) of the Bankruptcy Code and Local Rule 1019-1, converting the case from a case under chapter 7 of the Bankruptcy Code to a case under chapter 11 of the Bankruptcy Code. On July 17, 2018, the Bankruptcy Court entered the Order for Relief. On November 29, 2018, the

Court granted the United States Trustee's motion to convert the Debtor's chapter 11 case to a case under chapter 7 effective December 1, 2018. Nauni Manty was appointed as the chapter 7 trustee on December 3, 2018. This case is now pending in this court.

5. This motion arises under 11 U.S.C. §§ 363 and 361, Fed. R. Bankr. P. 4001(c) and Local Rule 4001-2. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-2 and 9006-1(e). The trustee requests relief with respect to a request for expedited hearing and an order approving the stipulation for the use of cash collateral, as described in more detail below.

6. The trustee, Progress Rail Leasing Corporation ("Progress"), Wilmington Fund Savings Society, FSB, as Trustee and Collateral Agent, ("WFSS"), Lighthouse Management Group, Inc., as Administrative Agent, ("Lighthouse") and Merida Natural Resources, LLC ("Merida", together with Progress, WFSS and Lighthouse the "Creditors"; the Creditors together with the Trustee are collectively referred to herein as the "Parties") entered into a Stipulation for Use of Cash Collateral (the "Stipulation"), which is attached to this motion as <u>Exhibit A</u>.

7. The Debtor's secured debt in connection with the debtor-in-possession account consists of the following: (i) a promissory note dated January 30, 2017 in favor of Progress, with principal amount payable up to $5 million as credit support for an underlying railcar lease (the "Progress Rail Note"), (ii) Floating Rate Senior Secured Amortizing PIK Toggle Notes due December 31, 2019 issued pursuant to an indenture dated as of January 30, 2017 among Debtor, as Issuer, and Wilmington, as Trustee and Collateral Agent, in the original issue amount of $22.5 million and with an outstanding amount payable of approximately $14.8 million as of March 31, 2018 (the "Mag Indenture"), (iii) a promissory note dated January 27, 2017, in favor of Lighthouse, as Administrative Agent under Settlement Agreement by and between Debtor and certain contractor-signatories to this agreement, issued in the amount of $32,017,807.74; (the "Mechanic's Lien Note"), and (iv) junior to the Debtor's indebtedness under the Progress Rail Note, the Mag

2

Indenture and the Mechanic's Lien Note, as Amended and Restated Debtor in Possession Credit and Security Agreement, dated as of August 1, 2018, by and between the Debtor, as borrower, and the Merida, as lender (the "DIP Loan", and together with the Progress Rail Note, the Mag Indenture and the Mechanic's Lien Note, the "ERPI Secured Debt").

8. Prior to the Conversion, but after the Petition Date, the Debtor received $626,029.85 from Altos Hornos de Mexico, S.A.B. de C.V. ("AHMSA") in connection with its use of certain railcars leased to the Debtor by Progress, which may be "cash collateral" under Section 363(a) of the Bankruptcy Code ("AHMSA Cash Collateral"). At no time during the pendency of this case and as provided under Section 363(c)(2) of the Bankruptcy Code did the Court issue an order to authorize or did the Creditors consent to the Debtor's use of the AHMSA Cash Collateral.

9. Although the each of Creditors disputes the extent and priority of the other Creditors' security interest in the AHMSA Cash Collateral, they agree that the only parties that can claim a security interest in the AHMSA Cash Collateral are one or more of the Creditors.

10. As a result of the Conversion, the Trustee has requested the consent of the Creditors to her use of the AHMSA Cash Collateral for the purpose of safeguarding and protecting certain assets of the estate in which each of the Creditors has or may have a security interest.

11. Preserving any and all rights of each of the Creditors or the Trustee to contest the extent and priority, validity or extent of any security interest any of the other Creditors may assert in the AHMSA Cash Collateral and without waiving any rights or claims each of the Creditors or the Trustee may have to assert a priority, validity or extent of the security interest in all or part of the AHMSA Cash Collateral, the Creditors have agreed to enter into this Stipulation for the purpose of consenting to the Trustee's use of the AHMSA Cash Collateral as set forth in the stipulation.

12. In accordance with Section 363 of the Bankruptcy Code, the Creditors have consented to the Trustee's use of the AHMSA Cash Collateral for the limited purpose of engaging Daniel Andrews and paying him for a period not to exceed thirty (30) days from the date of this Stipulation and in an amount not to exceed $10,000 for such 30 day period to continue the work he performed for the Debtor prior to the Conversion to monitor and safeguard the assets of the Debtor at the following locations: (i) the real property owned by the Debtor and the improvements thereon that constitute a rail loadout facility located near Grand Rapids, Minnesota, which has a mailing address of 27038 Midway Pit Haul Road, Grand Rapids, MN 55744 ("Jessie Loadout"); (ii) the real property owned by the Debtor and the improvements thereon located near Keewatin, Minnesota, which has a mailing address of 35001 County Road 571, Keewatin, MN 55753 ("Plant 1"); (iii) the real property owned by the Debtor and the improvements thereon located near Bovey, Minnesota, which has a mailing address of 27692 County Road 10, Bovey, MN 55709 in Minnesota ("Plant 4"), and (iv) the real property leased to the Debtor and improvements thereon located at or around 28754 County Road 61, Grand Rapids, MN 55744 ("Plant 4").

13. Cause exists to hear this matter on an expedited basis. The estate and Creditors may suffer irreparable and irreversible harm if the trustee is not able to use cash collateral. The trustee requires the use of cash collateral to pay Mr. Andrews to safeguard the assets described above and the estate needs to pay Mr. Andrews on a weekly basis. Mr. Andrews provided a similar role during the chapter 11 case. The estate does not want Mr. Andrews to stop performing the work due to nonpayment.

14. If testimony is required, the following parties may be called to testify relative to the use of cash collateral: Nauni Manty.

**WHEREFORE**, the trustee respectfully requests that the court grant her request for an expedited hearing and also grant her request to approve the stipulation to use cash collateral that is attached as Exhibit A.

Dated: December 3, 2018    MANTY & ASSOCIATES, P.A.

*/e/ Nauni J. Manty*
Nauni J. Manty (#230352)
Jacqueline J. Williams (#386611)
401 Second Avenue North, Suite 400
Minneapolis, Minnesota 55401
Telephone: (612) 465-0990
Fascimile: (612)746-0310
jwilliams@mantylaw.com

*Attorneys for the Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Chapter 7 Case |
| ERP Iron Ore, LLC, | Case No. 18-50378 (WJF) |
| Debtor. | |

**STIPULATION**
**FOR USE OF CASH COLLATERAL**

Nauni Manty, Chapter 7 Trustee for the above referenced Debtor (the "**Trustee**"), Progress Rail Leasing Corporation ("**Progress**"), Wilmington Savings Fund Society, FSB, as Indenture Trustee and Collateral Agent ("**WSFS**"), Lighthouse Management Group, Inc., as Administrative Agent ("**Lighthouse**"), and Merida Natural Resources, LLC ("**Merida,**" together with Progress, WSFS and Lighthouse, collectively, the "**Creditors;**" the Creditors together with the Trustee are collectively referred to herein as the "**Parties**") stipulate and agree as follows:

**RECITALS**

1.  On May 25, 2018 (the "**Petition Date**"), Glacier Park Iron Ore Properties LLC, Chester Company Limited, HT Surface and Mineral LLC and Allete, Inc. d/b/a Minnesota Power filed an involuntary petition against Debtor ERP Iron Ore, LLC (the "**Debtor**") under Chapter 7 of title 11 of the United States Code, as amended from time to time (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Minnesota (the "**Court**"), thereby commencing this case, administered as In re ERP Iron Ore, LLC, Case No. 18-50378. On July 16, 2018, the Debtor filed a Consent to Order for Relief and a Conversion of Case pursuant to sections 348 and 706(a) of the Bankruptcy Code and Local Rule 1019-1, converting the case

**EXHIBIT A**

from a case under chapter 7 of the Bankruptcy Code to a case under chapter 11 of the Bankruptcy Code. On July 17, 2018, the Court entered the Order for Relief.

2. On November 29, 2018, the Court granted the United States Trustee's motion to convert the Debtor's chapter 11 case to a case under chapter 7 effective December 1, 2018 (the "**Conversion**").

3. The Debtor's secured debt consists of the following: (i) a promissory note dated January 30, 2017 in favor of Progress, with principal amount payable up to $5 million as credit support for an underlying railcar lease (the "**Progress Rail Note**"), (ii) Floating Rate Senior Secured Amortizing PIK Toggle Notes due December 31, 2019 issued pursuant to an indenture dated as of January 30, 2017 among Debtor, as Issuer, the Guarantors party thereto, and WSFS, as Trustee and Collateral Agent, in the original issue amount of $22.5 million and with an outstanding amount payable of not less than $14.8 million as of March 31, 2018 (the "**Mag Indenture**"), (iii) a promissory note dated January 27, 2017, in favor of Lighthouse, as Administrative Agent under Settlement Agreement by and between Debtor and certain contractor-signatories to this agreement, issued in the amount of $32,017,807.74 (the "**Mechanic's Lien Note**"), and (iv) junior to the Debtor's indebtedness under the Progress Rail Note, the Mag Indenture and the Mechanic's Lien Note, an Amended and Restated Debtor in Possession Credit and Security Agreement, dated as of August 1, 2018, by and between the Debtor, as borrower, and Merida, as lender (the "**DIP Loan**," and together with the Progress Rail Note, the Mag Indenture and the Mechanic's Lien Note, collectively, the "**ERPI Secured Debt**").

4. Prior to the Conversion, but after the Petition Date, the Debtor received $626,029.85 from Altos Hornos de Mexico, S.A.B. de C.V. ("**AHMSA**") in connection with its

2
**EXHIBIT A**

use of certain railcars leased to the Debtor by Progress, which is "cash collateral" under Section 363(a) of the Bankruptcy Code ("**AHMSA Cash Collateral**").  At no time during the pendency of this case and as provided under Section 363(c)(2) of the Bankruptcy Code did the Court issue an order to authorize or did the Creditors consent to the Debtor's use of the AHMSA Cash Collateral.

5.    Although each of the Creditors disputes the extent and priority of the other Creditors' security interest in the AHMSA Cash Collateral, they agree that the only parties that can claim a security interest in the AHMSA Cash Collateral are one or more of the Creditors.

6.    As a result of the Conversion, the Trustee has requested the consent of the Creditors to her use of a portion of the AHMSA Cash Collateral for the purpose of safeguarding and protecting certain assets of the Debtor's estate in which each of the Creditors has or may have a security interest.

7.    Preserving any and all rights of each of the Creditors or the Trustee to contest the priority, validity or extent of any security interest any of the other Creditors may assert in the AHMSA Cash Collateral and without waiving any rights or claims each of the Creditors or the Trustee may assert in all or part of the AHMSA Cash Collateral, the Creditors have agreed to enter into this Stipulation for the purpose of consenting to the Trustee's use of a portion of the AHMSA Cash Collateral as set forth herein.

## STIPULATION

**IT IS HEREBY STIPULATED** by and between the Parties as follows:

1.    The above recitals are hereby incorporated into this Stipulation as though fully set forth herein.

2.  In accordance with Section 363 of the Bankruptcy Code, the Creditors hereby consent to the Trustee's use of a portion of the AHMSA Cash Collateral for the limited purpose of engaging Daniel Andrews and paying him for a period not to exceed thirty (30) days from the date of this Stipulation and in an amount not to exceed $10,000 for such 30 day period, to continue the work he performed for the Debtor prior to the Conversion, to monitor and safeguard the assets of the Debtor at the following locations: (i) the real property owned by the Debtor and the improvements thereon that constitute a rail loadout facility located near Grand Rapids, Minnesota, which has a mailing address of 27038 Midway Pit Haul Road, Grand Rapids, MN 55744 ("**Jessie Loadout**"); (ii) the real property owned by the Debtor and the improvements thereon located near Keewatin, Minnesota, which has a mailing address of 35001 County Road 571, Keewatin, MN 55753 ("**Plant 1**"); (iii) the real property owned by the Debtor and the improvements thereon located near Bovey, Minnesota, which has a mailing address of 27692 County Road 10, Bovey, MN 55709  ("**Plant2**"), and (iv) the real property leased to the Debtor and improvements thereon located at or around 28754 County Road 61, Grand Rapids, MN 55744 ("**Plant 4**").

3.  The provisions of this Stipulation shall be binding upon, and inure to the benefit of, the Trustee and the Creditors and their respective permitted successors and assigns.  This Stipulation is without prejudice to, and does not constitute a waiver of, expressly or impliedly, or otherwise impair, any of the rights, claims or privileges (whether legal, equitable or otherwise) of any of the Creditors under the Bankruptcy Code or under non-bankruptcy law, including their right to seek relief from the automatic stay under Section 362 of the Bankruptcy Code.

**EXHIBIT A**

4.     Except as explicitly provided for herein, this Stipulation does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

5.     This Stipulation sets forth the entire agreement between the Parties with respect to the matters stated herein and supersedes all prior discussions, negotiations and agreements, written or oral, and may not be modified except by a writing signed by the Trustee and the Creditors. This Stipulation may not be amended, modified, or supplemented, nor any provision hereof waived, except in writing signed by the Trustee and the Creditors. For the avoidance of doubt, nothing contained herein shall be construed an agreement, acknowledgment or consent by the Creditors of any kind or nature to extend or otherwise modify in any manner the Trustee's use of Cash Collateral, all of which shall be in the Creditors' sole and absolute discretion.

6.     If the Trustee requires use of additional Cash Collateral for any other reasonable and necessary expenses other than those described in paragraph 2 above (or if the Trustee requests to extend the 30-day period described in paragraph 2 above), the Trustee may obtain approval for use of additional Cash Collateral upon written consent of all of the Creditors. Once written consent from all of the Creditors is obtained, the Trustee may use the Cash Collateral up to and including the amount approved by the Creditors.

7.     In accordance with Local Rule 9011-4(f), each non-filing party authorizes the filer to submit this document with their respective electronic signatures.

Dated: December 3, 2018.

**DORSEY & WHITNEY LLP**

By: /e/ Monica Clark
Monica Clark, # 28211X
Natasha Wells, # 397950
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

5

**EXHIBIT A**

Facsimile: (612) 340-2868

*Attorneys for Progress Rail Leasing Corporation*

**WINTHROP & WEINSTINE, P.A.**

By: /s/Michael A. Rosow
Michael A. Rosow
Thomas J. Hainje
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Tel: (612) 604-6400
Fax: (612) 604-6800
mrosow@winthrop.com
thainje@winthrop.com

-and

**DENTONS US LLP**

Oscar Pinkas (pro hac vice)
Robert Richards (pro hac vice)
Lauren Macksoud (pro hac vice)
1221 Ave of the Americas
New York, NY 10020
Tel: (212) 768-6700
oscar.pinkas@dentons.com
robert.richards@dentons.com
lauren.macksoud@dentons.com

*Attorneys for Merida Natural Resources, LLC, as DIP Lender*

**FREDRIKSON & BYRON, P.A.**

/e/ James L. Baillie
James L. Baillie (#0003980)
Sarah M. Olson (#0390238)
200 South Sixth Street, Suite 4000
Minneapolis MN 55402
(612) 492-7000
(612) 492-7077 fax
jbaillie@fredlaw.com
solson@fredlaw.com

*Attorneys for Lighthouse Management Group, Inc., as Administrative Agent*

6

**EXHIBIT A**

**CHAPTER 7 TRUSTEE**

/e/ Nauni Manty
Nauni Manty (#230352)
401 Second Avenue North, Suite 400
Minneapolis, MN 55401
Telephone: (612) 465-0990

**BALLARD SPAHR LLP**

By: /s/ Charles E. Nelson
William P. Wassweiler (0232348)
Charles E. Nelson (0392389)
80 South Eighth Street
2000 IDS Center
Minneapolis, MN 55402-2119
Telephone: (612) 371-3211
wassweilerw@ballardspahr.com
nelsonc@ballardspahr.com

-and-

**PRYOR CASHMAN LLP**

Seth H. Lieberman (pro hac vice)
Conrad K. Chiu (pro hac vice)
MatthewW. Silverman (pro hac vice)
7 Times Square
New York, New York 10036-6569
Tel: (212) 421-4100
Fax: (212) 326-0806
slieberman@pryorcashman.com
cchiu@pryorcashman.com
msilverman@pryorcashman.com

*Attorneys to Wilmington Savings Fund Society, FSB, as Indenture Trustee*

7

**EXHIBIT A**

## **VERIFICATION**

I, Nauni J. Manty, the chapter 7 trustee, named in the foregoing notice of expedited hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: December 3, 2018

Nauni J. Manty, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY 18-50378 (WJF) |
| ERP Iron Ore, LLC, | Chapter 7 |
| Debtor. | |

**UNSWORN CERTIFICATE OF SERVICE**

I declare under penalty of perjury that on December 3, 2018, I caused the following document, **Notice of Expedited Hearing and Motion to Approve Stipulation for the Use of Cash Collateral**, **Verification** and this **Unsworn Certificate of Service**, to be filed electronically with the Clerk of Court through ECF, and that ECF will send e-notice of the electronic filing to the ECF participants.

I further declare that I mailed and/or emailed copies of the foregoing **Notice of Expedited Hearing and Motion to Approve Stipulation for the Use of Cash Collateral**, **Verification** and this **Unsworn Certificate of Service** by U.S. Mail postage prepaid to the parties named below at the addresses stated below:

By U.S. Mail Only
ERP Iron Ore, LLC
7908 US Highway 169, Suite B
Bovey, MN 55709

By Email & U.S. Mail
Lee Woodard, Esq.
Harris Beach PLLC
333 West Washington, Suite 200
Syracuse, NY 13202
Email: lwoodard@harrisbeach.com
*Attorneys for Sompo International Insurance*

By Email & U.S. Mail
John J. Muhar
Itasca County Attorney
123 4th Street NE
Grand Rapids, MN 55744
Email: jack.muhar@co.itasca.mn.us

By Email Only
Michael Friedman
Chapman and Cutler LLP
1270 Avenue of the Americas
New York, NY 10020
Email: friedman@chapman.com
*Attorneys for Interested Party Ad Hoc Committee of PIK Toggle Noteholders*

By Email Only
Laura E. Appleby
Chapman and Cutler LLP
1270 Avenue of the Americas
New York, NY 10020
Email: appleby@chapman.com
*Attorneys for Interested Party Ad Hoc*
*Committee of PIK Toggle Noteholders*

By Email Only
Aaron M. Krieger
Chapman and Cutler LLP
1270 Avenue of the Americas
New York, NY 10020
Email: akrieger@chapman.com
*Attorneys for Interested Party Ad Hoc*
*Committee of PIK Toggle Noteholders*

By Email and U.S. Mail
Lauren Macksoud, Esq.
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
Email: lauren.macksoud@dentons.com
*Attorneys for Merida Natural Resources, LLC*

By Email and U.S. Mail
Robert A. Judd, Esq.
Wagner, Falconer & Judd, Ltd.
Fifth Street Towers
100 South Fifth Street, Suite 800
Minneapolis, MN 55402
Email: rjudd@wfjlawfirm.com

Executed on: December 3, 2018

*/e/ Susan Frenzel*
Susan Frenzel, Secretary
Manty & Associates, P.A.
401 Second Avenue North, Suite 400
Minneapolis, MN 55401-2097
Telephone: (612) 465-0341
Email: sue@mantylaw.com

*Attorneys for the Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  BKY 18-50378 (WJF)

ERP Iron Ore, LLC,  Chapter 7

        Debtor.

**ORDER APPROVING STIPULATION FOR USE OF CASH COLLATERAL**

This came before the court on the motion of Nauni Jo Manty, the chapter 7 trustee of the debtor, to approve the stipulation for the use of cash collateral. Based upon all of the files, records and proceedings herein,

**IT IS ORDERED:**

1. The request for expedited relief is granted; and

2. The court approves the stipulation for the use of cash collateral.

Dated:

William J. Fisher
United States Bankruptcy Judge