# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| ERP Iron Ore, LLC, | Case No. 18-50378 (WJF) |
| Debtor. | |

### JOINT LIMITED OBJECTION AND RESERVATION OF RIGHTS OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE, AND THE AD HOC COMMITTEE OF PIK TOGGLE NOTEHOLDERS TO THE MOTION OF THE CHAPTER 7 TRUSTEE FOR SALE OF CERTAIN OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND OTHER INTERESTS

NOW COMES Wilmington Savings Fund Society, FSB, solely in its capacity as Indenture Trustee for the Floating Rate Senior Secured Amortizing PIK Toggle Notes Due 2019 ("*WSFS*"), and the Ad Hoc Committee of PIK Toggle Noteholders (the "*Committee*"), by and through their attorneys, and for their Joint Limited Objection and Reservation of Rights (the "*Limited Objection and Reservation of Rights*") to the *Motion for Sale of Certain of the Debtor's Property Free and Clear of Liens, Encumbrances and Other Interests* (the "*Motion*"), hereby states as follows:

#### SUMMARY

WSFS and the Committee file this Limited Objection and Reservation of Rights to ensure that any approval of a sale of the Debtor's assets under 11 U.S.C. § 363 does not prejudice WSFS's rights or deprive WSFS, and by extension, the Committee, of the benefit of WSFS's senior secured lien on the Debtor's assets, including, without limitation, the cash proceeds derived from the sale of the assets sought pursuant to the Motion. To be clear, WSFS does not object to the sale sought by the Trustee in the Motion. However, in

order to fully preserve WSFS's rights, the Court should include, as part of any order approving the Motion, a provision requiring the Trustee to hold one hundred percent of the cash proceeds of the Sale (defined below) in escrow in a segregated account until such time that the Court has ruled on the validity, extent, perfection, priority and allocation of any and all liens, including WSFS's lien, on the Debtor's assets sold pursuant to the Sale. Additionally, absent appropriate notice and a hearing, the Court should not include, as part of any sale order, a dispositive determination as to whether the property being sold is real property or personal property.

## ARGUMENT

On May 25, 2018, an involuntary petition was filed against the Debtor under Chapter 7 of the United States Code. On December 3, 2018, the U.S. Trustee appointed Nauni Jo Manty to serve as Chapter 7 Trustee (the "*Trustee*"). WSFS has filed a proof of claim in this case asserting a secured claim in an amount not less than $15,314,457.64. *See* Claim No. 21. WSFS's claim, and by extension, the Committee's claim, is based on that certain Floating Rate Senior Secured Amortizing PIK Toggle Notes Indenture dated as of January 30, 2017, the related Security Agreement of equal date by and among the Debtor, WSFS, and certain guarantors in favor of WSFS, and the accompanying promissory notes. Under the Security Agreement, the Debtor pledged to WSFS, for the benefit of the noteholders, a security interest in, among other things, substantially all of the debtor's assets, including personal property, fixtures, and equipment. As an additional matter, as indicated in the Motion, WSFS holds a valid, perfected mortgage on the "Torrens" property that is the subject of the Motion, but it acknowledges that it does not hold a properly perfected mortgage on the "Abstract" property that is also the subject of the Motion.

On May 22, 2019, the Trustee filed the Motion, seeking this Court's approval of a sale of certain of the Debtor's assets located in Itasca County, Minnesota (the "*Sale*") to Prairie River Minerals, LLC ("*PRM*").  To be clear, WSFS and the Committee do not object to the Sale.  WSFS and the Committee, however, object to the characterizations contained in the Motion as to the nature of the property being sold and the application of WSFS's lien rights as a secured creditor to such assets subject to sale.  As such, WSFS and the Committee request simply that any order approving the Sale not be dispositive as to the nature of the property sold as a part of the Sale, and that such order direct that the proceeds from the Sale be held in escrow until further order of the Court.

For example, in the Motion the Trustee asserts, among other things, that the most valuable portions of Plants 1 and 2[1] are located on parcels of real property for which WSFS does not hold a mortgage (i.e. "Abstract" property).  *See* Motion, ¶¶ 7, 17.  However, no such determination regarding the nature of the property on which Plants 1 and 2 sit has been made, and the Trustee fails to provide evidence to support her naked assertion.

Similarly, the Motion characterizes the sale of "Plant 1 in Keewatin and the Jessie Load Out" as a sale of "Real Property."  Motion, ¶ 8; *see also* Proposed Order, ¶¶ 2-3.  The Trustee asserts that "Real Property" includes, among other things, the Trustee's right, title, and interest in the buildings and fixtures concerning the "Real Property."  The Trustee further asserts that the "Real Property" includes all personal property located on, attached to, incorporated in, or affixed to the "Real Property."  *See* Motion, ¶ 8.  The Trustee's characterization of the assets to be sold pursuant to the Sale is, at best, ambiguous. Moreover, it is premature to determine the nature of the property to be sold pursuant to the

---

[1] Capitalized terms not otherwise defined herein are ascribed the same meaning as in the Motion.

3

Sale. The distinction between real and personal property is important because, while WSFS may not hold a mortgage on the Debtor's "Abstract" property, WSFS nevertheless holds a senior lien on all of the Debtor's personal property. Without further information and proof, the Trustee's statements are not, and should not be, dispositive as to the nature and treatment of WSFS's interests in the property to be sold pursuant to the Sale. WSFS's lien rights to the Sale proceeds should be fully preserved.

Further, "[t]he [T]rustee seeks to sell the Real Property free and clear of liens, encumbrances and other interests . . . with the liens to attach to the proceeds of the sale with the same dignity and priority as the liens attached to the Real Property." Motion, ¶ 10. However, given that no determination should be made at this time regarding the nature of the property to be sold pursuant to the Sale, any order should clarify that liens shall attach to the proceeds of *any* assets that are sold pursuant to the Sale according to their validity, priority, and extent.

Indeed, the Trustee appears not only to seek a sale of the assets, but also a determination regarding the distribution of the proceeds of the sale of those assets -- a proposed distribution that would violate the absolute priority rule and WSFS's lien rights in a portion of the property being sold. Any determination regarding the priority, validity, and extent of liens that attach to the proceeds of the Sale should be reserved for a later date in order to permit the parties to address these issues in a proper forum. Such a procedure is a common way of guarding against the prejudice that might arise by distributing cash proceeds before the priority of claims to those proceeds is adjudicated. *See e.g.*, *In re Strathmore Grp., LLC*, 522 B.R. 447, 451 (Bankr. E.D.N.Y. 2014); *In re Travel Rite RV's, Inc.*, No. 90-26723-K CB, 1991 WL 11731857, at *4 (Bankr. W.D. Tenn. Jan. 28, 1991).

WSFS would be significantly and unnecessarily prejudiced were cash proceeds distributed to creditors before its lien rights were adjudicated.

To avoid needless complication and risk, WSFS and the Committee respectfully request that any order approving the Sale not make any dispositive determination as to the nature of the property being sold, and respectfully request that the following provision be added to any order approving the Sale:

> The Trustee is not authorized to distribute proceeds from the Sale until further order of the Court. The Trustee shall escrow all sale proceeds in a separate segregated account until subsequent Court order.

## CONCLUSION

WHEREFORE, WSFS and the Committee object to the Motion to the extent that the Motion attempts to establish the nature of the property being sold -- whether such property is real or personal property -- and violates WSFS's lien rights, and respectfully request that any order approving the Sale include language reserving determination as to the distributions of the proceeds for a later date, with such proceeds to be held in escrow until such determination is made.

Respectfully Submitted,

Dated: June 14, 2019

**BALLARD SPAHR LLP**

By: /s/ Charles E. Nelson
William P. Wassweiler, #0232348
Charles E. Nelson, #0392389
80 South Eighth Street, 2000 IDS Center
Minneapolis, MN 55402-2119
Telephone: (612) 371-3211
wassweilerw@ballardspahr.com
nelsonc@ballardspahr.com

and

5

**PRYOR CASHMAN LLP**
Seth H. Lieberman (pro hac vice)
Conrad K. Chiu (pro hac vice)
Matthew W. Silverman (pro hac vice)
7 Times Square
New York, NY 10036-6569
Telephone: (212) 326-0258
slieberman@pryorcashman.com
cchiu@pryorcashman.com
msilverman@pryorcashman.com
*Attorneys for Wilmington Savings Fund Society, FSB, as Indenture Trustee*

**COZEN O' CONNOR**

By: /e/ Joel D. Nesset
Joel D. Nesset (#30475X)
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Telephone: 612-260-9000
Fax: 612-260-9080

and

**CHAPMAN AND CUTLER LLP**
Michael Friedman (*pro hac vice*)
Laura E. Appleby (*pro hac vice*)
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 655-6000
Friedman@chapman.com
Appleby@chapman.com

*Attorneys for Ad Hoc Committee of PIK Toggle Noteholders*

6