UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                          BKY 18-50378 (WJF)
                                                Chapter 7
ERP Iron Ore, LLC,

                    Debtor.

**APPLICATION FOR AN AMENDED ORDER AUTHORIZING SALE OF CERTAIN OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND OTHER INTERESTS IN CONNECTION WITH PLANT 1 AND JESSE LOAD OUT TO CORRECT LEGAL DESCRIPTIONS**

To:     The parties specified in Local Rule 9013-4(c) and other interested parties:

1.      Nauni Manty, the chapter 7 trustee of the bankruptcy estate of the debtor, applies to the court for the relief requested below.

2.      This court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1134, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. This case was commenced by the filing of an involuntary petition for relief under chapter 7 on May 25, 2018. On July 16, 2018, the debtor consented to relief under the bankruptcy code. On July 17, 2018, the court ordered relief and on that same day, the debtor voluntarily converted the case to a case under chapter 11. The case was converted to a case under chapter 7 on December 1, 2018. Ms. Manty was appointed as the chapter 7 trustee on December 3, 2018. This case is now pending in this court.

3.      This application arises under Fed. R. Civ. P. 60(a), made applicable to this matter pursuant to Fed. R. Bankr. P. 9024. This application is filed under Fed. R. Bankr. P. 9013 and Local Rule 9013-4(c). The trustee requests an amended order authorizing the sale of certain of

1

the debtor's property free and clear of liens, encumbrances and other interests in connection with Plant 1 and Jess Load Out to correct legal descriptions.

4.    The trustee filed a notice of hearing and motion for sale of certain of the debtor's property free and clear of liens, encumbrances and other interests. [Doc. No. 443]. The hearing on the trustee's motion in connection with the sale of Plant 1 and Jesse Load Out took place on June 19, 2019. On June 20, 2019, the court entered an order authorizing the sale of certain of the debtor's property free and clear of liens, encumbrances and other interests to Prairie River Minerals, LLC. [Doc. No. 460].

5.    Paragraph 2 of the order contains several pages of legal descriptions. [Doc. No. 460 at p. 2-27]. In connection with preparing for closing, Prairie River Minerals, the purchaser of Plant 1 and Jesse Load Out, consulted with the Itasca County Title Examiner and learned that some of the legal descriptions in the order contained technical errors that need to be corrected prior to recording the free and clear order. The legal descriptions are the only revisions to the order sought. All other portions of the order will remain unchanged. The legal descriptions used in the proposed, amended form of order have been vetted with the Itasca County Title Examiner and are the subject of a new title commitment by the title insurance carrier.

6.    Fed. R. Civ. P. 60, made applicable to this matter pursuant to Fed. R. Bankr. P. 9024, provides:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Rule 60(a) can be used to correct clerical mistakes, including errors made by the parties. *See*

*Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1538–39 (8th Cir. 1996).

2

7.      Here, incorrect legal descriptions fit within the type of mistakes that can be fixed under Rule 60(a). *Id.* (explaining that if intent of the parties is clear and "all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed.") The real property subject to the order is the same, but the legal descriptions must be accurate for recording purposes. The Itasca County Title Examiner and the title company employed by the purchaser require the proposed changes made to the legal descriptions. Accordingly, the trustee requests that the court enter the amended order that is attached as Exhibit A.

**WHEREFORE,** the trustee requests that the court enter the amended order authorizing the sale of certain of the debtor's property free and clear of liens, encumbrances and other interests in connection with Plant 1 and Jesse Load Out to correct legal descriptions.

Dated:  September 5, 2019

MANTY & ASSOCIATES, P.A.

*/e/ Jacqueline J. Williams*
Nauni J. Manty (#230352)
Jacqueline J. Williams (#386611)
401 Second Avenue North, Suite 400
Minneapolis, MN 55401
Phone: (612) 465-0990
Fax: (612) 746-0310
Email: nauni@mantylaw.com

*Attorneys for Nauni Manty, the chapter 7 trustee*

CORE/3515316.0003/154579255.1

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                            Chapter 7
                                                                          BKY 18-50378 (WJF)
ERP Iron Ore, LLC,

                        Debtor.

## AMENDED ORDER AUTHORIZING SALE OF CERTAIN OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND OTHER INTERESTS

This matter came before the court on the motion of Nauni Jo Manty, the chapter 7 trustee of the bankruptcy estate of ERP Iron Ore, LLC, for an order authorizing her to sell certain of the debtor's assets free and clear of liens, encumbrances and other interests. Based upon all of the files, records and proceedings herein,

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT:**

The Court makes the following findings of fact based upon all the evidence, the credibility of witnesses, the files, records, and proceedings. To the extent any findings of fact are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

1.       As stated on the record, the relief granted is in the best interest of the estate, all creditors and other interested parties in this case.

2.       As stated on the record, the sale of the property to Prairie River Minerals is a good- faith transaction within the meaning of 11 U.S.C. § 363(m), and Prairie River Minerals is found not to be a continuation of, or a successor to, debtor or any entity owned by debtor.

CORE/3515316.0003/154579485.1

3      Adequate and sufficient notice to all creditors and interested parties to this case of the proposed entry of the order appears to have been given in accordance with Fed. R. Bankr. P. 2002.

**IT IS HEREBY ORDERED:**

1.      The motion for sale of certain of the debtor's property free and clear of liens, encumbrances and other interests is granted. To the extent any objections to the motion were not withdrawn, they are overruled.

2.      The trustee is authorized to sell the following property (the "Real Property") of the debtor free and clear of any and all liens, encumbrances and other interests to Prairie River Minerals, LLC for $1,950,000.00:

The real property identified on the debtor's schedules as Plant 1 in Keewatin and the Jessie Load Out (together Plant 1 and the Jessie Load Out are the "Real Property"). Plant 1 is more specifically described as, but is not necessarily limited to, the following parcels of real property located in Itasca County, Minnesota, and legally described as follows:

**TRACT NO. 1**
THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:
THAT PART OF THE SE ¼ OF THE SW ¼ , SECTION 35, TOWNSHIP 57 N, RANGE 22 W OF THE 4TH PRINCIPAL MERIDIAN, ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY THEREOF DESCRIBED AS FOLLOWS:
THAT PART OF SAID SECTION 35, DESCRIBED AS FOLLOWS:
COMMENCING AT THE SW CORNER OF THE SE ¼ OF THE SW ¼ OF SAID SECTION 35; N 89º02'53" E, ASSIGNED BEARING ALONG THE SOUTH LINE OF SAID SE ¼ OF SW ¼,  A DISTANCE OF 64.30 FEET TO THE EASTERLY RIGHT-OF-WAY LINE OF THE BURLINGTON NORTHERN RAILROAD AND THE POINT OF BEGINNING OF THE TRACT TO BE HEREIN DESCRIBED; THENCE CONTINUE N 89º02'53" E ALONG SAID SOUTH LINE, 202.31 FEET; THENCE N 38º54'13" E 1950.00 FEET; THENCE S 51º05'47" E 194.69 FEET; THENCE N 38º54'13" E 2798.69 FEET; THENCE S 39º57'40" E 310.54 FEET TO THE EAST LINE OF THE SAID SE ¼ OF NE ¼ OF SAID SECTION 35; THENCE N 01º51'34" E ALONG SAID EAST LINE 735.97 FEET TO THE NORTHEAST CORNER OF SAID SE ¼ OF NE ¼; THENCE S 85º11'38" W ALONG THE NORTH LINE OF SAID SE ¼ OF NE ¼, 292.34 FEET TO SAID EASTERLY RIGHT-OF-WAY LINE OF THE

BURLINGTON NORTHERN RAILROAD; THENCE S 38º54'13" W ALONG SAID EASTERLY RIGHT-OF-WAY LINE, 5203.80 FEET TO THE POINT OF BEGINNING. EXCEPT
THAT PART LOCATED IN THE SW ¼ OF THE NE ¼ OF SECTION 35, TOWNSHIP 57, RANGE 22.
**TORRENS PROPERTY**
CURRENT CERTIFICATE NO. **24870**
PIN #95-035-3401

**TRACT NO. 2**
THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:
THE NE ¼ OF THE SW ¼, SECTION 35, TOWNSHIP 57 N, RANGE 22, W OF THE 4TH PRINCIPAL MERIDIAN, ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY THEREOF, DESCRIBED AS FOLLOWS:
THAT PART OF SECTION 35, TOWNSHIP 57 N, RANGE 22, DESCRIBED AS :
COMMENCING AT THE SOUTHWEST CORNER OF THE SE ¼ OF THE SW ¼ OF SAID SECTION 35; THENCE N 89º02'53" E, ASSIGNED BEARING ALONG THE SOUTH LINE OF SAID SE ¼ OF SW ¼, A DISTANCE OF 64.30 FEET TO THE EASTERLY RIGHT-OF-WAY LINE OF THE BURLINGTON NORTHERN RAILROAD AND THE POINT OF BEGINNING OF THE TRACT TO BE HEREIN DESCRIBED; THENCE CONTINUE N 89º02'53" E ALONG SAID SOUTH LINE, 202.31 FEET; THENCE N 38º54'13" E 1,950.00 FEET; THENCE S 51º05'47" E 194.69 FEET; THENCE N 38º54'13" E 2,798.69 FEET; THENCE S 39º57'40" E 310.54 FEET TO THE EAST LINE OF THE SAID SE ¼ OF NE ¼ OF SAID SECTION 35; THENCE N 01º51'34" E ALONG SAID EAST LINE 735.97 FEET TO THE NORTHEAST CORNER OF SAID SE ¼ OF NE ¼; THENCE S 85º11'38' W ALONG THE NORTH LINE OF SAID SE ¼ OF NE ¼, 292.34 FEET TO SAID EASTERLY RIGHT-OF-WAY LINE OF THE BURLINGTON NORTHERN RAILROAD; THENCE S 38º54'13" W ALONG SAID EASTERLY RIGHT-OF WAY LINE, 5,203.80 FEET TO THE POINT OF BEGINNING;
EXCEPT
THAT PART LOCATED WITHIN THE SW ¼ OF THE NE ¼ OF SECTION 35, TOWNSHIP 57, RANGE 22.
**TORRENS PROPERTY**
CURRENT CERTIFICATE NO. **24876**
PIN #92-025-3101

**TRACT NOS. 3 AND 4**
THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:
THE NE ¼ OF THE SE ¼, AND THE NW ¼ OF THE SE ¼, ALL IN SECTION 35, TOWNSHIP 57 N, RANGE 22, W OF THE 4TH PRINCIPAL MERIDIAN, ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY THEREOF DESCRIBED AS FOLLOWS:
THAT PART OF SAID SECTION 35, DESCRIBED AS FOLLOWS:
COMMENCING AT THE SOUTHWEST CORNER OF THE SE ¼ OF THE SW ¼ OF SAID SECTION 35; THENCE N 89º02'53" E, ASSIGNED BEARING ALONG THE SOUTH LINE

3

OF SAID SE ¼ OF SW ¼, A DISTANCE OF 64.30 FEET TO THE EASTERLY RIGHT-OF-WAY LINE OF THE BURLINGTON NORTHERN RAILROAD AND THE POINT OF BEGINNING OF THE TRACT TO BE HEREIN DESCRIBED; THENCE CONTINUE N 89º02'53" E ALONG SAID SOUTH LINE, 202.31 FEET; THENCE N 38º54'13" E 1,950.00 FEET; THENCE S 51º05'47" E 194.69 FEET; THENCE N 38º54'13" E 2,798.69 FEET; THENCE S 39º57'40" E 310.54 FEET TO THE EAST LINE OF THE SAID SE ¼ OF THE NE ¼ OF SAID SECTION 35; THENCE N 01º51'34" E ALONG SAID EAST LINE 735.97 FEET TO THE NORTHEAST CORNER OF SAID SE ¼ OF NE ¼; THENCE S 85º11'38" W ALONG THE NORTH LINE OF SAID SE ¼ OF NE ¼, 292.34 FEET TO SAID EASTERLY RIGHT-OF-WAY LINE OF THE BURLINGTON NORTHERN RAILROAD; THENCE S 38º54'13" W ALONG SAID EASTERLY RIGHT-OF-WAY LINE, 5,203.80 FEET TO THE POINT OF BEGINNING.

EXCEPT

THAT PART LOCATED WITHIN THE SW ¼ OF NE ¼, SECTION 35, TOWNSHIP 57, RANGE 22.

THE ABOVE LEGAL DESCRIPTION INCLUDES THE FOLLOWING PARCEL ID'S: 95-035-4101 & 95-035-4203

**TORRENS PROPERTY**

CURRENT CERTIFICATE NO. **24877**

## TRACT NO. 5

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:

THE SE ¼ OF THE NE ¼, SECTION 35, TOWNSHIP 57 N, RANGE 22, W OF THE 4TH PRINCIPAL MERIDIAN, ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY THEREOF, DESCRIBED AS FOLLOWS:

THAT PART OF SAID SECTION 35, TOWNSHIP 57 N, RANGE 22, DESCRIBED AS: COMMENCING AT THE SOUTHWEST CORNER OF THE SE ¼ OF SW ¼ OF SAID SECTION 35; THENCE N 89º02'53" E, ASSIGNED BEARING ALONG THE SOUTH LINE OF SAID SE ¼ OF SW ¼, A DISTANCE OF 64.30 FEET TO THE EASTERLY RIGHT-OF-WAY LINE OF THE BURLINGTON NORTHERN RAILROAD AND THE POINT OF BEGINNING OF THE TRACT TO BE HEREIN DESCRIBED; THENCE CONTINUE N 89º02'53" E ALONG SAID SOUTH LINE, 202.31 FEET; THENCE N 38º54'13" E 1,950.00 FEET; THENCE S 51º05'47" E 194.69 FEET; THENCE N 38º54'13" E 2,798.69 FEET; THENCE S 39º57'40" E 310.54 FEET TO THE EAST LINE OF THE SAID SE ¼ OF NE ¼ OF SAID SECTION 35; THENCE N 01º51'34" E ALONG SAID EAST LINE 735.97 FEET TO THE NORTHEAST CORNER OF SAID SE ¼ OF NE ¼; THENCE S 85º11'38" W ALONG THE NORTH LINE OF SAID SE ¼ OF NE ¼, 292.34 FEET TO SAID EASTERLY RIGHT-OF-WAY LINE OF THE BURLINGTON NORTHERN RAILROAD; THENCE S 38º54'13" W ALONG SAID EASTERLY RIGHT-OF-WAY LINE, 5,203.80 FEET TO THE POINT OF BEGINNING.

EXCEPT

THAT PART LOCATED WITHIN THE SW ¼ OF NE ¼ , SECTION 35, TOWNSHIP 57, RANGE 22.

**TORRENS PROPERTY**

CURRENT CERTIFICATE NO. **24871**

PIN NO. 95-035-1401

## TRACT NOS. 6, 7, 8 AND 9

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:

THAT PART OF THE NW ¼, SECTION 36, TOWNSHIP 57 N, RANGE 22 W, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTH ¼ CORNER OF SAID SECTION 36 AND ASSUMING THE NORTH LINE OF THE NW ¼ OF SAID SECTION 36 TO BEAR N 88º13'51" W; THENCE N 88º13'51" W ALONG SAID NORTH LINE 1886.17 FEET TO THE EAST RIGHT OF WAY LINE OF THE BURLINGTON NORTHERN RAILROAD; THENCE S 41º05'22" W ALONG SAID RIGHT OF WAY LINE 1241.62 FEET TO THE WEST LINE OF SAID SECTION 36; THENCE S 4º4'15" W ALONG THE WEST LINE OF SAID SECTION 36, A DISTANCE OF 725.75 FEET; THENCE S 88º02'10" E 1,424.63 FEET TO A POINT ON THE WEST LINE OF THE SE ¼ OF THE NW ¼ OF SAID SECTION 36; THENCE S 67º48'00" E 1,200.95 FEET; THENCE N 17º23'37" E 2,183.44 FEET TO THE NORTH LINE OF SAID SECTION 36; THENCE N 87º18'35" W ALONG SAID NORTH LINE 436.07 FEET TO THE POINT OF BEGINNING, EXCEPT MINERALS AND MINERAL RIGHTS.

THE ABOVE LEGAL DESCRIPTION INCLUDES THE FOLLOWING PARCEL ID'S: 92-036-2301, 92-036-2401,92-036-2202 & 92-036-2101

ABSTRACT PROPERTY

## TRACT NO. 10

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:

THAT PART OF THE SW ¼ OF THE SW ¼, SECTION 25, TOWNSHIP 57 N, RANGE 22, W OF THE 4TH PRINCIPAL MERIDIAN, WHICH LIES WITHIN THE FOLLOWING DESCRIPTION:

"BEGINNING AT THE S ¼ CORNER OF SAID SECTION 25, AND ASSUMING THE S LINE OF SAID SW ¼ TO BEAR N 88º13'51" W; THENCE N 88º13'51" W ALONG SAID SOUTH LINE 1886.17 FEET TO THE EAST RIGHT-OF-WAY OF THE BURLINGTON NORTHERN RAILROAD; THENCE N 41º05'22" E ALONG SAID RIGHT-OF-WAY 2863.22 FEET TO THE EAST LINE OF SAID SW ¼; THENCE S 00º05'23" E ALONG THE EAST LINE OF SAID SW ¼ 2216.20 FEET TO THE POINT OF BEGINNING, CONTAINING 47.96 ACRES MORE OR LESS" ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY THEREOF.

**TORRENS PROPERTY**

CURRENT CERTIFICATE NO**. 24879**

PIN #92-025-3304

## TRACT NOS. 11 AND 12

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:

THAT PART OF THE NE ¼ OF THE SW ¼ AND THAT PART OF THE SE ¼ OF THE SW ¼, SECTION 25, TOWNSHIP 57 N, RANGE 22 W, DESCRIBED AS FOLLOWS:

BEGINNING AT THE S ¼ CORNER OF SAID SECTION 25 AND ASSUMING THE SOUTH

LINE OF SAID SW ¼ TO BEAR N 88º13'51" W; THENCE N 88º13'51" W ALONG SAID SOUTH LINE 1886.17 FEET TO THE EAST RIGHT OF WAY OF THE BURLINGTON NORTHERN RAILROAD; THENCE N 41º05'22" E ALONG SAID RIGHT OF WAY 2863.22 FEET TO THE EAST LINE OF SAID SW ¼; THENCE S 00º05'23" E ALONG THE EAST LINE OF SAID SW ¼ 2216.20 FEET TO THE POINT OF BEGINNING, EXCEPT MINERALS AND MINERAL RIGHTS.

THE ABOVE LEGAL DESCRIPTION INCLUDES THE FOLLOWING PARCEL ID'S: 92-025-3401 & 92-025-3101

ABSTRACT PROPERTY

**TRACT NO. 13**

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:

THAT PART OF THE N ½ OF THE NW ¼ OF SE ¼, SECTION 25, TOWNSHIP 57, RANGE 22 W, INCLUDED IN THE FOLLOWING LEGAL DESCRIPTION:

THAT PORTION OF THE NW ¼ OF THE SE ¼, SECTION 25, TOWNSHIP 57 N, RANGE 22 W OF THE 4TH PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:

ASSUME THE WEST PROPERTY LINE OF SAID NW ¼ OF THE SE ¼ TO HAVE A BEARING OF S 0º23'25" E, STARTING AT THE CENTER ¼ CORNER OF SECTION 25, TOWNSHIP 57, RANGE 22; THENCE ON A BEARING S 0º23'25" E ON AND ALONG THE SAID WEST PROPERTY LINE A DISTANCE OF 278.00 FEET TO THE POINT OF BEGINNING; THENCE ON A BEARING S 0º23'25" E, ON AND ALONG THE SAID WEST PROPERTY LINE A DISTANCE OF 962.75 FEET; THENCE ON A BEARING S 89º11'39" E ALONG THE SOUTH PROPERTY LINE OF THE SAID NW ¼ OF THE SE ¼ A DISTANCE OF 181.53 FEET; THENCE ON A BEARING N 0º23'25" W A DISTANCE OF 533.42 FEET; THENCE DUE EAST A DISTANCE OF 50 FEET; THENCE DUE NORTH A DISTANCE OF 400 FEET; THENCE DUE WEST A DISTANCE OF 52.73 FEET; THENCE ON A BEARING N 40º14'52" W A DISTANCE OF 163.01 FEET; THENCE ON A BEARING S 39º31'47" W A DISTANCE OF 120 FEET MORE OR LESS TO THE POINT OF BEGINNING.

ABSTRACT PROPERTY

PIN #92-025-4203

**TRACT NO. 14**

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:

THAT PART OF THE SW ¼ OF THE NW ¼, SECTION 12, TOWNSHIP 55, RANGE 25, LYING NORTH AND WEST OF HIGHWAY NO. 169

LESS

THE W 337.0 FEET OF THE S 323.0 FEET OF THE SW ¼ OF NW ¼; AND

LESS

THAT PART OF THE SW ¼ OF NW ¼ LYING NORTHERLY OF THE S 323.00 FEET THEREOF AND LYING SOUTHWESTERLY OF THE FOLLOWING DESCRIBED LINE: COMMENCING AT THE SOUTHWEST CORNER OF SAID SW ¼ OF NW ¼; THENCE N 01º09'30" E, ASSIGNED BEARING, ALONG THE WEST LINE OF SAID SW ¼ OF NW ¼ A DISTANCE OF 639.98 FEET TO THE POINT OF BEGINNING OF THE LINE TO BE HEREIN DESCRIBED; THENCE S 45º54'40" E 460.27 FEET TO THE NORTHEAST

6

CORNER OF THE S 323.00 FEET OF THE W 337.00 FEET OF SAID SW ¼ OF NW ¼ AND SAID DESCRIBED LINE THERE TERMINATING.
ABSTRACT PROPERTY
PIN #88-012-2303

### TRACT NO. 15

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:

THAT PART OF THE SE ¼ OF NE ¼, SECTION 11, TOWNSHIP 55, RANGE 25 W, DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHEAST CORNER OF SAID SE ¼ OF THE NE ¼; THENCE N 01º09'30" E ASSUMED BEARING ALONG THE EAST LINE OF SAID SE ¼ OF NE ¼ 639.98 FEET TO THE POINT OF BEGINNING OF THE TRACT TO BE HEREIN DESCRIBED; THENCE N 88º50'30" W 440.00 FEET TO THE NORTHERLY RIGHT OF WAY LINE OF JESSIE MINE ROAD; THENCE S 45º53'36" E ALONG SAID NORTHERLY RIGHT OF WAY LINE 295.71 FEET; THENCE S 40º10'09" E CONTINUING ALONG SAID NORTHERLY RIGHT OF WAY LINE 126.53 FEET; THENCE S 41º58'52" E CONTINUING ALONG SAID NORTHERLY RIGHT OF WAY LINE 204.75 FEET TO THE EAST LINE OF SAID SE ¼ OF NE ¼; THENCE S 1º09'30" W ALONG SAID EAST LINE 134.07 FEET TO THE SOUTHERLY RIGHT OF WAY LINE OF SAID JESSIE MINE ROAD; THENCE N 14º37'20" W ALONG SAID SOUTHERLY RIGHT OF WAY LINE 35.09 FEET; THENCE N 29º08'53" W CONTINUING ALONG SAID SOUTHERLY RIGHT OF WAY LINE 59.54 FEET; THENCE N 44º11'35" W CONTINUING ALONG SAID SOUTHERLY RIGHT OF WAY LINE 50.21 FEET; THENCE N 39º38'39" W CONTINUING ALONG SAID SOUTHERLY RIGHT OF WAY LINE 272.71 FEET; THENCE N 47º09'51" W CONTINUING ALONG SAID SOUTHERLY RIGHT OF WAY LINE 231.54 FEET; THENCE S 6º37'30" E 317.62 FEET; THENCE S 42º38'23" E143.94 FEET; THENCE ON A BEARING OF S 128.55 FEET TO THE SOUTH LINE OF SAID SE ¼ OF NE ¼; THENCE WESTERLY ALONG SAID SOUTH LINE TO THE SOUTHWEST CORNER OF SAID SE ¼ OF NE ¼; THENCE NORTHERLY ALONG THE WEST LINE OF SAID SE ¼ OF NE ¼ TO THE NORTHWEST CORNER OF SAID SE ¼ OF NE ¼; THENCE EASTERLY ALONG THE NORTH LINE OF SAID SE ¼ OF NE ¼ TO THE NORTHEAST CORNER OF SAID SE ¼ OF NE ¼; THENCE SOUTHERLY ALONG THE EAST LINE OF SAID SE ¼ OF NE ¼ TO THE POINT OF BEGINNING.
ABSTRACT PROPERTY
PIN #88-011-1401

### TRACT NO. 16

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:
THE SW ¼ OF SE ¼, LESS GREAT NORTHERN RIGHT-OF-WAY, SECTION 2, TOWNSHIP 55, RANGE 25.
ABSTRACT PROPERTY
PIN #88-002-4301

### TRACT NO. 17

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF

7

ITASCA AND STATE OF MINNESOTA, TO-WIT:
GOVERNMENT LOT 6, SECTION 2, TOWNSHIP 55, RANGE 25
ABSTRACT PROPERTY
PIN #88-002-3400

**TRACT NO. 18**
THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF
ITASCA AND STATE OF MINNESOTA, TO-WIT:
GOVERNMENT LOT 5, OR THE NW ¼ OF THE SW ¼, SECTION 2, TOWNSHIP 55,
RANGE 25
LESS
THAT PART DESCRIBED AS FOLLOWS: GOVERNMENT LOT 5 LYING SOUTH OF A
LINE BEGINNING AT A POINT ON THE EAST LINE 750 FEET DUE SOUTH OF THE
NORTHEAST CORNER; THENCE S 45º W TO THE SHORE OF PRAIRIE RIVER AND
THERE TERMINATE.
ABSTRACT PROPERTY
PIN #88-002-3201

**TRACT NO. 19**
THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF
ITASCA AND STATE OF MINNESOTA, TO-WIT:
THE NW ¼ OF SE ¼, LESS GREAT NORTHERN RIGHT-OF-WAY, SECTION 2,
TOWNSHIP 55, RANGE 25
ABSTRACT PROPERTY
PIN #88-002-4200

**TRACT NO. 20**
THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF
ITASCA AND STATE OF MINNESOTA, TO-WIT:
THE NE ¼ OF SW ¼, SECTION 2, TOWNSHIP 55, RANGE 25
ABSTRACT PROPERTY
PIN #88-002-3100

**TRACT NOS. 21, 22, 23, 24, 28, 29 AND 30**
THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF
ITASCA AND STATE OF MINNESOTA, TO-WIT:
THE SE ¼ OF THE NE ¼, SECTION 35, TOWNSHIP 56 N, RANGE 25 W OF THE 4TH
PRINCIPAL MERIDIAN, SUBJECT TO EXCEPTIONS OF RECORD, ACCORDING TO
THE UNITED STATES GOVERNMENT SURVEY THEREOF.
LESS THAT PART DESCRIBED AS: FROM THE SE 1/16TH CORNER OF THE SW ¼ OF
THE NE ¼, OF SAID SECTION 35, GOING NORTHERLY ALONG THE PROPERTY LINE
WITH A BEARING OF N 00º54'18" E A DISTANCE OF 205.00 FEET TO POINT "A" THE
POINT OF BEGINNING; THENCE SOUTHEASTERLY WITH A BEARING OF S 80º30'00"
E A DISTANCE OF 775.00 FEET TO POINT "B"; THENCE DUE S A DISTANCE OF 169.62
FEET TO POINT "C"; THENCE SOUTHWESTERLY WITH A BEARING OF S 45º00'00 W
A DISTANCE OF 424.27 FEET TO POINT "D"; THENCE SOUTHWESTERLY WITH A

8

BEARING OF S 27º00'00" W A DISTANCE OF 200.00 FEET TO POINT "E"; THENCE SOUTHWESTERLY WITH A BEARING OF S 70º45'00" W A DISTANCE OF 372.24 FEET TO POINT "F"; THENCE SOUTHWESTERLY WITH A BEARING OF S 82º58'00" W A DISTANCE OF 809.20 FEET TO POINT "G"; THENCE DUE W A DISTANCE OF 1521.89 FEET TO POINT "H"; THENCE NORTHWESTERLY WITH A BEARING OF N 46º00'00" W A DISTANCE OF 317.27 FEET TO POINT "I"; THENCE DUE N A DISTANCE OF 324.83 FEET TO POINT "J"; ON THE WEST PROPERTY LINE OF THE NE ¼ OF THE SW ¼ OF SAID SECTION 35; THENCE NORTHEASTERLY ALONG PROPERTY LINE WITH A BEARING OF N 03º01'00" E A DISTANCE OF 257.68 FEET TO THE NW 1/16TH CORNER OF THE NE ¼ OF THE SW ¼, SAID SECTION 35; THENCE NORTHWESTERLY ALONG PROPERTY LINE WITH A BEARING OF N 00º12'37" W A DISTANCE OF 57.00 FEET TO POINT "K"; THENCE NORTHEASTERLY WITH A BEARING OF N 74º25'00" E A DISTANCE OF 664.29 FEET TO POINT "L"; THENCE SOUTHEASTERLY WITH A BEARING OF S 88º45'57" E A DISTANCE OF 1878.30 FEET TO POINT "A" THE POINT OF BEGINNING.

AND

TORRENS NO. 279:

LOTS 2, 3, 4, THE SW ¼ OF THE NE ¼ AND THE S ½ OF THE NW ¼ , SECTION 2, TOWNSHIP 55 N, RANGE 25, W OF THE 5TH PRINCIPAL MERIDIAN, ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY THEREOF.

SUBJECT TO THE RIGHTS AND EASEMENTS CONVEYED BY THE VERMILLION RANGE LAND COMPANY, A WISCONSIN CORPORATION, TO THE GREAT NORTHERN RAILWAY COMPANY, A MINNESOTA CORPORATION, BY THAT CERTAIN RIGHT OF WAY DEED, WHICH IS DATED 4/12/1909 AND FILED FOR RECORD 4/26/1909, IN THE OFFICE OF THE REGISTER OF DEEDS OF SAID ITASCA COUNTY, MINNESOTA, AND RECORDED THEREIN IN BOOK 50 OF DEEDS PAGE 14 THEREOF; WHICH SAID DEED CONVEYS A STRIP OF LAND 100 FEET WIDE BEING 50 FEET WIDE ON EACH SIDE OF THE CENTER LINE OF THE RAILWAY OF SAID RAILWAY COMPANY AS THE SAME WAS ON THE DATE OF DELIVERY OF SAID DEED, LOCATED AND ESTABLISHED AND NOW IS CONSTRUCTED OVER AND ACROSS FROM THE NORTH TO THE SOUTH SIDE OF LOT 2, AND ALSO FROM THE NORTH TO THE SOUTH SIDE OF THE SW ¼ OF THE NE ¼ OF SECTION 2, TOWNSHIP 55 N, RANGE 25, W OF THE 4TH PRINCIPAL MERIDIAN, ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY THEREOF, CONTAINING 6.10 ACRES, MORE OR LESS; THE RIGHT TITLE OF SAID GREAT NORTHERN RAILWAY COMPANY BEING SUBJECT, HOWEVER TO THE RESERVATIONS AND EXCEPTIONS IN SAID DEED CONTAINED, BY WHICH RESERVATIONS AND EXCEPTIONS THERE IS RESERVED IN SAID VERMILLION RANGE LAND COMPANY, ALL TIMBER, IRON ORE AND OTHER MINERALS, UPON, IN OR UNDER SAID RIGHT-OF-WAY, TOGETHER WITH THE RIGHT TO EXPLORE FOR, MINE AND REMOVE THE SAME IN THE USUAL MANNER; AND ALSO TO THE CONDITIONS AND AGREEMENTS IN SAID DEED AND SAID RECORD THEREOF CONTAINED, PROVIDING FOR THE SHIFTING OF SAID RIGHT OF WAY IN CASE SAID VERMILLION RANGE LAND COMPANY, OR ITS ASSIGNS SHALL DISCOVER A BED OR VEIN OF IRON ORE OR OTHER MINERAL UNDERLYING SAID RIGHT OF WAY AND SHALL WISH TO MINE AND REMOVE THE SAME AND SHALL COMPLY WITH THE CONDITIONS

CORE/3515316.0003/154579485.1

PRECEDENT THERETO AS IN SAID DEED AND THE RECORD THEREOF SET FORTH; AND SAID LOTS 2, 3, 4, THE S ½ OF THE NW ¼ AND THE SW ¼ OF THE NE ¼, SECTION 2, TOWNSHIP 55 N, RANGE 25 W OF THE 4TH PRINCIPAL MERIDIAN, ARE SUBJECT, ALSO TO  A CERTAIN INDENTURE OF LEASE BEARING DATE 3/22/1913, MADE BY SAID VERMILLION RANGE LAND COMPANY, LESSOR TO INTER-STATE IRON COMPANY, A MINNESOTA CORPORATION, LESSEE WHICH LEASE WAS RECORDED IN THE OFFICE OF THE REGISTER OF DEEDS OF SAID ITASCA COUNTY, 1/9/1914 AND RECORDED IN BOOK 32 OF MISCELLANEOUS RECORDS ON PAGE 295; RECORD REFERENCE TO THE ABOVE DESCRIBED INSTRUMENTS IS HEREBY MADE FOR GREATER CERTAINTY.
AND

TORRENS NO. 535:
THE SE ¼ OF THE NE ¼, SECTION 2, TOWNSHIP 55 N, RANGE 25, W OF THE 4TH PRINCIPAL MERIDIAN, ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY THEREOF.
THE ABOVE LEGAL DESCRIPTION INCLUDES THE FOLLOWING PARCEL ID'S: 88-002-1200, 88-002-1300, 88-002-1401, 88-002-2100, 88-002-2201, 88-002-2300 AND 88-002-2400.
**TORRENS PROPERTY**
CURRENT CERTIFICATE NOS. **24884 and 24885**

## TRACT NO. 25
THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:
THE SW ¼ OF NW ¼, SECTION 1, TOWNSHIP 55, RANGE 25
ABSTRACT PROPERTY
PIN #88-001-2301

## TRACT NO. 26
THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:
GOVERNMENT LOT 4, SECTION 1, TOWNSHIP 55, RANGE 25
ABSTRACT PROPERTY
PIN #88-001-2200

## TRACT NO. 27
THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:
GOVERNMENT LOT 1, SECTION 2, TOWNSHIP 55, RANGE 25
ABSTRACT PROPERTY
PIN #88-002-1100

## TRACT NO. 31
THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:

CORE/3515316.0003/154579485.1

THE SE ¼ OF SE ¼, SECTION 34, TOWNSHIP 56, RANGE 25 LESS THE W ½ AND LESS PORTION LYING NORTH OF OLD COUNTY ROAD 61.
ABSTRACT PROPERTY
PIN #02-034-4401

**TRACT NO. 32**
THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF ITASCA AND STATE OF MINNESOTA, TO-WIT:
THE NE ¼ OF THE SE ¼, SECTION 35, TOWNSHIP 56 N, RANGE 25 W, ITASCA COUNTY, MINNESOTA, EXCEPT THAT PORTION THEREOF DESCRIBED AS FOLLOWS:
FROM THE SE 1/16TH CORNER OF THE SW ¼ OF THE NE ¼, SECTION 35, TOWNSHIP 56, RANGE 25, GOING NORTHERLY ALONG THE PROPERTY LINE WITH A BEARING OF N 00º54'18" E A DISTANCE OF 205.00 FEET TO POINT "A" THE POINT OF BEGINNING; THENCE SOUTHEASTERLY WITH A BEARING OF S 80º30'00" E A DISTANCE OF 775.00 FEET TO POINT "B"; THENCE DUE SOUTH A DISTANCE OF 169.62 FEET TO POINT "C"; THENCE SOUTHWESTERLY WITH A BEARING OF S 45º00'00" W A DISTANCE OF 424.27 FEET TO POINT "D"; THENCE SOUTHWESTERLY WITH A BEARING OF S 27º00'00" W A DISTANCE OF 200.00 FEET TO POINT "E"; THENCE SOUTHWESTERLY WITH A BEARING OF S 70º45'00" W A DISTANCE OF 372.24 FEET TO POINT "F"; THENCE SOUTHWESTERLY WITH A BEARING OF S 82º58'00" W A DISTANCE OF 809.20 FEET TO POINT "G"; THENCE DUE WEST A DISTANCE OF 1521.89 FEET TO POINT "H"; THENCE NORTHWESTERLY WITH A BEARING OF N 46º00'00" W A DISTANCE OF 312.27 FEET TO POINT "I"; THENCE DUE NORTH A DISTANCE OF 324.83 FEET TO POINT "J"; ON THE WEST PROPERTY LINE OF THE NE ¼ OF THE SW ¼, SECTION 35, TOWNSHIP 56, RANGE 25; THENCE NORTHEASTERLY ALONG PROPERTY LINE WITH A BEARING OF N 03º01'00" E A DISTANCE OF 257.68 FEET TO THE NW 1/16TH CORNER OF THE NE ¼ OF THE SW ¼, SECTION 35, TOWNSHIP 56, RANGE 25; THENCE NORTHWESTERLY ALONG PROPERTY LINE WITH A BEARING OF N 00º12'37" W A DISTANCE OF 57.00 FEET TO POINT "K"; THENCE NORTHEASTERLY WITH A BEARING OF N 74º25'00" E A DISTANCE OF 664.29 FEET TO POINT "L"; THENCE SOUTHEASTERLY WITH A BEARING OF S 88º45'57" E A DISTANCE OF 1878.30 FEET TO POINT "A" THE POINT OF BEGINNING.
ABSTRACT PROPERTY
PIN #02-035-4101

3.      The Real Property includes all of the trustee's right, title, and interest in all of the

buildings, fixtures, improvements, leases, maps, reports, plans, and other such material having to

do with the Real Property, including all land use entitlements, governmental permits and

allocations, and other such governmental and agency approvals as may exist concerning the Real

Property. The Real Property also includes all personal property of every kind which are or were

used in connection with the ownership, mining, use, or occupancy of the Real Property or that are now or hereafter located on, attached to, incorporated in (regardless of where located), or affixed to the Real Property.

4.      To the extent that the legal description associated with Parcel 92-036-2301 includes Parcel 92-036-1200, the legal description is amended so as not include Parcel 92-036-1200. For the sake of clarity, Parcel 92-036-1200 is excluded from the sale.

5.      In addition, and upon the closing, PRM shall grant a purchase option for the Jessie Load Out to the trustee as owner of Plants 2 and 4 upon the sale of the chapter 7 case. Specifically, PRM will convey, at the option of the owner of either Plant 2 and Plant 4, all of PRM's rights, title, and interest in parcels 88-002-4200 and 88-002-4301 of Jessie Load Out not sooner than January 1, 2021, and with such option expiring not later than January 1, 2023, for a price of $500,000.00. PRM shall retain an easement on the Jessie Load Out for PRM's reasonable and necessary use of parcels 88-002-4200 and 88-002-4301 to ship and store product produced at Plant 1, with such use not to unreasonably interfere with the fee titleholder's interest in Jessie Load Out, and with PRM bearing its reasonable costs associated with such use. Similarly, the owner of Plant 2 and Plant 4 will be granted an easement on parcels 88-012-2303 and 88-011-1401 to ensure access to parcels 88-002-4200 and 88-002-4301.

6.      The owner of Plant 4 shall be granted at its request, a non-exclusive, perpetual easement at no charge to use the existing road on parcels 88-001-2200, 88-001-2301, 88-002-1401, 88-002-1300 and 88-002-4200 for access between Plant 4 and Jessie Load Out. The easement may require that the owner of Plant 4 pay a pro rata share of the cost of maintaining that road based on road usage associated with Plant 4 compared to total road usage. The owners

12

of Plant 1, Plant 4 and Jessie Load Out shall reasonably negotiate regarding usage of Jessie Load Out on an equitable basis for the benefit of Plant 1 and Plant 4.

7.     Prairie River Minerals is authorized, but is not obligated, in its sole discretion, to request that the trustee assume and assign, subject to bankruptcy court approval, any and all contracts, easements, licenses, and leases, including any and all rights to mine minerals, that are held by the estate, in any way related or appurtenant to the Real Property (collectively, the "Assigned Contracts").

8.     All liens, encumbrances or other interests on the property sold, including without limitation any liens, encumbrances or other interests held by Wilmington Savings Fund Society, FSB, as Indenture Trustee, Merida National Resources, LLC, Progress Rail Leasing Corporation, and Lighthouse Management Group, Inc., as administrative agent for certain mechanic's and/or miner's lien claimants, shall attach to the proceeds of the sale of the property with the same dignity, priority and extent as held against the property prior to the sale and such proceeds shall be held by the trustee in a segregated account pending further order of the court. Notwithstanding anything set forth in the trustee's sale motion or herein, any issues as to the characterization of the Property as real or personal property and as to priority of the secured creditors that assert liens in and to such Property can be determined at a later time and all of the secured creditors' rights as to such issues are hereby fully reserved, including any rights of offset or other claims and defenses that may be asserted by the trustee. The trustee's rights, if any, to surcharge are preserved.

9.     The trustee is authorized to use the sale proceeds to pay all expenses of the sale within thirty days of closing.

10.     The fourteen-day stay as provided by Fed. R. Bankr. P. 6004(h) is waived.

CORE/3515316.0003/154579485.1

11.     The debtor's property is being sold "as is, where is" without any representations and warranties.

12.     The trustee and her representatives are authorized to take such other actions and execute and deliver such additional documents or instruments as will be reasonably necessary to effectuate the transactions contemplated in the trustee's motion.

13.     The trustee is authorized to sell the real property upon all the terms set forth in the trustee's motion, this order, and any agreement entered into by the parties.

14.     Nothing in this order discharges, releases, enjoins or otherwise bars or limits: (A) any liability to the State of Minnesota of the debtor, its estate, or the successors, transferees, or assigns of the debtor or its estates if such liability arises on or after the effective date; (B) any liability to the State of Minnesota that is not a "claim" within the meaning of 11 U.S.C. § 101(5); (C) any right of setoff or recoupment against the debtor (and all such setoff and recoupment rights are preserved and not waived whether or not asserted in a timely-filed proof of claim); (D) any police or regulatory action of the State; (E) any environmental liability to the State of Minnesota that the debtors, its estates, or the successors, transferees, or assigns of the debtor's or its estates may have as an owner or operator of a mine property, or otherwise; or (F) any liability to the State of Minnesota that the debtor, its estates, or the successors, transferees, or assigns of the debtor or its estates may have as a holder of a permit to mine, water appropriation permit, dam permit, or state disposal system (SDS) permit; *provided, however*, that, notwithstanding the foregoing, nothing in this paragraph shall limit, diminish or otherwise alter any party's defenses, claims, causes of action or other rights under applicable non-bankruptcy or bankruptcy law with respect to any liability that may exist to the State of Minnesota.

CORE/3515316.0003/154579485.1

15.     Endurance Assurance Corporation and Continental Heritage Insurance Co., (collectively, "Sureties" and, each individually, "Surety") have issued commercial surety bonds on behalf of the debtor with respect to assets and other contractual obligations to be transferred from the chapter 7 trustee to PRM (collectively, the "Existing Surety Bonds" and, each individually, an "Existing Surety Bond").

16.     To the extent that any of the Existing Surety Bonds relate to the debtor's assets to be transferred, which include, without limitation, the Real Property subject to reclamation claims from the State of Minnesota, mining permits, surface leases and mine related facilities, and other contractual obligations, such Existing Surety Bonds shall be replaced, in part, by PRM (collectively, the "Replacement Surety Bonds" and, each individually, a "Replacement Surety Bond"), subject to the following conditions:

i.      The necessity of any Replacement Surety Bond on the Real Property, and the penal sum of those replacement bonds as financial assurance, is subject to determination by the Minnesota Department of Natural Resources according to Minnesota law and applicable federal law. Applications for the transfer of any permits, if any, from the Trustee to PRM, as required by applicable law, will be made no later than thirty (30) days after closing. A Replacement Surety Bond, in an amount required by the Minnesota Department of Natural Resources, shall be timely submitted as required as part of any applicable permit transfer and bonding regulations. In no event shall this provision be construed to require that PRM obtain or provide financial assurances related to any real property other than the Real Property that is the subject of this order.

15

ii.    The debtor entered into certain indemnity agreements or related agreements with the Sureties (collectively, the "Existing Indemnity Agreements" and, each, an "Existing Indemnity Agreement"). Upon the transfer or acquisition of a permit, as described in Paragraph 16(i) above, and upon the request of any of the Sureties, PR agrees to execute a new indemnity agreement, either with the Sureties or with some other replacement surety or sureties, in a form satisfactory to the applicable Surety in its discretion, which shall be exercised in a reasonably commercial manner, for any Replacement Surety Bond, but in no event shall either Surety require a form of indemnity agreement that is in any way materially different from the Existing Indemnity Agreement, which was attached as Exhibit C to Claim 12-1 at 49–55.

17.    The discharge or release of any claim contained in any purchase agreement or in this order shall not release, discharge, preclude, or enjoin any obligation of the debtor (prior to the closing date) to the Sureties under the Existing Surety Bonds, Existing Indemnity Agreements, and obligations under the common law of suretyship and, solely to the extent that such Existing Surety Bonds are not replaced by the Replacement Surety Bonds, such obligations to the Sureties are not being released, discharged, precluded or enjoined by any purchase agreement, this order or agreements with third parties.

18.    Notwithstanding any other provision of the purchase agreement or this order all, collateral, on which the applicable Surety had a perfected lien as of the closing date, other than any assets contained in the purchase agreement and letters of credit and proceeds from drawn letters of credit issued to the Sureties as security for the debtor's obligations under the Existing

Surety Bonds (collectively, the "Surety Collateral") shall remain in place to secure all payment and performance obligations of (a) the debtor under the Existing Surety Bonds or for obligations arising under the Existing Indemnity Agreements until replaced or released in the bonds entirety and (b) thereafter PRM under the Replacement Surety Bonds, any new indemnity agreements, or new collateral trust agreements and accounts related thereto; provided, however, that nothing in the purchase agreement or this order shall be deemed to limit such Surety's right to utilize any Surety Collateral.

19.     Notwithstanding any other provisions of the purchase agreement or other agreements between the debtor/trustee and third parties, nothing in the release provisions of the purchase agreement or this order shall be deemed to apply to the Sureties' claims to pursue the Surety Collateral, nor shall these provisions be interpreted to bar, impair, prevent or otherwise limit the Sureties from exercising their valid rights under or with respect to any of the Existing Surety Bonds (until fully replaced), Replacement Surety Bonds, any related indemnity agreements, letters of credit, or applicable law, including the common law of suretyship. Nothing in the purchase agreement or this order shall be interpreted to alter, diminish, or enlarge the rights or obligations of the Sureties in regard to state and federal agencies, third parties, or otherwise under any surety bonds, any indemnity agreements or applicable law. Further, nothing contained in the purchase agreement shall constitute or be deemed a waiver of any cause of action that in any way relates to the Existing Surety Bonds held by the debtor or the Trustee against any entity.

Dated:                              _____

                                    William J. Fisher
                                    United States Bankruptcy Judge

CORE/3515316.0003/154579485.1

## **VERIFICATION**

I, Nauni Jo Manty, the chapter 7 trustee, named in the foregoing application, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated:  September 5, 2019

_____
Nauni J. Manty, Trustee

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                BKY 18-50378 (WJF)
                                                      Chapter 7
ERP Iron Ore, LLC,

            Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

I declare under the penalty of perjury that on September 5, 2019, I caused the following

documents: **Application for an Amended Order Authorizing Sale of Certain of the Debtor's

Property Free and Clear of Liens, Encumbrances and Other Interests in Connection with

Plant 1 and Jesse Load Out to Correct Legal Descriptions**, **Proposed Order** and this

**Unsworn Certificate of Service** to be filed electronically with the Clerk of Court through ECF,

and that ECF will send an e-notice of the electronic filing to the ECF participants.

I further declare that I mailed copies of the foregoing **Application for an Amended

Order Authorizing Sale of Certain of the Debtor's Property Free and Clear of Liens,

Encumbrances and Other Interests in Connection with Plant 1 and Jesse Load Out to

Correct Legal Descriptions, Proposed Order** and this **Unsworn Certificate of Service** by

U.S. Mail postage prepaid to the parties named below at the addresses stated below:

| | |
|---|---|
| ERP Iron Ore, LLC<br>7908 US Highway 169, Suite B<br>Bovey, MN 55709 | Christopher D. Anderson<br>Allete, Inc. d/b/a Minnesota Power<br>30 West Superior Street<br>Duluth, MN 55802 |
| Laura E. Appleby<br>Chapman and Cutler LLP<br>1270 Avenue of the Americas<br>New York, NY 10020<br>*Attorneys for Interested Party Ad Hoc Committee*<br>*of PIK Toggle Noteholders* | Donna Culver<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899<br>*Attorneys for Weir Minerals Netherlands B.V.* |

5

| | |
|---|---|
| Michael Friedman<br>Chapman and Cutler LLP<br>1270 Avenue of the Americas<br>New York, NY 10020<br>*Attorneys for Interested Party Ad Hoc Committee*<br>*of PIK Toggle Noteholders* | Thomas A. Labuda, Jr.<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br>*Attorneys for Jefferies, LLC* |
| Lamey Law Firm PA<br>980 Inwood Ave N<br>Oakdale, MN 55128<br>*Attorneys for Weir Minerals Netherlands B.V.* | Matthew E. Linder<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br>*Attorneys for Jefferies, LLC* |
| Ian T Peck<br>2323 Victory Avenue, Suite 700<br>Dallas, TX 75219<br>*Attorneys for BNSF Railway Company* | Jeremy B Reckmeyer<br>Hunton Andrews Kurth LLP<br>450 Lexington Ave, 15th Floor<br>New York, NY 10017<br>*Attorneys for Liquidity Solutions, Inc.* |
| Timothy Daniel Reynolds<br>Jones Day<br>901 Lakeside Avenue<br>Cleveland, OH 44114-1190<br>*Attorneys for Cleveland-Cliffs Inc.* | Paul N Silverstein<br>Hunton Andrews Kurth LLP<br>450 Lexington Ave, 15th Floor<br>New York, NY 10017<br>*Attorneys for Liquidity Solutions, Inc* |
| Thomas M Wearsch<br>Jones Day<br>901 Lakeside Avenue<br>Cleveland, OH 44114-1190<br>*Attorneys for Cleveland-Cliffs, Inc.* | Lee Woodard<br>Harris Beach PLLC<br>333 West Washington, Suite 200<br>Syracuse, NY 13202<br>Email: lwoodard@harrisbeach.com<br>*Attorneys for Sompo International Insurance* |
| Steven Wilamowsky<br>Chapman and Cutler LLP<br>1270 Avenue of the Americas<br>New York, NY 10020<br>*Attorneys for Interested Party Ad Hoc Committee*<br>*of PIK Toggle Noteholders* | Samuel Reynolds, Jr., Counsel – Litigation<br>United States Steel Corporation<br>600 Grant Street, 15th Floor<br>Pittsburgh, PA 15219 |

Executed on: September 5, 2019

*/e/ Kevin Carnahan*
Kevin Carnahan, Legal Assistant
Manty & Associates, P.A.
401 Second Avenue North, Suite 400
Minneapolis, MN  55401
Telephone: 612-465-0990

6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                  Chapter 7
                                                               BKY 18-50378 (WJF)
ERP Iron Ore, LLC,

        Debtor.

## ORDER

This matter came before the court on the application of Nauni Jo Manty, the chapter 7 trustee of the bankruptcy estate of ERP Iron Ore, LLC, for an amended order authorizing the sale of certain of the debtor's property free and clear of liens, encumbrances and other interests in connection with Plant 1 and Jesse Load Out to correct legal descriptions. Based upon all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED:** The trustee's application for an amended order authorizing the sale of certain of the debtor's property free and clear of liens, encumbrances and other interests in connection with Plant 1 and Jesse Load Out to correct legal descriptions is approved. The court will enter the order attached to the application as Exhibit A.

Dated:

_____
William J. Fisher
United States Bankruptcy Judge

7