UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

ERP IRON ORE, LLC,

Debtor.

Case No. 18-50378 (WJF)
Chapter 7

**NOTICE OF SETTLEMENT OR COMPROMISE**

TO:   The United States Trustee, all creditors and other parties in interest:

On <u>October 7, 2019</u>, or as soon thereafter as the transaction may be completed and subject to objection under applicable rules and subject to a written stipulation of settlement entered into by the Chapter 7 Trustee and Wilmington (each as defined below), the trustee will settle a controversy as follows:

Nauni Manty (the "Chapter 7 Trustee") is holding the following funds in segregated accounts: (a) the net sale proceeds from the sale of the Indiana assets of $6,725,000.00; (b) $700,942.33 related to the Jefferies, LLC fee application resolution; (c) proceeds from a debtor in possession account of approximately $519,759.36 (which is subject to a cash collateral stipulation and further reduction in connection therewith)(the "DIP Account"); the payroll account in the amount of $63,211.84 (the "Payroll Account") and professional fees of $21,852.46 (the "Professional Fee Account"). In addition, the Chapter 7 trustee is holding or will be holding the net sale proceeds in connection with the sale of the Minnesota assets, which includes, but is not limited to, Plant 1, Jessie Load Out, Plant 2 Plant 4, and the Torrens real property (the "Minnesota Proceeds").

Progress Rail Leasing Corporation, Wilmington Savings Fund Society, FSB, ("Wilmington"), Merida National Resources, LLC, Thomas M. Clarke and Ana M. Clarke commenced an adversary proceeding against White County, Indiana, Nauni Manty and Lighthouse Management Group, Inc. *See* ADV. 18-05034. The adversary proceeding is seeking to, among other things, determine the validity, priority and extent of Wilmington's interest in the sale proceeds of the Indiana assets. The Chapter 7 Trustee asserted various counterclaims against Wilmington. Wilmington and the Chapter 7 Trustee attended a mediation on August 23, 2019 and were able to resolve the claims against one another in connection with the claims of ADV. 18-05034, Wilmington's interest in the proceeds related to the Jefferies fee application, and Wilmington's interest in the proceeds from the sale of the Minnesota property.

The settlement provides that Wilmington shall receive $6,725,000.00 from the Indiana sale proceeds. In addition, Wilmington shall receive $350,942.33 of the Jefferies monies. Wilmington shall receive a total of $7,075,942.33 pursuant to its secured claim in the bankruptcy case. Wilmington will, however, retain a deficiency unsecured claim in the bankruptcy case, the recovery of which shall be subject to reduction solely by such amounts as may be (a) paid to Wilmington by a guarantor of Wilmington's claim and/or (b) received by Wilmington pursuant to its properly perfected security interest in the remaining property of the Debtor. Wilmington, further, will retain its secured claim, with the same dignity, priority or extent that it has in the DIP

Account, the Professional Fee Account and Payroll Account, with exception to any property sold or to be sold as a part of the sale of Plant 1, Plant 2, Plant 4 and Jessie Load Out, the Torrens Minnesota real property and the proceeds thereof.

In exchange for the payment of $7,075,942.33, Wilmington shall assign its mortgages in connection with the Minnesota Torrens real property and assign its right to receive an amount equal to approximate amount of the sale proceeds attributable to the Minnesota Torrens property, to the Chapter 7 Trustee for the benefit of the estate. The parties have agreed that the assignment of a portion of amount of the note shall not reduce Wilmington's unsecured claim. Wilmington will also release its lien in the remaining $350,000.00 of the Jefferies monies to the estate. Upon consummation of the terms set forth herein and subject to the terms set forth herein, the Chapter 7 Trustee and Wilmington shall also mutually release all claims against one another. Wilmington and the Trustee shall file a stipulation of dismissal in the adversary proceeding, dismissing the claims against each other with prejudice and without costs to either party.

Within five days of court approval of the Notice of Settlement, the trustee shall disburse $7,075.942.33 to Wilmington pursuant to its secured claim. Because the trustee believes the settlement is in the best interests of creditors, the trustee requests that the settlement be approved as the costs of litigation will quickly offset any recovery to the estate.

**OBJECTION: MOTION: HEARING.** Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee, and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date. If an objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate. If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing. The trustee will schedule the hearing with notice by the trustee to the objecting party and the United States Trustee.

| | | |
|---|---|---|
| United States Bankruptcy Court | United States Trustee | Nauni Manty, Trustee |
| 404 U.S. Courthouse | 1015 U.S. Courthouse | 401 Second Avenue North |
| 515 West First Street | 300 South Fourth Street | Suite 400 |
| Duluth, MN 55802 | Minneapolis, MN 55415 | Minneapolis, MN 55401 |

Dated: September 12, 2019.

Signed:   */e/Nauni Manty, Trustee*
                Nauni Manty, Trustee

2