UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>ERP Iron Ore, LLC,<br><br>    Debtor. | Chapter 7<br>BKY 18-50378 (WJF) |
| Nauni Manty, as chapter 7 trustee of the bankruptcy estate of ERP Iron Ore, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ADVANTAGE TECHNOLOGY LLC,<br><br>    Defendant. | Adv. No. _____<br><br><br><br><br>**COMPLAINT** |

Plaintiff Nauni Manty, as chapter 7 trustee of the bankruptcy estate of ERP Iron Ore, LLC, for her complaint, states and alleges as follows:

1. This complaint seeks avoidance and recovery under 11 U.S.C. §§ 547, 549, 550 and 551 against the defendant in the approximate amount of $13,491.37.

2. The debtor's bankruptcy case was commenced by the filing of an involuntary petition for relief under chapter 7 on May 25, 2018. On July 16, 2018, the debtor consented to relief under the bankruptcy code. On July 17, 2018, the court ordered relief and on that same day, the debtor voluntarily converted the case to a case under chapter 11. The case was converted to a case under chapter 7 on December 1, 2018. Ms. Manty was appointed as the chapter 7 trustee on December 3, 2018.

3. This complaint is filed under Fed. R. Bankr. P. 7001(1). This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) as an action arising in or related to a case under title 11. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

4. This adversary proceeding arises under 11 U.S.C. §§ 547, 549, 550 and 551. The trustee has standing to commence this adversary proceeding pursuant to 11 U.S.C. §§ 547, 549, 550 and 551.

5. Venue of this adversary proceeding is proper pursuant to 28 U.S.C. § 1409.

6. Upon information and belief, the defendant is a limited liability company organized and existing under the laws of West Virginia with a principal place of business at 950 Kanawha Boulevard East, Charleston, West Virginia 25301.

7. The debtor's records reflect that the following payments were made from the debtor's bank account to the defendant:

| Check No. | Clear Date | Amount |
|---|---|---|
| 1467 | March 14, 2018 | $4,843.57 |
| 1529 | April 25, 2018 | $2,450.72 |
| 1587 | June 12, 2018 | $6,197.08 |
| Total | | $13,491.37 |

The $4,843.57 payment that cleared on March 14, 2018 and the $2,450.72 payment that cleared on April 25, 2018 (together, the "prepetition transfers") were made in the ninety days before filing. The $6,197.08 payment that cleared on June 12, 2018 (the "postpetition transfer") was made postpetition – after the involuntary petition was filed, but prior to the order for relief. Upon information and belief, the postpetition transfer was made to pay prepetition obligations. To the extent there are additional transfers to the defendant, the trustee reserves the right to supplement her request for recovery.

8. On and prior to the dates it received the prepetition transfers from the debtor, the defendant was a creditor of the debtor, and held a claim and a debt against the debtor arising from goods and services provided to the debtor. The payments to the defendant by the debtor were made to pay the claim and debt owed to the defendant.

9. Unsecured creditors of the debtor are not expected to recover 100% of their claims in the chapter 7 bankruptcy case of the debtor. The prepetition transfers to the defendant resulted in a dollar-for-dollar reduction of the debt the debtor owes to the defendant, which is a better result than the defendant would have realized in a chapter 7 distribution had the transfers not been made.

## Count I – Avoidance as Preferences Under 11 U.S.C. § 547

10. The trustee restates and realleges all previous paragraphs as though fully set forth herein.

11. Section 547(b) of the bankruptcy code permits avoidance of a transfer: (1) of the debtor's interest in property; (2) to or for the benefit of a creditor; (3) for or on account of an antecedent debt owed to the debtor before the transfer was made; (4) made while the debtor was insolvent; (5) made within 90 days prior to the bankruptcy filing or up to one-year prior to the bankruptcy filing if the creditor is an insider; (6) that enabled the creditor to receive more than it would have had the transfer not been made and if the creditor received an ordinary distribution as a creditor in the debtor's chapter 7 bankruptcy.

12. The prepetition transfers were transfers of the debtor's interest in property.

13. Prior to and at the time of the each of the prepetition transfers, the defendant was a creditor of the debtor.

14. Each of the prepetition transfers was made on account of antecedent debt owed by the debtor to the defendant.

15. Each of the prepetition transfers occurred within 90 days prior to the debtor's bankruptcy filing.

16. The debtor was insolvent at the time of each of the prepetition transfers.

17. The prepetition transfers enabled the defendant to receive more than it would have received if the payments had not been made and if the defendant received payment of such debt in a chapter 7 bankruptcy case.

18. Therefore, the prepetition transfers are avoidable as preferential transfers under 11 U.S.C. § 547 and should be avoided.

**Count II – Avoidance of Unauthorized Postpetition Transfer Under 11 U.S.C. § 549**

19. The trustee restates and realleges all previous paragraphs as though fully set forth herein.

20. Section 549 of the bankruptcy code permits the trustee to avoid a transfer of property of the estate that occurs after the commencement of the case and that is authorized only under section 303(f) of the bankruptcy code or that is not authorized by the bankruptcy code or by the court.

21. The debtor made the postpetition transfer to or for the benefit of the defendant on or about June 12, 2018. This transfer was made postpetition and, upon information and belief, on account of prepetition obligations of the debtor to the defendant.

22. Therefore, the postpetition transfer is avoidable under 11 U.S.C. § 549 because it occurred after the petition date and was not authorized by the bankruptcy code or the court.

**Count III: Preservation and Recovery of the Transfers, or Money Judgment Against the Defendant Under §§ 550 and 551**

23. The trustee restates and realleges all previous paragraphs as though fully set forth herein.

24. Section 550(a) of the bankruptcy code provides "to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of the property, from– (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee."

25. Section 551 of the bankruptcy code provides that "any transfer avoided under section…547…549…of this title…is preserved for the benefit of the estate."

26. The defendant received the prepetition transfers and the postpetition transfer which should be avoided.

27. Under 11 U.S.C. § 550, the trustee is seeking recovery from the defendant as the initial transferee of such transfers or any immediate or mediate transferee of such initial transferee.

**WHEREFORE**, the trustee prays for judgment against the defendant, as follows:

(a) For the avoidance and recovery of the money transfers in the minimum amount of $13,491.37 received by the defendant;

(b) For the trustee's costs and disbursements herein;

(c) For pre and post-judgment interest as allowed by law; and

(d) For such other and further relief as the court deems just and equitable.

Dated: January 7, 2020               MANTY & ASSOCIATES, P.A.

                                     */e/ Jacqueline J. Williams*
                                     Nauni Jo Manty (#230352)
                                     Jacqueline J. Williams (#386611)
                                     401 Second Avenue North, Suite 400
                                     Minneapolis, MN 55401
                                     Telephone: (612) 465-0990
                                     Email: jwilliams@mantylaw.com

                                     *Attorneys for the Trustee*

## **VERIFICATION**

I, Nauni Manty, the trustee and plaintiff named in the complaint, declare under perjury of penalty that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

Dated: January 7, 2020

                                                                                                     _____
                                                                                                     Nauni Jo Manty, Trustee