UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

ERP Iron Ore, LLC,

        Debtor.

Chapter 7
BKY 18-50378 (WJF)

---

**NOTICE OF HEARING AND MOTION FOR AN ORDER APPROVING THE BIDDING PROCEDURES WITH RESPECT TO THE SALE OF
ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S REMAINING ASSETS**

---

TO:    The debtor and other entities specified in Local Rule 9013-3(a)(1):

1. Nauni J. Manty, the chapter 7 trustee of the bankruptcy estate of ERP Iron Ore, LLC, moves the court for the relief requested below and gives notice of hearing.

2. The court will hold a hearing on this motion at **10:00 a.m.** on **Thursday, February 13, 2020**, before the Honorable William J. Fisher, in Courtroom 2B, at U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3. Any response to this motion must be filed and served not later than **Friday, February 7, 2020**, which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1134, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. This case was commenced by the filing of an involuntary petition for relief under chapter 7 on May 25, 2018. On July 16, 2018, the debtor consented to relief under the bankruptcy code. On July 17, 2018, the court ordered relief and on that same day, the debtor voluntarily converted the case to a case under chapter 11. The case was converted to a case under chapter 7 on December 1, 2018. Nauni J. Manty

1

was appointed as the chapter 7 trustee on December 3, 2018. This case is now pending in this court.

5.  This motion arises under 11 U.S.C. § 363 and Fed. R. Bankr. P. 6004. This motion is filed under Fed. R. Bankr. P. 9014 and 9019 and Local Rules 9006-1 and 9013-1 to 9013-3. The trustee requests that this court enter an order authorizing and approving bidding procedures in connection with the trustee's intended sale of certain of the estate's assets free and clear of interests.

6.  As described in more detail in the bidding procedures below, the trustee intends to sell assets of the debtor. The assets include Plant 4, which is located on real property located in Itasca County at or around 28754 County Road 61, Grand Rapids, Minnesota, and certain personal property associated with Plant 4 and certain real property surrounding Plant 4. For the sake of clarity, it is the trustee's understanding that Plant 4 is located on land leased from Itasca County, Minnesota. The trustee shall either offer the assets for sale as a single unit or in separate lots either of which may attract higher aggregate bids. The trustee's intention is to maximize the recovery for the estate through any process that will accomplish that result. The trustee's preference, however, is to sell all of the remaining assets of the debtor through this sale process. However, to be clear, the trustee is not selling non-debtor owned property.

7.  The trustee intends to file a separate motion for an order approving the sale of such property free and clear of all liens, interests, claims and encumbrances to the highest bidder to be heard on April 8, 2020, at 9:30 a.m. The trustee intends to file the motion with the court and serve said motion pursuant to Local Rule 9013-3(a)(1). In addition, the trustee will file a separate notice of sale with the court and serve said notice pursuant to Fed. R. Bankr. P. 2002(a)(2). The motion itself will not be served on all creditors and parties in interest. However, the separate notice will be served on creditors and parties in interest.

8. As more specifically set forth in the bidding procedures, in order to participate in the sale process, each potential bidder must deliver to the trustee not later than **11:59 p.m. CST on March 2, 2020 (the "bid deadline")** an offer that conforms with the bidding procedures outlined below. Under the bidding procedures, a "qualified bidder" is a potential bidder that delivers these items to the trustee and that the trustee, in consultation with the mechanics lien creditors, determines as reasonably likely (based on availability of financing, and experience and other considerations) to submit a bona fide offer and be able to consummate a sale as the successful bidder within ten days of court approval of the sale. The trustee shall distribute copies of these documents (offers) to the mechanics lien creditors who request copies of the offers within 48 hours after receipt of the offer.

9. The trustee may extend the bid deadline once or successively with the consent of the secured creditors, but is not obligated to do so. The trustee, in her discretion, may modify the terms of the bidding procedures. All offers must include the following documents (the "required bid documents"):

An executed copy of an offer containing and meeting the following:

(a) A sworn statement summarizing the status of bidder's negotiations with Itasca County in connection with a non-residential, real property lease concerning the real property located at Plant 4. Such statement must identify the bidder's understanding of any outstanding contingencies to finalizing such lease agreement;

(b) The offer must designate a separate dollar amount for (i) the titled vehicles and (ii) the abstract and Torrens real property to be purchased;

    (c)    A complete and accurate legal description of that parcel(s), together with the current tax assessed value for each parcel;

    (d)    A sworn statement affirming that the bidder has obtained the approval as to the offer from more than fifty (50) percent of the creditors holding mechanics' liens;

    (e)    A commitment to reimburse the estate for the future insurance premiums of the Plant 4 property or other administrative expenses that may accrue, including real estate taxes, but not including attorneys' fees of the trustee or the trustee's fees, if the sale is not closed on or before April 30, 2020;

    (f)    An earnest money deposit in the form of a certified check or cashier's check payable to the order of the trustee or such other party as the trustee may designate in an amount equal to at least ten percent (10%) of the amount to be paid at closing (hereinafter the "earnest money deposit"); and

    (g)    Written evidence of commitment for financing or other evidence of ability to consummate the proposed transaction reasonably satisfactory to the trustee and the mechanics lien creditors within ten days of court approval of the motion for sale.

10.    After all <u>qualified</u> bids have been received, the trustee intends to conduct an auction with respect to any assets as to which a qualified bid has been received only if the same offer is received for the same asset by multiple bidders. Subject to court approval, the auction shall take place at **10:00 a.m. on March 10, 2020,** at 401 Second Avenue North, Suite 400, Minneapolis, Minnesota 55401. The trustee will permit bidders to appear by telephone at the designated time, if necessary. However, the trustee strongly encourages the qualified bidder to appear in person. Only

a qualified bidder who has previously submitted a qualified offer will be eligible to participate in the auction. Based on the terms of the qualified bids received, the level of interest expressed as to particular assets, and other information as the trustee and the secured creditors determine to be relevant, the trustee, with the consent of the mechanics lien creditors, will conduct the auction in accordance with the applicable bid procedures in the manner they determine will result in the highest or best offer for the assets. The bid procedures set forth above shall apply to all bids at the auction. The trustee encourages all interested purchasers to submit their highest bid through the initial offer process. The trustee's objective is to sell substantially all of the property identified above for the highest and best price. As such, only offers made in similar amounts to purchase substantially the same assets will be eligible to participate in the auction. If your offer is not a competing bid in the same amount for similar assets, there will be no auction as to your bid. Again, the trustee, in her discretion, may modify the terms of the bidding procedures.

11. Upon the conclusion of the bid process or auction, the trustee, shall (i) review each qualified bid or bids on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the sale, (ii) determine which qualified bid is the highest and best, (iii) determine which qualified bidder has a reasonable likelihood of reaching an agreement with Itasca County as to the real property lease, and (iv) notify the highest and otherwise best offer or group of offers for the assets. The trustee shall present the successful bid(s) to the court for approval at the sale hearing to be held on April 8, 2020, at 9:30 a.m., before the Honorable William J. Fisher, in Courtroom 2B, at U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101. The closing must occur within ten days of obtaining court approval.

12. The above-described procedures will allow the sale to be conducted in a controlled and fair manner that will encourage participation by financially capable bidders who can demonstrate the ability to close. The procedures are also in the best interests of the estate and the creditors that will result in the maximum value available for the estate's assets.

13. After closing on the sale of the debtor's assets and after resolving issues with some of the secured creditors' claimed liens in certain of the debtor's assets, the trustee believes that there will be funds available to distribute to the unsecured creditors as provided by the bankruptcy code.

14. The trustee gives notice that she may, if necessary, call the following people to testify on behalf of the debtor about the factual matters raised in this motion: Nauni Manty, the chapter 7 trustee.

**WHEREFORE**, the trustee moves the court for an order approving the bidding procedures and for such other and further relief as the court deems just and equitable.

Dated: January 24, 2020                    MANTY & ASSOCIATES, P.A.

                                           */e/ Nauni J. Manty*
                                           Nauni J. Manty (#230352)
                                           Jacqueline J. Williams (#386611)
                                           401 Second Avenue North, Suite 400
                                           Minneapolis, MN 55401
                                           Phone: (612) 465-0990
                                           Fax: (612) 746-0310
                                           Email: jwilliams@mantylaw.com

                                           *Attorneys for the Trustee*

## **VERIFICATION**

I, Nauni J. Manty, the chapter 7 trustee named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: January 24, 2020

_____
Nauni J. Manty, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:  Chapter 7
BKY 18-50378 (WJF)

ERP Iron Ore, LLC,

Debtor.

---

**MEMORANDUM IN SUPPORT OF THE TRUSTEE'S MOTION FOR AN ORDER APPROVING THE BIDDING PROCEDURES WITH RESPECT TO THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S REMAINING ASSETS**

---

## INTRODUCTION

Nauni J. Manty, the chapter 7 trustee, through her attorney, submits this memorandum of law in support of the trustee's motion for an order approving the bidding procedures with respect to the sale of all or substantially all of the debtor's remaining assets.

## FACTS

The factual background is set forth in the motion and, to avoid duplication, is incorporated by reference as if fully set forth in this memorandum.

## ARGUMENT

The trustee's business judgment is afforded substantial deference in connection with the procedures used to sell estate assets. *See Fulton State Bank v. Schipper (In re Schipper)*, 933 F. 2d 513, 515 (7th Cir. 1991) (explaining that an "articulated business justification," among other things, is required in a 363 sale); *In re Integrated Res., Inc.*, 147 B.R. 650, 656-57 (S.D.N.Y. 1992) (explaining that bidding procedures negotiated by a trustee are to be reviewed under the business judgment standard). "The purpose of procedural bidding orders is to facilitate an open and fair public sale designed to maximize value for the estate. To accomplish that goal, bankruptcy courts

1

are necessarily given discretion and latitude in conducting the sale." *In re Edwards*, 228 B.R. 552, 561 (Bankr. E.D. Pa. 1998) *citing In re Food Barn Stores, Inc.*, 107 F.3d 558 (8th Cir.1997).

The trustee believes that the proposed bidding procedures will allow the sale to be conducted in a controlled and fair manner that will encourage participation by financially capable bidders who can demonstrate the ability to close. The bidding procedures are in the best interest of the estate and the creditors and will result in the maximum value available for the estate's assets.

## CONCLUSION

For reasons set forth in the motion and this memorandum, the trustee respectfully requests that the motion be granted.

Dated: January 24, 2020

MANTY & ASSOCIATES, P.A.

  /e/ *Nauni J. Manty*
Nauni J. Manty (#230352)
Jacqueline J. Williams (#386611)
401 Second Avenue North, Suite 400
Minneapolis, MN 55401
Phone: (612) 465-0990
Fax: (612) 746-0310
Email: jwilliams@mantylaw.com

*Attorneys for the Trustee*

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| | BKY 18-50378 (WJF) |
| ERP Iron Ore, LLC, | |
| Debtor. | |

**ORDER APPROVING THE BIDDING PROCEDURES WITH RESPECT TO THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S REMAINING ASSETS**

This matter came before the court on the motion of Nauni J. Manty, the chapter 7 trustee of the bankruptcy estate of ERP Iron Ore, LLC, for an order approving the bidding procedures with respect to the sale of all or substantially all of the debtor's remaining assets. Based upon all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED:**

The trustee's motion is granted. The bidding procedures set forth in the motion are approved.

Dated:

_____
William J. Fisher
United States Bankruptcy Judge