UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>ERP Iron Ore, LLC,<br><br>    Debtor. | Chapter 7<br>BKY 18-50378 (WJF) |
| Nauni Manty, as chapter 7 trustee of the bankruptcy estate of ERP Iron Ore, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Nolan Security and Investigations, LLC,<br><br>    Defendant. | Adv. No. _____<br><br><br><br><br>**COMPLAINT** |

Plaintiff Nauni Manty, as chapter 7 trustee of the bankruptcy estate of ERP Iron Ore, LLC, for her complaint, states and alleges as follows:

1. This complaint seeks avoidance and recovery under 11 U.S.C. §§ 547, 550 and 551 against the defendant in the approximate amount of $21,519.04.

2. The debtor's bankruptcy case was commenced by the filing of an involuntary petition for relief under chapter 7 on May 25, 2018. On July 16, 2018, the debtor consented to relief under the bankruptcy code. On July 17, 2018, the court ordered relief and on that same day, the debtor voluntarily converted the case to a case under chapter 11. The case was converted to a case under chapter 7 on December 1, 2018. Ms. Manty was appointed as the chapter 7 trustee on December 3, 2018.

3. This complaint is filed under Fed. R. Bankr. P. 7001(1). This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) as an action arising in or related to a case under title 11. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

4. This adversary proceeding arises under 11 U.S.C. §§ 547, 550 and 551. The trustee has standing to commence this adversary proceeding pursuant to 11 U.S.C. §§ 547, 550 and 551.

5. Upon information and belief, the defendant is a limited liability company organized and existing under the laws of Indiana with a principal place of business located at 8109 Kingston Street, Suite 400, Avon, Indiana 46123.

6. The debtor's records reflect that the following payment was made from the debtor's bank account to the defendant:

| Check No. | Clear Date | Amount |
|---|---|---|
| 1482 | March 13, 2018 | $21,519.04 |

To the extent there are additional transfers to the defendant, the trustee reserves the right to supplement her request for recovery.

7. On and prior to the date it received the payment from the debtor, the defendant was a creditor of the debtor, and held a claim and a debt against the debtor arising from goods and services provided to the debtor. The payment to the defendant by the debtor was made to pay the claim and debt owed to the defendant.

8. Unsecured creditors of the debtor are not expected to recover 100% of their claims in the chapter 7 bankruptcy case of the debtor. The transfer to the defendant resulted in a dollar-for-dollar reduction of the debt the debtor owes to the defendant, which is a better result than the defendant would have realized in a chapter 7 distribution had the transfer not been made.

## Count I – Avoidance as a Preference Under 11 U.S.C. § 547

9. The trustee restates and realleges all previous paragraphs as though fully set forth herein.

10. Section 547(b) of the bankruptcy code permits avoidance of a transfer: (1) of the debtor's interest in property; (2) to or for the benefit of a creditor; (3) for or on account of an antecedent debt owed to the debtor before the transfer was made; (4) made while the debtor was insolvent; (5) made within 90 days prior to the bankruptcy filing or up to one-year prior to the bankruptcy filing if the creditor was an insider; (6) that enabled the creditor to receive more than it would have had the transfer not been made and if the creditor received an ordinary distribution as a creditor in the debtor's chapter 7 bankruptcy.

11. The payment was a transfer of the debtor's interest in property.

12. Prior to and at the time of the payment, the defendant was a creditor of the debtor.

13. The payment was made on account of antecedent debt owed by the debtor to the defendant.

14. The payment occurred within 90 days prior to the debtor's bankruptcy filing.

15. The debtor was insolvent at the time of the payment.

16. The payment enabled the defendant to receive more than it would have received if the payment had not been made and if the defendant received payment of such debt in a chapter 7 bankruptcy case.

17. Therefore, the payment is avoidable as a preferential transfer under 11 U.S.C. § 547 and should be avoided.

**Count II: Preservation and Recovery of the Transfer, or Money Judgment Against the Defendant Under §§ 550 and 551**

18. The trustee restates and realleges all previous paragraphs as though fully set forth herein.

19. Section 550(a) of the bankruptcy code provides "to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of the property, from– (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee."

20. Section 551 of the bankruptcy code provides that "any transfer avoided under section…547…of this title…is preserved for the benefit of the estate."

21. The defendant received the transfer which should be avoided.

22. Under 11 U.S.C. § 550, the trustee is seeking recovery from the defendant as the initial transferee of such transfer or any immediate or mediate transferee of such initial transferee.

**WHEREFORE**, the trustee prays for judgment against the defendant, as follows:

(a) For the avoidance and recovery of the money transfer in the minimum amount of $21,519.04 received by the defendant;

(b) For the trustee's costs and disbursements herein;

(c) For pre and post-judgment interest as allowed by law; and

(d) For such other and further relief as the court deems just and equitable.

Dated: February 12, 2020                                MANTY & ASSOCIATES, P.A.

*/e/ Jacqueline J. Williams*
Nauni Jo Manty (#230352)
Jacqueline J. Williams (#386611)
401 Second Avenue North, Suite 400
Minneapolis, MN 55401
Telephone: (612) 465-0990
Email: jwilliams@mantylaw.com

*Attorneys for the Trustee*

5

## **VERIFICATION**

I, Nauni Manty, the trustee and plaintiff named in the complaint, declare under penalty of perjury that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

Dated: February 12, 2020

                                                  Nauni Jo Manty, Trustee