UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                    Chapter 7
                                               BKY 18-50378 (WJF)
ERP Iron Ore, LLC,

                  Debtor.

**NOTICE OF HEARING AND MOTION FOR SALE OF CERTAIN
OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF
LIENS, ENCUMBRANCES AND OTHER INTERESTS**

TO:    The debtor and other entities specified in Local Rule 9013-3(a)(1):

1.    Nauni J. Manty, the chapter 7 trustee of the bankruptcy estate of ERP Iron Ore, LLC, moves the court for the relief requested below and gives notice of hearing.

2.    The court will hold a hearing on this motion at **1:30 p.m. on Tuesday, September 22, 2020**, before the Honorable William J. Fisher, in Courtroom 2B, at U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3.    Any response to this motion must be filed and served not later than **Thursday, September 17, 2020**, which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1134, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. This case was commenced by the filing of an involuntary petition for relief under chapter 7 on May 25, 2018. On July 16, 2018, the debtor consented to relief under the bankruptcy code. On July 17, 2018, the court ordered relief and on that same day, the debtor voluntarily converted the case to a case under chapter 11. The case was converted to a case under chapter 7 on December 1, 2018. Ms. Manty

was appointed as the chapter 7 trustee on December 3, 2018. This case is now pending in this court.

5.        This motion arises under 11 U.S.C. §§ 363(b), 363(f), 363(m) and Fed. R. Bankr. P. 6004 and 2002. This motion is filed under Fed. R. Bankr. P. 9014 and 9019 and Local Rules 6004-1, 9006-1 and 9013-1 to 9013-3. The trustee requests relief with respect to an order of the court allowing her to sell certain of the debtor's property, including real estate and equipment, free and clear of liens, encumbrances and other interests.

6.        The debtor's assets include Plant 4 located on real property owned by Itasca County and improvements thereon located at or around 28754 County Road 61, Grand Rapids, Minnesota ("Plant 4"). [Doc. No. 99 at 5-6 and Doc. No. 225 at p. 9, 11-12]. Itasca County has leased the land to the debtor in the past.  The lease has been rejected by the trustee, so the Purchaser of Plant 4 must negotiate a new lease with Itasca County.   The debtor's assets also include various unimproved parcels of real property located in both Itasca and St. Louis Counties.  There are also equipment and titled vehicles located at Plant 4.

7.        The trustee brought a motion to approve certain bidding procedures in connection with the sale of all or substantially all of the debtor's remaining assets, which was approved by the court on February 13, 2020. [Doc. Nos. 541 and 552].  The trustee's motion permitted her to extend the bid deadline once or successively and allowed her to modify the terms of the bidding procedures.  Two offers were submitted.  Prairie River Minerals, LLC ("PRM") submitted an offer for all of the parcels of real property owned by the debtor, the equipment and titled vehicles located at Plant 4.  PPL Acquisition Group VIII, et al, submitted an offer for the uninstalled assets located at Plant 4 for $600,000.  No other offers were received.   The PRM offer was the higher offer for the Assets.  The trustee, the mechanics' lien creditors and Itasca County continued to work with

PRM.  However, the trustee has been advised that the majority of the mechanics' lien creditors consent to the sale to PRM.

8.       The bidding procedures also required a commitment by the purchaser to reimburse the estate for the future insurance premiums of the Plant 4 property and other administrative expenses that may accrue, including real estate taxes, but not including attorneys' fees of the trustee or the trustee's fees, if the sale is not closed on or before April 30, 2020.

9.       PRM has offered to purchase the assets, including Plant 4 and various parcels of land owned by the debtor the real property identified on the debtor's schedules as Plant 4 in Grand Rapids, Minnesota (the "Real Property"). PRM reserves the right to remove any parcel or portion of a parcel of the Real Property from its offer at any time prior to closing; provided however that removing any parcel will not change the purchase price. For the avoidance of doubt, PRM is not offering to purchase subject to any tax obligations of the estate, except as provided for in paragraph 8 above. The Real Property **includes** all of the trustee's right, title, and interest in all of the land parcel, buildings, fixtures, improvements, leases, maps, reports, plans, and other such material having to do with the Real Property, including all land use entitlements, governmental permits and allocations, and other such governmental and agency approvals as may exist concerning the Real Property. The Real Property also **includes** all personal property of every kind which are or were used in connection with the ownership, mining, use, or occupancy of the Real Property or that are now or hereafter located on, attached to, incorporated in (regardless of where located), or affixed to the Real Property. Plant 4 and the remaining parcels of real property owned by the trustee, and include, but are not limited to, the following parcels of real property located in Itasca County, Minnesota:

02-035-1401; 87-021-1101; 87-021-1201; 87-021-1300; 87-021-1400; 87-021-4200; 88-011-2400; 88-020-2101; 88-020-2401; 88-020-3101; 88-020-3201; 88-

020-3301; 88-030-2401; 88-030-2402; 88-030-3101; 88-030-3102; 88-030-3103; 88-030-3105; 88-030-3107; 88-030-3111; 88-030-3114; 88-030-3119; 88-030-3120; 95-035-3101; 95-035-4301; 97-014-3101; 97-014-3105; 97-017-3200; 97-017-3301; 97-017-3302; 97-019-1100; 97-019-1200; 97-019-1300; 97-019-1400; 97-019-2102; 97-019-2301; 97-019-2400; 97-019-3102; 97-019-4100; 97-019-4200; 97-019-4302; 97-019-4400; 97-025-3200; 97-025-3300; 97-026-3101; 97-026-3201; 97-026-3300; 97-026-3400; 97-026-4201; 97-026-4300; 97-026-4400; 97-027-1302; 97-027-1303; 97-027-1403; 97-027-2403; 97-027-2404; 97-027-2405; 97-027-4100; 97-027-4203; 97-027-4401; 97-027-4403; 97-034-1101; 97-034-1401; 97-034-2306; 97-034-3402; 97-034-4100; 97-034-4200; 97-034-4302; 97-034-4400; 97-035-1100; 97-035-1200; 97-035-1300; 97-035-1400; 97-035-2100; 97-035-2200; 97-035-2300; 97-035-2400; 97-035-3100; 97-035-3200; 97-035-3300; 97-035-3400; 97-035-4100; 97-035-4200; 97-035-4300; 97-035-4401.

and the following parcels of real property located in St. Louis County, Minnesota:

141-0050-02390; 141-0050-01970.

The legal descriptions for each parcel being sold are fully described and included in the proposed order, which is served on all parties. The Real Property **does not include**: (1) any real or personal property previously sold, or subject to a pending sale, by the trustee in connection with Plants 1, 2 and Jesse Load Out; (2) fee title to any real property owned by the State of Minnesota, St. Louis County or Itasca County; (3) any titled, unencumbered vehicles that have been temporarily stored at Plant 4, including but not limited to: (a) Parcel No. 97-034-1301; (b) 980K Caterpillar Wheel Loader, S/N: W7K01913; (c) 140M Caterpillar Grader, S/N: 0B9M00479; and (d) D6T Caterpillar Bulldozer, S/N: ZJB00246; and (4) Noramaco and TKDA Engineering drawings, maps, reports and plans and other such material, which belong to MagGlobal and its affiliate, Magnetation, Inc.

10.    In connection with the purchase of the Real Property, PRM requires the right (but not the obligation) to assume, in PRM's sole discretion, subject to bankruptcy court approval, any and all contracts, easements, licenses, and leases, including any and all rights to mine minerals, that are held by the estate, in any way related or appurtenant to the Real Property (collectively, the "Assigned Contracts"). For the sake of clarity, the Assigned Contracts available to be assumed are

limited to those set forth in the Notice of Hearing and Omnibus Motion for an Order Approving

the Assumption and Assignment of Executory Contracts and Unexpired Leases, as modified by

the Notice of Continued Hearing and Withdrawal of the Trustee's Omnibus Motion for an Order

Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases as to

Some Executory Contracts and Unexpired Leases. [Doc. Nos. 465, 523 and 634].

11.     PRM has offered to purchase the Real Property, titled vehicles and the Assigned

Contracts for $4,500,000.00 payable at closing, with $50,000.00 of the purchase price attributable

to titled vehicles (hereinafter collectively referred to as the "Assets"). In addition, PRM agrees to

pay to the holders of mechanics liens on the Real Property (the "Mechanics Lien Holders"), or

their respective agents, an aggregate amount equal to $2.00 per ton of ore that PRM processes into

lump and ore sellable to market, with such per ton payment capped at $15,500,000.00[1] (the

"Royalty Payment Obligation"). Provided, however, that if PRM either (i) makes $13,500,000[2] in

royalty payments within 5 years after closing or (ii) $10,500,000.00[3] within forty-two months after

closing, the $15,500,000.00 Royalty Payment Obligation will be deemed satisfied. The Royalty

Payment Obligation will not accrue or be payable until after PRM has produced 750,000 tons of

ore, without regard to the source from which the ore was harvested or processed. PRM's offer is

contingent on its ability to negotiate a favorable lease with Itasca County for the possession and

use of any Real Property for which Itasca County is the fee title owner. Specifically, PRM will not

agree to a lease with Itasca County that requires PRM to pay any legal fees associated with Itasca

County's ongoing litigation with certain creditors of the debtor. A copy of the letter of intent from

---

[1] Inclusive of the initial $4.5 million, the total consideration paid is not more than $20,000,000.00.
[2] Inclusive of the initial $4.5 million, the total consideration paid is not more than $18,000,000.00.
[3] Inclusive of the initial $4.5 million, the total consideration paid is not more than $15,000,000.00.

PRM is attached as <u>Exhibit A</u>. To the extent there is any discrepancy between this motion and letter of intent, this motion will control.

12.     Nothing in this motion discharges, releases, enjoins or otherwise bars or limits: (A) any liability to the State of Minnesota of the debtor, its estate, or the successors, transferees, or assigns of the debtor or its estates if such liability arises on or after the effective date; (B) any liability to the State of Minnesota that is not a "claim" within the meaning of 11 U.S.C. § 101(5); (C) any right of setoff or recoupment against the debtor (and all such setoff and recoupment rights are preserved and not waived whether or not asserted in a timely-filed proof of claim); (D) any police or regulatory action of the State; (E) any environmental liability to the State of Minnesota that the debtors, its estates, or the successors, transferees, or assigns of the debtor's or its estates may have as an owner or operator of a mine property, or otherwise; or (F) any liability to the State of Minnesota that the debtor, its estates, or the successors, transferees, or assigns of the debtor or its estates may have as a holder of a permit to mine, water appropriation permit, dam permit, or state disposal system (SDS) permit; *provided, however*, that, notwithstanding the foregoing, nothing in this paragraph will limit, diminish or otherwise alter any party's defenses, claims, causes of action or other rights under applicable non-bankruptcy or bankruptcy law with respect to any liability that may exist to the State of Minnesota. For the avoidance of doubt, and as it relates to this Paragraph 12, by virtue of the purchase of the Real Property, PRM is not a successor, transferee, or assign of the Debtor or its estate.

13.     Endurance Assurance Corporation and Continental Heritage Insurance Co., (collectively, "Sureties" and, each individually, "Surety") have issued commercial surety bonds on behalf of the debtor with respect to assets and other contractual obligations to be transferred

from the chapter 7 trustee to PRM (collectively, the "Existing Surety Bonds" and, each individually, an "Existing Surety Bond").

14.     To the extent that any of the Existing Surety Bonds relate to the debtor's assets to be transferred, which include, without limitation, the Real Property, subject to reclamation claims from the State of Minnesota, mining permits, surface leases and mine related facilities, and other contractual obligations, to the extent required by the Minnesota Department of Natural Resources, such Existing Surety Bonds will be replaced (collectively, the "Replacement Surety Bonds" and, each individually, a "Replacement Surety Bond") or other financial accommodations will be provided, by PRM, subject to the following conditions:

i.     The necessity of any Replacement Surety Bond on the Real Property or other financial accommodations, and the penal sum of the replacement bonds as financial assurance or other financial accommodations, if any, is subject to determination by the Minnesota Department of Natural Resources according to Minnesota law and applicable federal law. Applications for the transfer of permits, if any, from the trustee to PRM, as required by applicable law, will be made no later than thirty (30) days after closing. A Replacement Surety Bond or other financial accommodations, to the extent required by the Minnesota Department of Natural Resources, will be timely submitted as required as part of any applicable permit transfer and bonding regulations. In no event will this provision be construed to require that PRM obtain or provide financial assurances related to any real property other than the Real Property that is the subject of this motion.

ii.     The debtor entered into certain indemnity agreements or related agreements with the Sureties (collectively, the "Existing Indemnity Agreements" and, each, an "Existing Indemnity Agreement").  Upon the transfer of a permit, if any, as described in Paragraph 13(i) above, and upon the request of any of the sureties providing a Replacement Surety Bond, PRM agrees to execute a new indemnity agreement, either with the Sureties or with some other replacement surety or sureties, in a form satisfactory to the applicable surety in its discretion, which will be exercised in a reasonably commercial manner, for any Replacement Surety Bond, but in no event will a surety require a form of indemnity agreement that is in any way materially different from the Existing Indemnity Agreement, which was attached as Exhibit C to Claim 12-1 at 49–55 filed in the above-captioned proceeding.

15.     The discharge or release of any claim contained in any letter of intent or in this motion will not release, discharge, preclude, or enjoin any obligation of the debtor (prior to the closing date) to the Sureties under the Existing Surety Bonds, Existing Indemnity Agreements, and obligations under the common law of suretyship and, solely to the extent that such Existing Surety Bonds are not replaced by the Replacement Surety Bonds, such obligations to the Sureties are not being released, discharged, precluded or enjoined by any letter of intent, this motion or agreements with third parties.

16.     Notwithstanding any other provision of the letter of intent or this motion, all collateral on which the applicable Surety had a perfected lien as of the closing date, other than any assets contained in the letter of intent and letters of credit and proceeds from drawn letters of credit issued to the Sureties as security for the debtor's obligations under the Existing Surety Bonds

(collectively, the "Surety Collateral"), will remain in place to secure all payment and performance obligations of (a) the debtor under the Existing Surety Bonds or for obligations arising under the Existing Indemnity Agreements until replaced or released in the bonds entirety and (b) thereafter PRM under Replacement Surety Bonds from Surety, if any, any new indemnity agreements, or new collateral trust agreements and accounts related thereto; provided, however, that nothing in the letter of intent or this motion will be deemed to limit such Surety's right to utilize any Surety Collateral.

17.    Notwithstanding any other provisions of the letter of intent or other agreements between the debtor/trustee and third parties, nothing in the release provisions of the letter of intent or this motion will be deemed to apply to the Sureties' claims to pursue the Surety Collateral, nor will these provisions be interpreted to bar, impair, prevent or otherwise limit the Sureties from exercising their valid rights under or with respect to any of the Existing Surety Bonds (until fully replaced), Replacement Surety Bonds, any related indemnity agreements, letters of credit, or applicable law, including the common law of suretyship.  Nothing in the letter of intent or this motion will be interpreted to alter, diminish, or enlarge the rights or obligations of the Sureties in regard to state and federal agencies, third parties, or otherwise under any surety bonds, any indemnity agreements or applicable law.  Further, nothing contained in the letter of intent will constitute or be deemed a waiver of any cause of action that in any way relates to the Existing Surety Bonds held by the debtor or the trustee against any entity.

18.    Nothing in the letter of intent or motion releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of the order approving the sale motion. Nothing in the motion approving the sale motion authorizes the transfer

9

or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in the motion approving the sale divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret the bankruptcy court order or to adjudicate any defense asserted under the sale order.

19.     The trustee seeks to sell the Assets free and clear of liens, encumbrances and other interests pursuant to 11 U.S.C. § 363(f) with the liens to attach to the proceeds of the sale with the same dignity and priority as the liens attached to the Assets, with the following exceptions:

(a)     At closing, PRM agrees to grant the Mechanics Lien Holders a mortgage in the amount of $5,500,000.00 on the Real Property, including all fixtures which are attached to, incorporated in, or affixed to the Real Property. Provided, however, that there will be no mortgage encumbering Parcel 02-035-1401 or Parcel 88-011-2400 nor will the mortgage extend to newly installed fixtures on the Real Property; and also provided, once PRM has paid $5.5 million toward the Royalty Payment Obligation, the mechanic liens holders will agree to subordinate the mortgage on the Real Property to any party providing PRM financing for the purpose, in whole or in part, of improving the Real Property. The mortgage on the Real Property will secure the Royalty Payment Obligation. No interest will accrue on the Royalty Payment Obligation.

(b)     PRM may sell, at its discretion, any parcel of Real Property, except the parcels immediately surrounding the ore processing plant,[4] provided that the sale price is

---

[4] The parcels immediately surrounding the ore processing plant are defined as: 88-020-3201,88-020-3301,88-030-2401, 88-030-2402, 88-030-3101, 88-030-3102, 88-030-3103, 88-030-3105, 88-030-3107, 88-030-3111, 88-030-

not less than $1,000 per acre. PRM may sell, at its discretion, any fixture. Once PRM has recovered, net of expenses, $4.5 million from the sale of Real Property or fixture, fifty percent of the net proceeds of the sale of any fixtures or Real Property parcels will be paid to satisfy the Royalty Payment Obligation or related early payment incentives. PRM will agree to retain the following fixtures at Plant 4 and subject to the mortgage:

- Feed System
    - Building #1 Truck Dump  - 300 Tonne Dump Bin - Apron Feeder - 300' x 42" Feed Conveyor
    - Building #2 Primary Screening - Feed Hopper/Bin - Grizzley Screen - 100' x 36" Reject Conveyor - 300' x 42" Conveyor
    - Building #3 Secondary Screening / Slurrifier - 2 - 8' x 20' Screen Decks - Slurrifying Tank - 2 - 12" Slurry Pumps - 100' x 36" Reject Conveyor
- Concentrator Building
- Concentrator Building Equipment / Assets
    - Truck Load Out System - Reversing conveyor, Storage Bin
    - 6 - Floatation Cells
    - 1- REV3 Separator
- Pumphouse Building (includes 10 Pumps and electrical gear).

20.    The Assets are being sold "as is, where is" without any representations or warranties.

21.    This is the highest and best offer the estate has received for the Assets. The trustee believes the sale price is fair and reasonable. PRM intends to use and maintain the Assets to conduct mining related operations, which means that it will create jobs and other opportunities for Northern Minnesota.

22.    PRM will have ninety days from the Trustee's acceptance of the letter of intent, which is attached to this motion as Exhibit A, to conduct and perform all feasibility and due

---

3114, 88-030-3119, 97-017-3200, 97-017-3301, 97-017-3302, 97-019-1100,97-019-1200, 97-019-1300, 97-019-1400, 97-019-2102, 97-019-2301, 97-019-2400, 97-019-3102, 97-019-3102, 97-019-4100, 97-019-4200, 97-019-4302, 97-019-4400, 88-011-2400,88-020-2101, 88-020-2401, 88-020-3101.

diligence for the Assets and Assigned Contracts. Any information obtained during the due diligence period will be treated as confidential. The trustee agrees to cooperate to complete the due diligence in an expeditious manner. PRM may terminate the letter of intent and/or any letter of intent at any time prior to the end of the due diligence period for any reason, or no reason at all, upon written notification to the trustee of the termination. Upon termination, any funds advanced pursuant to this letter of intent or any subsequent purchase agreement, will be returned to PRM within three days of termination. Should the trustee use this letter of intent to solicit competing offers, PRM reserves the right to request bid protections and to seek the trustee's assistance in recouping its costs for diligence work from a successful bidder.

23.    PRM will make the payment to the estate and the trustee at the closing. The closing will occur within 30 days of court approval or the end of the due diligence period, whichever is later. PRM may request an extension on the deadline to close, and the Trustee may grant in her discretion. PRM agrees to reimburse the Trustee for any additional expenses, excluding attorneys' fees, incurred as a result of any requested extension of the deadline to close. The sale of the Assets will be effective upon receipt of good monies by the trustee, including those monies required to be paid as set forth in paragraph 11 above. The trustee believes that there will be no taxable gain to the estate. Upon closing, PRM will have the obligation to obtain any certificates, permits, commercial surety bonds or licenses required by the State of Minnesota, Itasca County or any other entity relating to the assets to be transferred, which include the Real Property.

24.    During the course of the bankruptcy case, the debtor's secured debt has been claimed to consist of the following: (i) a promissory note dated January 30, 2017 in favor of Progress Rail Leasing Corporation ("Progress Rail"), with principal amount payable up to $5 million as credit support for a rejected underlying railcar lease; (ii) Floating Rate Senior Secured

Amortizing PIK Toggle Notes due December 31, 2019 issued pursuant to an indenture dated as of January 30, 2017 among the debtor, as Issuer, and Wilmington Fund Savings Society, FSB, as Trustee and Collateral Agent ("Wilmington"), in the original issue amount of $22.5 million and with an outstanding amount payable of approximately $14.8 million as of March 31, 2018; (iii) a promissory note dated January 27, 2017, in favor of Lighthouse Management Group, Inc., as Administrative Agent under Settlement Agreement by and between the debtor and the Mag Debtor's contractors ("Lighthouse Management"), issued in the original face amount of $32,017,807.74; and (iv) a DIP loan with Merida National Resources, LLC ('Merida') that Merida estimates in an approximate principle amount of $1.3 million.

      25.    The tax assessed value, including all tax classifications, for the tax year 2019 for all of the parcels at issue, together with the type of property, are as follows:

| Parcel No. | Type | 2019 Tax Value |
|---|---|---|
| 02-035-1401 | Torrens | $53,100.00 |
| 87-021-1101 | Torrens | $24,600.00 |
| 87-021-1201 | Torrens | $23,200.00 |
| 87-021-1300 | Torrens | $32,000.00 |
| 87-021-1400 | Torrens | $30,800.00 |
| 87-021-4200 | Torrens | $57,100.00 |
| 88-011-2400 | Abstract | $27,800.00 |
| 88-020-2101 | Torrens | $28,700.00 |
| 88-020-2401 | Torrens | $28,700.00 |
| 88-020-3101 | Torrens | $19,400.00 |
| 88-020-3201 | Torrens | $28,900.00 |
| 88-020-3301 | Torrens | $29,800.00 |
| 88-030-2401 | Torrens | $5,200.00 |
| 88-030-2402 | Torrens | $8,400.00 |
| 88-030-3101 | Torrens | $5,500.00 |
| 88-030-3102 | Torrens | $2,800.00 |
| 88-030-3103 | Torrens | $2,400.00 |
| 88-030-3105 | Torrens | $1,500.00 |
| 88-030-3107 | Torrens | $ 900.00 |
| 88-030-3111 | Torrens | $700.00 |
| 88-030-3114 | Torrens | $300.00 |

| | | |
|---|---|---|
| 88-030-3119 | Torrens | $9,900.00 |
| 88-030-3120 | Torrens | $9,900.00 |
| 95-035-3101 | Torrens | $500.00 |
| 95-035-4301 | Torrens | $100.00 |
| 97-014-3101 | Abstract | $14,200.00 |
| 97-014-3105 | Abstract | $18,000.00 |
| 97-017-3200 | Torrens | $38,000.00 |
| 97-017-3301 | Torrens | $20,700.00 |
| 97-017-3302 | Torrens | $42,400.00 |
| 97-019-1100 | Abstract | $41,400.00 |
| 97-019-1200 | Abstract | $33,900.00 |
| 97-019-1300 | Abstract | $36,800.00 |
| 97-019-1400 | Abstract | $41,600.00 |
| 97-019-2102 | Abstract | $8,300.00 |
| 97-019-2301 | Torrens | $10,900.00 |
| 97-019-2400 | Abstract | $25,000.00 |
| 97-019-3102 | Abstract | $27,000.00 |
| 97-019-4100 | Abstract | $41,400.00 |
| 97-019-4200 | Abstract | $34,300.00 |
| 97-019-4302 | Abstract | $16,600.00 |
| 97-019-4400 | Abstract | $39,800.00 |
| 97-025-3200 | Abstract | $27,600.00 |
| 97-025-3300 | Abstract | $64,100.00 |
| 97-026-3101 | Abstract | $8,000.00 |
| 97-026-3201 | Torrens | $13,800.00 |
| 97-026-3300 | Torrens | $7,900.00 |
| 97-026-3400 | Torrens | $7,800.00 |
| 97-026-4201 | Abstract | $400.00 |
| 97-026-4300 | Abstract | $55,500.00 |
| 97-026-4400 | Abstract | $52,000.00 |
| 97-027-1302 | Abstract | $1,600.00 |
| 97-027-1303 | Abstract | $12,200.00 |
| 97-027-1403 | Abstract | $9,100.00 |
| 97-027-2403 | Torrens | $1,100.00 |
| 97-027-2404 | Torrens | $100.00 |
| 97-027-2405 | Torrens | $3,700.00 |
| 97-027-4100 | Abstract | $22,900.00 |
| 97-027-4203 | Abstract | $300.00 |
| 97-027-4401 | Abstract | $9,100.00 |
| 97-027-4403 | Abstract | $3,500.00 |
| 97-034-1101 | Abstract | $1,000.00 |
| 97-034-1401 | Abstract | $16,900.00 |
| 97-034-2306 | Abstract | $12,100.00 |

14

| | | |
|---|---|---|
| 97-034-3402 | Abstract | $11,300.00 |
| 97-034-4100 | Abstract | $16,500.00 |
| 97-034-4200 | Abstract | $36,800.00 |
| 97-034-4302 | Abstract | $35,100.00 |
| 97-034-4400 | Abstract | $18,100.00 |
| 97-035-1100 | Abstract | $18,100.00 |
| 97-035-1200 | Torrens | $29,900.00 |
| 97-035-1300 | Abstract | $33,300.00 |
| 97-035-1400 | Abstract | $30,600.00 |
| 97-035-2100 | Abstract | $18,400.00 |
| 97-035-2200 | Abstract | $1,000.00 |
| 97-035-2300 | Abstract | $24,900.00 |
| 97-035-2400 | Torrens | $23,200.00 |
| 97-035-3100 | Torrens | $28,400.00 |
| 97-035-3200 | Torrens | $9,900.00 |
| 97-035-3300 | Torrens | $20,800.00 |
| 97-035-3400 | Torrens | $30,100.00 |
| 97-035-4100 | Abstract | $34,100.00 |
| 97-035-4200 | Abstract | $31,400.00 |
| 97-035-4300 | Torrens | $38,500.00 |
| 97-035-4401 | Abstract | $34,500.00 |
| 141-0050-02390 | Torrens | $89,100.00 |
| 141-0050-01970 | Torrens | $39,800.00 |
| | Total | $1,907,100.00 |

26.    During the course of the bankruptcy case, Progress Rail, Wilmington, Lighthouse
Management and Merida have asserted secured interests in a portion of the Real Property. Progress
Rail's secured claim has been fully satisfied. [Doc. Nos. 484 and 488].

27.    Wilmington's secured claim has also been resolved. [Doc. Nos. 495 and 500, as
amended by Doc. Nos. 511 and 522]. Wilmington has mortgages on certain of the debtor's
property. Wilmington recorded its mortgage lien on the debtor's Torrens property, but did not
record the mortgage on the debtor's abstract property. Therefore, it does not have a security interest
in the abstract property. In connection with the resolution with Wilmington, Wilmington granted
the trustee a participation in its mortgages and security agreements connected to the Minnesota

Torrens real and personal property for the benefit of the estate, and in Wilmington's claim secured by the mortgages, up to the maximum extent of the proceeds of the sale of the real and personal property encumbered by the Minnesota mortgages, which amount may only be collected from the sale proceeds attributable to the Minnesota property. *Id.* There were no objections to the settlement with Wilmington.

28.     The trustee has alleged in an adversary proceeding that Lighthouse Management's lien is avoidable on all of the abstract property because it was recorded on May 18, 2018, which is within ninety days prior to filing. In addition, Lighthouse Management was a creditor of the debtor and was owed a debt. Unsecured creditors of the debtor are not expected to recover 100% of their claims in the chapter 7 case. The transfer of the debtor's property is a better result than Lighthouse Management will realize as part of a chapter 7 distribution had the transfer not been made. *See* Adversary No. 20-05018, which is pending.  Lighthouse Management is disputing the trustee's allegations. The trustee is hopeful that the parties will resolve the dispute amicably.

29.     Merida's secured claim has also been resolved. [Doc. Nos. 514 and 525]. In connection with a settlement with the trustee, Merida is required to withdraw its secured claim, Claim No. 40. [Doc. Nos. 514 and 525]. There were no objections to the settlement with Merida.

30.     The bidding procedures motion contemplated that the trustee would file a motion with the court to approve such sale.  This motion is being served on all creditors and parties in interest.

31.     PRM is purchasing the Assets in good faith and is a good faith buyer within the meaning of 11 U.S.C. § 363(m). PRM has proceeded in good faith. PRM participated in the competitive bidding process as contemplated by the bidding procedures motion and order. In addition, PRM did not engage in any misconduct in connection with the sale, including colluding

16

with other bidders or the trustee. PRM did not attempt to take grossly unfair advantage of other bidders. PRM is also paying value for the Assets and the purchase is an arms-length transaction. In addition, PRM is not a continuation of, or a successor to, debtor or any entity owned by debtor.

32.     The trustee intends to surcharge the sale proceeds in connection with the real and personal property being sold pursuant to 11 U.S.C. § 506(c).

33.     If testimony is required, the following parties may be called to testify relative to the procedure used in the sale:  Nauni Manty.

**WHEREFORE**, the trustee respectfully requests that the court grant her request to permit her to sell the Assets free and clear of liens, encumbrances and other interests and for such other and further relief as is just. She also requests that the fourteen-day stay as provided by Fed. R. Bankr. P. 6004(h) be waived so the trustee may pass title as quickly as possible.

Dated:  August 21, 2020                         MANTY & ASSOCIATES, P.A.

                                                    _/e/ Nauni J. Manty_
                                                    Nauni J. Manty (#230352)
                                                    150 South Fifth Street, #3125
                                                    Minneapolis, MN 55401
                                                    Phone: (612) 465-0990
                                                    Fax: (612) 746-0310
                                                    Email: nauni@mantylaw.com

                                                    *Attorneys for the Trustee*

**STINSON**

**Drew J. Glasnovich**
**ATTORNEY**

DIRECT: 612.335.1426
MOBILE: 321.298.1888
OFFICE: 612.335.1500

drew.glasnovich@stinson.com

August 20, 2020

Via Electronic Mail and U.S. Mail

Nauni Jo Manty
Chapter 7 Trustee
401 Second Avenue North Suite 400
Minneapolis, MN  55401

Re:    In re ERP Iron Ore, LLC, case no. 18-50378 (Bankr. D. Minn.)

Dear Nauni:

I represent Prairie River Minerals, LLC ("PRM"), and I am writing to present this non-binding letter of intent (this "LOI") to set forth the general terms and conditions on which PRM proposes to purchase real property from the bankruptcy estate of ERP Iron Ore, LLC (the "Debtor").

## I.    REAL ESTATE

PRM proposes to purchase the real property identified on the Debtor's schedules as Plant 4 in Grand Rapids, Minnesota ("Real Property") free and clear of all claims, liens, interests, and encumbrances.[1]

The Real Property includes all of the Trustee's right, title, and interest in all of the land parcel, buildings, fixtures, improvements, leases, maps, reports, plans, and other such material having to do with the Real Property, including all land use entitlements, governmental permits and allocations, and other such governmental and agency approvals as may exist concerning the Real Property. The Real Property also includes all personal property of every kind which are or were used in connection with the ownership, mining, use, or occupancy of the Real Property or that are now or hereafter located on, attached to, incorporated in (regardless of where located), or affixed to the Real Property.[2]

---

[1] For the avoidance of doubt, PRM is not offering to purchase the Real Property subject to any tax obligations of the estate.

[2] The parcels comprising Plant 4 include all the remaining parcels of real property owned by the trustee, and include, but are not limited to, the following:

02-035-1401; 87-021-1101; 87-021-1201; 87-021-1300; 87-021-1400; 87-021-4200; 88-011-2400; 88-020-2101; 88-020-2401; 88-020-3101; 88-020-3201; 88-020-3301; 88-030-2401; 88-030-2402; 88-030-3101; 88-030-3102; 88-030-3103; 88-030-3105; 88-030-3107; 88-030-3111; 88-030-3114; 88-030-3119; 88-030-3120; 95-035-3101; 95-035-4301; 97-014-3101; 97-014-3105; 97-017-3200; 97-017-3301; 97-017-3302; 97-019-1100; 97-019-1200; 97-019-1300; 97-019-1400; 97-019-2102; 97-019-2301; 97-019-2400; 97-019-3102; 97-019-4100; 97-019-4200; 97-019-4302; 97-019-4400; 97-025-3200; 97-025-3300; 97-026-3101; 97-026-3201; 97-026-3300;

50 South Sixth Street, Suite 2600, Minneapolis, MN 55402

STINSON LLP      STINSON.COM   <u>**EXHIBIT A**</u>

CORE/3515316.0003/160626486.2

Nauni Jo Manty
August 20, 2020
Page 2

## II.     ASSIGNABLE CONTRACTS APPURTENANT TO THE REAL PROPERTY

In connection with the purchase of the Real Property, PRM will require the right (but not the obligation) to assume, in PRM's sole discretion, subject to bankruptcy court approval, any and all contracts, easements, licenses, and leases, including any and all rights to mine minerals, that are held by the Debtor, in any way related or appurtenant to the Real Property (collectively, the "Assigned Contracts").

## III.     CONSIDERATION

PRM offers to purchase the Real Property and the Assigned Contracts for $4,500,000.00 payable at closing.[3]  PRM additionally agrees to pay to the holders of mechanics liens on the Real Property, or their respective agent(s), an aggregate amount equal to $2.00 per ton of ore that PRM processes into lump and ore sellable to market, with such per ton payment capped at $15,500,000.00[4] (the "Royalty Payment Obligation"). Provided, however, that if PRM either (i) makes $13,500,000[5] in royalty payments within 5 years after closing or (ii) $10,500,000.00[6] within forty-two months after closing, the $15,500,000.00 Royalty Payment Obligation will be deemed satisfied. The Royalty Payment Obligation shall not accrue or be payable until after PRM has produced 750,000 tons of ore, without regard to the source from which the ore was harvested or processed.

PRM's offer is contingent on its ability to negotiate a favorable lease with Itasca County for the possession and use of any Real Property for which Itasca County is the fee title owner. Specifically, PRM will not agree to a lease with Itasca County that requires PRM to pay any legal fees associated with Itasca County's ongoing litigation with certain creditors of the Debtor.

## IV.     FREE & CLEAR

PRM's offer to purchase the Real Property and the Assigned Contracts is contingent on a sale pursuant to 11 U.S.C. § 363(f) of all claims, interests, liens, and encumbrances, with the following exceptions:

1.  At closing, PRM agrees to grant the mechanics lien holders a mortgage in the amount of $5,500,000.00 on the Real Property, including all fixtures which are attached to, incorporated in, or affixed to the Real Property. Provided however, that there shall be

---

97-026-3400; 97-026-4201; 97-026-4300; 97-026-4400; 97-027-1302; 97-027-1303; 97-027-1403; 97-027-2403; 97-027-2404; 97-027-2405; 97-027-4100; 97-027-4203; 97-027-4401; 97-027-4403; 97-034-1101; 97-034-1401; 97-034-2306; 97-034-3402; 97-034-4100; 97-034-4200; 97-034-4302; 97-034-4400; 97-035-1100; 97-035-1200; 97-035-1300; 97-035-1400; 97-035-2100; 97-035-2200; 97-035-2300; 97-035-2400; 97-035-3100; 97-035-3200; 97-035-3300; 97-035-3400; 97-035-4100; 97-035-4200; 97-035-4300; 97-035-4401; 141-0050-02390 (St. Louis County); 1410050-01970 (St. Louis County).

[3] The purchase price attributable to titled vehicles is $50,000.00.

[4] Inclusive of the initial $4.5m, the total consideration paid is not more than $20,000,000.00.

[5] Inclusive of the initial $4.5m, the total consideration paid is not more than $18,000,000.00.

[6] Inclusive of the initial $4.5m, the total consideration paid is not more than $15,000,000.00.

Nauni Jo Manty
August 20, 2020
Page 3

no mortgage encumbering Parcel 02-035-1401 or Parcel 88-011-2400 nor shall the mortgage extend to newly installed fixtures on the Real Property; and also provided, once PRM has paid $5.5m toward the Royalty Payment Obligation, the mechanic liens holders will agree to subordinate the mortgage on the Real Property to any party providing PRM financing for the purpose, in whole or in part, of improving the Real Property. The mortgage on the Real Property shall secure the Royalty Payment Obligation. No interest shall accrue on the Royalty Payment Obligation.

2.  PRM may sell, at its discretion, any parcel of Real Property, except the parcels immediately surrounding the ore processing plant,[7] provided that the sale price is not less than $1,000 per acre. PRM may sell, at its discretion, any fixture. Once PRM has recovered, net of expenses, $4.5 million from the sale of Real Property or fixture, fifty percent of the net proceeds of the sale of any fixtures or Real Property parcels shall be paid to satisfy the Royalty Payment Obligation or related early payment incentives.[8]

## V.    DUE DILIGENCE

PRM shall have ninety (90) days from the Trustee's acceptance of this LOI to conduct and perform all feasibility and due diligence for the Real Property and Assigned Contracts (the "Due Diligence Period"). Any information obtained during the Due Diligence Period will be treated as confidential. The Trustee agrees to cooperate to complete the due diligence in an expeditious manner. PRM may terminate this LOI and/or any purchase agreement at any time prior to the

---

[7] The parcels immediately surrounding the ore processing plant are defined as: 88-020-3201,88-020-3301,88-030-2401, 88-030-2402, 88-030-3101, 88-030-3102, 88-030-3103, 88-030-3105, 88-030-3107, 88-030-3111, 88-030-3114, 88-030-3119, 97-017-3200, 97-017-3301, 97-017-3302, 97-019-1100,97-019-1200, 97-019-1300, 97-019-1400, 97-019-2102, 97-019-2301, 97-019-2400, 97-019-3102, 97-019-3102, 97-019-4100, 97-019-4200, 97-019-4302, 97-019-4400, 88-011-2400,88-020-2101, 88-020-2401, 88-020-3101.

[8] PRM will agree to retain the following fixtures at Plant 4 and subject to the mortgage:

- FEED SYSTEM
  - o   Building #1 Truck Dump  - 300 Tonne Dump Bin - Apron Feeder - 300' x 42" Feed Conveyor
  - o   Building #2 Primary Screening - Feed Hopper/Bin - Grizzley Screen - 100' x 36" Reject Conveyor - 300' x 42" Conveyor
  - o   Building #3 Secondary Screening / Slurrifier - 2 -  8' x 20' Screen Decks - Slurrifying Tank - 2 - 12" Slurry Pumps - 100' x 36" Reject Conveyor
- CONCENTRATOR BUILDING
- CONCENTRATOR  BUILDING EQUIPMENT / ASSETS
  - o   Truck Load Out System - Reversing conveyor, Storage Bin
  - o   6 - Floatation Cells
  - o   1- REV3 Separator
- PUMPHOUSE BUILDING (includes 10 Pumps and electrical gear).

Nauni Jo Manty
August 20, 2020
Page 4

end of the Due Diligence Period for any reason, or no reason at all, upon written notification to the Trustee of the termination. Upon termination, any funds advanced pursuant to this LOI or any subsequent purchase agreement, will be returned to PRM within three (3) days of termination. Should the Trustee use this LOI to solicit competing offers, PRM reserves the right to request bid protections and to seek the Trustee's assistance in recouping its costs for diligence work from a successful bidder.

## VI.   PURCHASE AGREEMENT AND CLOSING

Upon the completion of the Due Diligence Period, PRM and the Trustee will enter into one or more purchase agreements (the "Purchase Agreement") containing terms and conditions for the sale of the Real Property and Assigned Contracts that are reasonably acceptable to PRM. PRM will make the payment to the estate and the Trustee at the closing. The closing will occur within 30 days of court approval or the end of the due diligence period, whichever is later. PRM may request an extension on the deadline to close, and the Trustee may grant such extension in her discretion. Prior to closing, the Trustee shall further require that PRM execute any documents necessary to effectuate its agreement with the holders of mechanics liens on the Real Property, as that agreement is summarized in this LOI. PRM shall not be required to close if (i) PRM has not executed, on or before the date of closing, a lease with Itasca County on reasonable terms or (ii) PRM is unable to obtain reasonable terms with the holders of mechanics liens on the Real Property, that are consistent with the agreement summarized in this LOI.

## VII.   APPROVAL OF THE BANKRUPTCY COURT

PRM acknowledges and understands that the Trustee's ability to convey the Real Property and Assigned Contracts is subject to the approval of the U.S. Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court").

## VIII.   TIME IS OF THE ESSENCE

Unless the Trustee accepts this LOI by 5:00 P.M. on August 31, 2020, it shall become null and void. Further, unless the Trustee files a motion with the Bankruptcy Court to approve the sale of the Real Property and Assigned Contracts within 14 days after the date of this LOI, PRM's offer shall become null and void.

## IX.   EXPENSES AND COSTS

Subject to PRM's reservation noted in Section IV above, each party to this LOI will pay its respective expenses and costs incident to this LOI, any Purchase Agreement, and to the transactions contemplated hereby. PRM agrees to reimburse the Trustee for any of her operating expenses,[9] associated with the Real Property, excluding attorneys' fees, incurred

---

[9] PRM's understanding is that the Trustee's expenses from April 30, 2020 through July 31,2020 are: Employee Costs: $17,850.00; Insurance: $55,754.94; MN Department of Health: $46.89. PRM further understands that the Trustee's estimated monthly expenses from August 1, 2020 onward are Employee Costs $5,100.00; Insurance $13,492.12; MN Department of Health: $15.63. In addition to those expenses,

Nauni Jo Manty
August 20, 2020
Page 5

from May 1, 2020 through the date of closing, including any expenses incurred as a result of any requested extension of the deadline to close. Such reimbursement of the Trustee's expenses shall be paid at closing.

## X.  WHEREWITHAL

PRM has supplied the Trustee with proof of funds in excess of the purchase price to be paid at closing.

## XI.  ACCEPTANCE

Acceptance of this LOI must be made in writing and sent to PRM's undersigned counsel.


Sincerely,

Stinson LLP

*/s/ Andrew J. Glasnovich*


Drew Glasnovich

---

PRM further understands that there are real property taxes that have and will continue to accrue against the Real Property from April 30, 2020 through the date of closing.

## **VERIFICATION**

I, Nauni Jo Manty, the chapter 7 trustee, named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated:  August 21, 2020

_____
Nauni J. Manty, Trustee

18

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                      Chapter 7
                                                                              BKY 18-50378 (WJF)

ERP Iron Ore, LLC,

                              Debtor.

**MEMORANDUM IN SUPPORT OF TRUSTEE'S MOTION FOR SALE
OF CERTAIN OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF LIENS,
ENCUMBRANCES AND OTHER INTERESTS**

## INTRODUCTION

Nauni J. Manty, the chapter 7 trustee, submits this memorandum of law in support of the

trustee's motion for approval of the sale of the Assets (as defined in the motion) free and clear of

liens, encumbrances and other interests.

## FACTS

The factual background is set forth in the motion and, to avoid duplication, is incorporated

by reference as if fully set forth in this memorandum.

## ARGUMENT

Section 363 of the bankruptcy code provides that the trustee "after notice and a hearing

may use, sell or lease, other than in the ordinary course of business, property of the estate." 11

U.S.C. § 363(b)(1); *In re Hanson Industries*, 90 B.R. 405 (Bankr. D. Minn. 1988).  Section 363(f)

allows a trustee to sell property "free and clear of any interest in such property of an entity other

than the estate," if one of five criteria is met. *Lindsey v. Ipock*, 732 F.2d 619, 622 (8th Cir. 1984).

Section 363(f) provides:

> (f)     The trustee may sell property under subsection (b) or (c) of this section free
> and clear of any interest in such property of an entity other than the estate,
> only if –

19

(1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)    such entity consents;

(3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)    such interest is in bona fide dispute; or

(5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Section 363(f) is drafted in the disjunctive. Therefore, the satisfaction of one of the five requirements is sufficient. As detailed below, Section 363(f) is satisfied with regard to each of the claimed liens against the Assets. All liens will attach to the net proceeds of the sale with the same priority, validity and enforceability, if any, as they had against the Assets. The proceeds of the sale of the Assets will be held by the trustee pending further order of the bankruptcy court.

The trustee is hopeful that all of the secured creditors that claim to possess liens will consent to the sale, which would satisfy 11 U.S.C. § 363(f)(2). The failure to object to a proposed sale could be construed as consent to the sale. *Veltman v. Whetzal*, 93 F.3d 517, 521-522 (8th Cir. 1996) (explaining that the failure to object to a proposed sale could be construed as consent to the sale). Accordingly, if no objection is filed, consent will be established. The secured claims of Progress Rail, Wilmington and Merida have been resolved. If Lighthouse Management does not consent, 11 U.S.C. § 363(f)(4) is satisfied as to Lighthouse Management.

Bona fide disputes exist with regard to the claimed liens of Lighthouse Management. The term bona fide dispute is not defined by 11 U.S.C. § 363(f)(4). To determine if a bona fide dispute exists, the court must determine "whether there is an objective basis for either a factual or legal dispute as to the validity of the debt." *In re Gaylord Grain L.L.C.*, 306 B.R. 624, 627 (B.A.P. 8th

Cir. 2004) citing *In re Busick,* 831 F.2d 745, 750 (7th Cir. 1987); *In re Octagon Roofing,* 123 B.R. 583, 590 (Bankr. N. D. Ill. 1991). The court is not required to resolve the underlying dispute. *Id.* Instead, the court simply needs to determine that a bona fide dispute exists. *Id.* To enable the court to make the determination, evidence must be provided that shows the "factual grounds that there is an 'objective basis' for the dispute." *Id.* Courts utilizing this definition have held the parties to an evidentiary standard and evidence must be provided to show factual grounds that there is an "objective basis" for the dispute. *Id.*

Lighthouse Management's lien on the Minnesota abstract property is perfected by a lien that is avoidable under 11 U.S.C. § 547. Section 547(b) of the bankruptcy code permits avoidance of a transfer of: (1) the debtor's interest in property; (2) to or for the benefit of a creditor; (3) for or on account of an antecedent debt owed to the debtor before the transfer was made; (4) made while the debtor is insolvent; (5) made within 90 days prior to the bankruptcy filing or up to one-year prior to the bankruptcy filing if the creditor is an insider; (6) that enabled the creditor to receive more than it would have had the transfer not been made and if the creditor received an ordinary distribution as a creditor in the debtor's chapter 7 bankruptcy. Section 547(b) also requires reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses.

Here, the mortgages are the debtor's interest in property. *In re Schwartz*, 383 B.R. 119, 123 (B.A.P. 8th Cir. 2008) (explaining that the "recording of a mortgage is a transfer of a property interest subject to avoidance as preferential"). Lighthouse Management was a creditor of the debtor and was owed a debt. The mortgages were recorded on all of the abstract property on May 18, 2018, which is within the 90 days before filing. The debtor was insolvent in the ninety days prior to filing. 11 U.S.C. § 547(f) ("the debtor is presumed to have been insolvent on and during the 90

21

days immediately preceding the date of the filing of the petition"). Unsecured creditors of the debtor are not expected to recover 100% of their claims in the chapter 7 case. The transfer of the debtor's property is a better result than Lighthouse Management will realize as part of a chapter 7 distribution had the transfers not been made.  But, as stated in the motion, the trustee is hopeful that the parties will be able to resolve the dispute in the future.

Wilmington recorded its mortgage lien on the debtor's Torrens property. However, Wilmington granted the trustee a participation in its mortgages and security agreements connected to the Minnesota Torrens real and personal property for the benefit of the estate, and in Wilmington's claim secured by the mortgages, up to the maximum extent of the proceeds of the sale of the real and personal property encumbered by the Minnesota mortgages, which amount may only be collected from the sale proceeds attributable to the Minnesota property.

The trustee believes that the best interest of the estate mandates that such sale be approved. The trustee believes that all of the interest holders in the Assets, which the trustee seeks to eliminate, will have their interests protected as provided by 11 U.S.C. § 363. As such, the sale of the Assets should be approved.

## **CONCLUSION**

Because the sale of the Assets is in the best interest of the estate, the trustee respectfully requests that her motion for sale of Assets free and clear of liens, encumbrances and other interests be approved and the fourteen-day stay be waived, so the trustee may pass title as quickly as possible.

Dated:  August 21, 2020                    MANTY & ASSOCIATES, P.A.

_/e/ Nauni J. Manty_
Nauni J. Manty (#230352)
150 South Fifth Street #3125
Minneapolis, MN 55402
Phone: (612) 465-0990
Fax: (612) 746-0310
Email: nauni@mantylaw.com

_Attorneys for the Trustee_

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                           Chapter 7
                                                                    BKY 18-50378 (WJF)
ERP Iron Ore, LLC,

            Debtor.

### ORDER AUTHORIZING SALE OF CERTAIN OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND OTHER INTERESTS

This matter came before the court on the motion of Nauni Manty, the chapter 7 trustee of the bankruptcy estate of ERP Iron Ore, LLC, for an order authorizing her to sell certain of the debtor's assets free and clear of liens, encumbrances and other interests. Based upon all of the files, records and proceedings herein,

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT:**

1.      The relief granted is in the best interest of the estate, all creditors and other interested parties in this case.

2.      The sale of the property to Prairie River Minerals, LLC ("PRM") is a good-faith transaction within the meaning of 11 U.S.C. § 363(m), and PRM is found not to be a continuation of, or a successor to, the debtor or any entity owned by the debtor.

3.      Adequate and sufficient notice to all creditors and interested parties to this case of the proposed entry of the order has been given.

4.      The sale of the Assets identified herein as the Plant 4 assets and the Real Property constitutes the highest and best offer for those assets, and will provide a greater recovery for the debtor's estate than would be provided by any other available alternative. The trustee's determination that the transaction with PRM constitutes the highest and best offer for the Plant 4

24

assets constitutes a valid and sound exercise of the trustee's business judgment.

**IT IS HEREBY ORDERED:**

1.      The motion for sale of certain of the debtor's property free and clear of liens, encumbrances and other interests is granted.

2.      The conditions of 11 U.S.C. § 363(f) of the bankruptcy code have been satisfied in full; therefore, the trustee is authorized to sell the property of the debtor described herein (the "Assets") free and clear of any and all liens, encumbrances and other interests. The Assets include the real property identified on the debtor's schedules as Plant 4 in Grand Rapids as well as the following parcels of real property located in Itasca and St. Louis Counties, Minnesota, and legally described as follows:

Legal Descriptions by PIN Number:
**ITASCA COUNTY PROPERTIES**

1.      02-035-1401

The Northeast Quarter of the Southeast Quarter (NE ¼ of SE ¼) and the Southeast Quarter of the Northeast Quarter (SE1/4 of NE 1/4) all in Section 35,Township 56 North Range 25 West, Itasca County Minnesota Except that portion thereof Described as follows: From the Southeast one-sixteenth corner of the Southwest quarter of the Northeast Quarter (SW1/4, NE ¼) Sec 35-56-25 going Northerly along the property line with a bearing of N 00 degrees 54' 18" E a distance of 205.00 feet to point "A" the point of beginning: Thence Southeasterly with a bearing of S 80 degrees 30' 00" E a distance of 775.00 feet to point "B": thence due South a distance of 169.62 feet to point "C": thence Southwesterly with a bearing of S 45 degrees 00' 00" W a distance of 424.27 feet to point "D": Thence Southwesterly with a bearing of S 27 degrees 00' 00" W a distance of 200.00 feet to point "E": thence Southwesterly with a bearing of S 70 degrees 45' 00" W a distance of 372.24 feet to point "F": Thence Southwesterly with a bearing of S 82 degrees 58' 00" W a distance of 809.20 feet to point "G:": thence due West a distance of 1521.89 feet to point "H": Thence Northwesterly with a  bearing of N 46 degrees 00' 00" W a distance of 317.27 feet to point "I": thence due North a distance of 324.83 feet to point "J": on the West property line of the Northeast of the Southwest (NE-SW) Sec. 35-56-25: thence Northeasterly along property line with a bearing of N 03 degrees 01' 00" E a distance of 257.68 fee to the Northwest 1/16 corner of the Northeast of the Southwest (NE-SW) sec. 35-56-25: thence Northwesterly along property line with a bearing of N 00 degrees 12' 37" W a distance of 57.00 feet to point "K": thence Northeasterly with a bearing of N 74 degrees 25' 00" E a distance of 664.29 feet to point "L"; thence

Southwesterly with a bearing of S 88 degrees 45" 57" E a distance of 1878.30 feet to point "A" the point of Beginning.

2. 87-021-1101 (NE ¼ of NE ¼),
3. 87-021-1201 (NW ¼ of NE ¼),
4. 87-021-1300 (SW ¼ of NE ¼), and
5. 87-021-1400 (SE ¼ of NE ¼), for:

The Northeast Quarter (NE) of Section Twenty –One (21), Township Fifty-Six (56) North, Range Twenty-three (23): West of the Fourth Principal Meridian, Less Highway and less that portion thereof lying and being Northerly of State Highway 169, as the same now exist, Itasca County, Minnesota.

6. 87-021-4200

Lot Two (2) Section Twenty-one (21), Township Fifty-six (56) North, Range Twenty-three (23) West of the Fourth Principal Meridian, Itasca County, Minnesota.

7. 88-011-2400

Government Lot 2, Section 11, Township 55 Range 25, Itasca County, Minnesota

8. 88-020-2101 (NE ¼ of NW ¼),
9. 88-020-2401 (SE ¼ of NW ¼),
10. 88-020-3101 (NE ¼ of SW ¼),
11. 88-020-3201 (NW ¼ SW ¼), and
12. 88-020-3301 (SW ¼ SW ¼) for:

The East Half of the Northwest Quarter (E ½ of NW ¼), the Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), the Northwest Quarter of the Southwest Quarter (NW ¼ of SW ¼) and the Southwest Quarter of the Southwest Quarter (S ¼ of SW ¼): all in Section Twenty (20) Township Fifty-six (56) Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

13. 88-030-2401 and
14. 88-030-2402 are each and undivided 1/2 interest in:

The SE ¼ of NW ¼ Section 30, Township 56 North, Range 24 West, Itasca County, together with unsevered minerals if any, in Itasca County Minnesota.

***Note: Numbers 15 through 23 below are partial undivided interests in the same parcel. The sum of the interests listed is less than 100%.***

15.     88-030-3101

An undivided 1/48 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼) Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian according to The United States Government Survey thereof, Itasca County, Minnesota.

16.     88-030-3102

An undivided 1/8 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24),  West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

17.     88-030-3103

An undivided 1/80 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), Section Thirty (30) Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

18.     88-030-3105

An undivided 1/40 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of the fourth Principal Meridian according to the United States Government Survey thereof.

19.     88-030-3107

An undivided 1/20 interest:  The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

20.     88-030-3111

An undivided 1/32 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ OF sw ¼), Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

21.    88-030-3114

An undivided 1/4 interest: The Northeast Quarter of the Southwest Quarter  (NE ¼ of SW 1/4) Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

22.    88-030-3119

An undivided 1/16 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

23.    88-030-3120

An undivided 1/4 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ of the SW ¼) , Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

24.    95-035-3101 (NE ¼ of SW ¼ ), and
25.    95-035-4301 (SW ¼ of SE ¼ ) for:

That part of Section 35, Township 57 North, Range 22 West, Itasca County, Minnesota, described as follows: Commencing at the Southwest corner of the SE ¼ of SW ¼ of said Section 35; thence North 89 degrees 02' 53" East, assigned bearing along the South line of said SE ¼ of SW ¼ a distance of 64.30 feet to the Easterly right-of-way line of the Burlington Northern Railroad and the point of beginning of the tract to be herein described; thence continue North 89 degrees 02' 53" East along said South LINE, 202.31 feet; thence North 38 degrees 54' 13" East 1950.00 feet; thence South 51 degrees 05' 47" East 194.69 feet; thence North 38 degrees 54' 13" East 2798.69 feet; thence South 39 degrees 57' 40" East 310.54 feet to the East line of the said SE ¼ of NE ¼ of said Section 35; thence North 01 degree 51' 34" East along said East line, 735.97 feet to the Northeast corner of said SE ¼ of NE ¼ ; thence South 85 degrees 11' 38" West along the North line of said SE ¼ of NE ¼ , 292.34 feet to said Easterly right-of-way line of the Burlington Northern Railroad; thence South 38 degrees 54' 13" West along said Easterly right-of-way line, 5203.80 feet to the point of beginning EXCEPT that part located within the SW ¼ of NE ¼, Section 35, Township 57 North, Range 22.

26.    97-014-3101

That part of Government Lot 5, Section 14, Township 56 North, Range 24 West, Itasca County, Minnesota described as follows:
Commencing at the Southwest corner of said Government Lot 5; thence South 88 degrees 14 minutes 56 seconds East, assumed bearing, along the South line of said Government

Lot 5 a distance of 390.47 feet; thence Northeasterly 232.20 feet along a non-tangential curve concave to the Northwest having a radius of 750.59 feet a central angle of 17 degrees 43 minutes 30 second and a chord which bears North 38 degrees 54 minutes 20 seconds East; thence North 30 degrees 02 minutes 35 seconds East tangent to said curve 322.05 feet to the point of beginning of the tract to be herein described; thence North 30 degrees 02 minutes 35 seconds East 80.00 feet; thence Northeasterly 212.85 feet along a tangential curve concave to the Southeast having a radius of 2344.88 feet and central angle of 5 degrees 12 minutes 03 seconds; thence South 73 degrees 19 minutes 56 seconds East not tangent to said last described curve a distance of 504 feet, more or less to the shoreline of Big Diamond Lake; thence Southerly along said shoreline to the intersection with a line bearing South 80 degrees 51 minutes 25 seconds East from the point of beginning; thence North 80 degrees 51 minutes 25 seconds West a distance of 600 feet, more or less, to the point of beginning.

Together with an easement for ingress and egress and utility purposes as described in Declarations of Covenants, Conditions and Restrictions recorded October 16, 1995 as doc. no. 465530.

27.    97-014-3105

That part of Government Lot 5, Section 14, Township 56 North, Range 24 West, Itasca County Minnesota described as follows:
Commencing at the Southwest corner of said Government Lot 5; thence South 88 degrees 14 minutes 56 seconds East, assumed bearing, along the South line of said Government Lot 5 distance of 390.47 feet; thence Northeasterly 232.20 feet along a non-tangential curve concave to the Northwest having a radius of 750.59 feet a central angle of 17 degrees 43 minutes 30 seconds and a chord which bears North 38 degrees 54 minutes, 20 seconds East; thence North 30 degrees 02 minutes 35 seconds East tangent to said curve 402.05 feet; thence Northeasterly 212.85 feet along a tangential curve concave to the Southeast having a radius of 2344.88 feet and a central angle of 5 degrees 12 minutes 03 seconds to the point of beginning of the tract to be herein described; thence North 35 degrees 14 minutes 38 seconds East tangent to said last described curve 106.95 feet; thence Northerly 229.23 feet along a tangential curve concave to the West having a radius of 247.85 feet and a central angle of 52 degrees 59 minutes 31 seconds; thence South 58 degrees 54 minutes 59 seconds East not tangent to said last described curve a distance of 456 feet, more or less, to the shoreline of Big Diamond Lake; thence Southerly along said shoreline to the intersection with a line, bearing South 73 degrees 19 minutes 56 seconds East from the point of beginning; thence North 73 degrees 19 minutes 56 seconds West along the South line of said Government Lot 5 a distance of 504 feet, more or less to the point of beginning, Itasca County, Minnesota.

Together with an easement for ingress and egress and utility purposes as described in Declarations of Covenants, Conditions and Restrictions recorded October 16, 1995 as doc. no. 465530.

28.    97-017-3200 (NW ¼ of SW ¼ ),
29.    97-017-3301 (N ½ of SW ¼ of SW ¼ ), and
30.    97-017-3302 (S ½ of SW ¼ of SW ¼ ) for:

The West Half of the Southwest Quarter (W ½ of SW 1/4 ), Section Seventeen (17),
Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal
Meridian, according to the United States Government survey thereof, Itasca County,
Minnesota.

31.    97-019-1100

The Northeast Quarter of the Northeast Quarter (NE ¼ NE ¼), Section Nineteen (19)
Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal
Meridian, Itasca County Minnesota.

32.    97-019-1200

The Northwest Quarter of the Northeast Quarter (NW ¼ NE ¼), Section Nineteen (19)
Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal
Meridian, Itasca County Minnesota.

33.    97-019-1300

The Southwest Quarter of the Northeast Quarter (SW ¼ NE ¼ ), Section Nineteen (19)
Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal
Meridian, Itasca County, Minnesota.

34.    97-019-1400

The Southeast Quarter of the Northeast Quarter (SE ¼ NE ¼), Section Nineteen (19)
Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal
Meridian, Itasca County Minnesota.

35.    97-019-2102

All that part of the Northeast Quarter of the Northwest Quarter  (NE ¼  NW ¼) Section
Nineteen (19) Township fifty-six (56) North, Range Twenty-four (24) West of the Fourth
Principal Meridian, Itasca County, Minnesota, described as follows: Assuming the East
property line thereof to bear North 02 degrees 19 minutes 30 seconds East and beginning
at the Southeast corner thereof proceeding thence North 02 degrees 19 minutes 30
seconds East along said East property line a distance of 333.14 feet; thence North 88
degrees 53 minutes 10 seconds West a distance of 658.48 feet; thence North 02 degrees
17 minutes 27 seconds East a distance of 107.41; thence South 89 degrees 22 minutes 52
seconds West a distance of 658.31 feet, more or less to a point on the West property line
thereof 420.04 feet northerly of the Southwest corner thereof; thence southerly along said

30

West property line a distance of 420.04 feet to said Southwest corner; thence Easterly along the South property line thereof to the point of beginning.

36.    97-019-2301

All that part of Lot Two (2), (situated in the SW of NW), Section Nineteen (19) Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, according to the United States Government Survey thereof, situate in the County of Itasca County, Minnesota, described as follows: Assuming the South property line thereof to bear South 88 degrees 45 minutes 24 seconds East and beginning at the Southwest corner thereof proceed thence South 88 degrees, 45 minutes 24 seconds East along said South property line a distance of 1059 feet; thence North 01 degrees 14 minutes 36 seconds East a distance of 363 feet; thence North 68 degrees 29 minutes 36 seconds East a distance of 26 feet; thence North 12 degrees 34 minutes 36 seconds East a distance of 180 feet; thence North 31 degrees 17 minutes 36 seconds East a distance of 125 feet thence North 48 degrees 03 minutes 36 seconds East a distance of 93 feet; thence North 21 degrees 20 minutes 36 seconds East a distance of 247 feet; thence North 11 degrees 20 minutes 36 seconds East a distance of 162 feet; thence North 19 degrees 37 minutes 24 seconds West a distance of 57 feet; thence North 28 degrees 13 minutes 36 seconds East a distance of 88 feet; thence North 48 degrees 20 minutes 36 seconds East a distance of 111 feet; thence North 57 degrees 40 minutes 36 seconds East, more or less, a distance of 17.52 feet more or less to a point on the North property line thereof 84.36 feet Westerly of the Northeast corner thereof; thence Easterly along said North property line a distance of 84.36 feet to said Northeast corner; thence Southerly along the East property line thereof to the Southeast corner thereof; thence Westerly along said South property line to the point of beginning.

37.    97-019-2400

The Southeast Quarter of the Northwest Quarter (SE ¼ NW ¼), Section Nineteen (19), Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County, Minnesota.

38.    97-019-3102

All that part of the Northeast Quarter of the Southwest Quarter (NE ¼ SW ¼) of Section 19, Township 56 North, Range 24, Except the following parcel: The South 400 feet of the East 450 feet.

39.    97-019-4100

The Northeast Quarter of the Southeast Quarter (NE ¼ SE ¼), Section Nineteen (19) Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County Minnesota.

31

40.   97-019-4200

The Northwest Quarter of the Southeast Quarter (NW ¼ SE ¼) of Section Nineteen (19), Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County, Minnesota.

41.   97-019-4302

All that part of the Southwest Quarter of the Southeast Quarter (SW ¼ SE ¼), Section Nineteen (19), Township fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County, Minnesota, described as follow: Assuming the West property line thereof to bear South 02 degrees 19 minutes 30 seconds West and beginning at the Northwest corner thereof, proceeding thence South 55 degrees 39 minutes 35 seconds East a distance of 430 feet; thence South 02 degrees 19 minutes 30 seconds West a distance of 290 feet; thence South 12 degrees 33 minutes 37 seconds West more or less a distance of 814.14 feet, more or less, to a point on the South property line thereof 220 feet Easterly of the Southwest corner thereof; thence Easterly along said South property line to the Southeast corner thereof; thence Northerly along the East property line thereof to the Northeast corner thereof; thence Westerly along the North property line thereof to the point of beginning.

42.   97-019-4400

The Southeast Quarter of the Southeast Quarter (SE 1/4 SE 1/4) all in Section Nineteen (19) Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County Minnesota.

43.   97-025-3200

The Northwest Quarter of Southwest Quarter (NW ¼ of SW ¼), Section 25, Township Fifty-six (56),  Range Twenty-four (24) , Itasca County Minnesota.

44.   97-025-3300

Southwest Quarter of Southwest Quarter (SW ¼ of SW ¼), Section 25, Township Fifty-six (56),  Range Twenty-four (24) , Itasca County Minnesota, excepting all minerals (believed to be all of said minerals) to the extent owned by others and to the related mineral rights.

45.   97-026-3101

That part of Government Lot 4, Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota lying southerly of the following described line:
COMMENCING at the west quarter corner of said Section 26; thence South 89 degrees 30 minutes 44 seconds East, assigned bearing, along with east-west quarter line of said Section 26, a distance of 1203.14 feet to the point of beginning of the line to be herein

described: thence South 53 degrees 57 minutes 52 seconds East 631.05 feet; thence South 39 degrees 29 minutes 02 seconds East 343.99 feet; thence South 53 degrees 43 minutes 35 seconds East 201.43 feet; thence South 67 degrees 06 minutes 33 seconds East 552.24 feet; thence South 34 degrees 15 minutes 18 seconds East 402.24 feet to the south line of Government Lot 3, said Section 26 and said described line there terminating.

46.  97-026-3201

That part of the Northwest Quarter of Southwest Quarter (NW ¼ of SW ¼) of Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota, lying southerly of the following described line:
COMMENCING at the west quarter corner of said Section 26; thence South 89 degrees 30 minutes 44 seconds East, assigned bearing, along the east-west quarter line of said Section 26, a distance of 1203.14 feet to the point of beginning of the line to be herein described: thence South 53 degrees 57 minutes 52 seconds East 631.05 feet; thence South 39 degrees 29 minutes 02 seconds East 343.99 feet; thence South 53 degrees 43 minutes 35 seconds East 201.43 feet; thence South 67 degrees 06 minutes 33 seconds East 552.24 feet; thence South 34 degrees 15 minutes 18 seconds East 402.24 feet to the south line of Government Lot 3, said Section 26 and said described line there terminating.

Subject to reservation of mines and minerals reserved by Gustave A. Bingenheimer in that certain Warranty Deed filed in Book 121 of Deeds, Page 50.

47.  97-026-3300

The Southwest Quarter of the Southwest Quarter (SW ¼ of SW ¼) of Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota.

Subject to reservation of mines and minerals reserved by Gustave A. Bingenheimer in that certain Warranty Deed filed in Book 121 of Deeds, Page 50.

48.  97-026-3400

The Southeast Quarter of the Southwest Quarter (SE ¼ of SW ¼) of Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota.

Subject to reservation of mines and minerals reserved by Gustave A. Bingenheimer in that certain Warranty Deed filed in Book 121 of Deeds, Page 50.

49.  97-026-4201

That part of Government Lot 3, Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota lying southwesterly of the following described line:
COMMENCING at the west quarter corner of said Section 26; thence South 89 degrees 30 minutes 44 seconds East, assigned bearing, along the east-west quarter line of said Section 26, a distance of 1203.14 feet to the point of beginning of the line to be herein

described; thence South 53 degrees 57 minutes 52 seconds East 631.05 feet; thence South 39 degrees 29 minutes 02 seconds East 343.99 feet; thence South 53 degrees 43 minutes 35 seconds East 201.43 feet thence South 67 degrees 06 minutes 33 seconds East 552.24 feet; thence South 34 degrees 15 minutes 18 seconds East 402.24 feet to the south line of said Government Lot 3 and said described line there terminating.

50.    97-026-4300

The Southwest Quarter of Southeast Quarter (SW ¼ of SE ¼), Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota.

51.    97-026-4400

The Southeast Quarter of Southeast Quarter (SE ¼ of SE ¼), Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota.

52.    97-027-1302

That part of the Southwest Quarter of Northeast Quarter (SW ¼ of NE ¼), Section 27 described as follow: Assuming the East boundary line thereof to be a true North and South line, beginning at the Southeast corner thereof, and running South 86 degrees, 33'30" West along the South boundary line thereof 100 feet; thence North 600 feet; thence North 17 degrees 53' East, 325.6 feet to a point on the East boundary line thereof which is 909.96 feet north of the Southeast corner thereof; thence South along the East boundary line to the Southeast corner thereof. EXCEPTING all mineral (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

53.    97-027-1303

That part of the SW ¼ of NE ¼, Section Twenty-Seven (27), Township Fifty-Six (56), Range Twenty-Four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, lying north and west of a line beginning at the southwest corner thereof and proceeding in a northeasterly direction to the northeast corner thereof.

54.    97-027-1403

That part of West Half of Southeast Quarter of Northeast Quarter ( W ½ of SE ¼ of NE ¼), Section 27 described as follows: Assuming the West boundary line thereof to be a true North  and South line, beginning at the Southwest corner and running North along said West boundary line a distance of 909.96 feet; thence North 44 degrees 09' East approximately 570.6 feet to a point on the North boundary line thereof; thence North 88 degrees 32' East, 242.5 feet along the North boundary line to the mid-point of said North boundary line thence South 0 degrees 4' East approximately 1313.0 feet to the mid-point of the South boundary line thereof; thence South 88 degrees 33'30" West 645.59 feet along the said South boundary line to the point of beginning. EXCEPTING all mineral

(believed to be all of said minerals) to the extent owned by others and to the related mining rights.

55.   97-027-2403

An undivided 20.12 percent interest in that part of the SE ¼ of NW 1/4 , Section Twenty-Seven (27), Township Fifty-Six (56), Range Twenty-Four (24), West of the Fourth Principal Meridian, according to the United States Government Survey Thereof, described as follows: Assuming the east property line thereof to bear North 1 degrees 13' East and starting at the southeast corner thereof; proceeding thence northerly along said east property line a distance of 390.00 feet to the point of beginning; thence due west a distance of 385.00 feet; thence North 51 degrees 09'57" West a distance of 466.89 feet, more or less, to a point on the center line of the Easement for U.S. Highway 169, said easement as granted April 6,1956, by the Mesaba Cliffs Mining Company; thence North 38 degrees 50'03" East, more or less, a distance of 810.13 feet, more or less, along said easement center line to a point on the north property line thereof; thence easterly along said north property line to the northeast corner thereof; and thence southerly along the east property line thereof to the point of beginning. LESS AND EXCEPT that part conveyed by Document no. 48446 described as follow: "that part of the SE ¼ of NW ¼,Section 27, Township 56 North Range 24 West of the Fourth Principal Meridian, according to the United States Government Survey thereof, shown as Parcel 206D on Minnesota Department of Transportation Right of Way Plat Numbered 31-128 as the same is on file and of record in the office of the Registrar of Titles in and for Itasca County, Minnesota" containing 30.57 acres, more or less.

56.   97-027-2404

An undivided 3.35 percent interest in that part of the SE ¼ of NW 1/4 , Section Twenty-Seven (27), Township Fifty-Six (56), Range Twenty-Four (24), West of the Fourth Principal Meridian, according to the United States Government Survey Thereof, described as follows: Assuming the east property line thereof to bear North 1 degrees 13' East and starting at the southeast corner thereof; proceeding thence northerly along said east property line a distance of 390.00 feet to the point of beginning; thence due west a distance of 385.00 feet; thence North 51 degrees 09'57" West a distance of 466.89 feet, more or less, to a point on the center line of the Easement for U.S. Highway 169, said easement as granted April 6,1956, by the Mesaba Cliffs Mining Company; thence North 38 degrees 50'03" East, more or less, a distance of 810.13 feet, more or less, along said easement center line to a point on the north property line thereof; thence easterly along said north property line to the northeast corner thereof; and thence southerly along the east property line thereof to the point of beginning. LESS AND EXCEPT that part conveyed by Document no. 48446 described as follow: "that part of the SE ¼ of NW ¼,Section 27, Township 56 North Range 24 West of the Fourth Principal Meridian, according to the United States Government Survey thereof, shown as Parcel 206D on Minnesota Department of Transportation Right of Way Plat Numbered 31-128 as the same is on file and of record in the office of the Registrar of Titles in and for Itasca County, Minnesota" containing 30.57 acres, more or less.

57.    97-027-2405

An undivided 76.53 percent interest in that part of the SE ¼ of NW 1/4 , Section Twenty-Seven (27), Township Fifty-Six (56), Range Twenty-Four (24), West of the Fourth Principal Meridian, according to the United States Government Survey Thereof, described as follows: Assuming the east property line thereof to bear North 1 degrees 13' East and starting at the southeast corner thereof; proceeding thence northerly along said east property line a distance of 390.00 feet to the point of beginning; thence due west a distance of 385.00 feet; thence North 51 degrees 09'57" West a distance of 466.89 feet, more or less, to a point on the center line of the Easement for U.S. Highway 169, said easement as granted April 6,1956, by the Mesaba Cliffs Mining Company; thence North 38 degrees 50'03" East, more or less, a distance of 810.13 feet, more or less, along said easement center line to a point on the north property line thereof; thence easterly along said north property line to the northeast corner thereof; and thence southerly along the east property line thereof to the point of beginning. LESS AND EXCEPT that part conveyed by Document no. 48446 described as follow: "that part of the SE ¼ of NW ¼,Section 27, Township 56 North Range 24 West of the Fourth Principal Meridian, according to the United States Government Survey thereof, shown as Parcel 206D on Minnesota Department of Transportation Right of Way Plat Numbered 31-128 as the same is on file and of record in the office of the Registrar of Titles in and for Itasca County, Minnesota containing 30.57 acres, more or less.

58.    97-027-4100

Northeast Quarter of Southeast Quarter (NE ¼ of SE ¼), Section Twenty-Seven (27), Township Fifty-Six (56), Range Twenty-Four (24), Itasca County, Minnesota, EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

59.    97-027-4203

That part of Northwest Quarter of Southeast Quarter (pt of NW ¼ of SE ¼), Section 27, Township 56, Range 24, Itasca County, Minnesota, described as follows: Assuming the North boundary line thereof to bear North 88 degrees 33' 30" West: beginning at the Northeast corner thereof and running thence Southerly along the East boundary line 275 feet; thence North 18 degrees 28' West, 292.5 feet to a point on the North boundary line thereof 100 feet Westerly of the Northeast corner thereof; thence North 88 degrees 33' 30" East along the North boundary line thereof 100 feet to the point of beginning. EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

60.    97-027-4401

The Northeast Diagonal Half of the Southeast Quarter of Southeast Quarter (NE diagonal ½ of SE ¼ of SE ¼), Section 27, Township 56, Range 24, Itasca County, Minnesota,

EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

61.    97-027-4403

That part of Southeast Quarter of Southeast Quarter (pt of SE ¼ of SE ¼), Section 27, Township 56, Range 24, Itasca County, Minnesota, described as follows: Beginning at the Southeast corner of said government subdivision, thence running northwesterly 1057.8 feet along a diagonal line between the Southeast and the Northwest corners of said government subdivision to a point; thence running southwesterly at an angle of ninety degrees (90degrees) to the right, measured from the last described line, a distance of 479 feet to a point; thence running southeasterly at an angle of 72 degrees 48' to the right, measured from the last described line, a distance of 663.2 feet to a point, thence running southerly at an angle of 242 degrees 12', more or less, measured to the right from the last described line, a distance of 100 feet, more or less, to a point, on south boundary of said government subdivision, thence running easterly 500 feet, along said south boundary line, to the point of beginning, including in all 7.5 acres more or less. EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

62.    97-034-1101

That part of Northeast Quarter of Northeast Quarter (pt of NE ¼ of NE ¼) Section 34, Township 26, Range 24, Itasca County, Minnesota, described as follows: Assuming the North boundary line thereof to be a true East and West line; beginning at the Northeast corner thereof; running thence West along said boundary line 500 feet; thence South 29 degrees 40' West, 560 feet; thence South 22 degrees 37' East, 505.4 feet; thence South 59 degrees 2' West, 429.9 feet; thence South 30 degrees 58' East, approximately 186.3 feet to the South boundary line; thence Easterly along the said boundary line 879.0 feet, to the Southeast corner thereof; thence Northerly along the East boundary line 1320 feet to the point of beginning. EXCEPTING all minerals (believed to be all minerals) to the extent owned by others and to the related mining rights.

63.    97-034-1401

All that part of the Southeast Quarter of the Northeast Quarter (SE ¼ of NE ¼ ) of Section 34, Township 56 North Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota. EXCEPT the following parcel: Beginning at the northwest corner thereof and proceeding easterly along north property lien thereof a distance of two hundred eighty feet; thence southwesterly in a straight line to a point on the west property line thereof three hundred eighty-eight and thirty-four hundredths feet southerly of the said northwest corner, and thence northerly along said west property line to the point of beginning.

64.   97-034-2306

That part of the South half of the Northwest Quarter (S ½ of NW ¼ ) of Section 34, Township 56 North, Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota, described as follows: Assuming the east property line thereof to bear North 2 degrees 13 minutes East and beginning at the southeast corner thereof and proceeding thence North 89 degrees 30 minutes West a distance of one thousand nine hundred seventy-four and eighty-five hundredths feet along the south property line thereof to the point of beginning; thence North 1 degree 46 minutes East a distance of seven hundred seventy-one and seventy-two hundredths feet; thence due west a distance of six hundred eighty and thirty-nine hundredths feet more or less, to a point on the West property line thereof: thence southerly along said west property line to the southwest corner thereof, and thence easterly along the south property line thereof to the point of beginning.

65.   97-034-3402

All that part of the Southeast Quarter of the Southwest Quarter (SE ¼ of SW ¼ ) of Section 34, Township 56 North, Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota, lying northeasterly of a straight line between the northwest corner thereof and a point on the east property line thereof which is six hundred feet north of the southeast corner thereof, measured along said east property line.

66.   97-034-4100

The Northeast Quarter of the Southeast Quarter (NE ¼ of SE ¼ ) of Section 34, Township 56 North Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota.

67.   97-034-4200

The Northwest Quarter of the Southeast Quarter (NW ¼ of SE ¼ ) of Section 34, Township 56 North Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota.

68.   97-034-4302

All that part of the Southwest Quarter of the Southeast Quarter (SW ¼ of SE ¼ ) of Section 34, Township 56 North, Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota, lying northeasterly of a straight line between a point on the west property line thereof six hundred feet north of the southwest corner thereof, measured along said west property line, and a point on the south property line thereof which is five hundred feet east of the southwest corner thereof, measured along said south property line.

69.    97-034-4400

The Southeast Quarter of the Southeast Quarter (SE ¼ of SE ¼ ) of Section 34, Township 56 North Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota.

70.    97-035-1100

The Northeast Quarter of the Northeast Quarter (NE ¼ of NE ¼), Section 35, Township 56 North Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota. EXCEPTING all mineral (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

71.    97-035-1200

The Northwest Quarter of the Northeast Quarter (NW ¼ or NE ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

72.    97-035-1300

The Southwest Quarter of the Northeast Quarter (SW ¼ of NE ¼), Section 35 Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

73.    97-035-1400

The Southeast Quarter of the Northeast Quarter (SE ¼ of NE ¼), Section 35 Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

74.    97-035-2100

The Northeast Quarter of the Northwest Quarter (NE ¼ of NW ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

75.    97-035-2200

The Northwest Quarter of the Northwest Quarter (NW ¼ of NW ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

76.    97-035-2300

The Southwest Quarter of the Northwest Quarter (SW ¼ of NW ¼) Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

77.    97-035-2400

The Southeast Quarter of the Northwest Quarter (SE ¼ of NW ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

78.    97-035-3100

The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

79.    97-035-3200

The Northwest Quarter of the Southwest Quarter (NW ¼ of SW ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

80.    97-035-3300

The Southwest Quarter of Southwest Quarter (SW ¼ of SW ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

81.    97-035-3400

The Southeast Quarter of the Southwest Quarter (SE ¼ of SW ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

82.    97-035-4100

The Northeast Quarter of the Southeast Quarter (NE ¼ of SE ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

83.   97-035-4200

The Northwest Quarter of the Southeast Quarter (NW ¼ of SE ¼), Section 35, Township
56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of
said minerals) to the extent owned by others and to the related mining rights.

84.   97-035-4300

The Southwest Quarter of Southeast Quarter (SW ¼ of SE ¼), Section 35, Township 56,
Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and
SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

85.   97-035-4401

Government Lot One (1), Section 35, Township 56, Range 24, Itasca County, Minnesota.

## ST. LOUIS COUNTY PROPERTIES

86.   141-0050-02390

NW ¼ of SE ¼ of Section 15 Township 57 North Range 21 West of the Fourth Principal
Meridian, St. Louis County, Minnesota, EXCEPT that part described as follows:

Commencing at the NE corner of said NW ¼ of SE ¼ as the point of beginning, thence
SW'ly along the East property line of said NW1/4 of SE1/4 on an assumed bearing of
South 4 degrees 45 minutes 01 seconds West, a distance of 838.92 feet, thence due West a
distance of 325.88 feet; thence on a bearing of North 2 degrees 9 minutes 37 seconds
West a distance of 620.44 feet; thence on a bearing of North 46 degrees 33 minutes 27
seconds East a distance of 336.64 feet more or less to the North property line of said NW
¼ of SE 1/4 ; thence SE'ly along the North property line of said NW ¼ of SE ¼ a
distance of 175 feet more or less to the point of beginning; the described area containing
approximately 6.67 acres.
Commencing at the NE corner of said NW ¼ of SE ¼, thence SW'ly along the East
property line of said NW ¼ of SE ¼ on the assumed bearing of South 4 degrees 45
minutes 01 second West for a distance of 838.92 feet to the point of beginning; thence
continuing along the East property line of said NW ¼ of SE ¼ on an assumed bearing of
South 04 degrees 45 minutes 01 second West for a distance of 90.31 feet; thence due
West, a distance of 315.01 feet; thence on a bearing of North 02 degrees 09 minutes 37
seconds West a distance of 90.06 feet; thence due East, a distance of 325.88 feet more or
less to the point of beginning; the described area containing approximately 0.66 acres.

AND

SE ¼ of SW ¼ of Section 15 Township 57 North of Range 21 West of the Fourth
Principal Meridian

Subject to all easements, rights of way and agreements, etc as set forth in Certificate of Title No. 80417, filed in the office of the Registrar of Titles.

EXCEPTING all ores, coal, minerals and fossils of every nature and marketable granite or sandstone and the right to open, develop and work mines or quarries thereon or therein, and take out and remove all such ores, minerals, fossils and stone.

AND

SW ¼ of SE ¼ of Section 15 Township 57 North of Range 21 West of the Fourth Principal Meridan, containing 40 acres, more or less

EXCEPTING all ores, coal, minerals and fossils of every nature and marketable granite or sandstone and the right to open, develop and work mines or quarries thereon or therein, and take out and remove all such ores, minerals, fossils and stone.

Subject to all easements, rights of way and agreements, etc as set forth in Certificate of Title No. 80417, filed in the office of the Registrar of Titles.

All located in St. Louis County, Minnesota.

Torrens property
Current certificate of Title No. 342134.0

87.    141-0050-01970

SW ¼ of NE ¼ Section 15, Township 57 North of Range 21 West of the Fourth Principal Meridian, St. Louis County, Minnesota.

Torrens property
Current certificate of Title No. 342134.0

3.      The Real Property includes all of the trustee's right, title, and interest in all of the land parcel, buildings, fixtures, improvements, leases, maps, reports, plans, and other such material having to do with the Real Property, including all land use entitlements, governmental permits and allocations, and other such governmental and agency approvals as may exist concerning the Real Property. The Real Property also includes all personal property of every kind which are or were used in connection with the ownership, mining, use, or occupancy of the Real Property or that are now or hereafter located on, attached to, incorporated in (regardless of where located), or affixed

to the Real Property. PRM reserves the right to remove any parcel or portion of a parcel of the Real Property from its offer at any time prior to closing; provided however that removing any parcel will not change the purchase price. The Real Property does not include: (1) any real or personal property previously sold, or subject to a pending sale, by the trustee in connection with Plants 1, 2 and Jesse Load Out; (2) fee title to any real property owned by the State of Minnesota; (3) any titled, unencumbered vehicles that have been temporarily stored at Plant 4, including but not limited to: (a) Parcel No. 97-034-1301; (b) 980K Caterpillar Wheel Loader, S/N: W7K01913; (c) 140M Caterpillar Grader, S/N: 0B9M00479; and (d) D6T Caterpillar Bulldozer, S/N: ZJB00246 and (4) Noramaco and TKDA Engineering drawings, maps, reports and plans and other such material, which belong to MagGlobal and its affiliate, Magnetation, Inc.

4.      PRM is authorized, but is not obligated, in its sole discretion, to request that the trustee assume and assign, subject to bankruptcy court approval, any and all contracts, easements, licenses, and leases, including any and all rights to mine minerals, that are held by the estate, in any way related or appurtenant to the Real Property, as limited to those set forth in the Notice of Hearing and Omnibus Motion for an Order Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, Doc. No. 465, as modified by the Notice of Continued Hearing and Withdrawal of the Trustee's Omnibus Motion for an Order Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases as to Some Executory Contracts and Unexpired Leases, Doc. No. 523 (collectively, the "Assigned Contracts").

5.      All liens, encumbrances or other interests on the Assets sold will attach to the proceeds of the sale of the property with the same dignity, priority and extent as held against the property prior to the sale and such proceeds will be held by the trustee in a segregated account pending further order of the court. Notwithstanding anything set forth in the trustee's sale motion

or herein, any issues as to the characterization of the Assets as real or personal property and as to

priority of the secured creditors that assert liens in and to such Assets can be determined at a later

time and all of the secured creditors' rights as to such issues are hereby fully reserved, including

any rights of offset or other claims and defenses that may be asserted by the trustee. The trustee's

right, if any, to surcharge the sale proceeds under 11 U.S.C. § 506(c) is preserved.

6.      The trustee is authorized to use the sale proceeds to pay all expenses of the sale

within thirty days of closing.

7.      The fourteen-day stay as provided by Fed. R. Bankr. P. 6004(h) is waived.

8.      The debtor's property is being sold "as is, where is" without any representations

and warranties.

9.      The trustee and her representatives are authorized to take such other actions and

execute and deliver such additional documents or instruments as will be reasonably necessary to

effectuate the transactions contemplated in the trustee's motion.

10.     The trustee is authorized and directed to sell the Assets upon all the terms set forth

in the trustee's motion, this order, and any agreement entered into by the parties.

11.     Nothing in this order discharges, releases, enjoins or otherwise bars or limits: (A)

any liability to the State of Minnesota of the debtor, its estate, or the successors, transferees, or

assigns of the debtor or its estates if such liability arises on or after the effective date; (B) any

liability to the State of Minnesota that is not a "claim" within the meaning of 11 U.S.C. § 101(5);

(C) any right of setoff or recoupment against the debtor (and all such setoff and recoupment rights

are preserved and not waived whether or not asserted in a timely-filed proof of claim); (D) any

police or regulatory action of the State; (E) any environmental liability to the State of Minnesota

that the debtors, its estates, or the successors, transferees, or assigns of the debtor's or its estates

may have as an owner or operator of a mine property, or otherwise; or (F) any liability to the State of Minnesota that the debtor, its estates, or the successors, transferees, or assigns of the debtor or its estates may have as a holder of a permit to mine, water appropriation permit, dam permit, or state disposal system (SDS) permit; *provided, however,* that, notwithstanding the foregoing, nothing in this paragraph will limit, diminish or otherwise alter any party's defenses, claims, causes of action or other rights under applicable non-bankruptcy or bankruptcy law with respect to any liability that may exist to the State of Minnesota. For the avoidance of doubt, and as it relates to this Paragraph 11, by virtue of the purchase of the Real Property, PRM is not a successor, transferee, or assign of the Debtor or its estate.

12.     Nothing in this order or the letter of intent releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this order. Nothing in this order or the letter of intent authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this order or to adjudicate any defense asserted under this order.

13.     Endurance Assurance Corporation and Continental Heritage Insurance Co., (collectively, "Sureties" and, each individually, "Surety") have issued commercial surety bonds on behalf of the debtor with respect to assets and other contractual obligations to be transferred from the chapter 7 trustee to PRM (collectively, the "Existing Surety Bonds" and, each individually, an "Existing Surety Bond").

14.     To the extent that any of the Existing Surety Bonds relate to the debtor's assets to be transferred, which include, without limitation, the Real Property subject to reclamation claims from the State of Minnesota, mining permits, surface leases and mine related facilities, and other contractual obligations, such Existing Surety Bonds will be replaced, in part, by PRM (collectively, the "Replacement Surety Bonds" and, each individually, a "Replacement Surety Bond"), subject to the following conditions:

    i.     The necessity of any Replacement Surety Bond on the Real Property, and the penal sum of those replacement bonds as financial assurance, is subject to determination by the Minnesota Department of Natural Resources according to Minnesota law and applicable federal law. Applications for the transfer of any permits, if any, from the Trustee to PRM, as required by applicable law, will be made no later than thirty (30) days after closing. A Replacement Surety Bond, in an amount required by the Minnesota Department of Natural Resources, will be timely submitted as required as part of any applicable permit transfer and bonding regulations. In no event will this provision be construed to require that PRM obtain or provide financial assurances related to any real property other than the Real Property that is the subject of this order.

    ii.     The debtor entered into certain indemnity agreements or related agreements with the Sureties (collectively, the "Existing Indemnity Agreements" and, each, an "Existing Indemnity Agreement").  Upon the transfer of a permit as described in Paragraph 14(i) above, and upon the request of any of the Sureties, PRM agrees to execute a new indemnity agreement, either with

the Sureties or with some other replacement surety or sureties, in a form

satisfactory to the applicable Surety in its discretion, which will be

exercised in a reasonably commercial manner, for any Replacement Surety

Bond, but in no event will either Surety require a form of indemnity

agreement that is in any way materially different from the Existing

Indemnity Agreement, which was attached as Exhibit C to Claim 12-1 at

49–55.

15.     The discharge or release of any claim contained in any letter of intent, purchase

agreement or in this order will not release, discharge, preclude, or enjoin any obligation of the

debtor (prior to the closing date) to the Sureties under the Existing Surety Bonds, Existing

Indemnity Agreements, and obligations under the common law of suretyship and, solely to the

extent that such Existing Surety Bonds are not replaced by the Replacement Surety Bonds, such

obligations to the Sureties are not being released, discharged, precluded or enjoined by any

purchase agreement, this order or agreements with third parties.

16.     Notwithstanding any other provision of the letter of intent or this order all,

collateral, on which the applicable Surety had a perfected lien as of the closing date, other than

any assets contained in the letter of intent and letters of credit and proceeds from drawn letters of

credit issued to the Sureties as security for the debtor's obligations under the Existing Surety Bonds

(collectively, the "Surety Collateral") will remain in place to secure all payment and performance

obligations of (a) the debtor under the Existing Surety Bonds or for obligations arising under the

Existing Indemnity Agreements until replaced or released in the bonds entirety and (b) thereafter

PRM under the Replacement Surety Bonds, any new indemnity agreements, or new collateral trust

47

agreements and accounts related thereto; provided, however, that nothing in the letter of intent or this order will be deemed to limit such Surety's right to utilize any Surety Collateral.

17.     Notwithstanding any other provisions of the letter of intent or other agreements between the debtor/trustee and third parties, nothing in the release provisions of the letter of intent or this order will be deemed to apply to the Sureties' claims to pursue the Surety Collateral, nor will these provisions be interpreted to bar, impair, prevent or otherwise limit the Sureties from exercising their valid rights under or with respect to any of the Existing Surety Bonds (until fully replaced), Replacement Surety Bonds, any related indemnity agreements, letters of credit, or applicable law, including the common law of suretyship. Nothing in the letter of intent or this order will be interpreted to alter, diminish, or enlarge the rights or obligations of the Sureties in regard to state and federal agencies, third parties, or otherwise under any surety bonds, any indemnity agreements or applicable law.  Further, nothing contained in the letter of intent will constitute or be deemed a waiver of any cause of action that in any way relates to the Existing Surety Bonds held by the debtor or the Trustee against any entity.

18.     PRM will make the payment to the estate and the Trustee at the closing. The closing will occur within 30 days of court approval or the end of the due diligence period, whichever is later. PRM may request an extension on the deadline to close, and the Trustee may grant in her discretion. PRM agrees to reimburse the Trustee for any additional expenses, excluding attorneys' fees, incurred as a result of any requested extension of the deadline to close. Prior to closing, The Trustee will further require that PRM execute any documents necessary to effectuate its agreement with the holders of mechanics liens on the Real Property, as that agreement is summarized in Paragraph 11 of the Motion. PRM will not be required to close if (i) PRM has not executed, on or before the date of closing, a lease with Itasca County on the land described in Paragraph 6 of the

motion, on reasonable terms or (ii) PRM is unable to obtain reasonable terms with the holders of
mechanics liens on the Real Property, that are consistent with the agreement summarized in
Paragraph 11 of the Motion.

19.      Upon the closing of the sale contemplated herein, all creditors, employees, and
equity holders of the debtor, are bound by this order to treat PRM and the Assets as free and clear
of their respective claims, liens, encumbrances and interests, whether known or unknown, asserted
or unasserted, of any kind or nature whatsoever, except as otherwise specifically set forth herein.

20.      This court retains jurisdiction to enforce and implement the terms and provisions
of this order and the final agreement between the trustee and PRM, all amendments thereto, any
waivers and consents thereunder, and of any agreements executed in connection therewith in all
respects.

Dated:

_____
William J. Fisher
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE: ERP Iron Ore, LLC

CASE NO: 18-50378

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**
Chapter: 7

On 8/21/2020, I did cause a copy of the following documents, described below,

Notice of Hearing and Motion for Sale of Certain of the Debtor's Property Free and Clear of Liens, Encumbrances and Other Interests

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/21/2020

/s/ Nauni Manty
Nauni Manty
Manty & Associates, P.A.
401 2nd Ave. N., STE 400
Minneapolis, MN  55401
612 465 0990

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:  ERP Iron Ore, LLC

CASE NO: 18-50378

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 7

On 8/21/2020, a copy of the following documents, described below,

Notice of Hearing and Motion for Sale of Certain of the Debtor's Property Free and Clear of Liens, Encumbrances and Other Interests

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/21/2020

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Nauni Manty
Manty & Associates, P.A.
401 2nd Ave. N., STE 400
Minneapolis, MN  55401

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SERVED BY ELECTRONIC TRANSMISSION THROUGH THE CM/ECF SYSTEM

CASE INFO
  LABEL MATRIX FOR LOCAL NOTICING
08645
CASE 18-50378
DISTRICT OF MINNESOTA
DULUTH
FRI AUG 21 12-32-37 CDT 2020

AW KUETTEL  SONS INC
FABYANSKE WESTRA HART  THOM
333 SOUTH SEVENTH STREET
SUITE 2600
MINNEAPOLIS MN 55402-2437

AFCO CREDIT CORPORATION
1133 AVENUE OF THE AMERICAS 27TH FLOOR
NEW YORK NY 10036-6710

ALLETE INC DBA MINNESOTA POWER
30 WEST SUPERIOR STREET
DULUTH MN 55802-2191

CHAMPION STEEL MINNESOTA INC
FABYANSKE WESTRA HART  THOM
333 SOUTH SEVENTH STREET
SUITE 2600
MINNEAPOLIS MN 55402-2437

CHESTER COMPANY LIMITED
1035 7TH AVENUE EAST
HIBBING MN 55746-1405

CLEVELAND CLIFFS INC
200 PUBLIC SQUARE
SUITE 3300
CLEVELAND OH 44114-2315

DEBTOR
ERP IRON ORE LLC
7908 US HIGHWAY 169 SUITE B
BOVEY MN 55709-7915

FERGUSON ENTERPRISES INC
CO JO RETTKE
2350 W CTY RD C STE 150
ST PAUL MN 55113-2543

GLACIER PARK IRON ORE PROPERTIES LLC
755 E MULBERRY AVE SUITE 600
SAN ANTONIO TX 78212-6013

HAMMERLUND CONSTRUCTION INC
FABYANSKE WESTRA HART  THOM
333 SOUTH SEVENTH STREET
SUITE 2600
MINNEAPOLIS MN 55402-2437

HT SURFACE AND MINERAL LLC
740 EAST SUPERIOR STREET
DULUTH MN 55802-3702

HUNT ELECTRIC CORPORATION
CO AARON A DEAN ESQ
MOSS  BARNETT
150 SOUTH FIFTH STREET
SUITE 1200
MINNEAPOLIS MN 55402-4129

JEFFERIES LLC
CO BASSFORD REMELE PA
100 SOUTH FIFTH STREET SUITE 1500
MINNEAPOLIS MN 55402-1254

JOHN J MORGAN COMPANY
1413 THOMPSON AVE SUITE 1
SOUTH ST PAUL MN 55075-1472

KOMATSU FINANCIAL LIMITED PARTNERSHIP
1701 W GOLF ROAD SUITE 1300
ROLLING MEADOWS IL 60008-4208

LAMEY LAW FIRM PA
980 INWOOD AVE N
OAKDALE MN 55128-6625

LEJEUNE STEEL COMPANY
CO AARON A DEAN ESQ
MOSS  BARNETT
150 SOUTH FIFTH STREET
SUITE 1200
MINNEAPOLIS MN 55402-4129

LIQUIDITY SOLUTIONS INC
ONE UNIVERISTY PLAZA SUITE 312
HACKENSACK NJ 07601-6205

MAGGLOBAL LLC
CO AMY J SWEDBERG
3300 WELLS FARGO CENTER
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402-7506

MAGNETATION INC
CO AMY J SWEDBERG
MASLON LLP
3300 WELLS FARGO CENTER
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402-4104

MANTY  ASSOCIATES PA
401 2ND AVE N STE 400
MINNEAPOLIS MN 55401-2097

MERIDA NATURAL RESOURCES LLC
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

MINNESOTA DEPARTMENT OF NATURAL
RESOURCES
MAWERDI HAMID ASST ATTORNEY GENERAL
BREMER TOWER SUITE 900
445 MINNESOTA STREET
ST PAUL MN 55101-2190

MINNESOTA DEPARTMENT OF REVENUE
600 NORTH ROBERT STREET
ST PAUL MN 55146-1176

NAUNI MANTY TRUSTEE
MANTY  ASSOCIATES PA
401 SECOND AVENUE NORTH
SUITE 400
MINNEAPOLIS MN 55401-2097

NORAMCO ENGINEERING CORPORATION
2729 13TH AVENUE EASE
HIBBING MN 55746-2314

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF NOTICE" WERE ONLY SENT THEIR NOTICE THROUGH THE CM/ECF SYSTEM

NORTHERN INDUSTRIAL ERECTORS INC
FABYANSKE WESTRA HART  THOM
333 SOUTH SEVENTH STREET
SUITE 2600
MINNEAPOLIS MN 55402-2437

PARSONS ELECTRIC LLC
CO AARON A DEAN ESQ
MOSS  BARNETT
150 SOUTH FIFTH STREET
SUITE 1200
MINNEAPOLIS MN 55402-4129

RANGE ELECTRIC INC
FABYANSKE WESTRA HART  THOM
333 SOUTH SEVENTH STREET
SUITE 2600
MINNEAPOLIS MN 55402-2437

RAVICH MEYER KIRKMAN MCGRATH NAUMAN
TANSEY
150 SOUTH FIFTH STREET
SUITE 3450
MINNEAPOLIS MN 55402-4201

RUDD EQUIPMENT COMPANY INC
4344 POPLAR LEVEL ROAD
LOUISVILLE KY 40213-1841

THE JAMAR COMPANY
CO AARON A DEAN ESQ
MOSS  BARNETT
150 SOUTH FIFTH STREET
SUITE 1200
MINNEAPOLIS MN 55402-4129

TOLTZ KING DUVALL ANDERSON AND
ASSOCIATES
HELEY DUNCAN  MELANDER PLLP
8500 NORMANDALE LAKE BOULEVARD
SUITE 2110
MINNEAPOLIS MN 55437-3813

UNITED RENTALS NORTH AMERICA INC
CO AARON A DEAN ESQ
MOSS  BARNETT
150 SOUTH FIFTH STREET
SUITE 1200
MINNEAPOLIS MN 55402-4129

VIKING ELECTRIC SUPPLY INC
CO MICHAEL P COATY
HELEY DUNCAN  MELANDER PLLP
8500 NORMANDALE LAKE BLVD
SUITE 2110
MINNEAPOLIS MN 55437-3813

WEIR MINERAL NETHERLANDS
CO LAMEY LAW FIRM
980 INWOOD AVENUE NORTH
OAKDALE MN 55128-6625

WESCO DISTRIBUTION INC
225 WEST STATION SQUARE DR
PITTSBURG PA 15219-1151

~~EXCLUDE~~
~~DULUTH~~
~~404 GERALD W HEANEY FEDERAL BUILDING~~
~~AND US COURTHOUSE AND CUSTOMHOUSE~~
~~515 WEST FIRST STREET~~
~~DULUTH MN 55802-1302~~

1620 EAST 78TH STREET
162
MINNEAPOLIS MN 55423-4645

947 BLOOMFIELD STREET
192 SUMMERFIELD COURT SUITE 203
ROANOKE NJ 24019-4581

AW KUETTEL  SONS INC
FABYANSKE WESTRA ET AL
333 SOUTH SEVENTH STREET STE 2600
MINNEAPOLIS MN 55402-2437

ACCU DIG INC
ATTN KYLE ROGERS
4844 EAST 150 S
MONTICELLO IN 47960-2781

ADVANTAGE TECHNOLOGY
950 KANAWHA BLVD E
CHARLESTON WV 25301-2842

AFCO
P O BOX 371889
PITTSBURGH PA 15250-7889

AFCO CREDIT CORPORATION
5600 NORTH RIVER ROAD
ROSEMONT IL 60018-5187

ALLAN B HAMMEREL
5708 N VIA LOZANA
TUCSON AZ 85750-1136

ALLETE INC DBA MINNESOTA POWER
30 WEST SUPERIOR STREET
DULUTH MN 55802-2093

ANA M CLARKE
15 APPLEDORE LANE
P O BOX 87
NATURAL BRIDGE VA 24578-0087

APPLIED INDUSTRIAL TECHNOLOGY
1 APPLIED PLAZA
CLEVELAND OH 44115-2519

AUTOMATED DATA PROCESSING
11411 RED RUN BLVD
OWINGS MILLS MD 21117-3255

AW KUETTEL  SONS INC
ATTN THOMAS KUETTEL
3930 AIRPARK BOULEVARD
DULUTH MN 55811-5729

B RILEY  COMPANY LLC
11100 SANTA MONICA BLVD
SUITE 800
LOS ANGELES CA 90025-3979

B RILEY FBR INC
ATTN- ALAN FORMAN ESQ
11100 SANTA MONICA BOULEVARD SUITE 800
LOS ANGELES CA 90025-3979

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF NOTICE RECIPIENT" WERE SENT NOTICE THROUGH THE CM/ECF SYSTEM

BAKER FIRE
P O BOX 766
BUHL MN 55713-0766

BARBARA CUNDIFF COLVILLE
507 MORNING STAR LANE
NEWPORT BEACH CA 92660-5714

BLUECROSS BLUESHIELD
P O BOX 860448
MINNEAPOLIS MN 55486-0048

BNSF RAILWAY COMPANY
2650 LOU MENK DRIVE
MARKETING OFFICE BUILDING
FORT WORTH TX 76131-2830

BNSF RAILWAY COMPANY
GROUP VICE INDUSTRIAL PRODUCTS
2650 LOU MENK DRIVE
FORT WORTH TX 76131-2830

BNSF RAILWAY COMPANY
JONES LANG LASALLE BROKERAGE
4300 AMON CARTER BLVD STE 100
FORT WORTH TX 76155-2685

BNSF RAILWAY COMPANY
JONES LANG LASALLE GLOBAL SVCS
3017 LOU MENK DRIVE STE 100
FORT WORTH TX 76131-2801

BNSF RAILWAY COMPANY
P O BOX 676160
DALLAS TX 75267-6160

BNSF RAILWAY COMPANY
P O BOX 961069
FORT WORTH TX 76161-0069

BNSF RAILWAY COMPANY
2500 LOU MENK DRIVE
AOB-3
FORT WORTH TX 76131-2828

BOUNDARY HUNTING CAMP
ATTN MICHAEL ANTONOVICH
209 HARTLEY
COLERAINE MN 55722-0122

BOUNDARY HUNTING CAMP
ATTN MICHAEL ANTONOVICH
P O BOX 224
COLERAINE MN 55722-0224

BROCK WHITE COMPANY LLC
ATTN JONATHAN LLOYD
2575 KASOTA AVENUE
ST PAUL MN 55108-1590

BENJAMIN J COURT
STINSON LLP
50 S 6TH STREET SUITE 2600
MINNEAPOLIS MN 55402-2241

CAROLINE C HERRICK
411 MULBERRY POINT ROAD
GUILFORD CT 06437-3204

CATERPILLAR FINANCIAL SERVICES
ATTN SPEC ACCTS MANAGER
2120 WEST END AVENUE
NASHVILLE TN 37203-5341

CATERPILLAR FINANCIAL SERVICES
P O BOX 730669
DALLAS TX 75373-0669

CATERPILLAR FINANCIAL SVCS COR
P O BOX 30669
DALLAS TX 75373-0669

CENTRAL RENT A CRANE INC
ATTN DEREK BAUMGARTNER
4700 ACORN DRIVE
INDEPENDENCE OH 44131-6942

CENTURY LINK
P O BOX 2961
PHOENIX AZ 85062-2961

CENTURYLINK COMMUNICATIONS
1025 EL DORADO BLVD
ATTN LEGAL BKY
BROOMFIELD CO 80021-8254

CFSC
ATTN SPECIAL ACCTS MGR  NABC
2120 WEST END AVENUE
NASHVILLE TN 37203-5251

CHESTER COMPANY LIMITED
3920 13TH AVENUE E STE 7
HIBBING MN 55746-3675

CSX TRANSPORTATION INC
500 WATER STREET
JACKSONVILLE FL 32202-4445

CSX TRANSPORTATION INC
ATTN RUSS EPTING
500 WATER STREET J842
JACKSONVILLE FL 32202-4445

CT LIEN SOLUTIONS
4520 MAIN STREET STE 1100
KANSAS CITY MO 64111-7700

CT LIEN SOLUTIONS
P O BOX 301133
DALLAS TX 75303-1133

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF NOTICE" WERE SENT THEIR NOTICE OF ELECTRONIC FILING VIA THE COURT'S NOTICE THROUGH THE CM/ECF SYSTEM

CATERPILLAR FINANCIAL SERVICES
CORPORATION
MONICA CLARK ESQ DORSEY  WHITNE
50 SOUTH SIXTH STREET SUITE 1500
MINNEAPOLIS MN 55402-1498

CENTURYLINK COMMUNICATIONS LLC FKA
QWEST COM
ATTN LEGALBKY
1028 EL DORADO BLVD
BROOOMFIELD CO 80021

DAN ANDREWS
P O BOX 12
MARBLE MN 55764-0012

DAVD L LEWIS
309 WEST 43RD STREET STE 105
SIOUX FALLS SD 57105-6805

DENTONS US LLP
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020-1001

DIAMOND LAKE ROAD ASSOCIATION
P O BOX 351
BOVEY MN 55709-0351

DR MICHAEL L TUCK
5416 LAMONA AVENUE
SHERMAN OAKS CA 91411-3603

INTERNATIONAL
DSA INVESTMENTS INC
ATTN JOHN ORAM
LEVEL 28G SILVER TOWER
CLUSTER I JUMEIRAH LAKE TOWERS
P O BOX 393324
DUBAI UNITED ARAB EMIRATES

INTERNATIONAL
DSA INVESTMENTS INC
ATTN N DHARAMVEER
LEVEL 28G SILVER TOWER
CLUSTER I JUMEIRAH LAKE TOWERS
P O BOX 393324
DUBAI UNITED ARAB EMIRATES

DON HOSTETLER
711 EAST 65TH STREET SUITE 208
INDIANAPOLIS IN 46220-1609

DONNA L CULVER
1201 NORTH MARKET ST
16TH FLOOR
WILMINGTON DE 19801-1147

ENCECO MEMBER
ATTN CHARLES A EBETINO JR
3694 SEAFORD DRIVE
COLUMBUS OH 43220-4842

ENCORE ENERGY
12120 PORT GRACE BLVD STE 200
OMAHA NE 68128-8235

ENERVANTAGE
12120 PORT GRACE BLVD STE 200
LA VISTA NE 68128-8235

ERP COMPLAINT COKE LLC
15 APPLEDORE LANE
P O BOX 87
NATURAL BRIDGE VA 24578-0087

FAEGRE BAKER DANIELS LLP
ATTN DENNIS RYAN
90 S SEVENTH STREET STE 2200
MINNEAPOLIS MN 55402-3901

FASTENAL COMPANY
ATTN JOHN MILEK
2001 THEURER BLVD
WINONA MN 55987-9902

FERGUSON ENTERPRISES INC
ATTN HOLLY WELCH
1057 EAST 54TH STREET
INDIANAPOLIS IN 46220-3489

FERGUSON ENTERPRISES INC
ATTN HOLLY WELCH
2350 W COUNTY RD C STE 150
ROSEVILLE MN 55113-2543

FIRST AMERICAN TITLE INSURANCE CO
1201 WALNUT STREET STE 700
KANSAS CITY MO 64106-2175

FLSMIDTH INC
7158 SOUTH FLSMIDTH DRIVE
ATTN- MARK D TAYLOR
MIDVALE UT 84047-5559

FERGUSON ENTERPRISES INC
WAGNER FALCONER  JUDD LTD
100 S 5TH ST STE 800
MPLS MN 55402-5357

GENERAL SECURITY SERVICES CORP
P O BOX 823424
PHILADELPHIA PA 19182-3424

GENERAL WASTE DISPOSAL AND
RECOVERY SERVICES
P O BOX 312
CHISHOLM MN 55719-0312

GENERAL WASTE DISPOSAL AND
RECOVERY SERVICES INC
1 SW 7TH STREET
CHISHOLM MN 55719-1215

GLACIER PARK COMPANY
CO CONOCO PHILLIPS COMPANY
600 NORTH DAIRY ASHFORD
HOUSTON TX 77079-1100

GREAT NORTHERN IRON ORE PROPERTIES
801 EAST HOWARD STREET
P O BOX 429
HIBBING MN 55746-0429

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SERVED VIA ELECTRONIC TRANSMISSION OF NOTICE THROUGH THE CM/ECF SYSTEM

GENERAL SECURITY SERVICES CORPORATION
9110 MEADOWVIEW ROAD
BLOOMINGTON MN 55425-2458

HAMMERLUND CONSTRUCTION
ATTN JOHN A STENE
40 COUNTY ROAD 63
GRAND RAPIDS MN 55744-9631

HAMMERLUND CONSTRUCTION INC
FABYANSKE WESTRA ET AL
333 SOUTH SEVENTH STREET STE 2600
MINNEAPOLIS MN 55402-2437

HAMMERLUNDS CHAMPION STEEL INC
NKA CHAMPION STEEL MN INC
DBA CHAMPION STEEL
FABYANSKE WESTRA ET AL
333 SOUTH SEVENTH STREET STE 2600
MINNEAPOLIS MN 55402-2437

HAMMERLUNDS CHAMPION STEEL INC
DBA CHAMPION STEEL
40 COUNTY ROAD 63
GRAND RAPIDS MN 55744-9631

HAWKINSON CONSTRUCTION CO INC
501 WEST COUNTY ROAD 63
GRAND RAPIDS MN 55744-4731

HT SURFACE AND MINERALS LLC
801 EAST HOWARD STREET
P O BOX 429
HIBBING MN 55746-0429

HUNT ELECTRIC CORPORATION
ATTN BRAD BOOS
4330 W FIRST STREET STE B
DULUTH MN 55807-2239

INDIANA DEPT OF REVENUE
P O BOX 7224
INDIANAPOLIS IN 46207-7224

IRONMAN CONCRETE PUMPING INC
ATTN NORM VOIGT
37334 STATE HIGHWAY 65
NASHWAUK MN 55769-4074

ITASCA COUNTY ATTORNEY
ATTN JACK MUHAR
123 4TH STREET NE
GRAND RAPIDS MN 55744-2681

ITASCA COUNTY AUDITOR
123 NE 4TH STREET
GRAND RAPIDS MN 55744-2681

ITASCA COUNTY LAND DEPARTMENT
1177 LAPRAIRIE AVENUE
GRAND RAPIDS MN 55744-3322

ITASCA COUNTY REGIONAL
RAILROD AUTHORITY
123 NE FOURTH STREET
GRAND RAPIDS MN 55744-2659

ITASCA COUNTY TRANSPORTATION
123 4TH STREET NE
GRAND RAPIDS MN 55744-2681

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19101-7346

JAMAR COMPANYTHE
ATTN CRAIG FELLMAN
4701 MIKE COLALILLO DRIVE
DULUTH MN 55807-2762

JAMES T LEWIS
309 WEST 43RD STREET STE 105
SIOUX FALLS SD 57105-6805

JEFFERIES LLC
520 MADISON AVENUE  SIXTH FLOOR
NEW YORK NY 10022-4344

JK MECHANICAL CONTRACTORS INC
ATTN JOE KLAMM
240 5TH STREET
NASHWAUK MN 55769-1160

JOHN C HAMMEREL JR
10200 E CELTIC DRIVE
SCOTTSDALE AZ 85260-7253

JOHN G DEVANEY
10 POND VIEW DRIVE
NANTUCKET MA 02554-4403

JOHN J MORGAN COMPANY
ATTN THOMAS G MORGAN
1413 THOMPSON AVENUE STE 1
SOUTH ST PAUL MN 55075-1472

JOHN PARKER TRAUERNICHT
60 BAYVILLE ROAD
LOCUST VALLEY NY 11560-2028

JENNIFER E BELL
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

JOHN J MORGAN COMPANY
CO KURT M ANDERSON
PO BOX 15667
MINNEAPOLIS MN 55415-0667

K BUILDING COMPONENTS INC
ATTN RIAN BURKES
1955 HIGHWAY 37
HIBBING MN 55746-3613

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SERVED VIA ELECTRONIC MAIL NOTICE THROUGH THE CM/ECF SYSTEM

INTERNATIONAL
KATHERINE GAY BENOUN
8 RUE DE LEVIS
75017 PARIS FRANCE

KELLY CONSTRUCTION OF INDIANA
ATTN DAVID DAUGHERTY
3310 CONCORD ROAD
LAFAYETTE IN 47909-5128

KERAMIDA
401 N COLLEGE AVENUE
INDIANAPOLIS IN 46202-3605

KIMBALL H KNUTSON
2417 33RD AVENUE
MINNEAPOLIS MN 55406-1463

KELLY CONSTRUCTION OF INDIANA INC
DAVID DAUGHERTY
3310 CONCORD ROAD
LAFAYETTE IN 47909-5128

FIRST MERCHANTS BANK NA
PO BOX 792
MUNCIE IN 47308-0792

LEJEUNE STEEL COMPANY
ATTN JIM TORBORG
118 W 60TH STREET
MINNEAPOLIS MN 55419-2319

LIGHTHOUSE MANAGEMENT GROUP
ATTN JAMES CULLEN
900 LONG LAKE ROAD STE 180
NEW BRIGHTON MN 55112-6455

LIQUIDITY SOLUTIONS INC
ATTN JEFF CARESS
ONE UNIVERSITY PLAZA STE 312
HACKENSACK NJ 07601-6205

LARA NATURAL RESOURCES LLC
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

LIGHTHOUSE MANAGEMENT GROUP INC
ATTN JIM BARTHOLOMEW
900 LONG LAKE ROAD SUITE 180
NEW BRIGHTON MN 55112-6455

LIQUIDITY SOLUTIONS INC
ONE UNIVERSITY PLAZA SUITE 312
HACKENSACK NJ 07601-6205

MAG GLOBAL
ATTN MICHAEL J TALARICO
102 NE 3RD STREET STE 120
GRAND RAPIDS MN 55744-2868

MAG INC
ATTN MICHAEL J TALARICO
102 NE 3RD STREET STE 120
GRAND RAPIDS MN 55744-2868

MAGNETATION INC
102 THIRD STREET NE STE 120
GRAND RAPIDS MN 55744-2868

MAGNETATION LLC
ATTN MICHAEL J TALARICO
102 NE 3RD STREET STE 120
GRAND RAPIDS MN 55744-2868

MARK P ROGERS
TRUSTEE MARK P ROGERS REV TRUS
2410 MERRIMAC LANE
PLYMOUTH MN 55447-2118

MECHANICS MINERS LIEN CLAIMS
LIGHTHOUSE MANAGEMENT GROUP
900 LONG LAKE ROAD STE 180
NEW BRIGHTON MN 55112-6455

MEDIACOM BUSINESS
ONE MEDIACOM WAY
MEDIACOM NY 10918-4810

METLIFE
PO BOX 804466
KANSAS CITY MO 64180-4466

METRO SALES INC
1620 EAST 78TH STREET
MINNEAPOLIS MN 55423-4637

MIDWEST CONSTRUCTORS LLC
ATTN LYNN L WALL
600 KENTUCKY AVENUE STE 100
INDIANAPOLIS IN 46225-1275

MINN DEPT OF NATURAL RESOURCES
500 LAFAYETTE ROAD
BOX 10
ST PAUL MN 55155-4002

MINNEAPOLIS OXYGEN CO
3842 WASHINGTON AVENUE N
MINNEAPOLIS MN 55412-2168

MINNESOTA DEPARTMENT OF
NATURAL RESOURCES
1201 EAST HIGHWAY 2
GRAND RAPIDS MN 55744-3296

MINNESOTA DEPT NATURAL RESOURCES
ATTN JESS RICHARDS
500 LAFAYETTE ROAD
ST PAUL MN 55155-4002

MINNESOTA DEPT OF HEALTH
RADIOACTIVE MATERIALS UNIT
P O BOX 64497
ST PAUL MN 55164-0497

PARTIES DESIGNATED "SERVICE" WERE SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SENT RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

MINNESOTA DEPT OF LABOR   INDUSTRY
443 LAFAYETTE ROAD
ST PAUL MN 55155-4300

MINNESOTA DEPT OF NATURAL RESOURCES
500 LAFAYETTE ROAD
BOX 10
ST PAUL MN 55155-4002

MINNESOTA DEPT OF REVENUE
600 NORTH ROBERT STREET
ST PAUL MN 55101

MINNESOTA INDUSTRIES INC
ATTN PAUL JANSSEN
610 INDUSTRIAL AVENUE
CHISHOLM MN 55719

MINNESOTA POLLUTION
CONTROL AGENCY
520 LAFAYETTE ROAD
ST PAUL MN 55155-4102

MINNESOTA POWER
CO RANGE CREDIT BUREAU INC
PO BOX 706
HIBBING MN 55746-0706

MINNESOTA POWER
P O BOX 1001
DULUTH MN 55806-1001

MODSPACE
12603 COLLECTIONS CENTER DRIVE
CHICAGO IL 60693-0126

MOOSES HUNTING CAMP
ATTN DAVID VIDMAR
36477 FREESTONE ROAD
GRAND RAPIDS MN 55744-5422

MERIDA NATURAL RESOURCES LLC
ATTN TOM CLARKE
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

MERIDA NATURAL RESOURCES LLC
CO DENTONS US LLP
ATTN- OSCAR N PINKAS
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020-1001

MESABI METALLICS COMPANY LLC
CO SIDLEY AUSTIN LLP
ATTN- MICHAEL G BURKE
787 SEVENTH AVENUE
NEW YORK NY 10019-6088

MIDWEST CONSTRUCTORS LLC
HOSTETLER LAW
711 EAST 65TH STREET SUITE 208
INDIANAPOLIS IN 46220
INDIANAPOLIS IN 46220-1609

NIPSCO
P O BOX 13007
MERRILLVILLE IN 46411-3007

NORAMCO ENGINEERING CORPORATION
ATTN JAMES ZIMMER
2729 13TH AVENUE EAST
HIBBING MN 55746-2314

NORAMCO ENGINEERING CORPORATION
P O BOX 1091
DULUTH MN 55810-0091

NORTHERN INDIANA PUBLIC
SERVICE COMPANY  ATTN D COTA
801 E 86TH AVENUE
MERRILLVILLE IN 46410-6271

NORTHERN INDUSTRIAL ERECTORS
ATTN DEREK BOSTYANCIC
P O BOX 308
GRAND RAPIDS MN 55744-0308

NORTHERN INDUSTRIAL ERECTORS INC
FABYANSKE WESTRA ET AL
333 SOUTH SEVENTH STREET STE 2600
MINNEAPOLIS MN 55402-2437

NORTHERN PLAINS RAIL SERVICE
100 RAILROAD AVENUE
P O BOX 38
FORDVILLE ND 58231-0038

NTS
526 CHESTNUT STREET
VIRGINIA MN 55792-2532

NUBAI MEMBER
ATTN JOHN ORAM
P O BOX 2416 ROAD TOWN
TORTOLA VI 11100

OHIO DEPT OF REVENUE
4485 NORTHLAND RIDGE BLVD
COLUMBUS OH 43229-5404

OLD NATIONAL TRUST COMPANY
1 MAIN STREET  3RD FL
EVANSVILLE IN 47708-1471

ONE SOURCE EQUIPMENT RENTALS
ATTN JACK BAXTER
2835 CONCORD ROAD
LAFAYETTE IN 47909-3306

PARSON ELECTRIC LLC
ATTN MICHAEL NORTHQUEST
5960 MAIN STREET NE
MINNEAPOLIS MN 55432-5480

POCAHONTAS MEMBER
ATTN THOMAS M CLARKE
192 SUMMERFIELD COURT STE 203
ROANOKE VA 24019-4581

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL.
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF NOTICE" WERE SENT THEIR DOCUMENT NOTICE THROUGH THE CM/ECF SYSTEM

PRECISION TESTING INC
ATTN CONNIE PEARSON
5559 ENTERPRISE DRIVE NE
VIRGINIA MN 55792-3614

PROGRESS RAIL
25083 NETWORK PLACE
CHICAGO IL 60673-1250

PROGRESS RAIL
ATTN JONATHAN NEWMAN
1600 PROGRESS DRIVE
ALBERTVILLE AL 35950-8545

PRYOR CASHMAN LLP
7 TIMES SQUARE
NEW YORK NY 10036-6569

POCAHONTAS NATURAL RESOURCES LLC
CO DENTONS US LLP
ATTN- OSCAR N PINKAS
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020-1001

PROGRESS RAIL LEASING CORPORATION
1600 PROGRESS DRIVE
ALBERTVILLE AL 35950-8545

RANDALL LEE VANNET TRUST
28938 ARBO ROAD
GRAND RAPIDS MN 55744-6350

RANGE ELECTRIC INC
ATTN ANNA MAHAN
1102 NORTH THIRD STREET
SUPERIOR WI 54880-1230

RANGE ELECTRIC INC
FABYANSKE WESTRA ET AL
333 SOUTH SEVENTH STREET STE 2600
MINNEAPOLIS MN 55402-2437

RAPIDS PROCESS EQUIPMENT INC
ATTN BRENT ROERING
26489 INDUSTRIAL BLVD
COHASSET MN 55721-8696

RAW MATERIALS  IRONMAKING
1992 EASTHILL DRIVE
BETHLEHEM PA 18017-2709

RGGS LAND  MINERALS LTD LP
P O BOX 1266
209 E 8TH STREET S
VIRGINIA MN 55792-1266

RGGS LAND  MINERALS LTD LP
P O BOX 4667
HOUSTON TX 77210-4667

RONS KORNER PROPERTIES
7896 US HIGHWAY 169
BOVEY MN 55709-7905

RUDD EQUIPMENT COMPANY
DEPT 77432
P O BOX 77000
DETROIT MI 48277-2000

ROBB J BIGELOW
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

SCHECK INDUSTRIAL CORPORATION
ATTN KAREN P LAYNG
800 E PLAINFIELD ROAD
COUNTRYSIDE IL 60525

SCHWARTZ REDI MIX INC
34882 SCENIC HWY
BOVEY MN 55709-6032

SHAMBAUGH  SON LP
ATTN BILL MEYER
7614 OPPORTUNITY DRIVE
FORT WAYNE IN 46825-3363

SOLID PLATFORMS INC
ATTN JASON R LAMMERTIN
6610 MELTON ROAD
PORTAGE IN 46368-1236

ST LOUIS COUNTY AUDITOR  TREAS
100 N 5TH AVENUE W
DULUTH MN 55802-1287

STATE OF MINNESOTA
500 LAFAYETTE ROAD
BOX 10
ST PAUL MN 55155-4002

STEPHEN E LEWIS
2660 MAPLE AVENUE
NORTHBROOK IL 60062-5267

STEPHEN E LEWIS
305 LOCKHART CT
FRANKLIN TN 37069-6568

STEVE ELLISON
19853 COUNTY ROAD 10
WARBA MN 55793-1663

SUTTLE  STALNAKER
1411 VIRGINIA STREET E STE 100
CHARLESTON WV 25301-3016

SWEARINGEN CONSULTING LLC
6424 WOODLAND COURT
AURORA MN 55705-8700

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL.
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SENT NOTICE THROUGH THE CM/ECF SYSTEM

SYSTEMS ASSOCIATES INC
1932 INDUSTRIAL DRIVE
LIBERTYVILLE IL 60048-9716

SOLID PLATFORMS INC
JASON R LAMMERTIN
6610 MELTON ROAD
PORTAGE IN 46368-1236

SOMPO INTERNATIONAL INSURANCE
CO LEE WOODARD ESQ
HARRIS BEACH PLLC
333 WEST WASHINGTON STREET SUITE 200
SYRACUSE NY 13202-5202

STATE OF MINNESOTA DEPT OF NATURAL
RESOURC
500 LAFAYETTE ROAD
BOX 45
ST PAUL MN 55155-4002

STEVE JONES
1370 AIRGLOW CT
HENDERSON NV 89014-8845

STEVEN JONES
1602 FOREST HILLS AVE
GRAND RAPIDS MN 55744-4189

STEVEN MARK JONES
1602 FOREST HILLS AVENUE
GRAND
RAPIDS MN 55744-4189

TENOVA CORE
75 REMITTANCE DRIVE DEPT 3168
CHICAGO IL 60675-3168

THOMAS M CLARKE
15 APPLEDORE LANE
P O BOX 87
NATURAL BRIDGE VA 24578-0087

TOLTZ KING DUVALL ANDERSON
ASSOC INC DBA TKDA
444 CEDAR STREET STE 1500
ST PAUL MN 55101-2110

TRANE US INC
ATTN ROBERT ROERS
3600 PAMMEL CREEK ROAD
LA CROSSE WI 54601-7511

TROUMBLY BROTHERS PARTNERSHIP
P O BOX 405
TACONITE MN 55786-0405

TWIN CITY FAN COMPANIES LTD
ATTN CHRISTINE ARRELL
5959 TRENTON LANE N
PLYMOUTH MN 55442-3238

THOMAS M CLARKE
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

TOLTZ KING DUVALL ANDERSON AND
ASSOCIATES
ATTN THOMAS S STONEBURNER PE
444 CEDAR STREET SUITE 1500
ST PAUL MN 55101-2140

TRANE US INC
CO WAGNER FALCONER  JUDD LTD
100 SOUTH 5TH STREET
SUITE 800
MINNEAPOLIS MN 55402-1203

US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

U S NUCLEAR REGULATORY COMMISSION
11545 ROCKVILLE PIKE
ROCKVILLE MD 20852-2746

EXCLUDE
US TRUSTEE
300 SOUTH FOURTH
SUITE 1015
MINNEAPOLIS MN 55415-3070

ULLAND BROTHERS INC
ATTN LANCE STRANDBERG
1634 HWY 210
CARLTON MN 55718-8176

UNITED RENTALS NORTH AMERICA
ATTN TARA MILLER
6125 LAKEVIEW ROAD STE 300
CHARLOTTE NC 28269-2616

UNITED STATES STEEL CORP
OLD HIGHWAY 169
P O BOX 417
MT IRON MN 55768-0417

UNITED STATES STEEL CORPORATION
332 MINNESOTA STREET
ST PAUL MN 55101-1314

EXCLUDE
US TRUSTEE
1015 US COURTHOUSE
300 S 4TH ST
MINNEAPOLIS MN 55415-3070

VIKING ELECTRIC SUPPLY INC
ATTN MIKE WIERZCHOWSKI
451 INDUSTRIAL BOULEVARD NE
MINNEAPOLIS MN 55413-2938

VIKING ELECTRIC SUPPLY INC
HELEY DUNCAN  MELANDER PLLP
ATTN- MICHAEL P COATY ESQ
8500 NORMANDALE LAKE BLVD SUITE 2110
MINNEAPOLIS MN 55437-3813

WARD B LEWIS JR REV TRUST
CO ERICA LEWIS
490 S MILLEDGE AVENUE
ATHENS GA 30605-1050

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SERVED VIA EMAIL OR NOTICE THROUGH THE CM/ECF SYSTEM

WASTE MANAGEMENT OF INDIANA
P O BOX 4648
CAROL STREAM IL 60197-4648

WASTE MANAGEMENT OF WI MN
P O BOX 4648
CAROL STREAM IL 60197-4648

WEIR MINERALS NETHERLANDS
CO BERENS  MILLER
80 SOUTH 8TH STREET STE 3720
MINNEAPOLIS MN 55402-2219

WELDSTAR
P O BOX 1150
AURORA IL 60507-1150

WESCO DISTRIBUTION INC
ATTN STEVEN KATZ
5554 ENTERPRISE DRIVE NE
VIRGINIA MN 55792-3692

WESCO DISTRIBUTION INC
WAGNER FALCONER  JUDD LTD
100 S 5TH ST STE 800
MPLS MN 55402-5357

WHITE COUNTY INDIANA
ATTN AUDITOR
2013 WEST 25 SOUTH
MONTICELLO IN 47960

WHITE COUNTY TREASURER
P O BOX 388
MONTICELLO IN 47960-0388

WILLIAM CLAYTON TRAUERNICHT
60 BAYVILLE ROAD
LOCUST VALLEY NY 11560-2028

WILLIAMS SCOTSMAN INC
P O BOX 91975
CHICAGO IL 60693-1975

WILMINGTON SAVINGS FUND
SOCIETY FSB
500 DELAWARE AVENUE
WILMINGTON DE 19801-1490

WILMINGTON SAVINGS FUND SOCIETY
ATTN GEOFFREY J LEWIS
500 DELAWARE AVENUE
WILMINGTON DE 19801-1490

WINTHROP  WEINSTINE PA
225 S SIXTH STREET STE 3500
MINNEAPOLIS MN 55402-4629

WAGNER FALCONER  JUDD LTD
100 SOUTH FIFTH STREET SUITE 800
MINNEAPOLIS MN 55402-5357

WEIR MINERALS NETHERLANDS BV
DONNA L CULVER
1201 NORTH MARKET STREET
16TH FLOOR
WILMINGTON DE 19801-1147

WHITE COUNTY INDIANA
JONATHAN SUNDHEIMER BARNES  THORN
11 SOUTH MERIDIAN STREET
INDIANAPOLIS IN 46204-3506

WILMINGTON SAVINGS FUND SOCIETY FSB
500 DELAWARE AVENUE
ATTN- PATRICK HEALY
WILMINGTON DE 19801-1490

XTREME CONTRACTORS CO LLC
ATTN TARA WILSON
348 E US HIGHWAY 24
REYNOLDS IN 47980-8000

ZEIGLER INC
SDS 120436
PO BOX 86
MINNEAPOLIS MN 55486-0436

ANDREA M HAUSER
LEONARD OBRIEN SPENCER GALE  S
100 SOUTH FIFTH STREET SUITE 2500
MINNEAPOLIS MN 55402-1234

CO LAMEY LAW FIRM P WEIR MINERALS
NETHERLAN
980 INWOOD AVE N
OAKDALE MN 55128-6625

JOHN MUHAR ITASCA COUNTY
ITASCA COUNTY ATTORNEY
123 4TH STREET NE
GRAND RAPIDS MN 55744-2681

EXCLUDE
NAUNI JO MANTY
MANTY  ASSOCIATES PA
150 SOUTH FIFTH STREET
SUITE 3125
MINNEAPOLIS MN 55402-4200

WILL R TANSEY
RAVICH MEYER KIRKMAN MCGRATH NAUMAN
TA
150 SOUTH FIFTH STREET
SUITE 3450
MINNEAPOLIS MN 55402-5311

ERP IRON ORE LLC
ATTN OFFICER MANAGER OR GENERAL
AGENT
7908 US HIGHWAY 169 SUITE B
BOVEY MN 55709

MICHAEL FRIEDMAN
CHAPMAN AND CUTLER LLP
1270 AVENUE OF THE AMERICAS
NEW YORK NY 10020

JEREMY B RECKMEYER
HUNTON ANDREWS KURTH LLP
450 LEXINGTON AVE 15TH FLOOR
NEW YORK NY 10017

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SERVED ONLY VIA THE COURT'S CM/ECF NOTICE THROUGH THE CM/ECF SYSTEM

TIMOTHY DANIEL REYNOLDS
JONES DAY
901 LAKESIDE AVENUE
CLEVELAND OH 44114-1190

LEE WOODARD
HARRIS BEACH PLLC
333 WEST WASHINGTON SUITE 200
SYRACUSE NY 13202

CAROLINE C HERRICK
411 MULBERRY POINT RD
GUILFORD CT 06437

DAVID L LEWIS
309 WEST 43RD STREET SUITE 105
SIOUX FALLS SD 57105

JOHN G DEVANEY
10 POND VIEW DRIVE
NANTUCKET MA 02554-4403

JOHN PARKER TRAUERNICHT
60 BAYVILLE ROAD
LOCUST VALLEY NY 11560

KEITH ELLISON MINNESOTA ATTORNEY
GENERAL
THE OFFICE OF THE MINNESOTA ATTORNEY
GENERAL
445 MINNESOTA STREET SUITE 1400
ST PAUL MN 55101

CHRISTOPHER D ANDERSON
ALLETE INC DBA MINNESOTA POWER
30 WEST SUPERIOR STREET
DULUTH MN 55802

THOMAS A LABUDA JR
SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO IL 60603

JOHN LAMEY
LAMEY LAW FIRM PA
980 INWOOD AVE N
OAKDALE MN 55128

PAUL N SILVERSTEIN
HUNTON ANDREWS KURTH LLP
450 LEXINGTON AVE 15TH FLOOR
NEW YORK NY 10017

ALLAN B HAMMEREL
5708 N VIA LOZANA
TUCSON AZ 85750-1136

BARBARA CUNDIFF COLVILLE
507 MORNING STAR LANE
NEWPORT BEACH CA 92660

JAMES T LEWIS
309 WEST 43RD STREET SUITE 105
SIOUX FALLS SD 57105

JOHN C HAMMEREL JR
10200 E CELTIC DRIVE
SCOTTSDALE AZ 85620

MARK P ROGERS
TRUSTEE OF THE MARK P ROGERS REVOCABLE
TRUST UTA DATED AUGUST 16 2006
2410 MERRIMAC LANE
PLYMOUTH MN 55447

STATE OF MINNESOTA
MINNESOTA DEPARTMENT OF NATURAL
RESOURCES
ATTN SARA STROMMEN COMMISSIONER
500 LAFAYETTE ROAD
ST PAUL MN 55155

DONNA CULVER
MORRIS NICHOLS ARSHT  TUNNELL LLP
1201 NORTH MARKET STREET
WILMINGTON DE 19899

MATTHEW E LINDER
SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO IL 60603

IAN T PECK
2323 VICTORY AVENUE SUITE 700
DALLAS TX 75219

THOMAS M WEARSCH
JONES DAY
901 LAKESIDE AVENUE
CLEVELAND OH 44114-1190

STEVEN WILAMOWSKY
CHAPMAN AND CUTLER LLP
1270 AVENUE OF THE AMERICAS
NEW YORK NY 10020

DR MICHAEL L TUCK
5416 LAMONA AVENUE
SHERMAN OAKS CA 91411

JOHN J MUHAR
ITASCA COUNTY ATTORNEY
123 4TH STREET NE
GRAND RAPIDS MN 55744

INTERNATIONAL
KATHERINE GAY BENOUN
8 RUE DE LEVIS
75017 PARIS
FRANCE

KIMBALL H KNUTSON
2417 33RD AVENUE SOUTH
MINNEAPOLIS MN 55406-1463

STATE OF MINNESOTA
MINNESOTA DEPARTMENT OF NATURAL
RESOURCES
NORTHEAST REGIONAL OFFICE
ATTN PATTY THIELEN REGIONAL DIRECTOR
1201 EAST HIGHWAY 2
GRAND RAPIDS MN 55744

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF SERVICE" WERE SERVED VIA THE COURT'S CM/ECF ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

STATE OF MINNESOTA
MINNESOTA DEPT OF NATURAL RESOURCES
DIVISION OF LANDS AND MINERALS
ATTN JESS RICHARDS DIRECTOR
500 LAFAYETTE ROAD
ST PAUL MN 55155

STEPHEN E LEWIS
305 LOCKHART CT
FRANKLIN TN 37069-6568

WILLIAM CLAYTON TRAUERNICHT
60 BAYVILLE RD
LOCUST VALLEY NY 11560

OLIVER LARSON
ASSISTANT ATTORNEY GENERAL
445 MINNESOTA ST SUITE 900
ST PAUL MN 55101

RANDALL LEE VANNET TRUST
ATTN RANDALL LEE VANNET TRUSTEE
28938 ARBO ROAD
GRAND RAPIDS MN 55744

TROUMBLY BROTHERS PARTNERSHIP
ATTN DAVID TROUMBLY CEO
PO BOX 405
TACONITE MN 55786

KENT E NYBERG LAW OFFICE LTD
KENT E NYBERG
20 NE FOURTH STREET SUITE 101
GRAND RAPIDS MN 55744

JILL SCHLICK NGUYEN ATTORNEY
DIVISION OF LANDS AND MINERALS
DEPARTMENT OF NATURAL RESOURCES
500 LAFAYETTE ROAD
ST PAUL MN 55155

STEPHANIE E LEWIS
2600 MAPLE AVENUE
NORTHBROOK IL 60062

TROUMBLY BROTHERS PARTNERSHIP
ATTN DAVID TROUMBLY CEO
E HWY 169
GRAND RAPIDS MN 55744

WARD B LEWIS JR REVOCABLE TRUST UTA
DATED SEPTEMBER 15 1977
CO ERICA LEWIS
490 SOUTH MILLEDGE AVENUE
ATHENS GA 30601

MATTHEW C INDRISANO
US DEPARTMENT OF JUSTICE
ENVIRONMENTAL AND NATURAL RESOURCES
DIVISION
950 PENNSYLVANIA AVENUE NW
WASHINGTON DC 20530-0001