UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                    Chapter 7
                                                            BKY 18-50378 (WJF)
ERP Iron Ore, LLC,

                    Debtor.

---

**NOTICE OF HEARING AND MOTION FOR SALE OF CERTAIN
OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF
LIENS, ENCUMBRANCES AND OTHER INTERESTS**

---

TO:    The debtor and other entities specified in Local Rule 9013-3(a)(1):

1.      Nauni J. Manty, the chapter 7 trustee of the bankruptcy estate of ERP Iron Ore,

LLC, moves the court for the relief requested below and gives notice of hearing.

2.      The court will hold a hearing on this motion at **11:00 a.m. on Thursday,**

**December 9, 2021**, before the Honorable William J. Fisher, in Courtroom 2A, at U.S. Courthouse,

316 North Robert Street, St. Paul, Minnesota 55101.

3.      Any response to this motion must be filed and served not later than **Friday,**

**December 3, 2021**, which is five days before the time set for the hearing (including Saturdays,

Sundays and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY**

**FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.      This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1134,

Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. This case

was commenced by the filing of an involuntary petition for relief under chapter 7 on May 25, 2018.

On July 16, 2018, the debtor consented to relief under the bankruptcy code. On July 17, 2018, the

court ordered relief and on that same day, the debtor voluntarily converted the case to a case under

chapter 11. The case was converted to a case under chapter 7 on December 1, 2018. Ms. Manty

was appointed as the chapter 7 trustee on December 3, 2018. This case is now pending in this court.

5.    This motion arises under 11 U.S.C. §§ 363(b), 363(f), 363(m) and Fed. R. Bankr. P. 6004 and 2002. This motion is filed under Fed. R. Bankr. P. 9014 and 9019 and Local Rules 6004-1, 9006-1 and 9013-1 to 9013-3. The trustee requests relief with respect to an order of the court allowing her to sell certain of the debtor's property, including real estate and installed equipment, free and clear of liens, encumbrances and other interests.

6.    The debtor's assets include Plant 4 located on real property owned by Itasca County and improvements thereon located at or around 28754 County Road 61, Grand Rapids, Minnesota ("Plant 4"). [Doc. No. 99 at 5-6 and Doc. No. 225 at p. 9, 11-12]. Itasca County has leased the land to the debtor in the past.  The lease has been rejected by the trustee, so the Purchaser of Plant 4 must negotiate a new lease with Itasca County.   The debtor's assets also include various unimproved parcels of real property located in both Itasca and St. Louis Counties.  There are also installed personal property assets located at Plant 4.

7.    The trustee previously accepted an offer of Prairie River Minerals, LLC ("PRM"), which was court approved on September 23, 2020.  [Doc. No. 643].  Unfortunately, PRM failed to close on Plant 4.  However, another buyer has made a similar offer to that of PRM in connection with Plant 4.

8.    For purpose of submitting an offer for the subject assets a special purpose company was anticipated to be formed (prior to formation it has been referred to as "BidCo"). BidCo has now been formed in the name of MagIron LLC, a Delaware limited liability company ("MagIron LLC" or "MagIron") by Audley Capital Partners, LLP, an investment firm based in London, England and Mr. Larry Lehtinen. BidCo (hereafter referred to as "MagIron") has submitted an

offer similar to that of PRM. Lighthouse Management Group, LLC ("Lighthouse") has approved

the offer. A copy of the letter of intent ("LOI") dated November 11, 2021 is attached hereto as

Exhibit A. To the extent there is any discrepancy between this motion and letter of intent, this

motion will control.

9.      MagIron has offered to purchase the assets, including Plant 4 and various parcels

of land owned by the debtor the real property identified on the debtor's schedules as Plant 4 in

Grand Rapids, Minnesota (the "Real Property"). For the avoidance of doubt, MagIron is not

offering to purchase subject to any tax obligations of the estate, except as provided for in paragraph

24 below. The Real Property **includes** all of the trustee's right, title, and interest in all of the land

parcel, buildings, fixtures, improvements, leases, maps, reports, plans, and other such material

having to do with the Real Property, including all land use entitlements, governmental permits and

allocations, and other such governmental and agency approvals as may exist concerning the Real

Property. The Real Property also **includes** all installed personal property of every kind which are

or were used in connection with the ownership, mining, use, or occupancy of the Real Property or

that are now or hereafter located on, attached to, incorporated in (regardless of where located), or

affixed to the Real Property. Plant 4 and the remaining parcels of real property owned by the

trustee, and include, but are not limited to, the following parcels of real property located in Itasca

County, Minnesota:

02-035-1401; 87-021-1101; 87-021-1201; 87-021-1300; 87-021-1400; 87-021-
4200; 88-011-2400; 88-020-2101; 88-020-2401; 88-020-3101; 88-020-3201; 88-
020-3301; 88-030-2401; 88-030-2402; 88-030-3101; 88-030-3102; 88-030-3103;
88-030-3105; 88-030-3107; 88-030-3111; 88-030-3114; 88-030-3119; 88-030-
3120; 95-035-3101; 95-035-4301; 97-014-3101; 97-014-3105; 97-017-3200; 97-
017-3301; 97-017-3302; 97-019-1100; 97-019-1200; 97-019-1300; 97-019-1400;
97-019-2102; 97-019-2301; 97-019-2400; 97-019-3102; 97-019-4100; 97-019-
4200; 97-019-4302; 97-019-4400; 97-025-3200; 97-025-3300; 97-026-3101; 97-
026-3201; 97-026-3300; 97-026-3400; 97-026-4201; 97-026-4300; 97-026-4400;
97-027-1302; 97-027-1303; 97-027-1403; 97-027-2403; 97-027-2404; 97-027-

3

2405; 97-027-4100; 97-027-4203; 97-027-4401; 97-027-4403; 97-034-1101; 97-034-1401; 97-034-2306; 97-034-3402; 97-034-4100; 97-034-4200; 97-034-4302; 97-034-4400; 97-035-1100; 97-035-1200; 97-035-1300; 97-035-1400; 97-035-2100; 97-035-2200; 97-035-2300; 97-035-2400; 97-035-3100; 97-035-3200; 97-035-3300; 97-035-3400; 97-035-4100; 97-035-4200; 97-035-4300; 97-035-4401.

and the following parcels of real property located in St. Louis County, Minnesota:

141-0050-02390; 141-0050-01970.

The legal descriptions for each parcel being sold are fully described and included in the proposed order, which is served on all parties. The Real Property **does not include**: (1) any real or personal property previously sold including Parcel No. 97-034-1301, or subject to a pending sale, by the trustee in connection with Plants 1, 2 and Jesse Load Out; (2) fee title to any real property owned by the State of Minnesota, St. Louis County or Itasca County; (3) any titled, unencumbered vehicles that have been temporarily stored at Plant 4, including but not limited to: (a) 980K Caterpillar Wheel Loader, S/N: W7K01913; (b) 140M Caterpillar Grader, S/N: 0B9M00479; and (c) D6T Caterpillar Bulldozer, S/N: ZJB00246; (4) Noramco and TKDA Engineering drawings, maps, software, reports and plans and other such material, which belong to MagGlobal LLC and its affiliate, Magnetation, Inc.; and (5) any uninstalled personal property, including, but not limited to vehicles and equipment that is subject to the trustee's motion for sale free and clear dated October 28, 2021 [Doc. No.662].

    10.    In connection with the purchase of the Real Property, MagIron has requested the right (but not the obligation) to assume, in MagIron's sole discretion, subject to bankruptcy court approval, the contracts, easements, licenses, and leases, including any and all rights to mine minerals, that are held by the estate, in any way related or appurtenant to the Real Property pursuant to the court's order dated September 28, 2020 [Doc. No.646] (collectively, the "Assigned Contracts"). However, MagIron intends to negotiate directly with Randall Lee Vannet Trust,

regarding a License Agreement. While the trustee has received an order in connection with the Assigned Contracts in favor of PRM, PRM failed to close and assume the obligations under the Assigned Contracts.  As such, the Assigned Contracts may be available for MagIron.  Also, MagIron wants the trustee to explore the assumption and assignment of certain mine rights and permits to mine with the DNR.

11.    MagIron has offered to purchase the Real Property and the Assigned Contracts for $4,500,000 payable at closing (hereinafter collectively referred to as the "Assets"). In addition, MagIron agrees to pay to the holders of mechanics liens on the Real Property (the "Mechanics Lien Holders"), or their respective agents, an aggregate amount equal to $2.00 per dry metric tonne ("DMT") of iron ore concentrate produced and shipped by MagIron, with such per DMT payments capped at $15,500,000 (the "Royalty Payment Obligation").  Provided, however, that if MagIron either (i) makes $13,500,000 in royalty payments within five years after closing or (ii) $10,500,000 within forty-two months after closing, the $15,500,000 Royalty Payment Obligation will be deemed satisfied, and the $5,500,000 mortgage will be terminated.  The Royalty Payment Obligation shall not accrue or be payable until after MagIron has produced 750,000 DMT of concentrate, without regard to the source from which the concentrate was harvested or processed. MagIron's offer is contingent on its ability to negotiate a favorable lease with Itasca County for the possession and use of any Real Property for which Itasca County is the fee title owner. Specifically, MagIron will not agree to a lease with Itasca County that requires MagIron to pay any legal fees associated with Itasca County's ongoing litigation with certain creditors of the debtor. To the extent there is any discrepancy between this motion and LOI, this motion will control.

12.     Nothing in this motion discharges, releases, enjoins or otherwise bars or limits: (A) any liability to the State of Minnesota of the debtor, its estate, or the successors, transferees, or assigns of the debtor or its estates if such liability arises on or after the effective date; (B) any liability to the State of Minnesota that is not a "claim" within the meaning of 11 U.S.C. § 101(5); (C) any right of setoff or recoupment against the debtor (and all such setoff and recoupment rights are preserved and not waived whether or not asserted in a timely-filed proof of claim); (D) any police or regulatory action of the State; (E) any environmental liability to the State of Minnesota that the debtors, its estates, or the successors, transferees, or assigns of the debtor's or its estates may have as an owner or operator of a mine property, or otherwise; or (F) any liability to the State of Minnesota that the debtor, its estates, or the successors, transferees, or assigns of the debtor or its estates may have as a holder of a permit to mine, water appropriation permit, dam permit, or state disposal system (SDS) permit; *provided, however*, that, notwithstanding the foregoing, nothing in this paragraph will limit, diminish or otherwise alter any party's defenses, claims, causes of action or other rights under applicable non-bankruptcy or bankruptcy law with respect to any liability that may exist to the State of Minnesota. For the avoidance of doubt, and as it relates to this Paragraph 12, by virtue of the purchase of the Real Property, MagIron is not a successor, transferee, or assign of the Debtor or its estate.

13.     Endurance Assurance Corporation and Continental Heritage Insurance Co., (collectively, "Sureties" and, each individually, "Surety") have issued commercial surety bonds on behalf of the debtor with respect to assets and other contractual obligations to be transferred from the chapter 7 trustee to MagIron (collectively, the "Existing Surety Bonds" and, each individually, an "Existing Surety Bond").

6

14.     To the extent that any of the Existing Surety Bonds relate to the debtor's assets to be transferred, which include, without limitation, the Real Property, subject to reclamation claims from the State of Minnesota, mining permits, surface leases and mine related facilities, and other contractual obligations, to the extent required by the Minnesota Department of Natural Resources, such Existing Surety Bonds will be replaced (collectively, the "Replacement Surety Bonds" and, each individually, a "Replacement Surety Bond") or other financial accommodations will be provided, by MagIron, subject to the following conditions:

 i. The necessity of any Replacement Surety Bond on the Real Property or other financial accommodations, and the penal sum of the replacement bonds as financial assurance or other financial accommodations, if any, is subject to determination by the Minnesota Department of Natural Resources according to Minnesota law and applicable federal law. Applications for the transfer of permits, if any, from the trustee to MagIron, as required by applicable law, will be made no later than thirty (30) days after closing. A Replacement Surety Bond or other financial accommodations, to the extent required by the Minnesota Department of Natural Resources, will be timely submitted as required as part of any applicable permit transfer and bonding regulations. In no event will this provision be construed to require that MagIron obtain or provide financial assurances related to any real property other than the Real Property that is the subject of this motion.

 ii. The debtor entered into certain indemnity agreements or related agreements with the Sureties (collectively, the "Existing Indemnity Agreements" and, each, an "Existing Indemnity Agreement").  Upon the transfer of a permit,

7

if any, as described in Paragraph 13(i) above, and upon the request of any

of the sureties providing a Replacement Surety Bond, MagIron agrees to

execute a new indemnity agreement, either with the Sureties or with some

other replacement surety or sureties, in a form satisfactory to the applicable

surety in its discretion, which will be exercised in a reasonably commercial

manner, for any Replacement Surety Bond, but in no event will a surety

require a form of indemnity agreement that is in any way materially

different from the Existing Indemnity Agreement, which was attached as

Exhibit C to Claim 12-1 at 49–55 filed in the above-captioned proceeding.

15.     The discharge or release of any claim contained in any letter of intent or in this

motion will not release, discharge, preclude, or enjoin any obligation of the debtor (prior to the

closing date) to the Sureties under the Existing Surety Bonds, Existing Indemnity Agreements, and

obligations under the common law of suretyship and, solely to the extent that such Existing Surety

Bonds are not replaced by the Replacement Surety Bonds, such obligations to the Sureties are not

being released, discharged, precluded or enjoined by any letter of intent, this motion or agreements

with third parties.

16.     Notwithstanding any other provision of the letter of intent or this motion, all

collateral on which the applicable Surety had a perfected lien as of the closing date, other than any

assets contained in the letter of intent and letters of credit and proceeds from drawn letters of credit

issued to the Sureties as security for the debtor's obligations under the Existing Surety Bonds

(collectively, the "Surety Collateral"), will remain in place to secure all payment and performance

obligations of (a) the debtor under the Existing Surety Bonds or for obligations arising under the

Existing Indemnity Agreements until replaced or released in the bonds entirety and (b) thereafter

MagIron under Replacement Surety Bonds from Surety, if any, any new indemnity agreements, or new collateral trust agreements and accounts related thereto; provided, however, that nothing in the letter of intent or this motion will be deemed to limit such Surety's right to utilize any Surety Collateral.

17.    Notwithstanding any other provisions of the letter of intent or other agreements between the debtor/trustee and third parties, nothing in the release provisions of the letter of intent or this motion will be deemed to apply to the Sureties' claims to pursue the Surety Collateral, nor will these provisions be interpreted to bar, impair, prevent or otherwise limit the Sureties from exercising their valid rights under or with respect to any of the Existing Surety Bonds (until fully replaced), Replacement Surety Bonds, any related indemnity agreements, letters of credit, or applicable law, including the common law of suretyship.  Nothing in the letter of intent or this motion will be interpreted to alter, diminish, or enlarge the rights or obligations of the Sureties in regard to state and federal agencies, third parties, or otherwise under any surety bonds, any indemnity agreements or applicable law.  Further, nothing contained in the letter of intent will constitute or be deemed a waiver of any cause of action that in any way relates to the Existing Surety Bonds held by the debtor or the trustee against any entity.

18.    Nothing in the letter of intent or motion releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of the order approving the sale motion. Nothing in the motion approving the sale motion authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in the motion

approving the sale divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret the bankruptcy court order or to adjudicate any defense asserted under the sale order.

19.     Nothing in this motion will be interpreted to require the Minnesota Department of Natural Resources ("DNR") to approve an assignment of the permit to mine to MagIron, or alter the obligation of MagIron to assume all of the existing reclamation obligations of the debtor's permit to mine for Plant 4 as a condition to assignment of that permit.

20.     Nothing in this motion will preclude the DNR from refusing to approve an assignment of the existing permit to mine if MagIron cannot demonstrate that it has the practical ability to complete the reclamation obligations imposed by the permit to mine.

21.     Nothing in this motion will affect DNR's ability, as provided by applicable Minnesota law, to require MagIron to assume the reclamation obligations of the existing permit to mine for Plant 4 as a condition to issuing any new permit to mine covering any part of the existing Plant 4 operation.

22.     The trustee seeks to sell the Assets free and clear of liens, encumbrances and other interests pursuant to 11 U.S.C. § 363(f) with the liens to attach to the proceeds of the sale with the same dignity and priority as the liens attached to the Assets, with the following exceptions:

(a)     At closing, MagIron agrees to grant the Mechanics Lien Holders a mortgage in the amount of $5,500,000.00 on the Real Property, including all fixtures which are attached to, incorporated in, or affixed to the Real Property. Provided, however, that there will be no mortgage encumbering Parcel 02-035-1401 or Parcel 88-011-2400 nor will the mortgage extend to newly installed fixtures on the Real Property; and also provided, once MagIron has paid $5.5 million toward the Royalty Payment

Obligation, the mechanic liens holders will agree to subordinate the mortgage on

the Real Property to any party providing MagIron financing for the purpose, in

whole or in part, of improving the Real Property. The mortgage on the Real

Property will secure the Royalty Payment Obligation. No interest will accrue on the

Royalty Payment Obligation.

(b)     MagIron may sell, at its discretion, any parcel of Real Property, except the parcels

immediately surrounding the ore processing plant,[1] provided that the sale price is

not less than $1,000 per acre. MagIron may sell, at its discretion, any fixture. Once

MagIron has recovered, net of expenses, $4.5 million from the sale of Real Property

or fixture, fifty percent of the net proceeds of the sale of any fixtures or Real

Property parcels will be paid to satisfy the Royalty Payment Obligation or related

early payment incentives. MagIron will agree to retain the following fixtures at

Plant 4 and subject to the mortgage:

- Feed System
  - Building #1 Truck Dump  - 300 Tonne Dump Bin - Apron Feeder - 300' x 42" Feed Conveyor
  - Building #2 Primary Screening - Feed Hopper/Bin - Grizzley Screen - 100' x 36" Reject Conveyor - 300' x 42" Conveyor
  - Building #3 Secondary Screening / Slurrifier - 2 - 8' x 20' Screen Decks - Slurrifying Tank - 2 - 12" Slurry Pumps - 100' x 36" Reject Conveyor
- Concentrator Building
- Concentrator Building Equipment / Assets
  - Truck Load Out System - Reversing conveyor, Storage Bin
  - 6 - Floatation Cells
  - 1- REV3 Separator
- Pumphouse Building (includes 10 Pumps and electrical gear).

---

[1] The parcels immediately surrounding the ore processing plant are defined as: 88-020-3201,88-020-3301,88-030-2401, 88-030-2402, 88-030-3101, 88-030-3102, 88-030-3103, 88-030-3105, 88-030-3107, 88-030-3111, 88-030-3114, 88-030-3119, 97-017-3200, 97-017-3301, 97-017-3302, 97-019-1100,97-019-1200, 97-019-1300, 97-019-1400, 97-019-2102, 97-019-2301, 97-019-2400, 97-019-3102, 97-019-3102, 97-019-4100, 97-019-4200, 97-019-4302, 97-019-4400, 88-011-2400,88-020-2101, 88-020-2401, 88-020-3101.

23.    At closing, the trustee will assign to MagIron the written option with PRM to acquire the Real Estate-land parcels 88-02-4301 and 88-02-4200 in Itasca County known as the Jessie Load Out parcels ("JLO Parcels"), including the JLO buildings and equipment ("JLO B&E") affixed thereto and further including easements ("Easements") on the roadways leading to and from the JLO Parcels for $500,000 payable to PRM.  The $500,000 is not included in the $4,500,000 to be paid at closing.  PRM shall retain an easement on the JLO Parcels for PRM's reasonable and necessary use of the JLO Parcels to ship and store product produced at Plant 1, with such use not to unreasonably interfere with the MagIron's interest in the JLO Parcels, and with PRM bearing its reasonable costs associated with such use.  MagIron and PRM have agreed to work together in order to achieve the assignment and the necessary documentation necessary to effectuate the transfer pursuant to the bankruptcy court order dated June 20, 2019.  [Doc. No. 460].

24.    If the Due Diligence Period (as defined below) is extended beyond the 45-day period from acceptance, MagIron agrees to reimburse the estate for the weekly fee for safe-guarding the plant, insurance costs and real estate taxes, but not including attorneys' fees of the trustee or the trustee's fees, if the 45-day Due Diligence Period is extended beyond the date of this Motion.

25.    The Assets are being sold "as is, where is" without any representations or warranties.

26.    This is the highest and best offer the estate has received for the Assets. The trustee believes the sale price is fair and reasonable. MagIron intends to use and maintain the Assets to conduct mining related operations, which means that it will create jobs and other opportunities for Northern Minnesota.

27.     MagIron will have 45 days from the Trustee's acceptance of the LOI on November 15, 2021, (which LOI is attached to this motion as Exhibit A) to conduct and perform all feasibility and due diligence for the Assets and Assigned Contracts (the "Due Diligence Period"). Any information obtained during the Due Diligence Period will be treated as confidential. The trustee agrees to cooperate to complete the due diligence in an expeditious manner. MagIron may terminate the letter of intent and/or any subsequent purchase agreement at any time prior to the end of the Due Diligence Period for any reason, or no reason at all, upon written notification to the trustee of the termination. Upon termination, any funds advanced pursuant to this letter of intent or any subsequent purchase agreement, will be returned to MagIron within three days of termination.

28.     MagIron will make the payment to the estate and the trustee at the closing. The closing will occur within ten days of court approval or the end of the Due Diligence Period, whichever is later. MagIron may request an extension on the deadline to close, and the Trustee may grant in her discretion. MagIron agrees to reimburse the Trustee for any additional expenses, excluding attorneys' fees, incurred as a result of any requested extension of the deadline to close. The sale of the Assets will be effective upon receipt of good monies by the trustee, including those monies required to be paid as set forth in paragraph 24 above. The trustee believes that there will be no taxable gain to the estate. Upon closing, MagIron will have the obligation to obtain any certificates, permits, commercial surety bonds or licenses required by the State of Minnesota, Itasca County or any other entity relating to the assets to be transferred, which include the Real Property.

29.     During the course of the bankruptcy case, the debtor's secured debt has been claimed to consist of the following: (i) a promissory note dated January 30, 2017 in favor of

Progress Rail Leasing Corporation ("Progress Rail"), with principal amount payable up to $5 million as credit support for a rejected underlying railcar lease; (ii) Floating Rate Senior Secured Amortizing PIK Toggle Notes due December 31, 2019 issued pursuant to an indenture dated as of January 30, 2017 among the debtor, as Issuer, and Wilmington Fund Savings Society, FSB, as Trustee and Collateral Agent ("Wilmington"), in the original issue amount of $22.5 million and with an outstanding amount payable of approximately $14.8 million as of March 31, 2018; (iii) a promissory note dated January 27, 2017, in favor of Lighthouse, as Administrative Agent under Settlement Agreement by and between the debtor and the Mag Debtor's contractors  issued in the original face amount of $32,017,807.74; and (iv) a DIP loan with Merida National Resources, LLC ('Merida") that Merida estimates in an approximate principle amount of $1.3 million.

30.    The tax assessed value, including all tax classifications, for the tax year 2019 for all of the parcels at issue, together with the type of property, are as follows:

| Parcel No. | Type | 2019 Tax Value |
|---|---|---|
| 02-035-1401 | Torrens | $53,100.00 |
| 87-021-1101 | Torrens | $24,600.00 |
| 87-021-1201 | Torrens | $23,200.00 |
| 87-021-1300 | Torrens | $32,000.00 |
| 87-021-1400 | Torrens | $30,800.00 |
| 87-021-4200 | Torrens | $57,100.00 |
| 88-011-2400 | Abstract | $27,800.00 |
| 88-020-2101 | Torrens | $28,700.00 |
| 88-020-2401 | Torrens | $28,700.00 |
| 88-020-3101 | Torrens | $19,400.00 |
| 88-020-3201 | Torrens | $28,900.00 |
| 88-020-3301 | Torrens | $29,800.00 |
| 88-030-2401 | Torrens | $5,200.00 |
| 88-030-2402 | Torrens | $8,400.00 |
| 88-030-3101 | Torrens | $5,500.00 |
| 88-030-3102 | Torrens | $2,800.00 |
| 88-030-3103 | Torrens | $2,400.00 |
| 88-030-3105 | Torrens | $1,500.00 |
| 88-030-3107 | Torrens | $ 900.00 |
| 88-030-3111 | Torrens | $700.00 |

| | | |
|---|---|---|
| 88-030-3114 | Torrens | $300.00 |
| 88-030-3119 | Torrens | $9,900.00 |
| 88-030-3120 | Torrens | $9,900.00 |
| 95-035-3101 | Torrens | $500.00 |
| 95-035-4301 | Torrens | $100.00 |
| 97-014-3101 | Abstract | $14,200.00 |
| 97-014-3105 | Abstract | $18,000.00 |
| 97-017-3200 | Torrens | $38,000.00 |
| 97-017-3301 | Torrens | $20,700.00 |
| 97-017-3302 | Torrens | $42,400.00 |
| 97-019-1100 | Abstract | $41,400.00 |
| 97-019-1200 | Abstract | $33,900.00 |
| 97-019-1300 | Abstract | $36,800.00 |
| 97-019-1400 | Abstract | $41,600.00 |
| 97-019-2102 | Abstract | $8,300.00 |
| 97-019-2301 | Torrens | $10,900.00 |
| 97-019-2400 | Abstract | $25,000.00 |
| 97-019-3102 | Abstract | $27,000.00 |
| 97-019-4100 | Abstract | $41,400.00 |
| 97-019-4200 | Abstract | $34,300.00 |
| 97-019-4302 | Abstract | $16,600.00 |
| 97-019-4400 | Abstract | $39,800.00 |
| 97-025-3200 | Abstract | $27,600.00 |
| 97-025-3300 | Abstract | $64,100.00 |
| 97-026-3101 | Abstract | $8,000.00 |
| 97-026-3201 | Torrens | $13,800.00 |
| 97-026-3300 | Torrens | $7,900.00 |
| 97-026-3400 | Torrens | $7,800.00 |
| 97-026-4201 | Abstract | $400.00 |
| 97-026-4300 | Abstract | $55,500.00 |
| 97-026-4400 | Abstract | $52,000.00 |
| 97-027-1302 | Abstract | $1,600.00 |
| 97-027-1303 | Abstract | $12,200.00 |
| 97-027-1403 | Abstract | $9,100.00 |
| 97-027-2403 | Torrens | $1,100.00 |
| 97-027-2404 | Torrens | $100.00 |
| 97-027-2405 | Torrens | $3,700.00 |
| 97-027-4100 | Abstract | $22,900.00 |
| 97-027-4203 | Abstract | $300.00 |
| 97-027-4401 | Abstract | $9,100.00 |
| 97-027-4403 | Abstract | $3,500.00 |
| 97-034-1101 | Abstract | $1,000.00 |
| 97-034-1401 | Abstract | $16,900.00 |

| | | |
|---|---|---|
| 97-034-2306 | Abstract | $12,100.00 |
| 97-034-3402 | Abstract | $11,300.00 |
| 97-034-4100 | Abstract | $16,500.00 |
| 97-034-4200 | Abstract | $36,800.00 |
| 97-034-4302 | Abstract | $35,100.00 |
| 97-034-4400 | Abstract | $18,100.00 |
| 97-035-1100 | Abstract | $18,100.00 |
| 97-035-1200 | Torrens | $29,900.00 |
| 97-035-1300 | Abstract | $33,300.00 |
| 97-035-1400 | Abstract | $30,600.00 |
| 97-035-2100 | Abstract | $18,400.00 |
| 97-035-2200 | Abstract | $1,000.00 |
| 97-035-2300 | Abstract | $24,900.00 |
| 97-035-2400 | Torrens | $23,200.00 |
| 97-035-3100 | Torrens | $28,400.00 |
| 97-035-3200 | Torrens | $9,900.00 |
| 97-035-3300 | Torrens | $20,800.00 |
| 97-035-3400 | Torrens | $30,100.00 |
| 97-035-4100 | Abstract | $34,100.00 |
| 97-035-4200 | Abstract | $31,400.00 |
| 97-035-4300 | Torrens | $38,500.00 |
| 97-035-4401 | Abstract | $34,500.00 |
| 141-0050-02390 | Torrens | $89,100.00 |
| 141-0050-01970 | Torrens | $39,800.00 |
| | Total | $1,907,100.00 |

31.     During the course of the bankruptcy case, Progress Rail, Wilmington, Lighthouse and Merida have asserted secured interests in a portion of the Real Property. Progress Rail's secured claim has been fully satisfied. [Doc. Nos. 484 and 488].

32.     Wilmington's secured claim has also been resolved. [Doc. Nos. 495 and 500, as amended by Doc. Nos. 511 and 522]. Wilmington has mortgages on certain of the debtor's property. Wilmington recorded its mortgage lien on the debtor's Torrens property.  In connection with the resolution with Wilmington, Wilmington granted the trustee a participation in its mortgages and security agreements connected to the Minnesota Torrens real and personal property for the benefit of the estate. *Id.* There were no objections to the settlement with Wilmington.

16

33. The court has avoided Lighthouse's claim on the abstract real property. *See* Adversary No. 20-05018, which is pending. Lighthouse is disputing the trustee's allegations raised in the proceeding.

34. Merida's secured claim has also been resolved. [Doc. Nos. 514 and 525]. In connection with a settlement with the trustee, Merida is required to withdraw its secured claim, Claim No. 40. [Doc. Nos. 514 and 525]. There were no objections to the settlement with Merida.

35. This motion is being served on all creditors and parties in interest.

36. MagIron is purchasing the Assets in good faith and is a good faith buyer within the meaning of 11 U.S.C. § 363(m). MagIron has proceeded in good faith. In addition, MagIron did not engage in any misconduct in connection with the sale. MagIron is also paying value for the Assets and the purchase is an arms-length transaction. In addition, MagIron is not a continuation of, or a successor to, debtor or any entity owned by debtor.

37. The trustee intends to surcharge the sale proceeds in connection with the real and personal property being sold pursuant to 11 U.S.C. § 506(c).

38. If testimony is required, the following parties may be called to testify relative to the procedure used in the sale: Nauni Manty and Larry Lehtinen.

**WHEREFORE**, the trustee respectfully requests that the court grant her request to permit her to sell the Assets free and clear of liens, encumbrances and other interests and for such other

and further relief as is just. She also requests that the fourteen-day stay as provided by Fed. R.

Bankr. P. 6004(h) be waived so the trustee may pass title as quickly as possible.

Dated:  November 15, 2021                    MANTY & ASSOCIATES, P.A.

_/e/ Nauni J. Manty_

Nauni J. Manty (#230352)
150 South Fifth Street, #3125
Minneapolis, MN 55401
Phone: (612) 465-0990
Fax: (612) 746-0310
Email: nauni@mantylaw.com

_Attorneys for the Trustee_

# Audley Capital Advisors LLP

7 Vigo Street
London W1S 3HF

**STRICTLY PRIVATE AND CONFIDENTIAL**

11 November 2021

Nauni J. Manty
Chapter 7 Trustee
Manty & Associates, P.A.
150 South Fifth Street
Suite 3125
Minneapolis, MN 55402
(Sent by email to Nauni@mantylaw.com)

**Re: ERP Iron Ore, LLC, case no. 18-50378 (Bankr. D. Minn.)**

Dear Ms. Manty,

I am writing on behalf of a special purpose company to be established jointly by Audley Capital Partners LLP ("Audley"), an investment firm based in London, England and Mr. Larry Lehtinen (the "BidCo"), to present this non-binding letter of intent ("LOI") setting forth the general terms and conditions on which BidCo proposes to purchase real property from the bankruptcy estate of ERP Iron Ore, LLC (the "Debtor") (the "Transaction").

## I.     REAL ESTATE

BidCo proposes to purchase the real property identified on the Debtor's schedules as Plant 4 in Grand Rapids, Minnesota ("Real Property") free and clear of all claims, liens, interests, and encumbrances.[1]

The Real Property includes all of the Trustee's right, title, and interest in all of the land parcel, buildings, fixtures, improvements, leases, maps, reports, plans, and other such material having to do with the Real Property, including all land use entitlements, governmental permits and allocations, and other such governmental and agency approvals as may exist concerning the Real Property.[2]

---

[1] For the avoidance of doubt, BidCo is not offering to purchase the Real Property subject to any tax obligations of the estate.

[2] The parcels comprising Plant 4 include all the remaining parcels of real property owned by the trustee, and include, but are not limited to, the following:
02-035-1401; 87-021-1101; 87-021-1201; 87-021-1300; 87-021-1400; 87-021-4200; 88-011-2400; 88-020-2101; 88-020-2401; 88-020-3101; 88-020-3201; 88-020-3301; 88-030-2401; 88-030-2402; 88-030-3101; 88-030-3102;

## EXHIBIT A

T: +44 20 7529 6900                    F: +44 20 7529 6901                    1

# Audley Capital Advisors LLP

7 Vigo Street
London W1S 3HF

## II.    ASSIGNABLE CONTRACTS APPURTENANT TO THE REAL PROPERTY

In connection with the purchase of the Real Property, BidCo will require the right (but not the obligation) to assume, in BidCo's sole discretion, subject to bankruptcy court approval, any and all contracts, easements, licenses, and leases, including any and all rights to mine minerals, that are held by the Debtor, in any way related or appurtenant to the Real Property (collectively, the "Assigned Contracts"). We understand that there are no remaining Assigned Contracts other than those already assigned to Prairie River Minerals (PRM). We also understand that the Sales Motion and Order you will submit to the bankruptcy court relative to this transaction will provide BidCo with the option to assume, in BidCo's sole discretion, any and all of the Assigned Contracts that went to PRM.

## III.    CONSIDERATION

BidCo offers to purchase the Real Property and the Assigned Contracts for $4,500,000 payable in cash at closing. BidCo additionally agrees to pay to the holders of mechanics liens on the Real Property, or their respective agent(s), an aggregate amount equal to $2.00 per dry metric tonne (DMT) of iron ore concentrate produced and shipped by BidCo, with such per DMT payments capped at $15,500,000 (the "Royalty Payment Obligation"). Provided, however, that if BidCo either (i) makes $13,500,000 in royalty payments within 5 years after closing or (ii) $10,500,000 within forty-two months after closing, the $15,500,000.00 Royalty Payment Obligation will be deemed satisfied, and the $5,500,000 mortgage described below on the Real Property will be terminated. The Royalty Payment Obligation shall not accrue or be payable until after BidCo has produced 750,000 DMT of concentrate, without regard to the source from which the concentrate was harvested or processed.

BidCo's offer is contingent on its ability to negotiate a favorable lease with Itasca County for the possession and use of any Real Property for which Itasca County is the fee title owner. Specifically, BidCo will not agree to a lease with Itasca County that requires BidCo to pay any legal fees associated with Itasca County's ongoing litigation with certain creditors of the Debtor.

---

88-030-3103; 88-030-3105; 88-030-3107; 88-030-3111; 88-030-3114; 88-030-3119; 88-030-3120; 95-035-3101; 95-035-4301; 97-014-3101; 97-014-3105; 97-017-3200; 97-017-3301; 97-017-3302; 97-019-1100; 97-019-1200; 97-019-1300; 97-019-1400; 97-019-2102; 97-019-2301; 97-019-2400; 97-019-3102; 97-019-4100; 97-019-4200; 97-019-4302; 97-019-4400; 97-025-3200; 97-025-3300; 97-026-3101; 97-026-3201; 97-026-3300; 97-026-3400; 97-026-4201; 97-026-4300; 97-026-4400; 97-027-1302; 97-027-1303; 97-027-1403; 97-027-2403; 97-027-2404; 97-027-2405; 97-027-4100; 97-027-4203; 97-027-4401; 97-027-4403; 97-034-1101; 97-034-1401; 97-034-2306; 97-034-3402; 97-034-4100; 97-034-4200; 97-034-4302; 97-034-4400; 97-035-1100; 97-035-1200; 97-035-1300; 97-035-1400; 97-035-2100; 97-035-2200; 97-035-2300; 97-035-2400; 97-035-3100; 97-035-3200; 97-035-3300; 97-035-3400; 97-035-4100; 97-035-4200; 97-035-4300; 97-035-4401; 141-0050-02390 (St. Louis County); 141-0050-01970 (St. Louis County).

Audley Capital Advisors LLP

7 Vigo Street
London W1S 3HF

## IV.    FINANCING

We have discussed this opportunity with selected Audley investors (the "Audley Investors") who are supportive of our proposed Transaction. At this time, we are not in a position to have agreed specifics of the financing for our proposed Transaction, however, we have advanced our understanding of the anticipated structure which will be 100% equity. We intend to progress negotiations with the Audley Investors to secure certain funds in parallel with our confirmatory due diligence process. Audley has a strong relationship with the Audley Investors who are also knowledgeable about mining and specifically iron ore.

## V.    FREE & CLEAR

BidCo's offer to purchase the Real Property and the Assigned Contracts is contingent on a sale pursuant to 11 U.S.C. § 363(f) of all claims, interests, liens, and encumbrances, with the following exceptions:

1. At closing, BidCo agrees to grant the mechanics lien holders a mortgage in the amount of $5,500,000 on the Real Property, including all fixtures which are attached to, incorporated in, or affixed to the Real Property. Provided however, the mortgage shall not extend to fixtures on the Real Property newly installed post-closing of the proposed Transaction; and also provided, once BidCo has paid $5,500,000 toward the Royalty Payment Obligation, the mechanic liens holders will agree to subordinate the mortgage on the Real Property to any party providing BidCo financing for the purpose, in whole or in part, of improving the Real Property. The mortgage on the Real Property shall secure the Royalty Payment Obligation. No interest shall accrue on the Royalty Payment Obligation.

2. BidCo may sell, at its discretion, any parcel of Real Property, except the parcels immediately surrounding the ore processing plant[3], provided that the sale price is not less than $1,000 per acre. BidCo may sell, at its discretion, any fixture. Once BidCo has recovered, net of expenses, $4,500,000 from the sale of Real Property or fixture, fifty percent of the net proceeds of the sale of any fixtures or Real Property parcels shall be paid to satisfy the Royalty Payment Obligation or related early payment incentives.[4]

---

[3] The parcels immediately surrounding the ore processing plant are defined as: 88-020-3201,88-020-3301,88-030-2401, 88-030-2402, 88-030-3101, 88-030-3102, 88-030-3103,88-030-3105, 88-030-3107, 88-030-3111, 88-030-3114, 88-030-3119, 97-017-3200, 97-017-3301, 97-017-3302, 97-019-1100,97-019-1200, 97-019-1300, 97-019-1400, 97-019-2102, 97-019-2301, 97-019-2400, 97-019-3102, 97-019-3102, 97-019-4100, 97-019-4200, 97-019-4302, 97-019-4400, 88-011-2400,88-020-2101, 88-020-2401, 88-020-3101.

[4] BidCo will agree to retain the following fixtures at Plant 4 and subject to the mortgage:
- FEED SYSTEM
  - Building #1 Truck Dump - 300 Tonne Dump Bin - Apron Feeder - 300' x 42" Feed Conveyor
  - Building #2 Primary Screening - Feed Hopper/Bin - Grizzly Screen - 100' x 36" Reject Conveyor - 300' x 42" Conveyor

## Audley Capital Advisors LLP
7 Vigo Street
London W1S 3HF

### VI.    DUE DILIGENCE

To date, Audley has reviewed publicly available information on the Real Property and has had extensive discussions with Mr. Larry Lehtinen about the history of the Real Property and what is required to support the restart of operations. We have already assembled a core team, committing the necessary technical, commercial and corporate finance expertise to ensure an efficient due diligence process.

To support our proposed Transaction, Audley shall have forty-five (45) days from the Trustee's acceptance of this LOI to conduct and perform confirmatory due diligence for the Real Property and Assigned Contracts (the "Due Diligence Period"). For the avoidance of doubt, we will require a site visit as part of our confirmatory due diligence. Any information obtained during the Due Diligence Period will be treated as confidential. The Trustee agrees to cooperate to complete the due diligence in an expeditious manner.

If the Due Diligence Period is extended beyond the 45-day period from acceptance, BidCo will pay the estate costs, including the weekly fee for safe-guarding the plant, insurance costs and real estate taxes.

Audley, on behalf of BidCo, may terminate this LOI and/or any purchase agreement at any time prior to the end of the Due Diligence Period for any reason, or no reason at all, upon written notification to the Trustee of the termination.

### VII.    PURCHASE AGREEMENT AND CLOSING

Upon the completion of the Due Diligence Period, BidCo and the Trustee will enter into a Sale and Purchase Agreement (the "SPA") containing terms and conditions for the sale of the Real Property and Assigned Contracts that are consistent with this LOI and are reasonably acceptable to BidCo. BidCo will make the payment to the estate and the Trustee at the closing. The closing will occur within ten (10) days of court approval or the end of the Due Diligence Period, whichever is later. BidCo may request an extension on the deadline to close, and the Trustee may grant such extension in her discretion. Prior to closing, the Trustee shall further require that BidCo execute any documents necessary to effectuate its agreement with the holders of mechanics liens on the Real Property, as that agreement is summarized in this LOI. BidCo shall not be required to close if (i) BidCo has not executed, on or before the date of closing, a lease with Itasca County on reasonable terms or (ii) BidCo is unable to obtain reasonable terms with the holders of mechanics liens on the Real Property, consistent with the agreement summarized in this LOI.

---

- o  Building #3 Secondary Screening / Slurrifier - 2 - 8' x 20' Screen Decks - Slurrifying Tank - 2 - 12" Slurry Pumps - 100' x 36" Reject Conveyor
- CONCENTRATOR BUILDING
- CONCENTRATOR BUILDING EQUIPMENT / ASSETS
  - o  Truck Load Out System - Reversing conveyor, Storage Bin
  - o  6 - Flotation Cells
  - o  1- REV3 Separator
- PUMPHOUSE BUILDING (includes 10 Pumps and electrical gear).

# Audley Capital Advisors LLP
### 7 Vigo Street
### London W1S 3HF

## VIII.    APPROVAL PROCESS

Audley is fully committed to executing this transaction on an expedited basis. Our Proposal has the unanimous approval of the Audley Investment Committee, and support from Audley Investors. We will need to seek Audley Investment Committee re-approval and secure funds from the Audley Investors before signing the formal SPA.

## IX.    EXCLUSIVITY

As we will be spending significant management time and costs associated with the Due Diligence Period (including the appointment of external advisers) and execution of the proposed Transaction, we request exclusivity for the duration of the Due Diligence Period.

## X.    APPROVAL OF THE BANKRUPTCY COURT

BidCo acknowledges and understands that the Trustee's ability to convey the Real Property and Assigned Contracts is subject to the approval of the U.S. Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court").

## XI.    TIME IS OF THE ESSENCE

Unless the Trustee accepts this LOI by 5:00 P.M. on November 12, 2021, it shall become null and void. Further, unless the Trustee files a motion with the Bankruptcy Court to approve the sale of the Real Property and Assigned Contracts within 14 days after the date of acceptance of this LOI, BidCo's offer shall become null and void.

## XII.    OPTION TO ACQUIRE JESSIE LOAD OUT (JLO)

This LOI is also contingent upon BidCo receiving a written option from the Trustee or from Prairie River Minerals ("PRM") with such option valid until January 1, 2023, to acquire for a cash price of $500,000 due at closing of the JLO purchase of the following optioned assets: the following Real Estate-land parcels 88-02-4301 and  88-02-4200 in Itasca County ("JLO Parcels") including all JLO buildings and equipment ("JLO B&E") affixed thereto and further including easements ("Easements") on roadways leading to and from the JLO Parcels (the JLO Parcels, Easements and JLO B&E together referred to as the "JLO Assets") for the price, terms and conditions as provided in the Bankruptcy Court Sales Order DOC 460 filed and entered June 20, 2019 in this case. The relevant paragraphs of DOC 460 are reproduced in Exhibit A of the Appendix.

## Audley Capital Advisors LLP

7 Vigo Street
London W1S 3HF

For the avoidance of doubt, the $500,000 cash purchase price for the JLO is in addition to the $4,500,000 cash purchase price for the Real Property and the Assigned Contracts referred to in section III.

### XIII.   AUDLEY UNIQUELY POSITIONED

Audley is a group of highly qualified mining professionals based in London with a strong track record of improving operating performance and investing for growth to realise the full potential of the mineral resource endowment. Our team consists of CEOs, development experts and strategists with a combined 100+ years of experience working for the major global mining companies across commodities, regions and cycles. Audley has a track record of raising capital from a range of investors including private equity and institutional investors, streaming and royalty companies, and international banks, including US$300 million for the acquisition of Anglo American Norte S.A. from Anglo American plc, and over US$1 billion to fund the expansion of its operations.

We believe that our expertise, combined with Mr. Larry Lehtinen's history and previous involvement with the Real Property, uniquely positions our joint venture, BidCo, to successfully recapitalize and restart the Real Property operations and to contribute to the economic activity of the region.

### XIV.   ACCEPTANCE

Acceptance of this LOI must be made in writing and returned by electronic mail, to BidCo at the address shown below. Nothing in this LOI gives rise to binding obligations on Audley, or any of its associates. A binding obligation will only arise on the execution of a formal SPA.

Yours Sincerely,

Ed Jack
Managing Director
Audley Capital Advisors LLP
ejack@audleycapital.com

CC:
Julian Treger, jtreger@audleycapital.com
Larry Lehtinen, larrylehtinen@gmail.com

## Audley Capital Advisors LLP

7 Vigo Street
London W1S 3HF

**Appendix**
**Exhibit A**

Paragraphs 5 and 6 of page 28 and 29 from:
DOC 460 Sales Order Filed and Entered June 20, 2019 in BK Case No. 18-50378

5. In addition, and upon the closing, PRM shall grant a purchase option for the Jessie Load Out to the trustee as owner of Plants 2 and 4 upon the sale of the chapter 7 case. Specifically, PRM will convey, at the option of the owner of either Plant 2 and Plant 4, all of PRM's rights, title, and interest in parcels 88-002-4200 and 88-002-4301 of Jessie Load Out not sooner than January 1, 2021, and with such option expiring not later than January 1, 2023, for a price of $500,000.00. PRM shall retain an easement on the Jessie Load Out for PRM's reasonable and necessary use of parcels 88-002-4200 and 88-002-4301 to ship and store product produced at Plant 1, with such use not to unreasonably interfere with the fee titleholder's interest in Jessie Load Out, and with PRM bearing its reasonable costs associated with such use. Similarly, the owner of Plant 2 and Plant 4 will be granted an easement on parcels 88-012-2303 and 88-011-1401 to ensure access to parcels 88-002-4200 and 88-002-4301.

6. The owner of Plant 4 shall be granted at its request, a non-exclusive, perpetual easement at no charge to use the existing road on parcels 88-001-2200, 88-001-2301, 88-002-1401, 88-002-1300 and 88-002-4200 for access between Plant 4 and Jessie Load Out. The easement may require that the owner of Plant 4 pay a pro rata share of the cost of maintaining that road based on road usage associated with Plant 4 compared to total road usage. The owners of Plant 1, Plant 4 and Jessie Load Out shall reasonably negotiate regarding usage of Jessie Load Out on an equitable basis for the benefit of Plant 1 and Plant 4.

## <u>VERIFICATION</u>

I, Nauni Jo Manty, the chapter 7 trustee, named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated:  November 15, 2021

_____
Nauni J. Manty, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

ERP Iron Ore, LLC,

Debtor.

Chapter 7
BKY 18-50378 (WJF)

---

**MEMORANDUM IN SUPPORT OF TRUSTEE'S MOTION FOR SALE
OF CERTAIN OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF LIENS,
ENCUMBRANCES AND OTHER INTERESTS**

---

## INTRODUCTION

Nauni J. Manty, the chapter 7 trustee, submits this memorandum of law in support of the trustee's motion for approval of the sale of the Assets (as defined in the motion) free and clear of liens, encumbrances and other interests.

## FACTS

The factual background is set forth in the motion and, to avoid duplication, is incorporated by reference as if fully set forth in this memorandum.

## ARGUMENT

Section 363 of the bankruptcy code provides that the trustee "after notice and a hearing may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1); *In re Hanson Industries*, 90 B.R. 405 (Bankr. D. Minn. 1988). Section 363(f) allows a trustee to sell property "free and clear of any interest in such property of an entity other than the estate," if one of five criteria is met. *Lindsey v. Ipock*, 732 F.2d 619, 622 (8th Cir. 1984). Section 363(f) provides:

> (f)    The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –

(1)    applicable nonbankruptcy law permits sale of such property free and
        clear of such interest;

(2)    such entity consents;

(3)    such interest is a lien and the price at which such property is to be
        sold is greater than the aggregate value of all liens on such property;

(4)    such interest is in bona fide dispute; or

(5)    such entity could be compelled, in a legal or equitable proceeding,
        to accept a money satisfaction of such interest.

Section 363(f) is drafted in the disjunctive. Therefore, the satisfaction of one of the five

requirements is sufficient. As detailed below, Section 363(f) is satisfied with regard to each of the

claimed liens against the Assets. All liens will attach to the net proceeds of the sale with the same

priority, validity and enforceability, if any, as they had against the Assets. The proceeds of the sale

of the Assets will be held by the trustee pending further order of the bankruptcy court.

The trustee is hopeful that all of the secured creditors that claim to possess liens will

consent to the sale, which would satisfy 11 U.S.C. § 363(f)(2). The failure to object to a proposed

sale could be construed as consent to the sale. *Veltman v. Whetzal*, 93 F.3d 517, 521-522 (8th Cir.

1996) (explaining that the failure to object to a proposed sale could be construed as consent to the

sale). Accordingly, if no objection is filed, consent will be established. The secured claims of

Progress Rail, Wilmington and Merida have been resolved. Lighthouse has agreed to the sale.

However, if it does not consent, 11 U.S.C. § 363(f)(4) is satisfied as to Lighthouse.

Bona fide disputes exist with regard to the claimed liens of Lighthouse. The term bona fide

dispute is not defined by 11 U.S.C. § 363(f)(4). To determine if a bona fide dispute exists, the court

must determine "whether there is an objective basis for either a factual or legal dispute as to the

validity of the debt." *In re Gaylord Grain L.L.C.*, 306 B.R. 624, 627 (B.A.P. 8th Cir. 2004) citing

2

*In re Busick,* 831 F.2d 745, 750 (7th Cir. 1987); *In re Octagon Roofing,* 123 B.R. 583, 590 (Bankr. N. D. Ill. 1991). The court is not required to resolve the underlying dispute. *Id.* Instead, the court simply needs to determine that a bona fide dispute exists. *Id.* To enable the court to make the determination, evidence must be provided that shows the "factual grounds that there is an 'objective basis' for the dispute." *Id.* Courts utilizing this definition have held the parties to an evidentiary standard and evidence must be provided to show factual grounds that there is an "objective basis" for the dispute. *Id.* Lighthouse's lien on the Minnesota abstract property has been avoided by the court pursuant to 11 U.S.C. § 547.

The trustee believes that the best interest of the estate mandates that such sale be approved. The trustee believes that all of the interest holders in the Assets, which the trustee seeks to eliminate, will have their interests protected as provided by 11 U.S.C. § 363. As such, the sale of the Assets should be approved.

## **CONCLUSION**

Because the sale of the Assets is in the best interest of the estate, the trustee respectfully requests that her motion for sale of Assets free and clear of liens, encumbrances and other interests be approved and the fourteen-day stay be waived, so the trustee may pass title as quickly as possible.

Dated:  November 15, 2021

MANTY & ASSOCIATES, P.A.
  */e/ Nauni J. Manty*
Nauni J. Manty (#230352)
150 South Fifth Street #3125
Minneapolis, MN 55402
Phone: (612) 465-0990
Fax: (612) 746-0310
Email: nauni@mantylaw.com

*Attorneys for the Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: | CASE NO: 18-50378 (WJF) |
| ERP IRON ORE, LLC | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 7 |

On 11/15/2021, I did cause a copy of the following documents, described below,

Notice of Hearing and Motion for Sale of Certain of the Debtor's Property Free and Clear of Liens, Encumbrances and Other Interests

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 11/15/2021

/s/ Nauni Manty
Nauni Manty

Manty & Associates, P.A.
150 South Fifth Street, Ste 3125
Minneapolis, MN  55402
612 465 0990

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

ERP IRON ORE, LLC

CASE NO: 18-50378 (WJF)

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 7

On 11/15/2021, a copy of the following documents, described below,

Notice of Hearing and Motion for Sale of Certain of the Debtor's Property Free and Clear of Liens, Encumbrances and Other Interests

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 11/15/2021

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Nauni Manty
Manty & Associates, P.A.
150 South Fifth Street, Ste 3125
Minneapolis, MN  55402

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SENT AN ELECTRONIC RECEIPT OF NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
08645
CASE 18-50378
DISTRICT OF MINNESOTA
DULUTH
MON NOV 15 13-54-02 CST 2021

AW KUETTEL  SONS INC
FABYANSKE WESTRA HART  THOM
333 SOUTH SEVENTH STREET
SUITE 2600
MINNEAPOLIS MN 55402-2437

AFCO CREDIT CORPORATION
1133 AVENUE OF THE AMERICAS 27TH FLOOR
NEW YORK NY 10036-6710

ALLETE INC DBA MINNESOTA POWER
30 WEST SUPERIOR STREET
DULUTH MN 55802-2191

CHAMPION STEEL MINNESOTA INC
FABYANSKE WESTRA HART  THOM
333 SOUTH SEVENTH STREET
SUITE 2600
MINNEAPOLIS MN 55402-2437

CHESTER COMPANY LIMITED
1035 7TH AVENUE EAST
HIBBING MN 55746-1405

DEBTOR

CLEVELAND CLIFFS INC
200 PUBLIC SQUARE
SUITE 3300
CLEVELAND OH 44114-2315

ERP IRON ORE LLC
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

FERGUSON ENTERPRISES INC
CO JO RETTKE
2350 W CTY RD C STE 150
ST PAUL MN 55113-2543

GLACIER PARK IRON ORE PROPERTIES LLC
755 E MULBERRY AVE SUITE 600
SAN ANTONIO TX 78212-6013

HAMMERLUND CONSTRUCTION INC
FABYANSKE WESTRA HART  THOM
333 SOUTH SEVENTH STREET
SUITE 2600
MINNEAPOLIS MN 55402-2437

HT SURFACE AND MINERAL LLC
740 EAST SUPERIOR STREET
DULUTH MN 55802-3702

HUNT ELECTRIC CORPORATION
CO AARON A DEAN ESQ
MOSS  BARNETT
150 SOUTH FIFTH STREET
SUITE 1200
MINNEAPOLIS MN 55402-4129

JEFFERIES LLC
CO BASSFORD REMELE PA
100 SOUTH FIFTH STREET SUITE 1500
MINNEAPOLIS MN 55402-1254

JOHN J MORGAN COMPANY
1413 THOMPSON AVE SUITE 1
SOUTH ST PAUL MN 55075-1472

KOMATSU FINANCIAL LP
1701 WEST GOLF RD
ROLLING MEADOWS IL 60008-4227

LAMEY LAW FIRM PA
980 INWOOD AVE N
OAKDALE MN 55128-6625

LEJEUNE STEEL COMPANY
CO AARON A DEAN ESQ
MOSS  BARNETT
150 SOUTH FIFTH STREET
SUITE 1200
MINNEAPOLIS MN 55402-4129

LIQUIDITY SOLUTIONS INC
ONE UNIVERISTY PLAZA SUITE 312
HACKENSACK NJ 07601-6205

MAGGLOBAL LLC
CO AMY J SWEDBERG
3300 WELLS FARGO CENTER
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402-7506

MAGNETATION INC
CO AMY J SWEDBERG
MASLON LLP
3300 WELLS FARGO CENTER
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402-4104

MANTY  ASSOCIATES PA
401 2ND AVE N STE 400
MINNEAPOLIS MN 55401-2097

MERIDA NATURAL RESOURCES LLC
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

MINNESOTA DEPARTMENT OF NATURAL
RESOURCES
MAWERDI HAMID ASST ATTORNEY GENERAL
BREMER TOWER SUITE 900
445 MINNESOTA STREET
ST PAUL MN 55101-2190

MINNESOTA DEPARTMENT OF REVENUE
600 NORTH ROBERT STREET
ST PAUL MN 55146-1176

NAUNI MANTY TRUSTEE
MANTY  ASSOCIATES PA
401 SECOND AVENUE NORTH
SUITE 400
MINNEAPOLIS MN 55401-2097

NORAMCO ENGINEERING CORPORATION
2729 13TH AVENUE EASE
HIBBING MN 55746-2314

PARTIES DESIGNATED FOR "EXPRESS" SERVICE ARE DESIGNATED BELOW AS SERVED
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" ARE SET TO RECEIVE ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

NORTHERN INDUSTRIAL ERECTORS INC
FABYANSKE WESTRA HART  THOM
333 SOUTH SEVENTH STREET
SUITE 2600
MINNEAPOLIS MN 55402-2437

PARSONS ELECTRIC LLC
CO AARON A DEAN ESQ
MOSS  BARNETT
150 SOUTH FIFTH STREET
SUITE 1200
MINNEAPOLIS MN 55402-4129

RANGE ELECTRIC INC
FABYANSKE WESTRA HART  THOM
333 SOUTH SEVENTH STREET
SUITE 2600
MINNEAPOLIS MN 55402-2437

RAVICH MEYER KIRKMAN MCGRATH NAUMAN
TANSEY
150 SOUTH FIFTH STREET
SUITE 3450
MINNEAPOLIS MN 55402-4201

RUDD EQUIPMENT COMPANY INC
4344 POPLAR LEVEL ROAD
LOUISVILLE KY 40213-1841

THE JAMAR COMPANY
CO AARON A DEAN ESQ
MOSS  BARNETT
150 SOUTH FIFTH STREET
SUITE 1200
MINNEAPOLIS MN 55402-4129

TOLTZ KING DUVALL ANDERSON AND
ASSOCIATES
HELEY DUNCAN  MELANDER PLLP
8500 NORMANDALE LAKE BOULEVARD
SUITE 2110
MINNEAPOLIS MN 55437-3813

UNITED RENTALS NORTH AMERICA INC
CO AARON A DEAN ESQ
MOSS  BARNETT
150 SOUTH FIFTH STREET
SUITE 1200
MINNEAPOLIS MN 55402-4129

VIKING ELECTRIC SUPPLY INC
CO MICHAEL P COATY
HELEY DUNCAN  MELANDER PLLP
8500 NORMANDALE LAKE BLVD
SUITE 2110
MINNEAPOLIS MN 55437-3813

WEIR MINERAL NETHERLANDS
CO LAMEY LAW FIRM
980 INWOOD AVENUE NORTH
OAKDALE MN 55128-6625

WESCO DISTRIBUTION INC
225 WEST STATION SQUARE DR
PITTSBURG PA 15219-1151

DULUTH
404 GERALD W HEANEY FEDERAL BUILDING
AND US COURTHOUSE AND CUSTOMHOUSE
515 WEST FIRST STREET
DULUTH MN 55802-1302

1620 EAST 78TH STREET
162
MINNEAPOLIS MN 55423-4645

947 BLOOMFIELD STREET
192 SUMMERFIELD COURT SUITE 203
ROANOKE NJ 24019-4581

AW KUETTEL  SONS INC
FABYANSKE WESTRA ET AL
333 SOUTH SEVENTH STREET STE 2600
MINNEAPOLIS MN 55402-2437

ACCU DIG INC
ATTN KYLE ROGERS
4844 EAST 150 S
MONTICELLO IN 47960-2781

ADVANTAGE TECHNOLOGY
950 KANAWHA BLVD E
CHARLESTON WV 25301-0019

AFCO
P O BOX 371889
PITTSBURGH PA 15250-7889

AFCO CREDIT CORPORATION
5600 NORTH RIVER ROAD
ROSEMONT IL 60018-5187

ALLAN B HAMMEREL
5708 N VIA LOZANA
TUCSON AZ 85750-1136

ALLETE INC DBA MINNESOTA POWER
30 WEST SUPERIOR STREET
DULUTH MN 55802-2093

ANA M CLARKE
15 APPLEDORE LANE
P O BOX 87
NATURAL BRIDGE VA 24578-0087

APPLIED INDUSTRIAL TECHNOLOGY
1 APPLIED PLAZA
CLEVELAND OH 44115-2519

AUTOMATED DATA PROCESSING
11411 RED RUN BLVD
OWINGS MILLS MD 21117-3255

AW KUETTEL  SONS INC
ATTN THOMAS KUETTEL
3930 AIRPARK BOULEVARD
DULUTH MN 55811-5729

B RILEY  COMPANY LLC
11100 SANTA MONICA BLVD
SUITE 800
LOS ANGELES CA 90025-3979

B RILEY FBR INC
11100 SANTA MONICA BOULEVARD SUITE 800
LOS ANGELES CA 90025-3979
ATTN- ALAN FORMAN ESQ

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SENT NOTICE OF RECEIPT OF ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| BAKER FIRE<br>P O BOX 766<br>BUHL MN 55713-0766 | BARBARA CUNDIFF COLVILLE<br>507 MORNING STAR LANE<br>NEWPORT BEACH CA 92660-5714 | BLUECROSS BLUESHIELD<br>P O BOX 860448<br>MINNEAPOLIS MN 55486-0048 |
| BNSF RAILWAY COMPANY<br>2650 LOU MENK DRIVE<br>MARKETING OFFICE BUILDING<br>FORT WORTH TX 76131-2830 | BNSF RAILWAY COMPANY<br>GROUP VICE INDUSTRIAL PRODUCTS<br>2650 LOU MENK DRIVE<br>FORT WORTH TX 76131-2830 | BNSF RAILWAY COMPANY<br>JONES LANG LASALLE BROKERAGE<br>4300 AMON CARTER BLVD STE 100<br>FORT WORTH TX 76155-2685 |
| BNSF RAILWAY COMPANY<br>JONES LANG LASALLE GLOBAL SVCS<br>3017 LOU MENK DRIVE STE 100<br>FORT WORTH TX 76131-2801 | BNSF RAILWAY COMPANY<br>P O BOX 676160<br>DALLAS TX 75267-6160 | BNSF RAILWAY COMPANY<br>P O BOX 961069<br>FORT WORTH TX 76161-0069 |
| BNSF RAILWAY COMPANY<br>2500 LOU MENK DRIVE<br>AOB-3<br>FORT WORTH TX 76131-2828 | BOUNDARY HUNTING CAMP<br>ATTN MICHAEL ANTONOVICH<br>209 HARTLEY<br>COLERAINE MN 55722-0122 | BOUNDARY HUNTING CAMP<br>ATTN MICHAEL ANTONOVICH<br>P O BOX 224<br>COLERAINE MN 55722-0224 |
| BROCK WHITE COMPANY LLC<br>ATTN JONATHAN LLOYD<br>2575 KASOTA AVENUE<br>ST PAUL MN 55108-1590 | BENJAMIN J COURT<br>STINSON LLP<br>50 S 6TH STREET SUITE 2600<br>MINNEAPOLIS MN 55402-2241 | CAROLINE C HERRICK<br>411 MULBERRY POINT ROAD<br>GUILFORD CT 06437-3204 |
| CATERPILLAR FINANCIAL SERVICES<br>ATTN SPEC ACCTS MANAGER<br>2120 WEST END AVENUE<br>NASHVILLE TN 37203-5341 | CATERPILLAR FINANCIAL SERVICES<br>P O BOX 730669<br>DALLAS TX 75373-0669 | CATERPILLAR FINANCIAL SVCS COR<br>P O BOX 30669<br>DALLAS TX 75373-0669 |
| CENTRAL RENT A CRANE INC<br>ATTN DEREK BAUMGARTNER<br>4700 ACORN DRIVE<br>INDEPENDENCE OH 44131-6942 | CENTURY LINK<br>P O BOX 2961<br>PHOENIX AZ 85062-2961 | CENTURYLINK COMMUNICATIONS<br>1025 EL DORADO BLVD<br>ATTN LEGAL BKY<br>BROOMFIELD CO 80021-8254 |
| CFSC<br>ATTN SPECIAL ACCTS MGR  NABC<br>2120 WEST END AVENUE<br>NASHVILLE TN 37203-5251 | CHESTER COMPANY LIMITED<br>3920 13TH AVENUE E STE 7<br>HIBBING MN 55746-3675 | CSX TRANSPORTATION INC<br>500 WATER STREET<br>JACKSONVILLE FL 32202-4445 |
| CSX TRANSPORTATION INC<br>ATTN RUSS EPTING<br>500 WATER STREET J842<br>JACKSONVILLE FL 32202-4445 | CT LIEN SOLUTIONS<br>4520 MAIN STREET STE 1100<br>KANSAS CITY MO 64111-7700 | CT LIEN SOLUTIONS<br>P O BOX 301133<br>DALLAS TX 75303-1133 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF NOTICING" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CATERPILLAR FINANCIAL SERVICES
CORPORATION
MONICA CLARK ESQ DORSEY  WHITNE
50 SOUTH SIXTH STREET SUITE 1500
MINNEAPOLIS MN 55402-1498

CENTURYLINK COMMUNICATIONS LLC FKA
QWEST COM
ATTN LEGALBKY
1028 EL DORADO BLVD
BROOOMFIELD CO 80021

DAN ANDREWS
P O BOX 12
MARBLE MN 55764-0012

DAVD L LEWIS
309 WEST 43RD STREET STE 105
SIOUX FALLS SD 57105-6805

DENTONS US LLP
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020-1001

DIAMOND LAKE ROAD ASSOCIATION
P O BOX 351
BOVEY MN 55709-0351

DR MICHAEL L TUCK
5416 LAMONA AVENUE
SHERMAN OAKS CA 91411-3603

INTERNATIONAL
DSA INVESTMENTS INC
ATTN JOHN ORAM
LEVEL 28G SILVER TOWER
CLUSTER I JUMEIRAH LAKE TOWERS
P O BOX 393324
DUBAI UNITED ARAB EMIRATES

INTERNATIONAL
DSA INVESTMENTS INC
ATTN N DHARAMVEER
LEVEL 28G SILVER TOWER
CLUSTER I JUMEIRAH LAKE TOWERS
P O BOX 393324
DUBAI UNITED ARAB EMIRATES

DON HOSTETLER
711 EAST 65TH STREET SUITE 208
INDIANAPOLIS IN 46220-1609

DONNA L CULVER
1201 NORTH MARKET ST
16TH FLOOR
WILMINGTON DE 19801-1147

ENCECO MEMBER
ATTN CHARLES A EBETINO JR
3694 SEAFORD DRIVE
COLUMBUS OH 43220-4842

ENCORE ENERGY
12120 PORT GRACE BLVD STE 200
OMAHA NE 68128-8235

ENERVANTAGE
12120 PORT GRACE BLVD STE 200
LA VISTA NE 68128-8235

ERP COMPLAINT COKE LLC
15 APPLEDORE LANE
P O BOX 87
NATURAL BRIDGE VA 24578-0087

FAEGRE BAKER DANIELS LLP
ATTN DENNIS RYAN
90 S SEVENTH STREET STE 2200
MINNEAPOLIS MN 55402-3901

FASTENAL COMPANY
ATTN JOHN MILEK
2001 THEURER BLVD
WINONA MN 55987-9902

FERGUSON ENTERPRISES INC
ATTN HOLLY WELCH
1057 EAST 54TH STREET
INDIANAPOLIS IN 46220-3590

FERGUSON ENTERPRISES INC
ATTN HOLLY WELCH
2350 W COUNTY RD C STE 150
ROSEVILLE MN 55113-2543

FIRST AMERICAN TITLE INSURANCE CO
1201 WALNUT STREET STE 700
KANSAS CITY MO 64106-2175

FLSMIDTH INC
7158 SOUTH FLSMIDTH DRIVE
ATTN- MARK D TAYLOR
MIDVALE UT 84047-5559

FERGUSON ENTERPRISES INC
WAGNER FALCONER  JUDD LTD
100 S 5TH ST STE 800
MPLS MN 55402-5357

GENERAL SECURITY SERVICES CORP
P O BOX 823424
PHILADELPHIA PA 19182-3424

GENERAL WASTE DISPOSAL AND
RECOVERY SERVICES
P O BOX 312
CHISHOLM MN 55719-0312

GENERAL WASTE DISPOSAL AND
RECOVERY SERVICES INC
1 SW 7TH STREET
CHISHOLM MN 55719-1215

GLACIER PARK COMPANY
CO CONOCO PHILLIPS COMPANY
600 NORTH DAIRY ASHFORD
HOUSTON TX 77079-1100

GREAT NORTHERN IRON ORE PROPERTIES
801 EAST HOWARD STREET
P O BOX 429
HIBBING MN 55746-0429

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF NOTICING" WERE RECEIVED THEIR NOTICE THROUGH THE CM/ECF SYSTEM

GENERAL SECURITY SERVICES CORPORATION
9110 MEADOWVIEW ROAD
BLOOMINGTON MN 55425-2458

HAMMERLUND CONSTRUCTION
ATTN JOHN A STENE
40 COUNTY ROAD 63
GRAND RAPIDS MN 55744-9631

HAMMERLUND CONSTRUCTION INC
FABYANSKE WESTRA ET AL
333 SOUTH SEVENTH STREET STE 2600
MINNEAPOLIS MN 55402-2437

HAMMERLUNDS CHAMPION STEEL INC
NKA CHAMPION STEEL MN INC
DBA CHAMPION STEEL
FABYANSKE WESTRA ET AL
333 SOUTH SEVENTH STREET STE 2600
MINNEAPOLIS MN 55402-2437

HAMMERLUNDS CHAMPION STEEL INC
DBA CHAMPION STEEL
40 COUNTY ROAD 63
GRAND RAPIDS MN 55744-9631

HAWKINSON CONSTRUCTION CO INC
501 WEST COUNTY ROAD 63
GRAND RAPIDS MN 55744-4731

HT SURFACE AND MINERALS LLC
801 EAST HOWARD STREET
P O BOX 429
HIBBING MN 55746-0429

HUNT ELECTRIC CORPORATION
ATTN BRAD BOOS
4330 W FIRST STREET STE B
DULUTH MN 55807-2239

INDIANA DEPT OF REVENUE
P O BOX 7224
INDIANAPOLIS IN 46207-7224

IRONMAN CONCRETE PUMPING INC
ATTN NORM VOIGT
37334 STATE HIGHWAY 65
NASHWAUK MN 55769-4074

ITASCA COUNTY ATTORNEY
ATTN JACK MUHAR
123 4TH STREET NE
GRAND RAPIDS MN 55744-2681

ITASCA COUNTY AUDITOR
123 NE 4TH STREET
GRAND RAPIDS MN 55744-2681

ITASCA COUNTY LAND DEPARTMENT
1177 LAPRAIRIE AVENUE
GRAND RAPIDS MN 55744-3322

ITASCA COUNTY REGIONAL
RAILROD AUTHORITY
123 NE FOURTH STREET
GRAND RAPIDS MN 55744-2659

ITASCA COUNTY TRANSPORTATION
123 4TH STREET NE
GRAND RAPIDS MN 55744-2681

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19101-7346

JAMAR COMPANYTHE
ATTN CRAIG FELLMAN
4701 MIKE COLALILLO DRIVE
DULUTH MN 55807-2762

JAMES T LEWIS
309 WEST 43RD STREET STE 105
SIOUX FALLS SD 57105-6805

JEFFERIES LLC
520 MADISON AVENUE  SIXTH FLOOR
NEW YORK NY 10022-4344

JK MECHANICAL CONTRACTORS INC
ATTN JOE KLAMM
240 5TH STREET
NASHWAUK MN 55769-1160

JOHN C HAMMEREL JR
10200 E CELTIC DRIVE
SCOTTSDALE AZ 85260-7253

JOHN G DEVANEY
10 POND VIEW DRIVE
NANTUCKET MA 02554-4403

JOHN J MORGAN COMPANY
ATTN THOMAS G MORGAN
1413 THOMPSON AVENUE STE 1
SOUTH ST PAUL MN 55075-1472

JOHN PARKER TRAUERNICHT
60 BAYVILLE ROAD
LOCUST VALLEY NY 11560-2028

JENNIFER E BELL
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

JOHN J MORGAN COMPANY
CO KURT M ANDERSON
PO BOX 15667
MINNEAPOLIS MN 55415-0667

K BUILDING COMPONENTS INC
ATTN RIAN BURKES
1955 HIGHWAY 37
HIBBING MN 55746-3613

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SENT THEIR NOTICE OF ELECTRONIC FILING VIA THE CM/ECF SYSTEM

INTERNATIONAL
KATHERINE GAY BENOUN
8 RUE DE LEVIS
75017 PARIS FRANCE

KELLY CONSTRUCTION OF INDIANA
ATTN DAVID DAUGHERTY
3310 CONCORD ROAD
LAFAYETTE IN 47909-5128

KERAMIDA
401 N COLLEGE AVENUE
INDIANAPOLIS IN 46202-3605

KIMBALL H KNUTSON
2417 33RD AVENUE
MINNEAPOLIS MN 55406-1463

KELLY CONSTRUCTION OF INDIANA INC
DAVID DAUGHERTY
3310 CONCORD ROAD
LAFAYETTE IN 47909-5128

FIRST MERCHANTS BANK NA
PO BOX 792
MUNCIE IN 47308-0792

LEJEUNE STEEL COMPANY
ATTN JIM TORBORG
118 W 60TH STREET
MINNEAPOLIS MN 55419-2319

LIGHTHOUSE MANAGEMENT GROUP
ATTN JAMES CULLEN
900 LONG LAKE ROAD STE 180
NEW BRIGHTON MN 55112-6455

LIQUIDITY SOLUTIONS INC
ATTN JEFF CARESS
ONE UNIVERSITY PLAZA STE 312
HACKENSACK NJ 07601-6205

LARA NATURAL RESOURCES LLC
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

LIGHTHOUSE MANAGEMENT GROUP INC
ATTN JIM BARTHOLOMEW
900 LONG LAKE ROAD SUITE 180
NEW BRIGHTON MN 55112-6455

LIQUIDITY SOLUTIONS INC
ONE UNIVERSITY PLAZA SUITE 312
HACKENSACK NJ 07601-6205

MAG GLOBAL
ATTN MICHAEL J TALARICO
102 NE 3RD STREET STE 120
GRAND RAPIDS MN 55744-2868

MAG INC
ATTN MICHAEL J TALARICO
102 NE 3RD STREET STE 120
GRAND RAPIDS MN 55744-2868

MAGNETATION INC
102 THIRD STREET NE STE 120
GRAND RAPIDS MN 55744-2868

MAGNETATION LLC
ATTN MICHAEL J TALARICO
102 NE 3RD STREET STE 120
GRAND RAPIDS MN 55744-2868

MARK P ROGERS
TRUSTEE MARK P ROGERS REV TRUS
2410 MERRIMAC LANE
PLYMOUTH MN 55447-2118

MECHANICS MINERS LIEN CLAIMS
LIGHTHOUSE MANAGEMENT GROUP
900 LONG LAKE ROAD STE 180
NEW BRIGHTON MN 55112-6455

MEDIACOM BUSINESS
ONE MEDIACOM WAY
MEDIACOM NY 10918-4810

METLIFE
PO BOX 804466
KANSAS CITY MO 64180-4466

METRO SALES INC
1620 EAST 78TH STREET
MINNEAPOLIS MN 55423-4637

MIDWEST CONSTRUCTORS LLC
ATTN LYNN L WALL
600 KENTUCKY AVENUE STE 100
INDIANAPOLIS IN 46225-1275

MINN DEPT OF NATURAL RESOURCES
500 LAFAYETTE ROAD
BOX 10
ST PAUL MN 55155-4002

MINNEAPOLIS OXYGEN CO
3842 WASHINGTON AVENUE N
MINNEAPOLIS MN 55412-2168

MINNESOTA DEPARTMENT OF
NATURAL RESOURCES
1201 EAST HIGHWAY 2
GRAND RAPIDS MN 55744-3296

MINNESOTA DEPT NATURAL RESOURCES
ATTN JESS RICHARDS
500 LAFAYETTE ROAD
ST PAUL MN 55155-4002

MINNESOTA DEPT OF HEALTH
RADIOACTIVE MATERIALS UNIT
P O BOX 64497
ST PAUL MN 55164-0497

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SERVED VIA ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

MINNESOTA DEPT OF LABOR   INDUSTRY
443 LAFAYETTE ROAD
ST PAUL MN 55155-4300

MINNESOTA DEPT OF NATURAL RESOURCES
500 LAFAYETTE ROAD
BOX 10
ST PAUL MN 55155-4002

MINNESOTA DEPT OF REVENUE
600 NORTH ROBERT STREET
ST PAUL MN 55101

MINNESOTA INDUSTRIES INC
ATTN PAUL JANSSEN
610 INDUSTRIAL AVENUE
CHISHOLM MN 55719

MINNESOTA POLLUTION
CONTROL AGENCY
520 LAFAYETTE ROAD
ST PAUL MN 55155-4102

MINNESOTA POWER
CO RANGE CREDIT BUREAU INC
PO BOX 706
HIBBING MN 55746-0706

MINNESOTA POWER
P O BOX 1001
DULUTH MN 55806-1001

MODSPACE
12603 COLLECTIONS CENTER DRIVE
CHICAGO IL 60693-0126

MOOSES HUNTING CAMP
ATTN DAVID VIDMAR
36477 FREESTONE ROAD
GRAND RAPIDS MN 55744-5422

MERIDA NATURAL RESOURCES LLC
ATTN TOM CLARKE
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

MERIDA NATURAL RESOURCES LLC
CO DENTONS US LLP
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020-1001
ATTN- OSCAR N PINKAS

MESABI METALLICS COMPANY LLC
CO SIDLEY AUSTIN LLP
ATTN- MICHAEL G BURKE
787 SEVENTH AVENUE
NEW YORK NY 10019-6088

MIDWEST CONSTRUCTORS LLC
HOSTETLER LAW
711 EAST 65TH STREET SUITE 208
INDIANAPOLIS IN 46220
INDIANAPOLIS IN 46220-1609

NIPSCO
P O BOX 13007
MERRILLVILLE IN 46411-3007

NORAMCO ENGINEERING CORPORATION
ATTN JAMES ZIMMER
2729 13TH AVENUE EAST
HIBBING MN 55746-2314

NORAMCO ENGINEERING CORPORATION
P O BOX 1091
DULUTH MN 55810-0091

NORTHERN INDIANA PUBLIC
SERVICE COMPANY  ATTN D COTA
801 E 86TH AVENUE
MERRILLVILLE IN 46410-6271

NORTHERN INDUSTRIAL ERECTORS
ATTN DEREK BOSTYANCIC
P O BOX 308
GRAND RAPIDS MN 55744-0308

NORTHERN INDUSTRIAL ERECTORS INC
FABYANSKE WESTRA ET AL
333 SOUTH SEVENTH STREET STE 2600
MINNEAPOLIS MN 55402-2437

NORTHERN PLAINS RAIL SERVICE
100 RAILROAD AVENUE
P O BOX 38
FORDVILLE ND 58231-0038

NTS
526 CHESTNUT STREET
VIRGINIA MN 55792-2532

NUBAI MEMBER
ATTN JOHN ORAM
P O BOX 2416 ROAD TOWN
TORTOLA VI 11100

OHIO DEPT OF REVENUE
4485 NORTHLAND RIDGE BLVD
COLUMBUS OH 43229-5404

OLD NATIONAL TRUST COMPANY
1 MAIN STREET  3RD FL
EVANSVILLE IN 47708-1471

ONE SOURCE EQUIPMENT RENTALS
ATTN JACK BAXTER
2835 CONCORD ROAD
LAFAYETTE IN 47909-3306

PARSON ELECTRIC LLC
ATTN MICHAEL NORTHQUEST
5960 MAIN STREET NE
MINNEAPOLIS MN 55432-5480

POCAHONTAS MEMBER
ATTN THOMAS M CLARKE
192 SUMMERFIELD COURT STE 203
ROANOKE VA 24019-4581

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED (SEE EXCLUSION LIST ON LAST PAGE)
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SERVED BY RECEIPT OF NOTICE THROUGH THE CM/ECF SYSTEM

PRECISION TESTING INC
ATTN CONNIE PEARSON
5559 ENTERPRISE DRIVE NE
VIRGINIA MN 55792-3614

PROGRESS RAIL
25083 NETWORK PLACE
CHICAGO IL 60673-1250

PROGRESS RAIL
ATTN JONATHAN NEWMAN
1600 PROGRESS DRIVE
ALBERTVILLE AL 35950-8545

PRYOR CASHMAN LLP
7 TIMES SQUARE
NEW YORK NY 10036-6569

POCAHONTAS NATURAL RESOURCES LLC
CO DENTONS US LLP
1221 AVENUE OF THE AMERICAS
NEW YORK NY 10020-1001
ATTN- OSCAR N PINKAS

PROGRESS RAIL LEASING CORPORATION
1600 PROGRESS DRIVE
ALBERTVILLE AL 35950-8545

RANDALL LEE VANNET TRUST
28938 ARBO ROAD
GRAND RAPIDS MN 55744-6350

RANGE ELECTRIC INC
ATTN ANNA MAHAN
1102 NORTH THIRD STREET
SUPERIOR WI 54880-1230

RANGE ELECTRIC INC
FABYANSKE WESTRA ET AL
333 SOUTH SEVENTH STREET STE 2600
MINNEAPOLIS MN 55402-2437

RAPIDS PROCESS EQUIPMENT INC
ATTN BRENT ROERING
26489 INDUSTRIAL BLVD
COHASSET MN 55721-8696

RAW MATERIALS  IRONMAKING
1992 EASTHILL DRIVE
BETHLEHEM PA 18017-2709

RGGS LAND  MINERALS LTD LP
P O BOX 1266
209 E 8TH STREET S
VIRGINIA MN 55792-1266

RGGS LAND  MINERALS LTD LP
P O BOX 4667
HOUSTON TX 77210-4667

RONS KORNER PROPERTIES
7896 US HIGHWAY 169
BOVEY MN 55709-7905

RUDD EQUIPMENT COMPANY
DEPT 77432
P O BOX 77000
DETROIT MI 48277-2000

ROBB J BIGELOW
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

SCHECK INDUSTRIAL CORPORATION
ATTN KAREN P LAYNG
800 E PLAINFIELD ROAD
COUNTRYSIDE IL 60525

SCHWARTZ REDI MIX INC
34882 SCENIC HWY
BOVEY MN 55709-6032

SHAMBAUGH  SON LP
ATTN BILL MEYER
7614 OPPORTUNITY DRIVE
FORT WAYNE IN 46825-3363

SOLID PLATFORMS INC
ATTN JASON R LAMMERTIN
6610 MELTON ROAD
PORTAGE IN 46368-1236

ST LOUIS COUNTY AUDITOR  TREAS
100 N 5TH AVENUE W
DULUTH MN 55802-1287

STATE OF MINNESOTA
500 LAFAYETTE ROAD
BOX 10
ST PAUL MN 55155-4002

STEPHEN E LEWIS
2660 MAPLE AVENUE
NORTHBROOK IL 60062-5267

STEPHEN E LEWIS
305 LOCKHART CT
FRANKLIN TN 37069-6568

STEVE ELLISON
19853 COUNTY ROAD 10
WARBA MN 55793-1663

SUTTLE  STALNAKER
1411 VIRGINIA STREET E STE 100
CHARLESTON WV 25301-3016

SWEARINGEN CONSULTING LLC
6424 WOODLAND COURT
AURORA MN 55705-8700

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SERVED VIA ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

SYSTEMS ASSOCIATES INC
1932 INDUSTRIAL DRIVE
LIBERTYVILLE IL 60048-9716

SOLID PLATFORMS INC
JASON R LAMMERTIN
6610 MELTON ROAD
PORTAGE IN 46368-1236

SOMPO INTERNATIONAL INSURANCE
CO LEE WOODARD ESQ
HARRIS BEACH PLLC
333 WEST WASHINGTON STREET SUITE 200
SYRACUSE NY 13202-5202

STATE OF MINNESOTA DEPT OF NATURAL
RESOURC
500 LAFAYETTE ROAD
BOX 45
ST PAUL MN 55155-4002

STEVE JONES
1370 AIRGLOW CT
HENDERSON NV 89014-8845

STEVEN JONES
1330 DUSTY SAGE CT
HENDERSON NV 89014-8884

STEVEN MARK JONES
1330 DUSTY SAGE CT
HENDERSON NV 89014-8884

TENOVA CORE
75 REMITTANCE DRIVE DEPT 3168
CHICAGO IL 60675-3168

THOMAS M CLARKE
15 APPLEDORE LANE
P O BOX 87
NATURAL BRIDGE VA 24578-0087

TOLTZ KING DUVALL ANDERSON
ASSOC INC DBA TKDA
444 CEDAR STREET STE 1500
ST PAUL MN 55101-2110

TRANE US INC
ATTN ROBERT ROERS
3600 PAMMEL CREEK ROAD
LA CROSSE WI 54601-7511

TROUMBLY BROTHERS PARTNERSHIP
P O BOX 405
TACONITE MN 55786-0405

TWIN CITY FAN COMPANIES LTD
ATTN CHRISTINE ARRELL
5959 TRENTON LANE N
PLYMOUTH MN 55442-3238

THOMAS M CLARKE
192 SUMMERFIELD COURT SUITE 203
ROANOKE VA 24019-4581

TOLTZ KING DUVALL ANDERSON AND
ASSOCIATES
ATTN THOMAS S STONEBURNER PE
444 CEDAR STREET SUITE 1500
ST PAUL MN 55101-2140

TRANE US INC
CO WAGNER FALCONER  JUDD LTD
100 SOUTH 5TH STREET
SUITE 800
MINNEAPOLIS MN 55402-1203

US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

U S NUCLEAR REGULATORY COMMISSION
11545 ROCKVILLE PIKE
ROCKVILLE MD 20852-2895

US TRUSTEE
300 SOUTH FOURTH
SUITE 1015
MINNEAPOLIS MN 55415-3070

ULLAND BROTHERS INC
ATTN LANCE STRANDBERG
1634 HWY 210
CARLTON MN 55718-8176

UNITED RENTALS NORTH AMERICA
ATTN TARA MILLER
6125 LAKEVIEW ROAD STE 300
CHARLOTTE NC 28269-2616

UNITED STATES STEEL CORP
OLD HIGHWAY 169
P O BOX 417
MT IRON MN 55768-0417

UNITED STATES STEEL CORPORATION
332 MINNESOTA STREET
ST PAUL MN 55101-1314

EXCLUDE
US TRUSTEE
1015 US COURTHOUSE
300 S 4TH ST
MINNEAPOLIS MN 55415-3070

VIKING ELECTRIC SUPPLY INC
ATTN MIKE WIERZCHOWSKI
451 INDUSTRIAL BOULEVARD NE
MINNEAPOLIS MN 55413-2938

VIKING ELECTRIC SUPPLY INC
HELEY DUNCAN  MELANDER PLLP
ATTN- MICHAEL P COATY ESQ
8500 NORMANDALE LAKE BLVD SUITE 2110
MINNEAPOLIS MN 55437-3813

WARD B LEWIS JR REV TRUST
CO ERICA LEWIS
490 S MILLEDGE AVENUE
ATHENS GA 30605-1050

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SERVED ELECTRONICALLY ON THE DATE OF FILING BY RECEIVING THE COURTESY NOTICE THROUGH THE CM/ECF SYSTEM

WASTE MANAGEMENT OF INDIANA
P O BOX 4648
CAROL STREAM IL 60197-4648

WASTE MANAGEMENT OF WI MN
P O BOX 4648
CAROL STREAM IL 60197-4648

WEIR MINERALS NETHERLANDS
CO BERENS  MILLER
80 SOUTH 8TH STREET STE 3720
MINNEAPOLIS MN 55402-2219

WELDSTAR
P O BOX 1150
AURORA IL 60507-1150

WESCO DISTRIBUTION INC
ATTN STEVEN KATZ
5554 ENTERPRISE DRIVE NE
VIRGINIA MN 55792-3692

WESCO DISTRIBUTION INC
WAGNER FALCONER  JUDD LTD
100 S 5TH ST STE 800
MPLS MN 55402-5357

WHITE COUNTY INDIANA
ATTN AUDITOR
2013 WEST 25 SOUTH
MONTICELLO IN 47960

WHITE COUNTY TREASURER
P O BOX 388
MONTICELLO IN 47960-0388

WILLIAM CLAYTON TRAUERNICHT
60 BAYVILLE ROAD
LOCUST VALLEY NY 11560-2028

WILLIAMS SCOTSMAN INC
P O BOX 91975
CHICAGO IL 60693-1975

WILMINGTON SAVINGS FUND
SOCIETY FSB
500 DELAWARE AVENUE
WILMINGTON DE 19801-1490

WILMINGTON SAVINGS FUND SOCIETY
ATTN GEOFFREY J LEWIS
500 DELAWARE AVENUE
WILMINGTON DE 19801-1490

WINTHROP  WEINSTINE PA
225 S SIXTH STREET STE 3500
MINNEAPOLIS MN 55402-4629

WAGNER FALCONER  JUDD LTD
100 SOUTH FIFTH STREET SUITE 800
MINNEAPOLIS MN 55402-5357

WEIR MINERALS NETHERLANDS BV
DONNA L CULVER
1201 NORTH MARKET STREET
16TH FLOOR
WILMINGTON DE 19801-1147

WHITE COUNTY INDIANA
JONATHAN SUNDHEIMER BARNES  THORN
11 SOUTH MERIDIAN STREET
INDIANAPOLIS IN 46204-3506

WILMINGTON SAVINGS FUND SOCIETY FSB
500 DELAWARE AVENUE
ATTN- PATRICK HEALY
WILMINGTON DE 19801-1490

XTREME CONTRACTORS CO LLC
ATTN TARA WILSON
348 E US HIGHWAY 24
REYNOLDS IN 47980-8000

ZEIGLER INC
SDS 120436
PO BOX 86
MINNEAPOLIS MN 55486-0436

ANDREA M HAUSER
LEONARD OBRIEN SPENCER GALE  S
100 SOUTH FIFTH STREET SUITE 2500
MINNEAPOLIS MN 55402-1234

CO LAMEY LAW FIRM P WEIR MINERALS
NETHERLAN
980 INWOOD AVE N
OAKDALE MN 55128-6625

JOHN MUHAR ITASCA COUNTY
ITASCA COUNTY ATTORNEY
123 4TH STREET NE
GRAND RAPIDS MN 55744-2681

EXCLUDE
NAUNI JO MANTY
MANTY  ASSOCIATES PA
150 SOUTH FIFTH STREET
SUITE 3125
MINNEAPOLIS MN 55402-4221

WILL TANSEY
RAVICH MEYER LAW FIRM
150 SOUTH FIFTH STREET
SUITE 3450
MINNEAPOLIS MN 55402-5311

William P. Wassweiler
Ballard Spahr LLP
2000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

wassweilerw@ballardspahr.com

Matthew W. Silverman
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569

msilverman@pryorcashman.com

Charles E. Nelson
Ballard Spahr LLP
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402

nelsonc@ballardspahr.com

Seth H. Lieberman
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569

slieberman@pryorcashman.com

(Interested Party)
Wilmington Savings Fund Society, FSB
as Indenture Trustee for the Floating
Rate Senior Secured Amortizing PIK
Toggle Notes due 2019
represented by:
Conrad K. Chiu
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569

cchiu@pryorcashman.com

(Interested Party)
White County, Indiana
represented by:
Christopher J. Knapp
Barnes & Thornburg LLP
225 S 6th St
Ste 2800
Minneapolis, MN 55402

christopher.knapp@btlaw.com

(Creditor)
WESCO DISTRIBUTION INC
225 WEST STATION SQUARE DR
PITTSBURG, PA 15219
represented by:
Nathan Serr
Wagner Falconer & Judd Ltd
100 South Fifth Street
Ste 800
Minneapolis, MN 55402

nserr@wfjlawfirm.com

John D. Lamey, III
Lamey Law Firm, P.A.
980 Inwood Ave N
Oakdale, MN 55128

bankrupt@lameylaw.com

(Creditor)
C/O LAMEY LAW FIRM P WEIR MINERALS
NETHERLANDS B.V.
980 Inwood Ave N
OAKDALE, MN 55128
represented by:
Donna L Culver
Morris, Nichols, Arsht & Tunnell, LLP
1201 N Market Street
Wilminton, DE 19899

dculver@mnat.com

(Interested Party)
WEIR MINERAL NETHERLANDS
c/o Lamey Law Firm
980 Inwood Avenue North
Oakdale, MN 55128
represented by:
Lamey Law Firm PA
980 Inwood Ave N
Oakdale, MN 55128

(Interested Party)
Viking Electric Supply, Inc.
c/o Michael P. Coaty
Heley, Duncan & Melander, PLLP
8500 Normandale Lake Blvd.
Suite 2110
Minneapolis, MN 55437
represented by:
Michael P Coaty
Heley Duncan & Melander PLLP
8500 Normandale Lake Blvd
Suite 2100
Minneapolis, MN 55437

mpcoaty@heleyduncan.com

Aaron A. Dean
Moss & Barnett, P.A.
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

aaron.dean@lawmoss.com

ADDRESSES WHICH ARE NOT ADDRESSES WON'T BE CERTIFIED AS SIMPLE-SENT THROUGH THE UNITED STATES MAIL THROUGH THE COURT'S
NOTICE OF ELECTRONIC FILING ("NEF") SYSTEM.

(Interested Party)
United Rentals (North America), Inc.
c/o Aaron A. Dean, Esq.
Moss & Barnett
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
represented by:
Kevin M. Busch
Moss & Barnett
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

kevin.busch@lawmoss.com


Colin Kreuziger
US Trustee Office
1015 U S Courthouse
300 S 4th St
Minneapolis, MN 55415

Colin.Kreuziger@usdoj.gov


(U.S. Trustee)
US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415
represented by:
Michael R Fadlovich
US Trustee Office
1015 US Courthouse
300 South Fouth St
Minneapolis, MN 55415

michael.fadlovich@usdoj.gov


UMB Bank N.A., as Trustee, Collateral
Agent, Paying Agent, Registrar and
Calculation Agent
(Miscellaneous)
represented by:
Joel D. Nesset
Cozen O'Connor
33 S 6th St
Suite 3800
Minneapolis, MN 55402

jnesset@cozen.com


(Interested Party)
Toltz, King, Duvall, Anderson and
Associates, Incorporated, d/b/a TKDA
Heley, Duncan & Melander, PLLP
8500 Normandale Lake Boulevard
Suite 2110
Minneapolis, MN
represented by:
Brian W Varland
Heley Duncan & Melander PLLP
8500 Normandale Lake Blvd
Ste 2110
Minneapolis, MN 55437

bvarland@heleyduncan.com


Aaron A. Dean
Moss & Barnett, P.A.
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

aaron.dean@lawmoss.com


(Interested Party)
The Jamar Company
c/o Aaron A. Dean, Esq.
Moss & Barnett
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
represented by:
Kevin M. Busch
Moss & Barnett
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

kevin.busch@lawmoss.com


(Creditor)
TRANE US INC
represented by:
Nathan Serr
Wagner Falconer & Judd Ltd
100 South Fifth Street
Ste 800
Minneapolis, MN 55402

nserr@wfjlawfirm.com


(Creditor Committee)
James Edward Swearingen
Swearingen Consulting, lLC
6424 Woodland Ct.
Aurora, MN 55705


Lee Woodard
Harris Beach PLLC
333 West Washington St #200
Syracuse, NY 13202


Thomas Lallier
Foley & Mansfield P.L.L.P.
250 Marquette Avenue
Suite 1200
Minneapolis, Mn 55401

ECF_Notices@foleymansfield.com


(Interested Party)
Sompo International Insurance
represented by:
Wendy Kinsella
Harris Beach PLLC
333 West Washington St #200
Syracuse, NY 13022

wkinsella@harrisbeach.com

ADDRESSES WHERE NOTICES WERE SERVED VIA FIRST-CLASS MAIL. ALL OTHERS WERE SERVED VIA THE COURT'S ELECTRONIC MAIL IN ACCORDANCE WITH THE COURT'S
NOTICE OF ELECTRONIC FILING ("NEF") SYSTEM.

Rudd Equipment Company, Inc.
4344 Poplar Level Road
Louisville, KY 40213
(Other Party)
represented by:
James R Irving
Dentons Bingham Greenebaum LLP
3500 PNC Tower
101 S Fifth St
Louisville, KY 40202

james.irving@dentons.com

Ravich Meyer Kirkman McGrath Nauman &
Tansey, P.A.
150 South Fifth Street
Suite 3450
Minneapolis, MN 55402
(Attorney)
represented by:
Will Tansey
Ravich Meyer Law Firm
150 South Fifth Street
Suite 3450
Minneapolis, MN 55402

wrtansey@ravichmeyer.com

(Interested Party)
Range Electric, Inc.
Fabyanske, Westra, Hart & Thom
333 South Seventh Street
Suite 2600
Minneapolis, MN 55402
represented by:
Paul L. Ratelle
Fabyanske Westra Hart & Thomson
333 S 7th St
Suite 2600
Minneapolis, MN 55402

pratelle@fwhtlaw.com

ADDRESSES WHICH ARE NOT ADDRESSES WHERE SERVICE WILL BE AFFECTED THRU THE U.S. BANKRUPTCY COURT'S ASSOCIATED DISTRICT COURT'S
NOTICE OF ELECTRONIC FILING ("NEF")SYSTEM.

(Interested Party)
Randall Lee Vannet, Trustee of the
Randall Lee Vannet and Troumbly
Brothers Partnership
represented by:
Alan B Fish
Alan B Fish, P.A.
102 2nd Ave NW
Roseau, MN 56751

alanfish@alanbfishpa.com


Natasha Wells
Dorsey &Whitney LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402

wells.natasha@dorsey.com


(Interested Party)
Progress Rail Leasing Corporation
represented by:
Monica L. Clark
Dorsey & Whitney LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498

clark.monica@dorsey.com


(Interested Party)
Prairie River Minerals, LLC
represented by:
Andrew J. Glasnovich
Stinson LLP
50 South Sixth Street
Ste 2600
Minneapolis, MN 55402

andrew.glasnovich@stinson.com


Aaron A. Dean
Moss & Barnett, P.A.
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

aaron.dean@lawmoss.com


(Interested Party)
Parsons Electric, LLC
c/o Aaron A. Dean, Esq.
Moss & Barnett
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
represented by:
Kevin M. Busch
Moss & Barnett
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

kevin.busch@lawmoss.com


(Interested Party)
PPL Acquisition Group, LLC
represented by:
Christopher J Harayda
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S Seventh St
Minneapolis, MN 55402

cj.harayda@faegredrinker.com


(Interested Party)
Northern Industrial Erectors, Inc.
Fabyanske, Westra, Hart & Thom
333 South Seventh Street
Suite 2600
Minneapolis, MN 55402
represented by:
Paul L. Ratelle
Fabyanske Westra Hart & Thomson
333 S 7th St
Suite 2600
Minneapolis, MN 55402

pratelle@fwhtlaw.com


(Interested Party)
Noramco Engineering Corporation
2729 13th Avenue Ease
Hibbing, MN 55746
represented by:
Benjamin J. Court
Stinson LLP
50 South Sixth Street
Suite 2600
Minneapolis, MN 55402

benjamin.court@stinson.com


Jacqueline J. Williams
Gurstel Law Firm PC
6681 Country Club Dr
Golden Valley, MN 55427

j.williams@gurstel.com


Mary F. Sieling
Manty & Associates P A
150 South Fifth Street
Suite 3125
Minneapolis, MN 55402

mary@mantylaw.com


Nauni J. Manty
Manty & Associates PA
150 South Fifth Street
Suite 3125
Minneapolis, MN 55402

ecf@mantylaw.com

ADDRESSES WHICH ARE BLOCKED OUT ARE THOSE OF PARTIES WHO WILL BE SERVED ELECTRONICALLY VIA THE UNITED STATES DISTRICT COURT'S
NOTICE OF ELECTRONIC FILING ("NEF")SYSTEM.

(Trustee)
Nauni Manty, Trustee
Manty & Associates, P.A.
401 Second Avenue North
Suite 400
Minneapolis, MN 55401
represented by:
GISLASON & HUNTER LLP
2700 South Broadway
P.O. Box 458
New Ulm, MN 56073

(Interested Party)
Minnesota Department of Revenue
600 North Robert Street
St. Paul, MN 55146
represented by:
Wendy S. Tien
Office of the Minnesota Attorney
General
445 Minnesota Avenue
Saint Paul, MN 55101

wendy.tien@ag.state.mn.us

(Interested Party)
Minnesota Department of Natural
Resources
Mawerdi Hamid, Asst. Attorney General
Bremer Tower, Suite 900
445 Minnesota Street
St. Paul, MN 55101-2127
represented by:
Mawerdi Hamid
Attorney General, State of Minnesota
445 Minnesota Street
Suite 900
St. Paul, MN 55101-2127

mawerdi.hamid@ag.state.mn.us

Thomas J. Hainje
Winthrop and Weinstine PA
225 South Sixth Street
Ste 3500
Minneapolis, MN 55402

thainje@winthrop.com

Arthur H Ruegger
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020

arthur.ruegger@dentons.com

Robert E Richards
Dentons US LLP
233 South Wacker Drive Ste 5900

robert.richards@dentons.com

Oscar N. Pinkas
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020

oscar.pinkas@dentons.com

Lauren Macsoud
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020

lauren.macsoud@dentons.com

(Interested Party)
Merida Natural Resources, LLC
192 Summerfield Court, Suite 203
Roanoke, VA 24019
represented by:
Michael Rosow
Winthrop & Weinstine
225 South Sixth Street
Suite 3500
Minneapolis, MN 55402

mrosow@winthrop.com

Manty & Associates PA
401 2nd Ave N Ste 400
Minneapolis, MN 55401
(Attorney)
represented by:
Nauni J. Manty
Manty & Associates PA
150 South Fifth Street
Suite 3125
Minneapolis, MN 55402

ecf@mantylaw.com

Jacqueline J. Williams
Gurstel Law Firm PC
6681 Country Club Dr
Golden Valley, MN 55427

j.williams@gurstel.com

George E. Warner, Jr.
Warner Law, LLC
120 South Sixth Street
Suite 1500
Minneapolis, MN 55402

george@warnerlawmn.com

ADDRESSES WHERE SUCH NOTICE ADDRESSES WOULD CERTIFICATE THAT E-SERVED THE ABOVE IN THE ELECTRONICALLY STATED DESCRIBEN COURT'S
NOTICE OF ELECTRONIC FILING ("NEF") SYSTEM.

Mary F. Sieling
Manty & Associates P A
150 South Fifth Street
Suite 3125
Minneapolis, MN 55402

mary@mantylaw.com

Manty & Associates PA
150 South Fifth Street
Suite 3125
Minneapolis, MN 55402

ecf@mantylaw.com

Nauni Jo Manty
Manty & Associates PA
401 Second Avenue North
Suite 400
Minneapolis, MN 55401

ecf@mantylaw.com

ADDRESSES WHICH ARE NOT ADDRESSES WHICH ARE NOT FILE-SENTED THE FILE-SENTED THE ELECTRONICALLY SERVED BY THE COURT'S
NOTICE OF ELECTRONIC FILING ("NEF")SYSTEM.

Nauni J. Manty
Manty & Associates PA
150 South Fifth Street
Suite 3125
Minneapolis, MN 55402

ecf@mantylaw.com

Jennifer G. Lurken
Gislason & Hunter
111 South Second St
Ste 500
Mankato, MN 56001

jlurken@gislason.com

Christopher A. Camardello
Manty & Associates, P.A.
150 South Fifth Street
Suite 3125
Minneapolis, MN 55402

chris@mantylaw.com

(Trustee)
Nauni Jo Manty
Manty & Associates PA
150 South Fifth Street
Suite 3125
Minneapolis, MN 55402
represented by:
Anthony R Battles
Anthony R. Battles Law Firm, P.A.
276 Baker Bldg
706 2nd Ave S
Minneapolis, MN 55402

tony@arbattleslaw.com

(Interested Party)
Magnetation, Inc.
c/o Amy J. Swedberg
Maslon LLP
3300 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
represented by:
Amy J. Swedberg
Maslon LLP
3300 Wells Fargo Center
90 S 7th St
Minneapolis, MN 55402

amy.swedberg@maslon.com

(Interested Party)
MagGlobal, LLC
c/o Amy J. Swedberg
3300 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
represented by:
Amy J. Swedberg
Maslon LLP
3300 Wells Fargo Center
90 S 7th St
Minneapolis, MN 55402

amy.swedberg@maslon.com

Lorie A. Klein
Fafinski Mark & Johnson P.A.
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344

lorieaklein@gmail.com

Paul N Silverstein
Hunton Andrews Kurth LLP
450 Lexington Ave, 15th Fllor
New York, NY 10017

paulsilverstein@HuntonAK.com

David E. Runck
Fafinski Mark & Johnson P. A.
775 Prairie Center Drive
Suite 400
Eden Prairie, MN 55344

david.runck@fmjlaw.com

(Interested Party)
Liquidity Solutions, Inc.
One Univeristy Plaza, Suite 312
Hackensack, NJ 07601
represented by:
Jeremy B Reckmeyer
Hunton Andrews Kurth LLP
450 Lexington Ave, 15th Fllor
New York, NY 10017

jeremyreckmeyer@HuntonAK.com

ATTORNEY TO BE NOTICED
Sarah M. Olson
Fredrikson & Bryon P. A.
200 S 6th Street
Suite 4000
Minneapolis, MN 55402

solson@fredlaw.com

Steven R. Kinsella
Fredrikson & Byron , P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402-1425

skinsella@fredlaw.com

ADDRESSES WHICH ARE NOT ADDRESSED BY SERVICE VIA THE ELECTRONIC TRANSMISSION AS INDICATED IN THE COURT'S
NOTICE OF ELECTRONIC FILING ("NEF") SYSTEM.

(Interested Party)
Lighthouse Management Group, Inc. as
Administrative Agent
represented by:
James L. Baillie
Fredrikson & Byron P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402

jbaillie@fredlaw.com

Aaron A. Dean
Moss & Barnett, P.A.
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

aaron.dean@lawmoss.com

(Interested Party)
LeJeune Steel Company
c/o Aaron A. Dean, Esq.
Moss & Barnett
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
represented by:
Kevin M. Busch
Moss & Barnett
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

kevin.busch@lawmoss.com

(Interested Party)
LAMEY LAW FIRM PA
980 INWOOD AVE N
OAKDALE, MN 55128
represented by:
John D. Lamey, III
Lamey Law Firm, P.A.
980 Inwood Ave N
Oakdale, MN 55128

bankrupt@lameylaw.com

(Interested Party) PRO SE
Komatsu Financial LP
1701 West Golf Rd
Rolling Meadows, il 60008
represented by:
Kesha L. Tanabe
Tanabe Law
1515 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN 55402-1817
(fax)

kesha@tanabelaw.com

(Creditor)
John J. Morgan Company
1413 Thompson Ave, Suite 1
South St. Paul, MN 55075
represented by:
Brian L. Boysen
Brian L. Boysen, Attorney at Law
17683 George Moran Drive
Eden Prairie, MN 55347-1086

brianb@kmalawmn.com

Jeffrey D. Klobucar
Bassford Remele, P.A.
100 South 5th Street
Suite 1500
Minneapolis, MN 55402

jklobucar@bassford.com

Matthew E Linder
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

(Interested Party)
Jefferies, LLC
c/o Bassford Remele, P.A.
100 South Fifth Street, Suite 1500
Minneapolis, MN 55402
represented by:
Thomas A Labuda, Jr
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

jklobucar@bassford.com

James K. Sander
Larkin Hoffman Daly & Lindgren, Ltd.
8300 Norman Center Drive, Suite 1000
Suite 1000
Minneapolis, MN 55437-1060

jsander@larkinhoffman.com

(Interested Party)
John Muhar Itasca County
Itasca County Attorney
123 4th Street NE
Grand Rapids, MN 55744
represented by:
Thomas Flynn
Larkin Hoffman Daly & Lindgren
8300 Norman Center Drive
Suite 1000
Bloomington, MN 55437

tflynn@larkinhoffman.com

Aaron A. Dean
Moss & Barnett, P.A.
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

aaron.dean@lawmoss.com

ADDRESSES WHERE NOTICE IS NOT REQUIRED BECAUSE THE RULE-SENTENCE THAT NOTICE IS RECEIVED AS OTHERWISE BY COURT'S
NOTICE OF ELECTRONIC FILING ("NEF") SYSTEM.

(Interested Party)
Hunt Electric Corporation
c/o Aaron A. Dean, Esq.
Moss & Barnett
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
represented by:
Kevin M. Busch
Moss & Barnett
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

kevin.busch@lawmoss.com

(Interested Party)
Andrea M. Hauser
Leonard, O'Brien, Spencer, Gale &
Sayre,
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402United States
represented by:
Andrea M. Hauser
Leonard, O'Brien, Spencer, Gale &
Sayre
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402-1234

ahauser@losgs.com

Dennis M Ryan
Faegre Drinker Biddle & Reath LLP
90 S 7th St Ste 2200
Minneapolis, MN 55402-3901

dennis.ryan@faegredrinker.com

ADDRESSES WHICH FAILED TO BE SERVED WITH SERVICE THROUGH THE E-SERVICE EMAIL BY THE COURT'S ELECTRONICALLY GENERATED THROUGH THE COURT'S
NOTICE OF ELECTRONIC FILING ("NEF") SYSTEM.

HT Surface and Mineral LLC
740 East Superior Street
Duluth, MN 55802
(Petitioning Creditor)
represented by:
Christopher J Harayda
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S Seventh St
Minneapolis, MN 55402

cj.harayda@faegredrinker.com

(Interested Party)
HAMMERLUND CONSTRUCTION, INC.
Fabyanske, Westra, Hart & Thom
333 South Seventh Street
Suite 2600
Minneapolis, MN 55402
represented by:
Paul L. Ratelle
Fabyanske Westra Hart & Thomson
333 S 7th St
Suite 2600
Minneapolis, MN 55402

pratelle@fwhtlaw.com

Dennis M Ryan
Faegre Drinker Biddle & Reath LLP
90 S 7th St Ste 2200
Minneapolis, MN 55402-3901

dennis.ryan@faegredrinker.com

William J Brunnquell
Faegre Baker Daniels LLP
90 S 7th St
Ste 2200
Minneapolis, MN 55402

william.brunnquell@faegrebd.com

Glacier Park Iron Ore Properties LLC
755 E Mulberry Ave. Suite 600
San Antonio, TX 78212
(Petitioning Creditor)
represented by:
Christopher J Harayda
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S Seventh St
Minneapolis, MN 55402

cj.harayda@faegredrinker.com

(Interested Party)
Fairview Health Services
2450 Riverside Avenue
Minneapolis, MN 55454
represented by:
Ryan Murphy
Fredrikson & Byron, PA
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402-1425

rmurphy@fredlaw.com

(Creditor)
FERGUSON ENTERPRISES INC
C/O JO RETTKE
2350 W CTY RD C STE 150
ST PAUL, MN 55113
represented by:
Nathan Serr
Wagner Falconer & Judd Ltd
100 South Fifth Street
Ste 800
Minneapolis, MN 55402

nserr@wfjlawfirm.com

(Creditor)
Endurance Assurance Corporation
represented by:
Thomas Lallier
Foley & Mansfield P.L.L.P.
250 Marquette Avenue
Suite 1200
Minneapolis, Mn 55401

ECF_Notices@foleymansfield.com

Arthur H Ruegger
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020

arthur.ruegger@dentons.com

Michael Rosow
Winthrop & Weinstine
225 South Sixth Street
Suite 3500
Minneapolis, MN 55402

mrosow@winthrop.com

Robert E Richards
Dentons US LLP
233 South Wacker Dr
Suite 5900
Chicago, IL 60606

robert.richards@dentons.com

Oscar N. Pinkas
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020

oscar.pinkas@dentons.com

ADDRESSES WHICH FALL INTO THIS CATEGORY WILL BE SERVED BY THE COURT VIA THE ELECTRONIC MEANS DESCRIBED IN THE COURT'S
NOTICE OF ELECTRONIC FILING ("NEF")SYSTEM.

Lauren Macksoud
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020

Thomas J. Hainje
Winthrop and Weinstine PA
225 South Sixth Street
Ste 3500
Minneapolis, MN 55402

thainje@winthrop.com

Glenn A Ballard
Dentons US LLP
1221 Ave of the Americas
New York, NY 10020


ERP Iron Ore, LLC
192 Summerfield Court, Suite 203
Roanoke, VA 24019
Tax ID / EIN: 81-3609690
(Debtor 1)
represented by:
Will Tansey
Ravich Meyer Law Firm
150 South Fifth Street
Suite 3450
Minneapolis, MN 55402

wrtansey@ravichmeyer.com

Kelly G. Laudon
Jones Day
90 South Seventh St
Ste 4950
Minneapolis, MN 55402

klaudon@jonesday.com

Thomas M Wearsch
Jones Day
901 Lakeside Avenue
Cleveland, OH 44114-1190

twearsch@jonesday.com


(Interested Party)
Cleveland-Cliffs Inc.
200 Public Square
Suite 3300
Cleveland, OH 44114-2315
Tax ID / EIN: 34-1464672
represented by:
Timothy Daniel Reynolds
Jones Day
901 Lakeside Avenue
Cleveland, OH 44114-1190

tdreynolds@jonesday.com

Dennis M Ryan
Faegre Drinker Biddle & Reath LLP
90 S 7th St Ste 2200
Minneapolis, MN 55402-3901

dennis.ryan@faegredrinker.com

Chester Company Limited
1035 7th Avenue East
Hibbing, MN 55746
(Petitioning Creditor)
represented by:
Christopher J Harayda
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S Seventh St
Minneapolis, MN 55402

cj.harayda@faegredrinker.com


(Interested Party)
CHAMPION STEEL MINNESOTA, INC.
Fabyanske, Westra, Hart & Thom
333 South Seventh Street
Suite 2600
Minneapolis, MN 55402
represented by:
Paul L. Ratelle
Fabyanske Westra Hart & Thomson
333 S 7th St
Suite 2600
Minneapolis, MN 55402

pratelle@fwhtlaw.com

(Interested Party)
Bison Minerals, LLC
represented by:
Matthew R. Burton
Morrison Sund, PLLC
5125 County Road 101
Suite 200
Minnetonka, MN 55345

mburton@morrisonsund.com

Ian T Peck
2323 Victory Avenue Ste 700
Dallas, TX 75219

ian.peck@haynesboone.com

ADDRESSES WH... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... COURT'S
NOTICE OF ELECTRONIC FILING ("NEF") SYSTEM.

Connie A. Lahn
Barnes & Thornburg LLP
225 South Sixth Street
Suite 2800
Minneapolis, MN 55402

clahn@btlaw.com

(Interested Party)
BNSF Railway Company
represented by:
Christopher J. Knapp
Barnes & Thornburg LLP
225 S 6th St
Ste 2800
Minneapolis, MN 55402

christopher.knapp@btlaw.com

(Creditor Committee Chair)
Christopher D Anderson
Minnesota Power (Allete, Inc.)
30 West Superior Street
Duluth, MN 55802

ADDRESSES WH... ...RESS WOULD ...ERVICE VIA ...E-S...ED T...AL... ...EC...ATE... ...CH... COURT'S
NOTICE OF ELECTRONIC FILING ("NEF") SYSTEM.

Benjamin Gurstelle
US Bancorp Center
800 Nicollet Mall
Minneapolis, MN 55402-7020

benjamin.gurstelle@usbank.com

John R. McDonald
Taft Stettinius & Hollister LLP
2200 IDS Center
80 South 8th St
Minneapolis, MN 55402-2157

jmcdonald@taftlaw.com

Richard D Anderson
Briggs and Morgan
2200 IDS Center
80 South 8th Street
Minneapolis, Mn 55402

randerson@briggs.com

Allete, Inc. d/b/a Minnesota Power
30 West Superior Street
Duluth, MN 55802
(Petitioning Creditor)
represented by:
Christopher D. Anderson
30 West Superior Street
Duluth, MN 55802

canderson@allete.com

Laura E Appleby
Chapman and Cutler LLP
1270 Avenue of the Americas
New York, NY 10020

appleby@chapman.com

Steven Wilamowsky
Chapman and Cutler LLP
1270 Avenue of the Americas
New York, NY 10020

wiliamowsky@chapman.com

William P. Wassweiler
Ballard Spahr LLP
2000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

wassweilerw@ballardspahr.com

Joel D. Nesset
Cozen O'Connor
33 S 6th St
Suite 3800
Minneapolis, MN 55402

jnesset@cozen.com

(Interested Party)
Ad Hoc Committee of PIK Toggle
Noteholders
represented by:
Michael Friedman
Chapman and Cutler LLP
1270 Avenue of the Americas
New York, NY 10020

friedman@chapman.com

AFCO CREDIT CORPORATION
1133 Avenue of the Americas 27th Floor
New York, NY 10036
(Other Party)
represented by:
Andrea M. Hauser
Leonard, O'Brien, Spencer, Gale &
Sayre
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402-1234

ahauser@losgs.com

(Interested Party)
A.W. Kuettel & Sons, Inc.
Fabyanske, Westra, Hart & Thom
333 South Seventh Street
Suite 2600
Minneapolis, MN 55402
represented by:
Paul L. Ratelle
Fabyanske Westra Hart & Thomson
333 S 7th St
Suite 2600
Minneapolis, MN 55402

pratelle@fwhtlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                    Chapter 7
                                                                              BKY 18-50378 (WJF)
ERP Iron Ore, LLC,

                Debtor.

**ORDER AUTHORIZING SALE OF CERTAIN OF THE DEBTOR'S PROPERTY FREE
AND CLEAR OF LIENS, ENCUMBRANCES AND OTHER INTERESTS**

This matter came before the court on the motion of Nauni Manty, the chapter 7 trustee of

the bankruptcy estate of ERP Iron Ore, LLC, for an order authorizing her to sell certain of the

debtor's assets free and clear of liens, encumbrances and other interests. Based upon all of the

files, records and proceedings herein,

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT:**

1.      The relief granted is in the best interest of the estate, all creditors and other

interested parties in this case.

2.      The sale of the property to MagIron LLC ("MagIron") a company owned by

representatives of Audley Capital Partners, LLP, an investment firm based in London, England

and Mr. Larry Lehtinen) is a good-faith transaction within the meaning of 11 U.S.C. § 363(m), and

MagIron is found not to be a continuation of, or a successor to, the debtor or any entity owned by

the debtor.

3.      Adequate and sufficient notice to all creditors and interested parties to this case of

the proposed entry of the order appears to have been given.

4.      The sale of the Assets identified herein as the Plant 4 assets and the Real Property

constitutes the highest and best offer for those assets, and will provide a greater recovery for the

debtor's estate than would be provided by any other available alternative. The trustee's determination that the transaction with MagIron constitutes the highest and best offer for the Plant 4 assets constitutes a valid and sound exercise of the trustee's business judgment.

**IT IS HEREBY ORDERED:**

1.      The motion for sale of certain of the debtor's property free and clear of liens, encumbrances and other interests is granted.

2.      The conditions of 11 U.S.C. § 363(f) of the bankruptcy code have been satisfied in full; therefore, the trustee is authorized to sell the property of the debtor described herein (the "Assets") free and clear of any and all liens, encumbrances and other interests, except as otherwise provided in Paragraph 9 of the Motion. The Assets include the real property identified on the debtor's schedules as Plant 4 in Grand Rapids as well as the following parcels of real property located in Itasca and St. Louis Counties, Minnesota, and legally described as follows:

Legal Descriptions by PIN Number:
**ITASCA COUNTY PROPERTIES**

1.      02-035-1401

The Northeast Quarter of the Southeast Quarter (NE ¼ of SE ¼) and the Southeast Quarter of the Northeast Quarter (SE1/4 of NE 1/4) all in Section 35,Township 56 North Range 25 West, Itasca County Minnesota Except that portion thereof Described as follows: From the Southeast one-sixteenth corner of the Southwest quarter of the Northeast Quarter (SW1/4, NE ¼) Sec 35-56-25 going Northerly along the property line with a bearing of N 00 degrees 54' 18" E a distance of 205.00 feet to point "A" the point of beginning: Thence Southeasterly with a bearing of S 80 degrees 30' 00" E a distance of 775.00 feet to point "B": thence due South a distance of 169.62 feet to point "C": thence Southwesterly with a bearing of S 45 degrees 00' 00" W a distance of 424.27 feet to point "D": Thence Southwesterly with a bearing of S 27 degrees 00' 00" W a distance of 200.00 feet to point "E": thence Southwesterly with a bearing of S 70 degrees 45' 00" W a distance of 372.24 feet to point "F": Thence Southwesterly with a bearing of S 82 degrees 58' 00" W a distance of 809.20 feet to point "G:": thence due West a distance of 1521.89 feet to point "H": Thence Northwesterly with a  bearing of N 46 degrees 00' 00" W a distance of 317.27 feet to point "I": thence due North a distance of 324.83 feet to point "J": on the West property line of the Northeast of the Southwest (NE-SW) Sec. 35-56-25: thence Northeasterly along property line with a bearing of N 03 degrees 01' 00" E a distance of 257.68 fee to the

Northwest 1/16 corner of the Northeast of the Southwest (NE-SW) sec. 35-56-25: thence Northwesterly along property line with a bearing of N 00 degrees 12' 37" W a distance of 57.00 feet to point "K": thence Northeasterly with a bearing of N 74 degrees 25' 00" E a distance of 664.29 feet to point "L"; thence Southwesterly with a bearing of S 88 degrees 45" 57' E a distance of 1878.30 feet to point "A" the point of Beginning.

2.    87-021-1101 (NE ¼ of NE ¼),
3.    87-021-1201 (NW ¼ of NE ¼),
4.    87-021-1300 (SW ¼ of NE ¼), and
5.    87-021-1400 (SE ¼ of NE ¼), for:

The Northeast Quarter (NE) of Section Twenty –One (21), Township Fifty-Six (56) North, Range Twenty-three (23): West of the Fourth Principal Meridian, Less Highway and less that portion thereof lying and being Northerly of State Highway 169, as the same now exist, Itasca County, Minnesota.

6.    87-021-4200

Lot Two (2) Section Twenty-one (21), Township Fifty-six (56) North, Range Twenty-three (23) West of the Fourth Principal Meridian, Itasca County, Minnesota.

7.    88-011-2400

Government Lot 2, Section 11, Township 55 Range 25, Itasca County, Minnesota

8.    88-020-2101 (NE ¼ of NW ¼),
9.    88-020-2401 (SE ¼ of NW ¼),
10.   88-020-3101 (NE ¼ of SW ¼),
11.   88-020-3201 (NW ¼ SW ¼), and
12.   88-020-3301 (SW ¼ SW ¼) for:

The East Half of the Northwest Quarter (E ½ of NW ¼), the Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), the Northwest Quarter of the Southwest Quarter (NW ¼ of SW ¼) and the Southwest Quarter of the Southwest Quarter (S ¼ of SW ¼): all in Section Twenty (20) Township Fifty-six (56) Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

13.   88-030-2401 and
14.   88-030-2402 are each and undivided 1/2 interest in:
The SE ¼ of NW ¼ Section 30, Township 56 North, Range 24 West, Itasca County, together with unsevered minerals if any, in Itasca County Minnesota.

3

*Note: Numbers 15 through 23 below are partial undivided interests in the same parcel. The sum of the interests listed is less than 100%.*

15.    88-030-3101

An undivided 1/48 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼) Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian according to The United States Government Survey thereof, Itasca County, Minnesota.

16.    88-030-3102

An undivided 1/8 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24),  West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

17.    88-030-3103

An undivided 1/80 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), Section Thirty (30) Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

18.    88-030-3105

An undivided 1/40 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24),  West of the fourth Principal Meridian according to the United States Government Survey thereof.

19.    88-030-3107

An undivided 1/20 interest:  The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

20.    88-030-3111

An undivided 1/32 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ OF sw ¼), Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

21.    88-030-3114

An undivided 1/4 interest: The Northeast Quarter of the Southwest Quarter  (NE ¼ of SW 1/4) Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of

4

the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

22.   88-030-3119

An undivided 1/16 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

23.   88-030-3120

An undivided 1/4 interest: The Northeast Quarter of the Southwest Quarter (NE ¼ of the SW ¼), Section Thirty (30), Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, Itasca County, Minnesota.

24.   95-035-3101 (NE ¼ of SW ¼ ), and
25.   95-035-4301 (SW ¼ of SE ¼) for:

That part of Section 35, Township 57 North, Range 22 West, Itasca County, Minnesota, described as follows: Commencing at the Southwest corner of the SE ¼ of SW ¼ of said Section 35; thence North 89 degrees 02' 53" East, assigned bearing along the South line of said SE ¼ of SW ¼ a distance of 64.30 feet to the Easterly right-of-way line of the Burlington Northern Railroad and the point of beginning of the tract to be herein described; thence continue North 89 degrees 02' 53" East along said South LINE, 202.31 feet; thence North 38 degrees 54' 13" East 1950.00 feet; thence South 51 degrees 05' 47" East 194.69 feet; thence North 38 degrees 54' 13" East 2798.69 feet; thence South 39 degrees 57' 40" East 310.54 feet to the East line of the said SE ¼ of NE ¼ of said Section 35; thence North 01 degree 51' 34" East along said East line, 735.97 feet to the Northeast corner of said SE ¼ of NE ¼ ; thence South 85 degrees 11' 38" West along the North line of said SE ¼ of NE ¼ , 292.34 feet to said Easterly right-of-way line of the Burlington Northern Railroad; thence South 38 degrees 54' 13" West along said Easterly right-of-way line, 5203.80 feet to the point of beginning EXCEPT that part located within the SW ¼ of NE ¼, Section 35, Township 57 North, Range 22.

26.   97-014-3101

That part of Government Lot 5, Section 14, Township 56 North, Range 24 West, Itasca County, Minnesota described as follows:
Commencing at the Southwest corner of said Government Lot 5; thence South 88 degrees 14 minutes 56 seconds East, assumed bearing, along the South line of said Government Lot 5 a distance of 390.47 feet; thence Northeasterly 232.20 feet along a non-tangential curve concave to the Northwest having a radius of 750.59 feet a central angle of 17 degrees 43 minutes 30 second and a chord which bears North 38 degrees 54 minutes 20 seconds East; thence North 30 degrees 02 minutes 35 seconds East tangent to said curve 322.05 feet

5

to the point of beginning of the tract to be herein described; thence North 30 degrees 02 minutes 35 seconds East 80.00 feet; thence Northeasterly 212.85 feet along a tangential curve concave to the Southeast having a radius of 2344.88 feet and central angle of 5 degrees 12 minutes 03 seconds; thence South 73 degrees 19 minutes 56 seconds East not tangent to said last described curve a distance of 504 feet, more or less to the shoreline of Big Diamond Lake; thence Southerly along said shoreline to the intersection with a line bearing South 80 degrees 51 minutes 25 seconds East from the point of beginning; thence North 80 degrees 51 minutes 25 seconds West a distance of 600 feet, more or less, to the point of beginning.

Together with an easement for ingress and egress and utility purposes as described in Declarations of Covenants, Conditions and Restrictions recorded October 16, 1995 as doc. no. 465530.

27.    97-014-3105

That part of Government Lot 5, Section 14, Township 56 North, Range 24 West, Itasca County Minnesota described as follows:
Commencing at the Southwest corner of said Government Lot 5; thence South 88 degrees 14 minutes 56 seconds East, assumed bearing, along the South line of said Government Lot 5 distance of 390.47 feet; thence Northeasterly 232.20 feet along a non-tangential curve concave to the Northwest having a radius of 750.59 feet a central angle of 17 degrees 43 minutes 30 seconds and a chord which bears North 38 degrees 54 minutes, 20 seconds East; thence North 30 degrees 02 minutes 35 seconds East tangent to said curve 402.05 feet; thence Northeasterly 212.85 feet along a tangential curve concave to the Southeast having a radius of 2344.88 feet and a central angle of 5 degrees 12 minutes 03 seconds to the point of beginning of the tract to be herein described; thence North 35 degrees 14 minutes 38 seconds East tangent to said last described curve 106.95 feet; thence Northerly 229.23 feet along a tangential curve concave to the West having a radius of 247.85 feet and a central angle of 52 degrees 59 minutes 31 seconds; thence South 58 degrees 54 minutes 59 seconds East not tangent to said last described curve a distance of 456 feet, more or less, to the shoreline of Big Diamond Lake; thence Southerly along said shoreline to the intersection with a line, bearing South 73 degrees 19 minutes 56 seconds East from the point of beginning; thence North 73 degrees 19 minutes 56 seconds West along the South line of said Government Lot 5 a distance of 504 feet, more or less to the point of beginning, Itasca County, Minnesota.

Together with an easement for ingress and egress and utility purposes as described in Declarations of Covenants, Conditions and Restrictions recorded October 16, 1995 as doc. no. 465530.

28.     97-017-3200 (NW ¼ of SW ¼),
29.     97-017-3301 (N ½ of SW ¼ of SW ¼), and
30.     97-017-3302 (S ½ of SW ¼ of SW ¼) for:

The West Half of the Southwest Quarter (W ½ of SW 1/4 ), Section Seventeen (17), Township Fifty-six (56) North, Range Twenty-four (24), West of the Fourth Principal Meridian, according to the United States Government survey thereof, Itasca County, Minnesota.

31.     97-019-1100

The Northeast Quarter of the Northeast Quarter (NE ¼ NE ¼), Section Nineteen (19) Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County Minnesota.

32.     97-019-1200

The Northwest Quarter of the Northeast Quarter (NW ¼ NE ¼), Section Nineteen (19) Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County Minnesota.

33.     97-019-1300

The Southwest Quarter of the Northeast Quarter (SW ¼ NE ¼ ), Section Nineteen (19) Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County, Minnesota.

34.     97-019-1400

The Southeast Quarter of the Northeast Quarter (SE ¼ NE ¼), Section Nineteen (19) Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County Minnesota.

35.     97-019-2102

All that part of the Northeast Quarter of the Northwest Quarter  (NE ¼  NW ¼) Section Nineteen (19) Township fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County, Minnesota, described as follows: Assuming the East property line thereof to bear North 02 degrees 19 minutes 30 seconds East and beginning at the Southeast corner thereof proceeding thence North 02 degrees 19 minutes 30 seconds East along said East property line a distance of 333.14 feet; thence North 88 degrees 53 minutes 10 seconds West a distance of 658.48 feet; thence North 02 degrees 17 minutes 27 seconds East a distance of 107.41; thence South 89 degrees 22 minutes 52 seconds West a distance of 658.31 feet, more or less to a point on the West property line thereof 420.04 feet northerly of the Southwest corner thereof; thence southerly along said West property

7

line a distance of 420.04 feet to said Southwest corner; thence Easterly along the South property line thereof to the point of beginning.

36.   97-019-2301

All that part of Lot Two (2), (situated in the SW of NW), Section Nineteen (19) Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, according to the United States Government Survey thereof, situate in the County of Itasca County, Minnesota, described as follows: Assuming the South property line thereof to bear South 88 degrees 45 minutes 24 seconds East and beginning at the Southwest corner thereof proceed thence South 88 degrees, 45 minutes 24 seconds East along said South property line a distance of 1059 feet; thence North 01 degrees 14 minutes 36 seconds East a distance of 363 feet; thence North 68 degrees 29 minutes 36 seconds East a distance of 26 feet; thence North 12 degrees 34 minutes 36 seconds East a distance of 180 feet; thence North 31 degrees 17 minutes 36 seconds East a distance of 125 feet thence North 48 degrees 03 minutes 36 seconds East a distance of 93 feet; thence North 21 degrees 20 minutes 36 seconds East a distance of 247 feet; thence North 11 degrees 20 minutes 36 seconds East a distance of 162 feet; thence North 19 degrees 37 minutes 24 seconds West a distance of 57 feet; thence North 28 degrees 13 minutes 36 seconds East a distance of 88 feet; thence North 48 degrees 20 minutes 36 seconds East a distance of 111 feet; thence North 57 degrees 40 minutes 36 seconds East, more or less, a distance of 17.52 feet more or less to a point on the North property line thereof 84.36 feet Westerly of the Northeast corner thereof; thence Easterly along said North property line a distance of 84.36 feet to said Northeast corner; thence Southerly along the East property line thereof to the Southeast corner thereof; thence Westerly along said South property line to the point of beginning.

37.   97-019-2400

The Southeast Quarter of the Northwest Quarter (SE ¼ NW ¼), Section Nineteen (19), Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County, Minnesota.

38.   97-019-3102

All that part of the Northeast Quarter of the Southwest Quarter (NE ¼ SW ¼) of Section 19, Township 56 North, Range 24, Except the following parcel: The South 400 feet of the East 450 feet.

39.   97-019-4100

The Northeast Quarter of the Southeast Quarter (NE ¼ SE ¼), Section Nineteen (19) Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County Minnesota.

40.    97-019-4200

The Northwest Quarter of the Southeast Quarter (NW ¼ SE ¼) of Section Nineteen (19), Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County, Minnesota.

41.    97-019-4302

All that part of the Southwest Quarter of the Southeast Quarter (SW ¼ SE ¼), Section Nineteen (19), Township fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County, Minnesota, described as follow: Assuming the West property line thereof to bear South 02 degrees 19 minutes 30 seconds West and beginning at the Northwest corner thereof, proceeding thence South 55 degrees 39 minutes 35 seconds East a distance of 430 feet; thence South 02 degrees 19 minutes 30 seconds West a distance of 290 feet; thence South 12 degrees 33 minutes 37 seconds West more or less a distance of 814.14 feet, more or less, to a point on the South property line thereof 220 feet Easterly of the Southwest corner thereof; thence Easterly along said South property line to the Southeast corner thereof; thence Northerly along the East property line thereof to the Northeast corner thereof; thence Westerly along the North property line thereof to the point of beginning.

42.    97-019-4400

The Southeast Quarter of the Southeast Quarter (SE 1/4 SE 1/4) all in Section Nineteen (19) Township Fifty-six (56) North, Range Twenty-four (24) West of the Fourth Principal Meridian, Itasca County Minnesota.

43.    97-025-3200

The Northwest Quarter of Southwest Quarter (NW ¼ of SW ¼), Section 25, Township Fifty-six (56),  Range Twenty-four (24) , Itasca County Minnesota.

44.    97-025-3300

Southwest Quarter of Southwest Quarter (SW ¼ of SW ¼), Section 25, Township Fifty-six (56),  Range Twenty-four (24) , Itasca County Minnesota, excepting all minerals (believed to be all of said minerals) to the extent owned by others and to the related mineral rights.

45.    97-026-3101

That part of Government Lot 4, Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota lying southerly of the following described line:
COMMENCING at the west quarter corner of said Section 26; thence South 89 degrees 30 minutes 44 seconds East, assigned bearing, along with east-west quarter line of said Section 26, a distance of 1203.14 feet to the point of beginning of the line to be herein described: thence South 53 degrees 57 minutes 52 seconds East 631.05 feet; thence South 39 degrees

29 minutes 02 seconds East 343.99 feet; thence South 53 degrees 43 minutes 35 seconds East 201.43 feet; thence South 67 degrees 06 minutes 33 seconds East 552.24 feet; thence South 34 degrees 15 minutes 18 seconds East 402.24 feet to the south line of Government Lot 3, said Section 26 and said described line there terminating.

46.    97-026-3201

That part of the Northwest Quarter of Southwest Quarter (NW ¼ of SW ¼) of Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota, lying southerly of the following described line:
COMMENCING at the west quarter corner of said Section 26; thence South 89 degrees 30 minutes 44 seconds East, assigned bearing, along the east-west quarter line of said Section 26, a distance of 1203.14 feet to the point of beginning of the line to be herein described: thence South 53 degrees 57 minutes 52 seconds East 631.05 feet; thence South 39 degrees 29 minutes 02 seconds East 343.99 feet; thence South 53 degrees 43 minutes 35 seconds East 201.43 feet; thence South 67 degrees 06 minutes 33 seconds East 552.24 feet; thence South 34 degrees 15 minutes 18 seconds East 402.24 feet to the south line of Government Lot 3, said Section 26 and said described line there terminating.

Subject to reservation of mines and minerals reserved by Gustave A. Bingenheimer in that certain Warranty Deed filed in Book 121 of Deeds, Page 50.

47.    97-026-3300

The Southwest Quarter of the Southwest Quarter (SW ¼ of SW ¼) of Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota.

Subject to reservation of mines and minerals reserved by Gustave A. Bingenheimer in that certain Warranty Deed filed in Book 121 of Deeds, Page 50.

48.    97-026-3400

The Southeast Quarter of the Southwest Quarter (SE ¼ of SW ¼) of Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota.

Subject to reservation of mines and minerals reserved by Gustave A. Bingenheimer in that certain Warranty Deed filed in Book 121 of Deeds, Page 50.

49.    97-026-4201

That part of Government Lot 3, Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota lying southwesterly of the following described line:
COMMENCING at the west quarter corner of said Section 26; thence South 89 degrees 30 minutes 44 seconds East, assigned bearing, along the east-west quarter line of said Section 26, a distance of 1203.14 feet to the point of beginning of the line to be herein described; thence South 53 degrees 57 minutes 52 seconds East 631.05 feet; thence South 39 degrees

29 minutes 02 seconds East 343.99 feet; thence South 53 degrees 43 minutes 35 seconds East 201.43 feet thence South 67 degrees 06 minutes 33 seconds East 552.24 feet; thence South 34 degrees 15 minutes 18 seconds East 402.24 feet to the south line of said Government Lot 3 and said described line there terminating.

50.    97-026-4300

The Southwest Quarter of Southeast Quarter (SW ¼ of SE ¼), Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota.

51.    97-026-4400

The Southeast Quarter of Southeast Quarter (SE ¼ of SE ¼), Section 26, Township 56 North, Range 24 West, Itasca County, Minnesota.

52.    97-027-1302

That part of the Southwest Quarter of Northeast Quarter (SW ¼ of NE ¼), Section 27 described as follow: Assuming the East boundary line thereof to be a true North and South line, beginning at the Southeast corner thereof, and running South 86 degrees, 33'30" West along the South boundary line thereof 100 feet; thence North 600 feet; thence North 17 degrees 53' East, 325.6 feet to a point on the East boundary line thereof which is 909.96 feet north of the Southeast corner thereof; thence South along the East boundary line to the Southeast corner thereof. EXCEPTING all mineral (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

53.    97-027-1303

That part of the SW ¼ of NE ¼, Section Twenty-Seven (27), Township Fifty-Six (56), Range Twenty-Four (24), West of the Fourth Principal Meridian, according to the United States Government Survey thereof, lying north and west of a line beginning at the southwest corner thereof and proceeding in a northeasterly direction to the northeast corner thereof.

54.    97-027-1403

That part of West Half of Southeast Quarter of Northeast Quarter ( W ½ of SE ¼ of NE ¼), Section 27 described as follows: Assuming the West boundary line thereof to be a true North  and South line, beginning at the Southwest corner and running North along said West boundary line a distance of 909.96 feet; thence North 44 degrees 09' East approximately 570.6 feet to a point on the North boundary line thereof; thence North 88 degrees 32' East, 242.5 feet along the North boundary line to the mid-point of said North boundary line thence South 0 degrees 4' East approximately 1313.0 feet to the mid-point of the South boundary line thereof; thence South 88 degrees 33'30" West 645.59 feet along the said South boundary line to the point of beginning. EXCEPTING all mineral (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

55.    97-027-2403

An undivided 20.12 percent interest in that part of the SE ¼ of NW 1/4 , Section Twenty-Seven (27), Township Fifty-Six (56), Range Twenty-Four (24), West of the Fourth Principal Meridian, according to the United States Government Survey Thereof, described as follows: Assuming the east property line thereof to bear North 1 degrees 13' East and starting at the southeast corner thereof; proceeding thence northerly along said east property line a distance of 390.00 feet to the point of beginning; thence due west a distance of 385.00 feet; thence North 51 degrees 09'57" West a distance of 466.89 feet, more or less, to a point on the center line of the Easement for U.S. Highway 169, said easement as granted April 6,1956, by the Mesaba Cliffs Mining Company; thence North 38 degrees 50'03" East, more or less, a distance of 810.13 feet, more or less, along said easement center line to a point on the north property line thereof; thence easterly along said north property line to the northeast corner thereof; and thence southerly along the east property line thereof to the point of beginning. LESS AND EXCEPT that part conveyed by Document no. 48446 described as follow: "that part of the SE ¼ of NW ¼,Section 27, Township 56 North Range 24 West of the Fourth Principal Meridian, according to the United States Government Survey thereof, shown as Parcel 206D on Minnesota Department of Transportation Right of Way Plat Numbered 31-128 as the same is on file and of record in the office of the Registrar of Titles in and for Itasca County, Minnesota" containing 30.57 acres, more or less.

56.    97-027-2404

An undivided 3.35 percent interest in that part of the SE ¼ of NW 1/4 , Section Twenty-Seven (27), Township Fifty-Six (56), Range Twenty-Four (24), West of the Fourth Principal Meridian, according to the United States Government Survey Thereof, described as follows: Assuming the east property line thereof to bear North 1 degrees 13' East and starting at the southeast corner thereof; proceeding thence northerly along said east property line a distance of 390.00 feet to the point of beginning; thence due west a distance of 385.00 feet; thence North 51 degrees 09'57" West a distance of 466.89 feet, more or less, to a point on the center line of the Easement for U.S. Highway 169, said easement as granted April 6,1956, by the Mesaba Cliffs Mining Company; thence North 38 degrees 50'03" East, more or less, a distance of 810.13 feet, more or less, along said easement center line to a point on the north property line thereof; thence easterly along said north property line to the northeast corner thereof; and thence southerly along the east property line thereof to the point of beginning. LESS AND EXCEPT that part conveyed by Document no. 48446 described as follow: "that part of the SE ¼ of NW ¼,Section 27, Township 56 North Range 24 West of the Fourth Principal Meridian, according to the United States Government Survey thereof, shown as Parcel 206D on Minnesota Department of Transportation Right of Way Plat Numbered 31-128 as the same is on file and of record in the office of the Registrar of Titles in and for Itasca County, Minnesota" containing 30.57 acres, more or less.

57.    97-027-2405

An undivided 76.53 percent interest in that part of the SE ¼ of NW 1/4 , Section Twenty-Seven (27), Township Fifty-Six (56), Range Twenty-Four (24), West of the Fourth Principal Meridian, according to the United States Government Survey Thereof, described as follows: Assuming the east property line thereof to bear North 1 degrees 13' East and starting at the southeast corner thereof; proceeding thence northerly along said east property line a distance of 390.00 feet to the point of beginning; thence due west a distance of 385.00 feet; thence North 51 degrees 09'57" West a distance of 466.89 feet, more or less, to a point on the center line of the Easement for U.S. Highway 169, said easement as granted April 6,1956, by the Mesaba Cliffs Mining Company; thence North 38 degrees 50'03" East, more or less, a distance of 810.13 feet, more or less, along said easement center line to a point on the north property line thereof; thence easterly along said north property line to the northeast corner thereof; and thence southerly along the east property line thereof to the point of beginning. LESS AND EXCEPT that part conveyed by Document no. 48446 described as follow: "that part of the SE ¼ of NW ¼,Section 27, Township 56 North Range 24 West of the Fourth Principal Meridian, according to the United States Government Survey thereof, shown as Parcel 206D on Minnesota Department of Transportation Right of Way Plat Numbered 31-128 as the same is on file and of record in the office of the Registrar of Titles in and for Itasca County, Minnesota containing 30.57 acres, more or less.

58.    97-027-4100

Northeast Quarter of Southeast Quarter (NE ¼ of SE ¼), Section Twenty-Seven (27), Township Fifty-Six (56), Range Twenty-Four (24), Itasca County, Minnesota, EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

59.    97-027-4203

That part of Northwest Quarter of Southeast Quarter (pt of NW ¼ of SE ¼), Section 27, Township 56, Range 24, Itasca County, Minnesota, described as follows: Assuming the North boundary line thereof to bear North 88 degrees 33' 30" West: beginning at the Northeast corner thereof and running thence Southerly along the East boundary line 275 feet; thence North 18 degrees 28' West, 292.5 feet to a point on the North boundary line thereof 100 feet Westerly of the Northeast corner thereof; thence North 88 degrees 33' 30" East along the North boundary line thereof 100 feet to the point of beginning. EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

60.    97-027-4401

The Northeast Diagonal Half of the Southeast Quarter of Southeast Quarter (NE diagonal ½ of SE ¼ of SE ¼), Section 27, Township 56, Range 24, Itasca County, Minnesota,

EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

61.   97-027-4403

That part of Southeast Quarter of Southeast Quarter (pt of SE ¼ of SE ¼), Section 27, Township 56, Range 24, Itasca County, Minnesota, described as follows: Beginning at the Southeast corner of said government subdivision, thence running northwesterly 1057.8 feet along a diagonal line between the Southeast and the Northwest corners of said government subdivision to a point; thence running southwesterly at an angle of ninety degrees (90degrees) to the right, measured from the last described line, a distance of 479 feet to a point; thence running southeasterly at an angle of 72 degrees 48' to the right, measured from the last described line, a distance of 663.2 feet to a point, thence running southerly at an angle of 242 degrees 12', more or less, measured to the right from the last described line, a distance of 100 feet, more or less, to a point, on south boundary of said government subdivision, thence running easterly 500 feet, along said south boundary line, to the point of beginning, including in all 7.5 acres more or less. EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

62.   97-034-1101

That part of Northeast Quarter of Northeast Quarter (pt of NE ¼ of NE ¼) Section 34, Township 26, Range 24, Itasca County, Minnesota, described as follows: Assuming the North boundary line thereof to be a true East and West line; beginning at the Northeast corner thereof; running thence West along said boundary line 500 feet; thence South 29 degrees 40' West, 560 feet; thence South 22 degrees 37' East, 505.4 feet; thence South 59 degrees 2' West, 429.9 feet; thence South 30 degrees 58' East, approximately 186.3 feet to the South boundary line; thence Easterly along the said boundary line 879.0 feet, to the Southeast corner thereof; thence Northerly along the East boundary line 1320 feet to the point of beginning. EXCEPTING all minerals (believed to be all minerals) to the extent owned by others and to the related mining rights.

63.   97-034-1401

All that part of the Southeast Quarter of the Northeast Quarter (SE ¼ of NE ¼) of Section 34, Township 56 North Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota. EXCEPT the following parcel: Beginning at the northwest corner thereof and proceeding easterly along north property lien thereof a distance of two hundred eighty feet; thence southwesterly in a straight line to a point on the west property line thereof three hundred eighty-eight and thirty-four hundredths feet southerly of the said northwest corner, and thence northerly along said west property line to the point of beginning.

64.   97-034-2306

That part of the South half of the Northwest Quarter (S ½ of NW ¼ ) of Section 34, Township 56 North, Range 24 West of the Fourth Principal Meridian, Itasca County,

Minnesota, described as follows: Assuming the east property line thereof to bear North 2 degrees 13 minutes East and beginning at the southeast corner thereof and proceeding thence North 89 degrees 30 minutes West a distance of one thousand nine hundred seventy-four and eighty-five hundredths feet along the south property line thereof to the point of beginning; thence North 1 degree 46 minutes East a distance of seven hundred seventy-one and seventy-two hundredths feet; thence due west a distance of six hundred eighty and thirty-nine hundredths feet more or less, to a point on the West property line thereof: thence southerly along said west property line to the southwest corner thereof, and thence easterly along the south property line thereof to the point of beginning.

65.     97-034-3402

All that part of the Southeast Quarter of the Southwest Quarter (SE ¼ of SW ¼) of Section 34, Township 56 North, Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota, lying northeasterly of a straight line between the northwest corner thereof and a point on the east property line thereof which is six hundred feet north of the southeast corner thereof, measured along said east property line.

66.     97-034-4100

The Northeast Quarter of the Southeast Quarter (NE ¼ of SE ¼) of Section 34, Township 56 North Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota.

67.     97-034-4200

The Northwest Quarter of the Southeast Quarter (NW ¼ of SE ¼) of Section 34, Township 56 North Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota.

68.     97-034-4302

All that part of the Southwest Quarter of the Southeast Quarter (SW ¼ of SE ¼ ) of Section 34, Township 56 North, Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota, lying northeasterly of a straight line between a point on the west property line thereof six hundred feet north of the southwest corner thereof, measured along said west property line, and a point on the south property line thereof which is five hundred feet east of the southwest corner thereof, measured along said south property line.

69.     97-034-4400

The Southeast Quarter of the Southeast Quarter (SE ¼ of SE ¼) of Section 34, Township 56 North Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota.

70.     97-035-1100

The Northeast Quarter of the Northeast Quarter (NE ¼ of NE ¼), Section 35, Township 56 North Range 24 West of the Fourth Principal Meridian, Itasca County, Minnesota.

EXCEPTING all mineral (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

71.    97-035-1200

The Northwest Quarter of the Northeast Quarter (NW ¼ or NE ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

72.    97-035-1300

The Southwest Quarter of the Northeast Quarter (SW ¼ of NE ¼), Section 35 Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

73.    97-035-1400

The Southeast Quarter of the Northeast Quarter (SE ¼ of NE ¼), Section 35 Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

74.    97-035-2100

The Northeast Quarter of the Northwest Quarter (NE ¼ of NW ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

75.    97-035-2200

The Northwest Quarter of the Northwest Quarter (NW ¼ of NW ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

76.    97-035-2300

The Southwest Quarter of the Northwest Quarter (SW ¼ of NW ¼) Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of said minerals) to the extent owned by others and to the related mining rights.

77.    97-035-2400

The Southeast Quarter of the Northwest Quarter (SE ¼ of NW ¼), Section 35, Township 56, Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

78.   97-035-3100

The Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼), Section 35, Township
56, Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and
SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

79.   97-035-3200

The Northwest Quarter of the Southwest Quarter (NW ¼ of SW ¼), Section 35, Township
56, Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and
SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

80.   97-035-3300

The Southwest Quarter of Southwest Quarter (SW ¼ of SW ¼), Section 35, Township 56,
Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and
SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

81.   97-035-3400

The Southeast Quarter of the Southwest Quarter (SE ¼ of SW ¼), Section 35, Township
56, Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and
SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

82.   97-035-4100

The Northeast Quarter of the Southeast Quarter (NE ¼ of SE ¼), Section 35, Township 56,
Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of said
minerals) to the extent owned by others and to the related mining rights.

83.   97-035-4200

The Northwest Quarter of the Southeast Quarter (NW ¼ of SE ¼), Section 35, Township
56, Range 24, Itasca County, Minnesota EXCEPTING all minerals (believed to be all of
said minerals) to the extent owned by others and to the related mining rights.

84.   97-035-4300

The Southwest Quarter of Southeast Quarter (SW ¼ of SE ¼), Section 35, Township 56,
Range 24, Itasca County, Minnesota EXCEPTING all minerals and mineral rights, and
SUBJECT TO Itasca County Zoning Ordinance filed in Book 60 of Misc. page 337.

85.   97-035-4401

Government Lot One (1), Section 35, Township 56, Range 24, Itasca County, Minnesota.

## ST. LOUIS COUNTY PROPERTIES

86.    141-0050-02390

NW ¼ of SE ¼ of Section 15 Township 57 North Range 21 West of the Fourth Principal Meridian, St. Louis County, Minnesota, EXCEPT that part described as follows:

Commencing at the NE corner of said NW ¼ of SE ¼ as the point of beginning, thence SW'ly along the East property line of said NW1/4 of SE1/4 on an assumed bearing of South 4 degrees 45 minutes 01 seconds West, a distance of 838.92 feet, thence due West a distance of 325.88 feet; thence on a bearing of North 2 degrees 9 minutes 37 seconds West a distance of 620.44 feet; thence on a bearing of North 46 degrees 33 minutes 27 seconds East a distance of 336.64 feet more or less to the North property line of said NW ¼ of SE 1/4 ; thence SE'ly along the North property line of said NW ¼ of SE ¼ a distance of 175 feet more or less to the point of beginning; the described area containing approximately 6.67 acres.

Commencing at the NE corner of said NW ¼ of SE ¼, thence SW'ly along the East property line of said NW ¼ of SE ¼ on the assumed bearing of South 4 degrees 45 minutes 01 second West for a distance of 838.92 feet to the point of beginning; thence continuing along the East property line of said NW ¼ of SE ¼ on an assumed bearing of South 04 degrees 45 minutes 01 second West for a distance of 90.31 feet; thence due West, a distance of 315.01 feet; thence on a bearing of North 02 degrees 09 minutes 37 seconds West a distance of 90.06 feet; thence due East, a distance of 325.88 feet more or less to the point of beginning; the described area containing approximately 0.66 acres.

AND

SE ¼ of SW ¼ of Section 15 Township 57 North of Range 21 West of the Fourth Principal Meridian

Subject to all easements, rights of way and agreements, etc. as set forth in Certificate of Title No. 80417, filed in the office of the Registrar of Titles.

EXCEPTING all ores, coal, minerals and fossils of every nature and marketable granite or sandstone and the right to open, develop and work mines or quarries thereon or therein, and take out and remove all such ores, minerals, fossils and stone.

AND

SW ¼ of SE ¼ of Section 15 Township 57 North of Range 21 West of the Fourth Principal Meridan, containing 40 acres, more or less

EXCEPTING all ores, coal, minerals and fossils of every nature and marketable granite or sandstone and the right to open, develop and work mines or quarries thereon or therein, and take out and remove all such ores, minerals, fossils and stone.

Subject to all easements, rights of way and agreements, etc. as set forth in Certificate of Title No. 80417, filed in the office of the Registrar of Titles.

All located in St. Louis County, Minnesota.

Torrens property
Current certificate of Title No. 342134.0

87.    141-0050-01970

SW ¼ of NE ¼ Section 15, Township 57 North of Range 21 West of the Fourth Principal Meridian, St. Louis County, Minnesota.

Torrens property
Current certificate of Title No. 342134.0

3.    The Real Property includes all of the trustee's right, title, and interest in all of the land parcel, buildings, fixtures, improvements, leases, maps, reports, plans, and other such material having to do with the Real Property, including all land use entitlements, governmental permits and allocations, and other such governmental and agency approvals as may exist concerning the Real Property. The Real Property also includes all personal property of every kind which are or were used in connection with the ownership, mining, use, or occupancy of the Real Property or that are now or hereafter located on, attached to, incorporated in (regardless of where located), or affixed to the Real Property. MagIron reserves the right to remove any parcel or portion of a parcel of the Real Property from its offer at any time prior to closing; provided however that removing any parcel will not change the purchase price. The Real Property does not include: (1) any real or personal property previously sold, or subject to a pending sale, by the trustee in connection with Plants 1, 2, Jesse Load Out, and Parcel No. 97-034-1301; (2) fee title to any real property owned by the State of Minnesota; (3) any titled, unencumbered vehicles that have been temporarily stored at Plant 4, including but not limited to: (a) 980K Caterpillar Wheel Loader, S/N: W7K01913; (b) 140M Caterpillar Grader, S/N: 0B9M00479;  (c) D6T Caterpillar Bulldozer, S/N: ZJB00246 and

19

(4) Noramco and TKDA Engineering drawings, maps, reports, software, and plans and other such material, which belong to MagGlobal LLC and its affiliate, Magnetation, Inc.; and (5) any uninstalled personal property, including, but not limited to, the vehicles and equipment that is subject to the trustee's motion for sale free and clear dated October 28, 2021 [Doc. No. 662].

4.      MagIron is authorized, but is not obligated, in its sole discretion, to request that the trustee assume and assign, subject to bankruptcy court approval, any and all contracts, easements, licenses, and leases, including any and all rights to mine minerals, that are held by the estate, in any way related or appurtenant to the Real Property pursuant to the Order Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases as to Some Executory Contracts and Unexpired Leases, Doc. No. 643 (collectively, the "Assigned Contracts").

5.      All liens, encumbrances or other interests on the Assets sold will attach to the proceeds of the sale of the property with the same dignity, priority and extent as held against the property prior to the sale and such proceeds will be held by the trustee in a segregated account pending further order of the court. Notwithstanding anything set forth in the trustee's sale motion or herein, any issues as to the characterization of the Assets as real or personal property and as to priority of the secured creditors that assert liens in and to such Assets can be determined at a later time and all of the secured creditors' rights as to such issues are hereby fully reserved, including any rights of offset or other claims and defenses that may be asserted by the trustee. The trustee's right, if any, to surcharge the sale proceeds under 11 U.S.C. § 506(c) is preserved.

6.      The trustee is authorized to use the sale proceeds to pay all expenses of the sale within thirty days of closing.

7.      The fourteen-day stay as provided by Fed. R. Bankr. P. 6004(h) is waived.

8.      The debtor's property is being sold "as is, where is" without any representations

20

and warranties.

9.      The trustee and her representatives are authorized to take such other actions and execute and deliver such additional documents or instruments as will be reasonably necessary to effectuate the transactions contemplated in the trustee's motion.

10.     The trustee is authorized to sell the Assets upon all the terms set forth in the trustee's motion, this order, and any agreement entered into by the parties.

11.     Nothing in this order discharges, releases, enjoins or otherwise bars or limits: (A) any liability to the State of Minnesota of the debtor, its estate, or the successors, transferees, or assigns of the debtor or its estates if such liability arises on or after the effective date; (B) any liability to the State of Minnesota that is not a "claim" within the meaning of 11 U.S.C. § 101(5); (C) any right of setoff or recoupment against the debtor (and all such setoff and recoupment rights are preserved and not waived whether or not asserted in a timely-filed proof of claim); (D) any police or regulatory action of the State; (E) any environmental liability to the State of Minnesota that the debtors, its estates, or the successors, transferees, or assigns of the debtor's or its estates may have as an owner or operator of a mine property, or otherwise; or (F) any liability to the State of Minnesota that the debtor, its estates, or the successors, transferees, or assigns of the debtor or its estates may have as a holder of a permit to mine, water appropriation permit, dam permit, or state disposal system (SDS) permit; *provided, however*, that, notwithstanding the foregoing, nothing in this paragraph will limit, diminish or otherwise alter any party's defenses, claims, causes of action or other rights under applicable non-bankruptcy or bankruptcy law with respect to any liability that may exist to the State of Minnesota. For the avoidance of doubt, and as it relates to this Paragraph 11, by virtue of the purchase of the Real Property, MagIron is not a successor, transferee, or assign of the Debtor or its estate.

21

12.     Nothing in this order or the letter of intent releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this order. Nothing in this order or the letter of intent authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this order or to adjudicate any defense asserted under this order.

13.     Endurance Assurance Corporation and Continental Heritage Insurance Co., (collectively, "Sureties" and, each individually, "Surety") have issued commercial surety bonds on behalf of the debtor with respect to assets and other contractual obligations to be transferred from the chapter 7 trustee to MagIron (collectively, the "Existing Surety Bonds" and, each individually, an "Existing Surety Bond").

14.     To the extent that any of the Existing Surety Bonds relate to the debtor's assets to be transferred, which include, without limitation, the Real Property subject to reclamation claims from the State of Minnesota, mining permits, surface leases and mine related facilities, and other contractual obligations, such Existing Surety Bonds will be replaced, in part, by MagIron (collectively, the "Replacement Surety Bonds" and, each individually, a "Replacement Surety Bond"), subject to the following conditions:

        i.     The necessity of any Replacement Surety Bond on the Real Property, and the penal sum of those replacement bonds as financial assurance, is subject to determination by the Minnesota Department of Natural Resources

22

according to Minnesota law and applicable federal law. Applications for the transfer of any permits, if any, from the Trustee to MagIron, as required by applicable law, will be made no later than thirty (30) days after closing. A Replacement Surety Bond, in an amount required by the Minnesota Department of Natural Resources, will be timely submitted as required as part of any applicable permit transfer and bonding regulations. In no event will this provision be construed to require that MagIron obtain or provide financial assurances related to any real property other than the Real Property that is the subject of this order.

ii.    The debtor entered into certain indemnity agreements or related agreements with the Sureties (collectively, the "Existing Indemnity Agreements" and, each, an "Existing Indemnity Agreement").  Upon the transfer of a permit as described in Paragraph 14(i) above, and upon the request of any of the Sureties, MagIron agrees to execute a new indemnity agreement, either with the Sureties or with some other replacement surety or sureties, in a form satisfactory to the applicable Surety in its discretion, which will be exercised in a reasonably commercial manner, for any Replacement Surety Bond, but in no event will either Surety require a form of indemnity agreement that is in any way materially different from the Existing Indemnity Agreement, which was attached as Exhibit C to Claim 12-1 at 49–55.

15.    The discharge or release of any claim contained in any letter of intent, purchase agreement or in this order will not release, discharge, preclude, or enjoin any obligation of the

debtor (prior to the closing date) to the Sureties under the Existing Surety Bonds, Existing Indemnity Agreements, and obligations under the common law of suretyship and, solely to the extent that such Existing Surety Bonds are not replaced by the Replacement Surety Bonds, such obligations to the Sureties are not being released, discharged, precluded or enjoined by any purchase agreement, this order or agreements with third parties.

16.     Notwithstanding any other provision of the letter of intent or this order all, collateral, on which the applicable Surety had a perfected lien as of the closing date, other than any assets contained in the letter of intent and letters of credit and proceeds from drawn letters of credit issued to the Sureties as security for the debtor's obligations under the Existing Surety Bonds (collectively, the "Surety Collateral") will remain in place to secure all payment and performance obligations of (a) the debtor under the Existing Surety Bonds or for obligations arising under the Existing Indemnity Agreements until replaced or released in the bonds entirety and (b) thereafter MagIron under the Replacement Surety Bonds, any new indemnity agreements, or new collateral trust agreements and accounts related thereto; provided, however, that nothing in the letter of intent or this order will be deemed to limit such Surety's right to utilize any Surety Collateral.

17.     Notwithstanding any other provisions of the letter of intent or other agreements between the debtor/trustee and third parties, nothing in the release provisions of the letter of intent or this order will be deemed to apply to the Sureties' claims to pursue the Surety Collateral, nor will these provisions be interpreted to bar, impair, prevent or otherwise limit the Sureties from exercising their valid rights under or with respect to any of the Existing Surety Bonds (until fully replaced), Replacement Surety Bonds, any related indemnity agreements, letters of credit, or applicable law, including the common law of suretyship. Nothing in the letter of intent or this order will be interpreted to alter, diminish, or enlarge the rights or obligations of the Sureties in regard

24

to state and federal agencies, third parties, or otherwise under any surety bonds, any indemnity agreements or applicable law.  Further, nothing contained in the letter of intent will constitute or be deemed a waiver of any cause of action that in any way relates to the Existing Surety Bonds held by the debtor or the Trustee against any entity.

18.     Nothing in this order will be interpreted to require the Minnesota Department of Natural Resources ("DNR") to approve an assignment of the permit to mine to MagIron, or alter the obligation of MagIron to assume all of the existing reclamation obligations of the debtor's permit to mine for Plant 4 as a condition to assignment of that permit.

19.     Nothing in this order will preclude the DNR from refusing to approve an assignment of the existing permit to mine if MagIron cannot demonstrate that it has the practical ability to complete the reclamation obligations imposed by the permit to mine.

20.     Nothing in this order will affect DNR's ability, as provided by applicable Minnesota law, to require MagIron to assume the reclamation obligations of the existing permit to mine for Plant 4 as a condition to issuing any new permit to mine covering any part of the existing Plant 4 operation.

21.     Subject to completion of the Due Diligence Period and execution of a purchase agreement, MagIron has agreed to make the payment to the estate and the Trustee at the closing. Subject to execution of a purchase agreement, the closing will occur within ten days of court approval or the end of the Due Diligence Period, whichever is later. MagIron may, in its discretion, terminate the letter of intent and any purchase agreement prior to the end of the Due Diligence Period. MagIron may request an extension on the deadline to close, and the Trustee may grant in her discretion. MagIron agrees to reimburse the Trustee for any additional expenses, excluding attorneys' fees, incurred as a result of any requested extension of the deadline to close. Prior to

25

closing, the Trustee will further require that MagIron execute any documents necessary to effectuate its agreement with the holders of mechanics liens on the Real Property, as that agreement is summarized in Paragraphs 9, 11 and 22 of the Motion and MagIron's letter of intent attached to the Motion as Exhibit A. MagIron will not be required to close if (i) MagIron has not executed, on or before the date of closing, a lease with Itasca County on the land described in Paragraph 6 of the motion, on reasonable terms or (ii) MagIron is unable to obtain reasonable terms with the holders of mechanics liens on the Real Property, that are consistent with the agreement summarized in Paragraphs 9, 11 and 22 of the Motion and MagIron's letter of intent attached to the Motion as Exhibit A.

22.     At closing, the Trustee has agreed to assign the Option to Purchase Jessie Load Out to MagIron as provided in the court's order dated June 20, 2019 as Doc. No. 460.

23.     Upon the closing of the sale contemplated herein, all creditors, employees, and equity holders of the debtor, are bound by this order to treat MagIron and the Assets as free and clear of their respective claims, liens, encumbrances and interests, whether known or unknown, asserted or unasserted, of any kind or nature whatsoever, except as otherwise specifically set forth herein.

24.     This court retains jurisdiction to enforce and implement the terms and provisions of this order and the final agreement between the trustee and MagIron, all amendments thereto, any waivers and consents thereunder, and of any agreements executed in connection therewith in all respects.

Dated:

_____
William J. Fisher
United States Bankruptcy Judge

26