UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

ERP IRON ORE, LLC,

Debtor.

Chapter 7

CASE NO. 18-50378 (WJF)

**NOTICE OF EXPEDITED HEARING AND MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

TO: The parties in interest as defined in Local Rule 9013-3(a)(1).

1. White County, Indiana, by and through one or more administrative departments or offices, including, but not limited to, the White County Government ("White County"), hereby moves this Court (the "Motion") for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this Motion at 10:00 a.m. (prevailing Central time) on Wednesday, June 15, 2022 via telephonic conference.

**The hearing will be held telephonically. Please use the following dial in instructions.**

1. **Dial 1-888-684-8852**
2. **When Prompted, enter ACCESS CODE: 5988550**
3. **When prompted, enter SECURITY CODE: 0428**

**Any person wanting to appear in person must contact Judge Fisher's calendar clerk at 651-848-1016.**

3. Because of the expedited nature of this Motion, White County will not object to any response to the Motion which is filed and served by 9:00 a.m. on the date of the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 4001, and Local Rules 4001-1, 9013-1, and 9013-2.  This proceeding is a core proceeding.  The chapter 7 involuntary petition commencing this case was filed on May 25, 2018.  On July 16, 2018, ERP Iron Ore, LLC (the "Debtor") consented to relief under the Bankruptcy Code.  On July 17, 2018, the Court ordered relief and on that same day, the Debtor voluntarily converted the case to a case under chapter 11. The case was converted to a case under chapter 7 on December 1, 2018.  Ms. Nauni Manty (the "Trustee") was appointed as the chapter 7 trustee on December 3, 2018.  This case remains pending in this Court.

5.      White County requests an order of this Court granting the expedited hearing request and granting its Motion.  The Debtor has failed to pay real property taxes on real property commonly known as 64 E. 100 N., Reynolds, Indiana 47980 (the "Real Property") that came due in 2020, 2021, and now 2022.  The Trustee abandoned the Real Property in 2019.  White County now wants to exercise its rights against the Real Property due to the nonpayment of these taxes by the Debtor.  If White County is unable to obtain the relief requested under this Motion by June 15, 2022, then White County will be forced to wait another year—until the June 2023—to exercise its rights against the Real Property.  As such, White County asks that its request for expedited hearing be granted.

6.      This Motion arises under Fed. R. Bankr. P. 4001, and Local Rules 4001-1, 9013-1, and 9013-2.

**REQUESTED RELIEF**

7.      By this Motion and for the reasons stated in the accompanying Memorandum, White County, out of an abundance of caution, respectfully requests that the Court determine that the automatic stay under 11 U.S.C. § 362 does not prevent White County from enforcing its rights

2

against the Real Property, or, in the alternative, that the automatic stay should be lifted so that White County may pursue its claims and rights against the Real Property.

8. Pursuant to Local Rule 9013-2, this Motion is verified and is accompanied by a memorandum of law, proposed order, and proof of service.

9. No previous request for the relief sought herein has been made by White County.

10. Pursuant to Local Rule 9013-2(c), if testimony is necessary as to any facts relevant to this Motion, White County reserves the right to call the following individuals to testify: (1) an officer, commissioner, or official of White County, Indiana; (2) an authorized agent of the Debtor; (3) the Trustee; and (4) any rebuttal witness White County deems necessary.

WHEREFORE, White County respectfully requests that the Court enter an order: (1) determining that the automatic stay of § 362(a) does not prevent White County from proceeding with its rights against the Real Property; (2) in the alternative, granting White County relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2), authorizing White County to proceed with its rights against the Real Property; and (3) granting White County such other and further relief as is just and equitable in the premises.

Dated:  June 3, 2022

/e/ *Connie A. Lahn*
Connie A. Lahn, MN ID # 0269219
Christopher L. Lynch, MN ID #0284154
Molly N. Sigler, MN ID # 0399122
BARNES & THORNBURG LLP
225 South Sixth Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: (612) 367-8774
Fax: (612) 333-6798
Email:  connie.lahn@btlaw.com

*Attorney for White County, Indiana, by and through one or more administrative departments or offices, including, but not limited to, the White County Government*

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

ERP IRON ORE, LLC,

Debtor.

Chapter 7

CASE NO. 18-50378 (WJF)

**MEMORANDUM OF LAW OF WHITE COUNTY IN SUPPORT OF
MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY
DOES NOT APPLY OR, IN THE ALTERNATIVE, FOR RELIEF
FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

White County, Indiana, by and through one or more administrative departments or offices, including, but not limited to, the White County Government ("White County"), respectfully moves this Court, out of an abundance of caution, for a determination that the automatic stay under 11 U.S.C. § 362(a) does not prohibit or stay White County from enforcing its rights against that certain real property commonly known as 64 E.100 N., Reynolds, Indiana 47980 (the "Real Property"), or, in the alternative, that the automatic stay should be lifted so that White County may pursue its claims and rights against the Real Property.

**I.  SUMMARY**

ERP Iron Ore, LLC (the "Debtor") is the owner of the Real Property. The Real Property is no longer property of the estate because the chapter 7 trustee, Nauni Manty (the "Trustee"), abandoned all interest in the Real Property in 2019. The Debtor has failed to pay real property taxes that have come due against the Real Property in 2020, 2021, and now 2022. Based on this nonpayment, White County seeks to exercise its rights and certify the Real Property for a tax sale. Out of an abundance of caution, White County seeks a determination that the automatic stay does

not prohibit White County from taking such action or, in the alternative, that White County is awarded relief from the automatic stay to take such action against the Real Property.

## II. BACKGROUND

1. On May 25, 2018 (the "Petition Date"), an involuntary petition [ECF No. 1] was filed against the Debtor under chapter 7 of the Bankruptcy Code in this Court, commencing this case. On July 16, 2018, the Debtor filed a *Consent to Order for Relief* [ECF No. 42] and on July 17, 2018, the *Order for Relief* [ECF No. 43] was entered and a *Conversion of Case* [ECF No. 44] was filed pursuant to §§ 348 and 706(a) of the Bankruptcy Code and Local Rule 1019-1.

2. On July 31, 2018, the Debtor listed the Real Property on its Schedule A: Assets – Real Property. [ECF No. 99]. The Debtor is the owner of the Real Property.

3. The case was converted to a case under chapter 7 on December 1, 2018 [ECF No. 344].

4. The Trustee was appointed as the chapter 7 trustee on December 3, 2018 [ECF No. 349].

5. On January 24, 2019, the Trustee filed a *Notice of Abandonment* [ECF No. 388] (the "Abandonment Notice") of the Real Property. A true and accurate copy of the Notice of Abandonment is attached hereto as **Exhibit 1** and is incorporated herein by reference as if fully set forth at length.

6. No party objected to the Abandonment Notice.

7. Pursuant to the Abandonment Notice, the Real Property was abandoned the Real Property on February 7, 2019.

2

8. In August 2019, White County entered into a settlement, which was approved by the Court on August 22, 2019 [ECF No. 488], whereby White County received payment for all real property taxes that due on the Real Property through the end of 2019.

9. The Debtor has failed to pay real property taxes that have come due on the Real Property for 2020, 2021, and now 2022. In total, the Debtor is delinquent in the payment of real property taxes to White County in the amount of $89,108.04 through June 1, 2022. The Real Property has an assessed value of $2,045,600.00. A true and accurate summary of the real property taxes owed to White County for the Real Property is attached hereto as **Exhibit 2** and is incorporated herein by reference as if fully set forth at length.

10. White County files this Motion, out of an abundance of caution, seeking a determination that the automatic stay does not prohibit White County from taking such action or, in the alternative, that White County is awarded relief from the automatic stay to take such action against the Real Property.

### III.  ARGUMENT

**A.   The Legal Standard to Invoke the Protection of the Automatic Stay**

11. Section 362(a) of the Bankruptcy Code states:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

3

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a). Section 362 of the Bankruptcy provides that the filing of a bankruptcy petition operates as a stay applicable to all entities. 11 U.S.C. § 362(a). The automatic stay has broad application and acts to restrain creditors from taking any action to continue collection efforts against the debtor or property of the estate. *E.g., In re Anderson*, 913 F.2d 530, 532 (8th Cir. 1990). However, the stay terminates automatically when events in the bankruptcy case make it no longer necessary. *See* 11 U.S.C. § 362(c)(1).

**B.     The Automatic Stay Does Not Apply to the Real Property.**

12.     None of the provisions of § 362(a) apply to the ability of White County to pursue its claims against the Real Property. As the express language above provides, the automatic stay applies to actions "against the debtor" and actions "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," 11 U.S.C. § 362(a)(1), (a)(3). Because of the Abandonment Notice, the Real Property is no longer property of the estate. Under § 362(c)(1) of the Bankruptcy Code, the stay terminates automatically when estate property is no longer apart of the bankruptcy estate. 11 U.S.C. § 362(c)(1); *In re Hecker*, 496 B.R. 541, 549 (B.A.P. 8th Cir. 2013) ("Automatic stay is not permanent and, if stay relates to

4

action against estate property, it continues until property is no longer property of estate, or until case is closed, dismissed, or when discharge is granted or denied, whichever is earliest"); *In Matter of Hines*, 564 B.R. 736, 748-49 (Bankr. N.D. Ala. 2017) (Ruling homestead property was not protected by the automatic stay once the chapter 7 trustee abandoned the property)).

13. Further, White County is not taking any action to create, perfect, or enforce a lien for a claim that arose before the commencement of this case. 11 U.S.C. § 362(a)(5). The real property taxes that White County is seeking to collect are real property taxes that became due in 2020, 2021, and 2022. These real property taxes relate to the Real Property in 2019, 2020, and 2021. All of these taxes accrued after the Petition Date and after the date this case was converted to a chapter 7 proceeding in 2018.

14. Thus, for the above reasons, the Court should confirm that the automatic stay does not apply to White County's efforts to collect the outstanding real property taxes related to the Real Property, including, but not limited to, White County's ability to certify the Real Property for a tax sale and proceed with such tax sale.

C.   **If the Automatic Stay Does Apply, Relief from the Automatic Stay Is Warranted**.

15. Assuming *arguendo* that any effort by White County to schedule the Real Property for a tax sale does violate the automatic stay, White County is still entitled to relief from the automatic stay under § 362(d). Section 362(d) of the Bankruptcy Code provides, in part, that

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay —
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

11 U.S.C. § 362(d).

16. Section 362(d)(1) requires an initial showing of "cause" by the moving party, while § 362(g) places the burden of proof squarely on the Debtor for all issues other than the debtor's equity in property. *In re Boomgarden*, 780 F.2d 657, 663 (7th Cir. 1985). It is within the Court's discretion to lift the automatic stay when it has determined that "cause" exists based on the totality of the circumstances. *In re Holtkamp*, 669 F.2d 505, 507 (7th Cir. 1982). In general, § 362(d) gives bankruptcy courts "flexibility to address specific exigencies on a case-by-case basis." *Brown v. Chestnut (In re Chesnut),* 422 F.3d 298, 303–04 (5th Cir. 2005); *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) ("'Cause' " as used in § 362(d) 'has no clear definition and is determined on a case-by-case basis.'").

17. In determining whether to lift the automatic stay, courts have applied certain factors, including but not limited to, whether (i) any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit, (ii) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship of the debtor, and (iii) the creditor has a probability of prevailing on the merits." *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). Applying this broad discretion to the facts present here, "cause" exists to grant relief from the automatic stay to allow White County to proceed with its claims against the Real Property.

18. Considering the totality of circumstances, "cause" exists to grant White County relief from the automatic stay to proceed with its claims against the Real Property. Given that the Real Property has been abandoned, there should not be any interference with the bankruptcy case. By proceeding on its claims against the Real Property, other creditors of the Debtor will not be prejudiced. Further, White County has a great likelihood in succeeding on the merits in certifying

6

the Real Property for a tax sale and proceeding with such tax sale because the Debtor has failed to pay its real property taxes for multiple years.

19. After consideration of the totality of circumstances, "cause" exists for stay relief under § 362(d).

20. If the Court determines that the automatic stay does apply, White County requests that the Court waive the fourteen (14) day stay of order, pursuant to Fed. R. Bankr. P. 4001, so that White County can expeditiously and economically proceed with its rights against the Real Property.

WHEREFORE, White County respectfully requests that the Court enter an order: (1) determining that the automatic stay of § 362(a) does not prevent White County from proceeding with its rights against the Real Property; (2) in the alternative, granting White County relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2), authorizing White County to proceed with its rights against the Real Property; and (3) granting White County such other and further relief as is just and equitable in the premises.

Dated:  June 3, 2022

/e/ *Connie A. Lahn*
Connie A. Lahn, MN ID # 0269219
Christopher L. Lynch, MN ID #0284154
Molly N. Sigler, MN ID # 0399122
BARNES & THORNBURG LLP
225 South Sixth Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: (612) 367-8774
Fax: (612) 333-6798
Email:  connie.lahn@btlaw.com

*Attorney for White County, Indiana, by and through one or more administrative departments or offices, including, but not limited to, the White County Government*

7

## VERIFICATION

I, Gayle Rogers, on behalf of White County, Indiana, by and through one or more administrative departments or offices, including, but not limited to, the White County Government, the moving party named in the *Motion for Determination that the Automatic Stay Does Not Apply or, in the Alternative, for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct, according to the best of my knowledge, information, and belief.

WHITE COUNTY, INDIANA, BY AND THROUGH ONE OR MORE ADMINISTRATIVE DEPARTMENTS OR OFFICES, INCLUDING, BUT NOT LIMITED TO, THE WHITE COUNTY GOVERNMENT

Dated: 06/01/2022

*/s/ Gayle E. Rogers*
Gayle Rogers
White County Auditor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

ERP IRON ORE, LLC,

Debtor.

Chapter 7

CASE NO. 18-50378 (WJF)

## CERTIFICATE OF SERVICE

I, Marie A. Robinson, declare under penalty of perjury that on June 3, 2022, I served the following:

1. *Notice of Hearing and Motion for Determination that the Automatic Stay Does Not Apply or, in the Alternative, for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)*;

2. *Verification of Gayle Rogers, White County Auditor*;

3. *Memorandum of Law of White County in Support of Motion for Determination that the Automatic Stay Does Not Apply or, in the Alternative, for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)*;

4. *Certificate of Service*; and

5. [Proposed] *Order Granting Motion for Determination that the Automatic Stay Does Not Apply or, in the Alternative, for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)*.

by sending true and correct copies via ECF to the parties receiving ECF notice in this case, including those parties specified under Local Rule 9013-3(b), and by United States Mail as indicated on the attached service list.

_Marie A. Robinson_ (signature)
Marie A. Robinson

2

SERVICE ADDRESS LIST
ERP IRON ORE, LLC
BKY. NO. 18-50378

Jennifer G. Lurken
Gislason & Hunter
111 South Second St
Ste 500
Mankato, MN 56001
507-387-1115
507-387-4413 (fax)
jlurken@gislason.com

Charles E. Nelson
Ballard Spahr LLP
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612-371-2438
nelsonc@ballardspahr.com

James L. Baillie
Fredrikson & Byron P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402
612-492-7013
jbaillie@fredlaw.com

Nauni Jo Manty
Manty & Associates PA
150 South Fifth Street
Suite 3125
Minneapolis, MN 55402
612-465-0990
ecf@mantylaw.com

Christopher J Harayda
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S Seventh St
Minneapolis, MN 55402
612-766-8033
Email: cj.harayda@faegredrinker.com

Michael Rosow
Winthrop & Weinstine
225 South Sixth Street
Suite 3500
Minneapolis, MN 55402
612-604-6734
mrosow@winthrop.com

Monica L. Clark
Dorsey & Whitney LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498
612-340-5647
612-340-2868 (fax)
clark.monica@dorsey.com

Joel D. Nesset
Cozen O'Connor
33 S 6th St
Suite 3800
Minneapolis, MN 55402
612-260-9007
612-260-9080 (fax)
jnesset@cozen.com

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415
612-334-1350
ustpregion12.mn.ecf@usdoj.gov

Richard D Anderson
Briggs and Morgan
2200 IDS Center
80 South 8th Street
Minneapolis, Mn 55402
612-977-8640
Fax : 612-977-8650
Email: randerson@briggs.com

SERVICE ADDRESS LIST
ERP IRON ORE, LLC
BKY. NO. 18-50378

Christopher D. Anderson
30 West Superior Street
Duluth, MN 55802
218-723-3961
Email: canderson@allete.com

GISLASON & HUNTER LLP
2700 South Broadway
P.O. Box 458
New Ulm, MN 56073
507-354-3111

Andrea M. Hauser
Leonard, O'Brien, Spencer, Gale & Sayre
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402-1234
(612) 332-1030
Email: ahauser@losgs.com

Timothy Daniel Reynolds
Jones Day
901 Lakeside Avenue
Cleveland, OH 44114-1190
216-586-3939
tdreynolds@jonesday.com

Nathan Serr
Wagner Falconer & Judd Ltd
100 South Fifth Street
Ste 800
Minneapolis, MN 55402
nserr@wfjlawfirm.com

Andrew J. Glasnovich
Stinson LLP
50 South Sixth Street
Ste 2600
Minneapolis, MN 55402
612-335-1426
612-335-1657 (fax)
andrew.glasnovich@stinson.com

Anthony R Battles
Anthony R. Battles Law Firm, P.A.
276 Baker Bldg
706 2nd Ave S
Minneapolis, MN 55402
612-341-0941
Email: tony@arbattleslaw.com

Michael R Fadlovich
US Trustee Office
1015 US Courthouse
300 South Fouth St
Minneapolis, MN 55415
612-334-1356
Email: michael.fadlovich@usdoj.gov

James R Irving
Dentons Bingham Greenebaum LLP
3500 PNC Tower
101 S Fifth St
Louisville, KY 40202
502-598-3606
Email: james.irving@dentons.com

Thomas Lallier
Foley & Mansfield P.L.L.P.
250 Marquette Avenue
Suite 1200
Minneapolis, Mn 55401
612-338-8788
ECF_Notices@foleymansfield.com

Kevin M. Busch
Moss & Barnett
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
(612) 877-5292
kevin.busch@lawmoss.com

Thomas A Labuda, Jr
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
312-853-7000

SERVICE ADDRESS LIST
ERP IRON ORE, LLC
BKY. NO. 18-50378

Brian L. Boysen
Brian L. Boysen, Attorney at Law
17683 George Moran Drive
Eden Prairie, MN 55347-1086
952-937-5932
brianb@kmalawmn.com

James L. Baillie
Fredrikson & Byron P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402
612-492-7013
jbaillie@fredlaw.com

Jeremy B Reckmeyer
Hunton Andrews Kurth LLP
450 Lexington Ave, 15th Fllor
New York, NY 10017
212-850-2851
jeremyreckmeyer@HuntonAK.com

Mawerdi Hamid
Attorney General, State of Minnesota
445 Minnesota Street
Suite 900
St. Paul, MN 55101-2127
651-757-1452
mawerdi.hamid@ag.state.mn.us

Paul L. Ratelle
Fabyanske Westra Hart & Thomson
333 S 7th St
Suite 2600
Minneapolis, MN 55402
612-359-7636
pratelle@fwhtlaw.com

Wendy S. Tien
Office of the Minnesota Attorney General
445 Minnesota Avenue
Saint Paul, MN 55101
651-757-1223
wendy.tien@ag.state.mn.us

Komatsu Financial LP
1701 West Golf Rd
Rolling Meadows, il 60008
847-437-3512
847-230-4167 (fax)
tdrechsel@komatsuna.com
Added: 07/23/2018

Michael A. Stephani
Best & Flanagan
60 South Sixth Street
Suite 2700
Minneapolis, MN 55124
612-339-7121
612-339-5897 (fax)
mstephani@bestlaw.com

Amy J. Swedberg
Maslon LLP
3300 Wells Fargo Center
90 S 7th St
Minneapolis, MN 55402
612-672-8200
amy.swedberg@maslon.com

John D. Lamey, III
Lamey Law Firm, P.A.
980 Inwood Ave N
Oakdale, MN 55128
651-209-3550
bankrupt@lameylaw.com

Benjamin J. Court
Stinson LLP
50 South Sixth Street
Suite 2600
Minneapolis, MN 55402
612-335-1500
benjamin.court@stinson.com

SERVICE ADDRESS LIST
ERP IRON ORE, LLC
BKY. NO. 18-50378

Brian W Varland
Heley Duncan & Melander PLLP
8500 Normandale Lake Blvd
Ste 2110
Minneapolis, MN 55437
952-841-2505
952-841-0041 (fax)
bvarland@heleyduncan.com

Monica L. Clark
Dorsey & Whitney LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498
612-340-5647
612-340-2868 (fax)
clark.monica@dorsey.com

Andrea M. Hauser
Leonard, O'Brien, Spencer, Gale & Sayre
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402-1234
(612) 332-1030
ahauser@losgs.com

John D. Lamey, III
Lamey Law Firm, P.A.
980 Inwood Ave N
Oakdale, MN 55128
651-209-3550
bankrupt@lameylaw.com

Will Tansey
Ravich Meyer Law Firm
150 South Fifth Street
Suite 3450
Minneapolis, MN 55402
612-332-8511
612 332-8302 (fax)
wrtansey@ravichmeyer.com

Wendy Kinsella
Harris Beach PLLC
333 West Washington St #200
Syracuse, NY 13022
315-423-7100
wkinsella@harrisbeach.com

Thomas Flynn
Larkin Hoffman Daly & Lindgren
8300 Norman Center Drive
Suite 1000
Bloomington, MN 55437
952-896-3362
tflynn@larkinhoffman.com

Michael P Coaty
Heley Duncan & Melander PLLP
8500 Normandale Lake Blvd
Suite 2100
Minneapolis, MN 55437
952-841-0211
mpcoaty@heleyduncan.com

Charles E. Nelson
Ballard Spahr LLP
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612-371-2438
nelsonc@ballardspahr.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

ERP IRON ORE, LLC,

Debtor.

Chapter 7

CASE NO. 18-50378 (WJF)

**ORDER GRANTING MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

Upon the *Motion for Determination that the Automatic Stay Does Not Apply or, in the Alternative, for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* (the "Motion")[1] filed by White County, Indiana, by and through one or more administrative departments or offices, including, but not limited to, the White County Government ("White County") for a determination that the automatic stay under 11 U.S.C. § 362(a) does not apply or, in the alternative, that White County is entitled to relief from the automatic stay under § 362(d), and it appearing that the relief sought in the Motion and the entry of this Order is appropriate; and it appearing that the relief sought in the Motion is reasonable and in the best interests of the Debtor, its estate, and its creditors; and no adverse interest being represented; and sufficient cause appearing therefore, and upon due deliberation given:

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The automatic stay under 11 U.S.C. § 362(a) does not prohibit White County from proceeding with its claims against the Real Property to collect real property taxes coming due in

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2020, 2021, and 2022, including, but not limited to, certifying the Real Property for tax sale and proceeding with such tax sale.

3. Even if the automatic stay did apply, the Court holds that "cause" under 11 U.S.C. § 362(d)(1) exists to grant White County relief from the automatic stay for the purpose of proceeding with its claims against the Real Property to collect real property taxes coming due in 2020, 2021, and 2022, including, but not limited to, certifying the Real Property for tax sale and proceeding with such tax sale.

4. Notwithstanding Bankruptcy Rules 6004(h) and 6006, this Order shall take effect immediately upon its entry.

5. This Court shall waive the fourteen (14) day stay of order, pursuant to Fed. R. Bankr. P. 4001, so that White County can expeditiously and economically proceed with its rights and claims against the Real Property.

6. This Court shall retain jurisdiction over all matters arising from or related to the implementation of this Order.

Dated: _____

William J. Fisher
United States Bankruptcy Judge