# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Case No. 18-50378 |
| ERP Iron Ore, LLC, | Chapter 7 |
| Debtor. | |

---

## STIPULATED ORDER GRANTING AMENDED EXPEDITED MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY

---

This matter came before the Court on June 15, 2022 on the *Amended Expedited Motion for Determination that the Automatic Stay Does Not Apply or, in the Alternative, for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* (the "Motion")[1] [Dkt. No. 697] filed by White County, Indiana, by and through one or more administrative departments or offices, including, but not limited to, the White County Government ("White County"). The Motion seeks a determination that the automatic stay under 11 U.S.C. § 362(a) does not apply pursuant to 11 U.S.C. §§ 362(c) and (j) or, in the alternative, that White County is entitled to relief from the automatic stay under § 362(d). Appearances were made at the hearing by Molly Sigler for White County and Daniel McGarry and Kevin Morse for Altos Hornos de Mexico, S.A.B. de C.V. It appearing that the relief sought in the Motion and the entry of this Order is appropriate pursuant to 11 U.S.C. §§ 362(c) and (j); and it appearing that the relief sought in the Motion is reasonable and in the best interests of the Debtor, its estate, and its creditors; and no adverse interest being represented; and sufficient cause appearing therefore, and upon due deliberation given:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

NOTICE OF ELECTRONIC ENTRY AND FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *06/15/2022*
Tricia Pepin, Clerk, by KN

**IT IS HEREBY ORDERED THAT**:

1. The request for expedited relief is **GRANTED**.

2. The Motion is **GRANTED** as set forth herein.

3. Pursuant to 11 U.S.C. §§ 362(c) and (j), the automatic stay under 11 U.S.C. § 362(a) has terminated such that it does not prohibit White County from proceeding with its claims against the Real Property to collect real property taxes coming due in 2020, 2021, and 2022, including, but not limited to, certifying the Real Property for tax sale and proceeding with such tax sale.

4. For the avoidance of doubt, nothing in this Order or any subsequent tax sale of the Real Property shall affect the ownership or possession rights of Altos Hornos de Mexico, S.A.B. de C.V. ("AHMSA"), as the successful purchaser, to the personal property located at the Real Property. Further, the Real Property that White County seeks to sell at a tax sale pursuant to the Motion is only the underlying land and dirt, and not improvements or fixtures on the Real Property. White County reserves its rights to claim that certain property purportedly sold to AHMSA as personal property is real property and to subsequently seek to sell such real property in a separate tax sale.

5. The fourteen (14) day stay of Federal Rule of Bankruptcy Procedure 4001 does not apply to this Order.

6. This Court shall retain jurisdiction over all matters arising from or related to the implementation of this Order.

Dated: *June 15, 2022*

*/e/William J. Fisher*
_____
William J. Fisher
United States Bankruptcy Judge